IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| **TRUEPOSITION, INC.**, | : | |
| | : | |
| Plaintiff/ Counterclaim Defendant, | : | |
| | : | |
| v. | : | C.A. No. 05-747-SLR |
| | : | |
| **ANDREW CORPORATION**, | : | |
| | : | |
| Defendant/ Counterclaim Plaintiff. | : | |
| | : | |

**ANSWER AND COUNTERCLAIMS OF DEFENDANT**
**ANDREW CORPORATION**

Andrew Corporation ("Andrew"), by and through its undersigned attorneys, for its answer to the Complaint of plaintiff, TruePosition, Inc. ("TruePosition"), responds as follows:

**JURISDICTION AND VENUE**

1. Admits that TruePosition has asserted this action based on Title 35 of the United States Code §§ 271, 281, 283, 284, and 285, as alleged in paragraph 1 of the Complaint.

2. Admits that this Court has jurisdiction over this adversary proceeding, as alleged in paragraph 2 of the Complaint.

3. Admits that venue is proper in this district, as alleged in paragraph 3 of the Complaint.

## THE PARTIES

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5. Admits the allegations of paragraph 5 of the Complaint.

6. Admits the allegations of paragraph 6 of the Complaint.

## TRUEPOSITION'S 144 PATENT

7. Admits that a copy of the 144 Patent is attached as Exhibit A to the Complaint, refers to the document for its contents, and denies the remaining allegations of paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

10. Admits that a copy of a Consent Judgment and Order is attached as Exhibit B to the Complaint, refers to the document for its contents, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 of the Complaint.

## TRUEPOSITION'S SUCCESSFUL PATENT INFRINGEMENT ACTION AGAINST ANDREW

11. Admits that on December 11, 2001, TruePosition and KSI, Inc. filed a patent infringement action in this district, styled TruePosition, Inc. and KSI, Inc. v. Allen Telecom, Inc., CA No. 01-0823-GMS. Admits that the 144 Patent was not asserted in TruePosition's action. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 of the Complaint.

12. Admits that Allen Telecom, Inc. merged with and into Allen Telecom LLC, a wholly-owned subsidiary of Andrew, while TruePosition's action against Allen Telecom, Inc. was pending. Denies the remaining allegations of paragraph 12 of the Complaint.

13. Admits that on February 13, 2004, TruePosition's action was terminated. Admits that a Settlement Agreement was reached between TruePosition and Andrew. The terms of that Settlement Agreement are confidential and Andrew therefore neither admits nor denies the allegations of the second sentence of paragraph 13. Andrew denies the remaining allegations of paragraph 13 of the Complaint.

## ANDREW'S INFRINGEMENT OF THE PATENT

14. Admits that Andrew has offered to supply to Saudi Telecom Company ("STC") services and/or equipment that facilitate the location of mobile telephones. Denies the remaining allegations of paragraph 14 of the Complaint.

15. Admits that STC is a wireless communication service provider located in Saudi Arabia and providing services in Saudi Arabia, but otherwise denies the allegations of paragraph 15 of the Complaint.

16. Denies the allegations of paragraph 16 of the Complaint.

17. Denies the allegations of paragraph 17 of the Complaint.

18. Admits that a true and correct copy of a letter by TruePosition to Andrew dated September 30 is attached as Exhibit C to the Complaint, refers to the letter for its contents, and denies the remaining allegations of paragraph 18 of the Complaint.

19. Denies the allegations of paragraph 19 of the Complaint.

20. Denies that Andrew received the letter attached as Exhibit D to the Complaint prior to the service of the Complaint, refers to the letter for its contents, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 of the Complaint.

21. Denies the allegations of paragraph 21 of the Complaint.

### COUNT I
### (PATENT INFRINGEMENT)

22. Repeats and realleges its responses to paragraphs 1-21 of the Complaint as though set forth in this paragraph.

23. Denies the allegations of paragraph 23 of the Complaint.

24. Denies the allegations of paragraph 24 of the Complaint.

25. Denies the allegations of paragraph 25 of the Complaint.

26. Denies the allegations of paragraph 26 of the Complaint.

## COUNT II
## (DECLARATORY JUDGMENT OF INFRINGEMENT)

27. Repeats and realleges its responses to paragraphs 1-26 of the Complaint as though set forth in this paragraph.

28. Denies the allegations of paragraph 28 of the Complaint.

29. Denies the allegations of paragraph 29 of the Complaint.

30. Denies the allegations of paragraph 30 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The 144 Patent and each of its claims are invalid and/or unenforceable under one or more sections of Title 35 of the United States Code, including §§ 101, 102, 103, and/or 112.

### SECOND AFFIRMATIVE DEFENSE

Andrew has not infringed any valid claim of the 144 Patent, and Andrew's intended supply of services and/or equipment has not infringed and will not infringe any valid claim of the 144 Patent.

### THIRD AFFIRMATIVE DEFENSE

TruePosition is barred from maintaining its claims for infringement by the defense of equitable estoppel.

### FOURTH AFFIRMATIVE DEFENSE

TruePosition is not entitled to any relief or recovery by reason of its coming into this Court with unclean hands.

## COUNTERCLAIMS

Defendant/Counterclaim Plaintiff, Andrew, brings the following Counterclaims against Plaintiff/Counterclaim Defendant TruePosition:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court over these counterclaims is based on Title 28 §§ 1331, 1338, 1367, 2201, and 2202 of the United States Code.

2. Venue in this judicial district is proper under Title 28 §§ 1391 and 1400 of the United States Code.

3. TruePosition has submitted itself to the jurisdiction of this Court.

## THE PARTIES

4. Andrew is a corporation organized and existing under the laws of Delaware having a place of business located at 10500 West 153rd Street, Orland Park, Illinois 60462.

5. TruePosition alleges that it is a corporation organized and existing under the laws of Delaware, having a place of business located at 1000 Chesterbrook Blvd., Suite 200, Berwyn, PA 19312.

## COUNTERCLAIM I
## (DECLARATORY JUDGMENT)

6. Andrew incorporates by reference all of paragraphs 1-5 of the Counterclaims as though set forth in this paragraph.

7. An actual case or controversy exists between TruePosition and Andrew based on TruePosition's having filed a Complaint against Andrew.

8. Andrew has not infringed the 144 Patent, and Andrew's supply of services and/or equipment has not infringed and will not infringe the 144 Patent.

9. The 144 Patent and each of its claims are invalid and/or unenforceable under one or more sections of Title 35 of the United States Code, including §§ 101, 102, 103, and/or 112.

## COUNTERCLAIM II
## (FRAUD)

10. Andrew incorporates by reference all of paragraphs 1-9 of the Counterclaims as though set forth in this paragraph.

11. The 3rd Generation Partnership Project ("3GPP") is a collaborative effort for producing globally applicable standards for 3rd Generation mobile telecommunication systems.

12. 3GPP is composed of a number of telecommunications standards bodies known as Organizational Partners.

13. A corporation, pursuant to its membership in an Organizational Partner, can participate in 3GPP as an Individual Member. An Individual Member is required to be bound by the Intellectual Property Rights ("IPR") Policy of its respective Organizational Partner.

14. The European Telecommunications Standards Institute ("ETSI") is an independent, non-profit organization chartered to develop international telecommunications standards and is an Organizational Partner of 3GPP.

15. ETSI's IPR Policy imposes an obligation on any member who submits a technical proposal for a standard to inform ETSI of its ownership of any IPR which might be an Essential IPR if that proposal is adopted. An IPR is an "Essential IPR" under ETSI's IPR Policy if it is not possible on technical grounds to implement the standard without infringing that IPR. The IPR Policy further requires that when a member notifies ETSI that it is not prepared to license an IPR in respect of a standard, ETSI must satisfy itself that a viable alternative technology is available for the standard.

16. Upon information and belief, TruePosition is, and has been at all relevant times, a member of ETSI and has agreed to comply with ETSI's IPR Policy, and participates in and has participated in 3GPP as an Individual Member based on its membership in ETSI.

17. Andrew is, and has been at all relevant times, a member of ETSI in good standing and has agreed to comply with ETSI's IPR Policy, and participates in and has participated in 3GPP as an Individual Member based on its membership in ETSI.

18. TruePosition and Andrew with others, as Individual Members, jointly submitted proposals to 3GPP requesting the adoption of a standard for locating mobile phones which used Uplink Time Difference of Arrival ("U-TDOA").

19. Upon information and belief, at the time TruePosition and Andrew jointly submitted proposals for U-TDOA to 3GPP, TruePosition was aware of the 144 Patent.

20. 3GPP adopted the U-TDOA standards jointly proposed by TruePosition and Andrew. Prior to adoption of the U-TDOA standards, TruePosition did not inform ETSI or Andrew that the 144 Patent might be an Essential IPR if 3GPP adopted the proposed U-TDOA standards.

21. On or around December, 2004, Andrew submitted a bid to STC to provide a system for determining the location of a mobile phone that implemented the U-TDOA standards that had been jointly proposed by TruePosition and Andrew and adopted by 3GPP.

22. On or around September 30, 2005, TruePosition asserted to Andrew that equipment "using reverse control channel signal data to implement TDOA" necessarily infringes the 144 Patent, and that TruePosition did not intend to grant a license to anyone with respect to STC's request for location equipment.

23. Upon information and belief, TruePosition believed at the time TruePosition and Andrew jointly proposed the U-TDOA standards that the 144 Patent was Essential IPR with respect to those standards.

24. In view of TruePosition's duty to disclose under the ETSI IPR Policy, TruePosition's failure to inform ETSI that it considered the 144 Patent to be Essential IPR was a misrepresentation of a material fact.

25.  At the time that Andrew and TruePosition jointly proposed the U-TDOA standards to 3GPP, TruePosition knew or should have known that it was misrepresenting a material fact.

26.  TruePosition failed to disclose that it considered the 144 Patent to be Essential IPR for the purpose of inducing Andrew to jointly submit the U-TDOA standards to 3GPP and for the purposes of inducing 3GPP to adopt a standard that TruePosition thought could not be implemented without infringing the 144 Patent.

27.  Andrew justifiably relied on TruePosition's misrepresentation of material fact in jointly submitting the U-TDOA standards, in urging their adoption by the members of ETSI, and in bidding to supply services and/or equipment implementing those standards.

28.  If TruePosition's allegations that Andrew's proposed implementation of the 3GPP U-TDOA standard infringes the 144 Patent are correct, then it is not possible to practice that standard without infringing the 144 Patent, and the 144 Patent is Essential IPR.  In that case, 3GPP's adoption of the proposed U-TDOA standard has harmed Andrew and other ETSI members in that they cannot implement that standard without infringing.

29.  As a result of TruePosition's fraud, Andrew has suffered damages in an amount to be determined at trial.

30. Upon information and belief, TruePosition entered into a contract with ETSI, agreeing to comply with the statutes and rules of procedure of ETSI, including its IPR Policy, when it became a member of ETSI.

31. TruePosition's failure to inform ETSI that the 144 Patent might be essential to the U-TDOA standard at the time it submitted the technical proposal for the standard to 3GPP, or at any time thereafter, is a breach of the contract that TruePosition had with ETSI.

32. Andrew is a third-party beneficiary to TruePosition's contract with ETSI and has suffered damages from TruePosition's breach of that contract in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Allen respectfully requests and prays that this Honorable Court grant the following relief:

    A.    That the Complaint be dismissed;

    B.    That this Court enter an Order declaring that Andrew has not infringed U.S. Patent No. 5,327,144 and that its supply of services and/or equipment to STC has not and will not infringe U.S. Patent No. 5,327,144;

    C.    That this Court enter an Order declaring that U.S. Patent No. 5,327,144 is invalid;

    D.    That this Court enter an Order declaring that U.S. Patent No. 5,327,144 is unenforceable;

    E.    That Andrew be awarded damages in an amount to be determined at trial;

F.   That Andrew be awarded its costs, expenses and attorneys' fees in this action; and

G.   That such other and further relief and damages be granted to Andrew as justice requires.

**DUANE MORRIS LLP**

/s/  Matt Neiderman
Matt Neiderman (Del. No. 4018)
1100 N. Market Street, Suite 1200
Wilmington, DE 19801
DATED: December 15, 2005            (302) 657-4900


**OF COUNSEL**:

**DUANE MORRIS LLP**
1667 K Street, N.W., Suite 700
Washington, DC  20006-1608

**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, New York 10022

**CERTIFICATE OF SERVICE**

I, Matt Neiderman, Esq. hereby certify this 15th day of December, 2005, that a copy of the foregoing "Answer and Counterclaims of Defendant Andrew Corporation" was served by e-filing on the following counsel of record:

>Rudolf E. Hutz
>James D. Heisman
>Connolly, Bove, Lodge & Hutz LLP
>1007 N. Orange Street
>Wilmington, Delaware  19899


/s/  Matt Neiderman
MATT NEIDERMAN  (Del. I.D. No. 4018)

WLM\212924.1