## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TruePosition, Inc. | ) | |
| Plaintiff/ | ) | |
| Counterclaim Defendant, | ) | **Civil Action No. 05-747-SLR** |
| v. | ) | |
| | ) | **Demand for Jury Trial** |
| Andrew Corporation, | ) | |
| Defendant/ | ) | |
| Counterclaim Plaintiff | ) | |

## TRUEPOSITION'S REPLY TO ANDREW
## CORPORATION'S COUNTERCLAIMS

Plaintiff TruePosition, Inc. ("TruePosition") through its attorneys, replies to the counterclaims contained in the Answer and Counterclaims of Defendant Andrew Corporation dated December 15, 2005 ("Andrew's counterclaims"), in accordance with the numbered paragraphs thereof, as follows:

1.    Admitted that the Court has subject matter jurisdiction over this action, including Andrew's counterclaims, otherwise denied.

2.    Admitted that venue is proper in this judicial district, otherwise denied.

3.    Admitted that this Court has personal jurisdiction over Andrew and TruePosition, otherwise denied.

4.    Admitted.

5.    Admitted.

6.    TruePosition repeats its answer to paragraphs 1 through 5 of Andrew's counterclaims as though fully set forth in this paragraph.

7.    Admitted.

1

8.    Denied.

9.    Denied.

10.    TruePosition repeats its answer to paragraphs 1 through 9 of Andrew's counterclaims as though fully set forth in this paragraph.

11.    Denied. TruePosition further avers, on information and belief, that 3GPP purports to be a Partnership Project of officially recognized Standardization Organizations that have agreed to co-operate in the production of globally applicable Technical Specifications and Technical Reports for a 3rd Generation Mobile System based on evolved GSM core networks and the radio access technologies that such core networks support (see e.g. www.3gpp.org as of January 4, 2006).

12.    Admitted, on information and belief, that 3GPP is composed, in part, of Organizational Partners who include certain Standardization Organizations (see e.g. www.3gpp.org as of January 4, 2006), otherwise denied.

13.    Admitted that Individual Members of Organization Partners in 3GPP have the right to participate in the work of 3GPP (see e.g. www.3gpp.org as of January 4, 2006), and that at least one Organizational Partner, namely ETSI, has promulgated various IPR Policies over time (see e.g. www.etsi.org as of January 4, 2006), otherwise denied.

14.    Admitted that ETSI is a non-profit organization chartered to develop European telecommunications standards and that ETSI is an Organizational Partner of 3GPP (see e.g. www.3gpp.org and www.etsi.org as of January 4, 2006), otherwise denied.

2

15.    The allegations in paragraph 15 consist solely of legal conclusions to which no response is required. TruePosition further avers that ETSI has had several IPR Policies over the years, and that at least the current and immediately preceding ETSI IPR Policies each contained definitions of Essential IPR (see e.g. www.etsi.org as of January 4, 2006). Interpretations of those Policies are matters of law. To the extent that any response is required to the allegations in paragraph 15, the allegations are denied.

16.    Admitted that TruePosition is presently an Associate member of ETSI, and that TruePosition has participated in 3GPP as an Individual Member. TruePosition further avers that it is, and has been, a member in good standing of ETSI. TruePosition avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of Andrew's counterclaims and, on that basis, denies the same.

17.    Admitted that Andrew is and has been a member of ETSI, that Andrew has agreed to comply with ETSI's IPR Policy, and that Andrew has participated in 3GPP as an Individual Member of 3GPP. TruePosition avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 17 of Andrew's counterclaims and, on that basis, denies the same.

18.    Admitted that Andrew and TruePosition jointly submitted proposals to 3GPP relating to technology for locating mobile phones, and that the proposals contained a description of an Uplink Time Difference of Arrival ("U-TDOA") technology for locating mobile phones. TruePosition further avers that U-TDOA was but one of several optional alternative technologies for locating a mobile phone described in these

proposals. Except as so admitted and averred, TruePosition denies each and every remaining allegation set forth in paragraph 18 of Andrew's counterclaims.

19.    Admitted that TruePosition was aware of the 144 Patent when Andrew and TruePosition jointly submitted to 3GPP proposals containing a description of U-TDOA as one of several optional alternative technologies that may be used to locate a mobile phone. TruePosition further avers, on information and belief, that Andrew also was aware of the 144 Patent at the time these proposals were jointly submitted to 3GPP by Andrew and TruePosition. Except as so admitted and averred, TruePosition denies each and every remaining allegation set forth in paragraph 19 of Andrew's counterclaims.

20.    Denied. TruePosition further avers that the 144 Patent is not essential to practice the proposals jointly submitted to 3GPP by Andrew and TruePosition, and that TruePosition did not, and does not, believe that the 144 Patent is essential to practice the proposals jointly submitted to 3GPP by Andrew and TruePosition.

21.    Admitted that, prior to at least October 25, 2005, Andrew submitted a bid to STC to provide a system for determining the location of a mobile phone, and that the system proposed in Andrew's bid would implement the U-TDOA mobile phone location technology described in the proposals jointly submitted by Andrew and TruePosition to 3GPP. TruePosition further avers, that U-TDOA was but one of several optional alternative location technologies described in these proposals that may be used to locate a mobile phone, and, on information and belief, that the system offered in Andrew's bid to STC includes alternative technologies to locate mobile phones in addition to U-TDOA. Except as so admitted and averred, TruePosition denies each and every remaining allegation set forth in paragraph 21 of Andrew's counterclaims.

4

22.     Admitted that, on or around September 30, 2005, TruePosition sent the letter attached to its Complaint as Exhibit C, and refers to the letter for its contents. Except as so admitted, TruePosition denies each and every remaining allegation set forth in paragraph 22 of Andrew's counterclaims.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     The allegations in paragraph 30 consist solely of legal conclusions to which no response is required.  TruePosition further avers that is an Associate Member of ETSI, and that the implications of that membership are matters of law.  To the extent that any response is required to the allegations in paragraph 30, the allegations are denied.

31.     Denied.

32.     Denied.

## AFFIRMATIVE DEFENSES
## (AS TO COUNTERCLAIM II "Fraud")

### FIRST AFFIRMATIVE DEFENSE

33.    Counterclaim II fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

34.    Andrew lacks standing to assert Counterclaim II.

### THIRD AFFIRMATIVE DEFENSE

35.    Counterclaim II is barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

36.    Counterclaim II is barred by TruePosition's right to petition under the

*Noerr-Pennington* doctrine.

### FIFTH AFFIRMATIVE DEFENSE

37.    Counterclaim II is barred in whole or in part by estoppel.

### SIXTH AFFIRMATIVE DEFENSE

38.    Andrew's recovery of damages is barred in whole or in part by its failure

to mitigate damages.

WHEREFORE, TruePosition respectfully requests:

A.    That the Court dismiss Andrew's counterclaims with prejudice;

B.    That the Court find that this is an "exceptional" case under 35 U.S.C. §285

and award TruePosition its costs of defending Counterclaim I of Andrew's counterclaims

("Declaratory Judgment"), including TruePosition's reasonable attorney fees;

C.    That the Court find that Counterclaim II of Andrew's counterclaims

("Fraud") is frivolous and award to TruePosition its costs of defending Counterclaim II,

including TruePosition's reasonable attorney fees; and

D.    Award to TruePosition such other relief as is just and proper.


Dated: January 6, 2006
                                        */s/ James D. Heisman*
                                        **CONNOLLY BOVE LODGE & HUTZ LLP**
                                        Rudolph E. Hutz, Esq. (# 484)
                                        James D. Heisman, Esq. (# 2746)
                                        1007 N. Orange Street
                                        P.O. Box 2207
                                        Wilmington, DE 19899
                                        (302) 658-9141

                                        **WOODCOCK WASHBURN LLP**
                                        Paul B. Milcetic, Esq.
                                        Gary H. Levin, Esq.
                                        David L. Marcus, Esq.
                                        One Liberty Place, 46th Floor
                                        Philadelphia, PA 19103
                                        (215) 568-3100
                                        *Attorneys for Plaintiff TruePosition, Inc.*

## CERTIFICATE OF SERVICE

I, James D. Heisman, hereby certify that on this 6th day of January, 2006, I electronically filed the foregoing **TruePosition's Reply to Andrew Corporation's Counterclaims** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

> ***Via Hand-Delivery and CM/ECF***
> Matt Neiderman, Esquire
> Duane Morris LLP
> 1100 North Market Street
> Suite 1200
> Wilmington, DE 19801

I further certify that on the 6th day of January, 2006, I sent via facsimile, the foregoing **TruePosition's Reply to Andrew Corporation's Counterclaims** to the following non-registered participant:

> Patrick D. McPherson, Esquire
> Duane Morris LLP
> 1667 K Street, N.W.
> Washington, DC 20006-1608

                                        ___*/s/ James D. Heisman*___
                                        James D. Heisman (# 2746)