IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TruePosition Inc. ) | |
| ) | |
| Plaintiff/ ) | |
| Counterclaim-Defendant, ) | Civil Action No. 05-00747-SLR |
| ) | |
| v. ) | |
| ) | |
| Andrew Corporation, ) | |
| ) | |
| Defendant/ ) | |
| Counterclaim-Plaintiff. ) | |
| ) | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS the parties to this action, TruePosition Inc. and Andrew Corporation, recognize that during the course of this action, issues may arise which may require the disclosure of trade secrets, confidential research, or sensitive commercial, manufacturing, financial, process, marketing or business information, or other confidential information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure and the parties desire to plan for that contingency by entry of this Stipulated Protective Order;

WHEREAS such information should not be released into the public domain, but rather should be treated as confidential pursuant to the Federal Rules of Civil Procedure and the privacy interests of the parties;

WHEREAS the parties have, through counsel, agreed to be bound by and stipulated to entry of this Stipulated Protective Order pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information;

1

WHEREAS the Court has found that the parties should respect and recognize the privacy interests of each other by the avoidance of any release of the confidential information, documents, or things that are produced in this action;

IT IS HEREBY STIPULATED, AGREED AND ORDERED that the terms and conditions of this Stipulated Protective Order shall govern initial disclosures, the production and handling of documents and things, answers to interrogatories, responses to requests for admissions, depositions, inspections, pleadings, exhibits and other information exchanged by the parties, or received from non-parties, in this action:

1. Any party or any non-party ("the producing party"), may designate as "CONFIDENTIAL INFORMATION" any document or portion thereof or any testimony or portion thereof, that it in good faith contends contains its confidential information. Such information includes, without limitation, all proprietary information of the producing party, including, technical information, financial information, marketing and business plans and forecasts, and customer lists.

2. The "Designation" of CONFIDENTIAL INFORMATION shall take the form "CONFIDENTIAL INFORMATION" followed by the Civil Action number of this case. All "CONFIDENTIAL INFORMATION" filed with the Court and any pleading, motion, or other paper filed with the Court that contains or discloses "CONFIDENTIAL INFORMATION" shall be filed in a sealed envelope bearing the following or similar legend:

CONFIDENTIAL INFORMATION
FILED UNDER SEAL

and shall be kept under seal until further order of Court.

3.  "CONFIDENTIAL INFORMATION" shall be designated as follows:

(a)  In the case of documents, interrogatory answers, responses to requests to admit, designation shall be made by placing the Designation on any such page containing CONFIDENTIAL INFORMATION prior to production or prior to service;

(b)  In the case of objects or things produced, designation shall be made by placing a sticker bearing the Designation on the object or thing produced and/or the container, box, or receptacle in which it is produced;

(c)  In the case of depositions, the entire transcript (including exhibits) and any video recording of a deposition shall automatically be deemed "CONFIDENTIAL INFORMATION" under this Order. Counsel for the party(ies) present at the deposition shall direct the court reporter and/or videographer to label such transcript and video recording as such in accordance with paragraph 2 of this Order. Nothing in this subsection shall prevent any party to this proceeding from challenging the "CONFIDENTIAL INFORMATION" designation with respect to a deposition transcript or video recording, or any portion thereof, in accordance with the procedure set forth in this Order;

(d)  In the case of visual inspections of facilities, objects, and things, counsel for the producing party shall, prior to the inspection, advise counsel for all other parties in writing that the inspection will result in the disclosure of "CONFIDENTIAL INFORMATION".

4.  "CONFIDENTIAL INFORMATION" may be disclosed to "AUTHORIZED PERSONS" or "AUTHORIZED OUTSIDE COUNSEL," as defined below, and to no other person.

5. "AUTHORIZED OUTSIDE COUNSEL" is defined as outside counsel representing either party in this action. At this time, "AUTHORIZED OUTSIDE COUNSEL" for TruePosition are members and employees of the law firms of WOODCOCK WASHBURN LLP and CONNOLLY BOVE LODGE & HUTZ LLP; and for Andrew Corporation, members and employees of the law firms of DEVEVOISE & PLIMPTON LLP and DUANE MORRIS LLP.

6. "AUTHORIZED PERSON" includes:

(a) the Court, certified court reporters and videographers;

(b) an independent consultant who is not an employee of a party or an employee of a party's competitor and has been retained, in accordance with the procedure set forth in paragraph 7, by one or more of the parties to provide expert advice or testimony in this proceeding, or research assistants or clerical employees employed by and under the supervision of such a person, provided that such independent consultants and research assistants or clerical employees sign an undertaking in the form of Exhibit A attached hereto prior to the receipt of any CONFIDENTIAL INFORMATION. Each such undertaking shall be retained by counsel for the receiving party until five (5) years after the termination of this proceeding, including any appeals.

(b) interpreters, translators, copy services, and trial graphics services retained by Authorized Outside Counsel.

7. Prior to disclosing a producing party's "CONFIDENTIAL INFORMATION" to an independent consultant in accordance with paragraph 6, a party must first provide to all attorneys of record for the producing party the name, address, occupation and curriculum vitae of any person proposed to serve as an independent consultant. Unless the attorneys of record for

4

the producing party notifies the attorney proposing disclosure, in writing, of an objection to the person designated under paragraph 6 within ten (10) business days after receipt of notification, such designated person shall thereafter be deemed qualified to receive "CONFIDENTIAL INFORMATION," provided he/she manifests his/her assent to be bound by the provisions of this Order by signing a copy of an undertaking in the form of Exhibit A attached hereto. Any producing party objecting to disclosure of "CONFIDENTIAL INFORMATION" to a proposed independent consultant shall provide an explanation of the basis of its objection, and consent to such disclosure shall not unreasonably be withheld. If during said notice period such objection is provided in writing by attorneys for the producing party, there shall be no disclosure of "CONFIDENTIAL INFORMATION" to the independent consultant, except by further order of the Court on motion by the party proposing disclosure.

8. "CONFIDENTIAL INFORMATION" may also be disclosed to:

(a) A current employee of the producing party during a deposition of that employee; or

(b) A person who was an employee of the producing party at the time the document was prepared, during a deposition of that person; or

(c) Any person whom the document indicates wrote, received or otherwise had access to it, during a deposition of that person; or

(d) any person, during that person's deposition, who the examining party has a good faith belief previously had access to the document; or

(e) Any person authorized to receive such information either (i) in writing by the producing party or (ii) by the Court upon motion by any party for good cause shown;

5

provided, in all cases noted above, that such deponents need to be bound by this Order and are so informed at the deposition.

9. If a producing party inadvertently fails to designate a document or other information as "CONFIDENTIAL INFORMATION" in a timely fashion, it may make such a designation subsequently by notifying the other parties in writing. After receipt of such notification, such materials and information shall be treated as if they had been designated in a timely fashion; provided, however, no prior disclosure of such materials or information shall be deemed a violation of this Protective Order. Any filing previously submitted to the Court not under seal shall be placed under seal as required by paragraph 2 of this Protective Order.

10. A party at any time may request by written notice that the producing party withdraw or cancel a "CONFIDENTIAL INFORMATION" designation. Such request should identify with particularity the document or other information it contends should not be treated as "CONFIDENTIAL INFORMATION," provide the reasons for the request, and explicitly state that the request is made pursuant to this paragraph. Such request shall be deemed granted at the end of the twentieth (20th) day after receipt of the request, unless the producing party, prior to the end of such twenty day period, sends a written denial of the request via facsimile or commercial messenger service. If such request is denied in whole or in part, the requesting party may file a motion with the Court to have the "CONFIDENTIAL INFORMATION" designation removed, as to the document or other information listed in the request. The burden of establishing that the designated information should not be afforded the protections of this Order shall be on the moving party.

11. Storage, transmission or communication of "CONFIDENTIAL INFORMATION" must be accomplished in such manner as to reasonably insure that the "CONFIDENTIAL

INFORMATION" will not be disclosed, accidentally or otherwise, to persons who are not "AUTHORIZED PERSONS" or "AUTHORIZED OUTSIDE COUNSEL."

12. No person who has not been authorized pursuant to this Order to receive "CONFIDENTIAL INFORMATION" may be present at a deposition.

13. "CONFIDENTIAL INFORMATION" produced during this proceeding, including any appeals, shall be used by any person, other than the producing party, authorized to have access to such information under this Order solely for purposes of evaluating, prosecuting or defending the claims and/or defenses asserted in this action and any appeals, and not for any other purpose whatsoever.

14. All documents containing "CONFIDENTIAL INFORMATION" shall be destroyed or returned to the producing party within sixty (60) days of termination of this proceeding, including all appeals; provided, however, that "AUTHORIZED OUTSIDE COUNSEL" for each party may retain one archival copy of each pleading and/or work product which contains such information. "AUTHORIZED OUTSIDE COUNSEL" also may retain whatever "CONFIDENTIAL INFORMATION" may reside on archival copies of its information technology systems that were created in the normal course of business during the pendency of this proceeding, including any appeals, provided such archival copies are destroyed by re-use or destruction of the archival medium, such as magnetic tapes and the like, according to the policy or normal business practice of the "AUTHORIZED OUTSIDE COUNSEL."

15. The provisions of this Order that restrict the handling, communication and use of "CONFIDENTIAL INFORMATION" shall continue to be binding for a period of five years after termination of this proceeding, including all appeals, unless the Court by Order or the

producing party in writing authorizes alternative handling, communication or use of the information.

16. This Order shall not bar or otherwise restrict:

(a) a producing party from opposing production of any information under the Federal Rules of Civil Procedure and Local Rules of the Court;

(b) an "AUTHORIZED PERSON" or "AUTHORIZED OUTSIDE COUNSEL" from making abstracts, digests and analyses of "CONFIDENTIAL INFORMATION" for use solely in connection with the evaluation, prosecution or defense of claims and/or defenses asserted in this action, providing such abstracts, digest and analyses are marked with the Designation;

(c) an "AUTHORIZED PERSON" or "AUTHORIZED OUTSIDE PATENT COUNSEL" from rendering advice or opinions with respect to this action to his/her client or employer based upon his/her examination of "CONFIDENTIAL INFORMATION" as long as such person does not disclose "CONFIDENTIAL INFORMATION" to a person not authorized by this Order to have access to it;

(d) a producing party from using its own "CONFIDENTIAL INFORMATION" in any manner it sees fit, or from revealing such "CONFIDENTIAL INFORMATION" to whomever it chooses, without the prior consent of any other party or order of the Court; or

(e) a producing party from applying to the Court at any time for additional protection or relief, as appropriate under the rules of the Court or the Federal Rules of Civil Procedure.

17. If "CONFIDENTIAL INFORMATION" in the possession of any receiving party is subpoenaed by any court, administrative or legislative body, or by any other person purporting to have authority to subpoena such information, the party to whom the subpoena is directed will

not produce such information without first giving written notice (including the delivery of a copy of the subpoena by facsimile), to the attorneys of record for the producing party, at least ten (10) business days prior to the return date of the subpoena, unless a subpoena purports to require production of such "CONFIDENTIAL INFORMATION" on less than ten business days notice, in which event the party to whom the subpoena is directed shall give immediate notice by facsimile of the receipt of such subpoena.

18. Notwithstanding any of the foregoing, the restrictions of this Protective Order shall not apply to any document or information that:

(a) was, is or becomes published or public knowledge, without fault of the receiving party;

(b) is lawfully acquired by the receiving party from any source independent of and not originating with discovery in this action, provided that the receiving party obtained the information lawfully and under no obligation of confidentiality to the producing party;

(c) was lawfully possessed free of restrictions upon its use by the receiving party prior to the effective date of this Order; or

(d) was independently developed by the receiving party without the use of "CONFIDENTIAL INFORMATION" of the producing party.

The burden of establishing that the restrictions of this Order do not apply to a document or information pursuant to this paragraph is on the party asserting that the restrictions do not apply.

19. The terms of this Protective Order shall apply to any non-party who produces documents or provides information, whether in tangible from or by visual inspection, in

connection with this action which contains the non-party's "CONFIDENTIAL INFORMATION."

20. In the event of a disclosure of "CONFIDENTIAL INFORMATION" other than in the manner authorized by this Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to prevent further disclosure by, among other steps, retrieving all such disclosed materials and copies of such materials and having any unauthorized persons to whom disclosure was made sign the undertaking in the form of Exhibit A attached hereto. The Court may, upon noticed motion, order such further and additional relief as it deems necessary and just.

21. In the event that any "CONFIDENTIAL INFORMATION" is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such material shall take steps reasonably available to protect its confidentiality during such use.

_____
Honorable Sue L. Robinson

Dated: Feb. ___, 2006

| | |
|---|---|
| **CONNOLLY BOVE LODGE & HUTZ LLP** | **DUANE MORRIS LLP** |
| /s/ *James D. Heisman* | /s/ *Matt Neiderman* |
| Rudolf E. Hutz, Esq. (#484) | Matt Neiderman, Esq. (# 4018) |
| James D. Heisman, Esq. (#2746) | 1100 N. Market Street |
| 1007 N. Orange Street | Suite 1200 |
| P. O. Box 2207 | Wilmington, DE 19801 |
| Wilmington, Delaware 19899 | (302) 657-4900 |
| (302) 658-9141 | |
| | Patrick D. McPherson, Esq. |
| **WOODCOCK WASHBURN LLP** | 1667 K Street, N.W. |
| Paul B. Milcetic, Esq. | Suite 700 |
| Gary H. Levin, Esq. | Washington, DC 20006-1608 |
| David L. Marcus, Esq. | (202) 776-7800 |
| One Liberty Place – 46th Floor | |
| 17th & Market Streets | **DEBEVOISE & PLIMPTON LLP** |
| Philadelphia, PA 19103 | John S. Kiernan, Esq. |
| (215) 568-3100 | Carl Riehl, Esq. |
| | Catherine Amirfar, Esq. |
| *Attorneys for Plaintiff TruePosition Inc.* | 919 Third Avenue |
| | New York, NY 10022 |
| | (212) 909-6000 |
| | |
| | *Attorneys for Defendant Andrew Corp.* |