IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUEPOSITION, INC.<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW CORPORATION,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. No 05-0747-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**BRIEF IN SUPPORT OF TRUEPOSITION'S UNOPPOSED MOTION
SEEKING LEAVE TO FILE A FIRST AMENDED COMPLAINT**

        **CONNOLLY BOVE LODGE &
        HUTZ LLP**
        James D. Heisman, Esq. (#2746)
        1007 N. Orange Street
        P.O. Box 2207
        Wilmington, DE. 19899
        (302) 658-9141

        **WOODCOCK WASHBURN LLP**
        Paul B. Milcetic, Esq. (pro hac vice)
        Gary H. Levin, Esq. (pro hac vice)
        David L. Marcus, Esq. (pro hac vice)
        One Liberty Place, 46th Floor
        Philadelphia, PA 19103
        (215) 568-3100
        Attorneys for Plaintiff TruePosition, Inc.

Dated: March 31, 2006

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 3

II. SUMMARY OF ARGUMENT ............................................................................. 3

III. NATURE AND STAGE OF THE PROCEEDINGS AND STATEMENT OF FACTS ............................................................................. 4

IV. ARGUMENT ......................................................................................................... 5

    A. Leave to Amend Should Be Freely Granted When Justice So Requires ...................................................................................................... 5

    B. Granting TruePosition Leave to Amend its Complaint is in the Interests of Justice ................................................................................... 6

V. CONCLUSION ...................................................................................................... 7

# TABLE OF CITATIONS

## FEDERAL CASES

*Foman v. Davis*,
   371 U.S. 178 (1962) .................................................................................................... 3

*Genentech, Inc. v. Abbott Laboratoriess*,
   127 F.R.D. 529 (N.D. Cal. 1989) ................................................................................ 3

*Heyl & Patterson International, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*,
   663 F.2d 419 (3rd Cir. 1981) ....................................................................................... 3

*Kiser v. General Electric Corp.*,
   831 F.2d 423 (3rd Cir. 1987) ....................................................................................... 4

*Senza-Gel Corp. v. Seiffhart*,
   803 F.2d 661 (Fed. Cir. 1986) ..................................................................................... 3

## FEDERAL STATUTES

35 U.S.C. § 271(f) ............................................................................................................. 1, 2, 3, 4

Fed. R. Civ. P. 15(a) ................................................................................................................. 1, 3

## RULES

U.S.D.C., District of Delaware Local Rule 15 ...................................................................... 15.1

I. **INTRODUCTION**

Plaintiff, TruePosition, Inc. ("TruePosition"), moves pursuant to Fed. R. Civ. P. 15(a), and Local Rule 15.1, for leave to file a First Amended Complaint for Patent Infringement (Ex. A) against defendant, Andrew Corporation ("Andrew"). In its proposed amendment, TruePosition alleges that Andrew has infringed the asserted patent under 35 U.S.C. § 271(f) by supplying mobile telephone location equipment to Saudi Telecom Co. ("STC") [1]. TruePosition first learned that Andrew supplied such equipment abroad earlier this month.

II. **SUMMARY OF ARGUMENT**

This motion should be granted. TruePosition's proposed amendment is neither prejudicial to Andrew nor untimely, and Andrew does not oppose entry of TruePosition's amended complaint.[2] Moreover, TruePosition brings this motion early in discovery, soon after learning that Andrew supplied equipment to STC, and well before the May 17, 2006 deadline for amendments to the pleadings (*see* D.I. 23).

---

[1] In conformance with Local Rule 15.1, TruePosition has included a form of the proposed amended complaint that illustrates the changes from the original complaint (Ex. B).

[2] It should be noted that while Andrew does not oppose the filing of TruePosition's First Amended Complaint (Ex. A), Andrew has not reviewed, or necessarily assented to, the substance of this brief.

### III. NATURE AND STAGE OF THE PROCEEDINGS AND STATEMENT OF FACTS

This is a patent infringement action. TruePosition, in its original complaint, asserted that Andrew infringed U.S. Patent No. 5,327,144 ("the 144 patent") by making, using, and offering to sell to STC, equipment and services that facilitate the location of mobile telephones. TruePosition also sought a declaration that Andrew's imminent supply of such equipment and services to STC would infringe the 144 patent under 35 U.S.C. § 271(f) (D.I. 1, 27-30). The original complaint did not, however, explicitly charge Andrew with infringement under § 271(f) because, at the time, TruePosition did not know whether Andrew's supply to STC had actually occurred (D.I. 1, 29).

When Andrew filed its answer on December 15 (D.I. 13), it denied that "any supply of equipment and/or services to STC has occurred," or that such supply was imminent (*compare* D.I. 1, 29 *with* D.I. 13, 29). On March 7, however, Andrew advised that it had begun supplying equipment and software for locating mobile telephones to STC.

Three days later, the Court held a scheduling conference and issued a Scheduling Order, which established May 17, 2006 as the date by which amendments to the pleadings must be made (D.I. 23). The Court also established that fact discovery is to end on October 25, and that trial is not scheduled to begin

until September 4, 2007 (*id.*). Thus, TruePosition seeks to amend its complaint at an early stage in these proceedings.

## IV. ARGUMENT

### A. Leave to Amend Should Be Freely Granted When Justice So Requires

TruePosition's proposed amendment should be allowed, not only because it is unopposed and does not prejudice Andrew, but also because it is timely. Leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The general rule, as stated by the Supreme Court, is that:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Of the possible reasons for denying leave to amend, the "single most important factor" to be considered is prejudice to the non-movant. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989) (quoting *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986) and granting leave to amend complaint for declaratory judgment of non-infringement). Therefore, the United States Court of Appeals for the Third Circuit has referred to "undue prejudice" as "the touchstone for the denial of leave to amend." *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 663 F.2d 419, 425 (3rd Cir. 1981) (holding that the district court did not abuse

its discretion by allowing pleading amendments made at trial). Moreover, in the absence of such prejudice, "great liberality in allowing amendment of an initial pleading is often appropriate, especially when an amendment will further the ends of justice" and "effectuate presentation of a suit's merits...." *Kiser v. General Electric Corp.*, 831 F.2d 423, 427 (3rd Cir. 1987) (holding that the district court abused its discretion in denying leave to amend the complaint where the defendant would suffer no prejudice if the amendment was allowed).

### B. Granting TruePosition Leave to Amend its Complaint is in the Interests of Justice

In view of the liberal standards that govern pleading amendments, TruePosition's motion should be granted. Andrew does not claim that it will be prejudiced by TruePosition's proposed amendment. Furthermore, the proposed amendment does not add, in any way, to the parties' discovery burden. In fact, TruePosition previously alleged in the declaratory judgment count of its original complaint that Andrew had already infringed the 144 patent under 35 U.S.C. § 271(f), or that Andrew would do so in the near future (D.I. 1, 28-29). Given that Andrew now admits that it has supplied mobile telephone location equipment and software to STC, TruePosition's proposed amendment simply clarifies that such infringement has actually taken place, and that TruePosition seeks legal as well as equitable relief for that infringement (Ex. B, 15, 18, 19, 24, 26, 31-33).

The proposed amendment is also timely. This motion is being filed soon after Andrew revealed that it was supplying mobile telephone location equipment abroad. It is also being filed over a month and a half before the pleading amendments deadline, over six months before the close of fact discovery, and nearly one and one-half years before trial. TruePosition's motion should therefore be granted.

## V.   CONCLUSION

For these reasons, TruePosition respectfully requests that its motion be granted, and that the Court deem TruePosition's First Amended Complaint for Patent Infringement (Ex. A) entered and served.

Dated: March 31, 2006

        */s/ James D. Heisman*
CONNOLLY BOVE LODGE & HUTZ LLP
James D. Heisman (#2746)
1007N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

Paul B. Milcetic, Esq. (pro hac vice)
Gary H. Levin, Esq. (pro hac vice)
David L. Marcus, Esq. (pro hac vice)
WOODCOCK WASHBURN LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

*Attorneys for Plaintiff
TruePosition, Inc*