# EXHIBIT

# B



FILED
NOV 13 2001
DISTRICT COURT
DISTRICT OF DELAWARE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TRUEPOSITION INC. and KSI, INC., )
)
Plaintiffs, )
)
v. ) Civ. Action No. 00-1066
) (Honorable Gregory M. Sleet)
SIGMAONE COMMUNICATIONS CORP., )
)
Defendant. )
)

## CONSENT JUDGMENT AND ORDER

This action has come before the Court upon the pleadings and proceedings of record.

It has now been represented to the Court that plaintiffs TruePosition, Inc. ("TruePosition") and KSI, Inc. ("KSI") and defendant SigmaOne Communications Corp. ("SigmaOne"), have agreed to a compromise and settlement of this civil action and all other presently pending claims that exist between the parties.

WHEREFORE, with the consent of the parties, through their respective counsel, IT IS HEREBY FINALLY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court has jurisdiction over the parties and the subject matter of this action.

2. TruePosition owns and has standing to sue for infringement of the TruePosition patent in suit, namely U.S. patent 5,327,144 ("the 144 patent").

3. KSI owns and has standing to sue for infringement of the KSI patents in suit, namely U.S. patents 6,119,013 ("the 013 patent"), 6,108,555 ("the 555 patent"), 4,728,959 ("the 959 patent").

4. TruePosition and KSI have asserted a patent infringement count alleging that certain cellular telephone location systems offered for sale and used by SigmaOne in the United States and described in Exhibit 1 hereto (the "Accused SigmaOne Products") infringe the 144, 013, 555 and 959 patents and that the methods used to operate the cellular telephone location systems infringe those patents.

5. SigmaOne Communications Corp. hereby agrees to the entry of judgment holding that:

    a. the 144, 013, 555 and 959 patents are each valid and enforceable, and that it will not hereafter challenge, either directly or indirectly, the validity or enforceability of such patents in any proceeding in any forum; and

    b. the Accused SigmaOne Products, and the methods used during operation of those products, infringe the 144, 013, 555 and 959 patents.

6. By reason of the foregoing, defendant SigmaOne, its officers, agents, servants, employees and attorneys, and all those in active concert or participation with them who receive actual notice of this order by personal service or otherwise are hereby permanently enjoined from further manufacture, use, sale, or offer for sale in the United Sates, or importation into the United States, of the Accused SigmaOne Products, and any other products that fall within the scope of the 144, 013, 555 and 959 patents, unless licensed to do so by TruePosition and KSI, at their sole discretion.

7. TruePosition and KSI acknowledge that they will not seek any monetary damages, including royalties or lost profits, from SigmaOne arising out of the patent infringement count referenced in Paragraph 4, unless such license is granted to SigmaOne.

8. SigmaOne's counterclaims filed in this action are hereby dismissed with prejudice.

9. This order represents a final adjudication of all claims that were or could have been brought in this action.

10. This Court retains jurisdiction over the parties for the purpose of enforcing the terms and conditions of this Order.

11. Each party shall bear its own costs and attorneys' fees.

Dated: November 13, 2001

_____
Gregory M. Sleet
U.S. District Judge