

# EXHIBIT C



PHILADELPHIA
One Liberty Place, 46th Floor
Philadelphia, PA 19103
215-568-3100
Fax: 215-568-3439

SEATTLE
999 Third Avenue, Suite 1606
Seattle, WA 98104
206-332-1380
Fax: 206-624-7317

PAUL B. MILCETIC
PHILADELPHIA OFFICE
215-988-2063
milcetic@woodcock.com

September 30, 2005

<u>VIA FACSIMILE 708-873-2571</u>

James F. Petelle, Esq.
Vice President, Law & Secretary
Andrew Corporation
10500 West 153rd Street
Orland Park, IL 60462

    Re:    STC RFP ID: GSME7 VAS&IN Location-Based Services and U.S. 5,327,144

Mr. Petelle:

    As you are aware, we represent TruePosition, Inc. in intellectual property matters. It has come to TruePosition's attention that Andrew has responded to STC RFP ID: GSME7 VAS&IN Location-Based Services (LBS) (the "RFP").

    Certain requirements set forth in the RFP contemplate products that may be within the scope of the claims of TruePosition's U.S. Patent No. 5,327,144 (the "144 Patent"). In particular, certain of the RFP's requirements contemplate use of cellular telephone location equipment to locate mobile telephones using reverse control channel signal data to implement TDOA (Time Difference of Arrival) location.

    TruePosition has not licensed the 144 Patent to Andrew, or anyone else. Further, TruePosition does not intend to grant a license to Andrew or any third-party vendor with respect to fulfillment of the RFP.

    TruePosition is concerned that Andrew is or may in the future be supplying geolocation equipment from the United States to Saudi Arabia or elsewhere in violation of its 144 Patent.



James F. Petelle, Esq.
September 30, 2005
Page 2

Such supply may constitute an unauthorized infringement under 35 U.S.C. §271(f)[1] and could result in substantial penalties and preclude Andrew's ability to fulfill certain requirements of the RFP. Thus, TruePosition asks that Andrew discontinue immediately any offer to supply equipment from the United States that will locate mobile telephones using reverse control channel signal data to implement the TDOA, and that Andrew inform TruePosition in writing that Andrew has done so.

Please give this matter your prompt attention. TruePosition looks forward to a response by October 7, 2005.

Respectfully,

Paul B. Milcetic

cc: Fred Beckley, Esq. (via facsimile and electronic mail)
Eng. Khalid Bin Abdullah Al-Molhem, STC (via facsimile and electronic mail)
Eng. Saud Bin Majid Al-Dowaish, STC (via facsimile and electronic mail)
Chief Counsel, STC (via facsimile)

---

[1] That section of the Patent Statute reads as follows:

(f) (1) Whoever without authority supplies or causes to be supplied in or from the United States all or a substantial portion of the components of a patented invention, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, shall be liable as an infringer.

(2) Whoever without authority supplies or causes to be supplied in or from the United States any component of a patented invention that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, shall be liable as an infringer.