## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

TRUEPOSITION, INC.,

          Plaintiff and
          Counterclaim-Defendant,

   v.

ANDREW CORPORATION,

          Defendant and Counterclaim
          Plaintiff.

**C.A. No. 05-00747-SLR**

## ANDREW CORPORATION'S ANSWER AND COUNTERCLAIM
## TO FIRST AMENDED COMPLAINT
### (JURY TRIAL DEMANDED)

Andrew Corporation ("Andrew"), by and through its undersigned attorneys, for its Answer to the First Amended Complaint of plaintiff TruePosition, Inc. ("TruePosition"), responds as follows:

### JURISDICTION AND VENUE

1.    This is an action for patent infringement arising under the Patent Laws of the United States, including under 35 U.S.C. §§ 271, 281, 283, 284, and 285.

**ANDREW'S RESPONSE:**  Admits that TruePosition has asserted this action based on Title 35 of the United States Code §§ 271, 281, 283, 284, and 285, as alleged in Paragraph 1 of the Complaint.

2.    This Court has jurisdiction founded on 28 U.S.C. §1338(a), §2201 and §2202.

**ANDREW'S RESPONSE:** Admits that this Court has jurisdiction over this adversary proceeding, as alleged in Paragraph 2 of the Complaint.

    3.      Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b).

**ANDREW'S RESPONSE:** Admits that venue is proper in this district, as alleged in Paragraph 3 of the Complaint.

## THE PARTIES

    3.      TruePosition is a corporation organized and existing under the laws of Delaware, having a place of business located at 1000 Chesterbrook Blvd, Suite 200, Berwyn, PA 19312.

**ANDREW'S RESPONSE:**  Admits the allegations of Paragraph 4 of the Complaint.

    4.      TruePosition is in the business of providing services and equipment that determine the location of mobile telephones and devices.

**ANDREW'S RESPONSE:**  Admits the allegations of Paragraph 5 of the Complaint.

    5.      On information and belief, Andrew is a corporation organized and existing under the laws of Delaware, having a principal place of business located at 10500 West 153rd Street, Orland Park, Illinois 60462.

**ANDREW'S RESPONSE:** Admits that it is a corporation organized and existing under the laws of Delaware. Denies that its principal place of business is located at 10500 West 153rd Street, Orland Park, Illinois 60462. Andrew's principal place of business is located at 3 Westbrook Corporate Center, Suite 900, Westchester, Illinois 60154.

## TRUEPOSITION'S '144 PATENT

    6.      On July 5, 1994, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,327,144 (the "'144 Patent") in the names of Louis A Stilp, Curtis A. Knight and John C. Webber. A true and correct copy of the 144 Patent is attached as Exhibit A to this Complaint.

**ANDREW'S RESPONSE:**  Admits that a copy of the '144 Patent is attached as Exhibit A to the Complaint, refers to the document for its contents, and denies the remaining allegations of Paragraph 7 of the Complaint.

7.    TruePosition owns all right, title and interest in and to the '144 Patent.

**ANDREW'S RESPONSE:**  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint.

8.    On December 21, 2000, TruePosition, and its wholly owned subsidiary, filed an action in this district for infringement of the '144 Patent and other patents styled *TruePosition and KSI, Inc. v. SigmaOne Communications Corp.*, CA No. 00 1066 GMS.

**ANDREW'S RESPONSE:**  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint.

9.    On November 13, 2001, the Honorable Gregory M. Sleet entered a Consent Judgment and Order holding that the '144 Patent was both valid and infringed and enjoining SigmaOne Communications Corp. from further infringement thereof.  A true and correct copy of the Consent Judgment and Order is attached as Exhibit B to this Complaint.

**ANDREW'S RESPONSE:**  Admits that a copy of a Consent Judgment and Order is attached as Exhibit B to the Complaint, refers to the document for its contents, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 of the Complaint.

## TRUEPOSITION'S SUCCESSFUL PATENT
## INFRINGEMENT ACTION AGAINST ANDREW

10.    On December 11, 2001, TruePosition and its wholly owned subsidiary filed a patent infringement action in this district against Allen Telecom LLC, styled *TruePosition and KSI, Inc. v. Allen Telecom, Inc.*, CA No. 01 0823 GMS.  The '144 Patent was not asserted in TruePosition's action against Allen Telecom, LLC.

3

**ANDREW'S RESPONSE:** Admits that on December 11, 2001, TruePosition and KSI, Inc. filed a patent infringement action in this district, styled TruePosition, Inc. and KSI, Inc. v. Allen Telecom, Inc., CA No. 01 0823 GMS. Admits that the '144 Patent was not asserted in TruePosition's action. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 of the Complaint.

> 11.   Andrew acquired Allen Telecom LLC and became its successor in interest while TruePosition's action against Allen Telecom LLC was pending.

**ANDREW'S RESPONSE:** Admits that Allen Telecom, Inc. merged with and into Allen Telecom LLC, a wholly owned subsidiary of Andrew, while TruePosition's action against Allen Telecom, Inc. was pending. Denies the remaining allegations of Paragraph 12 of the Complaint.

> 12.   On February 13, 2004, TruePosition successfully concluded its patent infringement action against Andrew. Pursuant to a Settlement Agreement between TruePosition and Andrew, Andrew agreed to pay TruePosition $35 million and to provide other valuable consideration.

**ANDREW'S RESPONSE:** Admits that on February 13, 2004, TruePosition's action was terminated. Admits that a Settlement Agreement was reached between TruePosition and Andrew. The terms of that Settlement Agreement are confidential and Andrew therefore neither admits nor denies the allegations of the second sentence of Paragraph 13. Andrew denies the remaining allegations of Paragraph 13 of the Complaint.

### ANDREW'S INFRINGEMENT OF THE PATENT

> 13.   On information and belief, Andrew has agreed to supply or offered to supply to Saudi Telecom Company ("STC") services and/or equipment that facilitate the location of mobile telephones and that are described in an STC Request for Proposal entitled "STC RFP ID: GSME7 VAS&IN Location-Based Services (LBS)" (hereafter "The STC RFP").

**ANDREW'S RESPONSE:** Admits that Andrew has offered to supply to Saudi Telecom Company ("STC") services and/or equipment that facilitate the location of mobile telephones. Denies the remaining allegations of Paragraph 14 of the Complaint.

> 14. Andrew has actually supplied or caused to be supplied services and/or equipment that facilitate the location of mobile telephones to STC.

**ANDREW'S RESPONSE:** Admits that it has supplied to STC various pieces of equipment that May be used to help facilitate the location of mobile telephones, but otherwise denies the allegations of Paragraph 15.

> 15. On information and belief, STC is a cellular telephone network service provider located in Saudi Arabia.

**ANDREW'S RESPONSE:** Admits that STC is a wireless communication service provider located in Saudi Arabia and providing services in Saudi Arabia, but otherwise denies the allegations of Paragraph 15 of the Complaint.

> 16. The services and/or equipment that Andrew has agreed or offered to supply to STC include the inventions recited in one or more claims of the '144 Patent.

**ANDREW'S RESPONSE:** Denies the allegations of Paragraph 17 of the Complaint.

> 17. The services and/or equipment that Andrew has agreed or offered to supply to STC, and that Andrew has actually supplied or caused to be supplied to STC, also include uncombined components of the inventions of one or more claims of the '144 Patent that are especially made and especially adapted for use in those inventions and that have no substantial non infringing use.

**ANDREW'S RESPONSE:** Denies the allegations of Paragraph 18 of the Complaint.

> 18. The services and/or equipment that Andrew has actually supplied or caused to be supplied to STC also comprise all or a substantial portion of the uncombined components of the inventions of one or more claims of the '144 Patent.

**ANDREW'S RESPONSE:** Denies the allegations of Paragraph 19 of the Complaint.

19.     By letter of September 30, TruePosition requested that Andrew provide TruePosition with assurances that Andrew would discontinue any offer to supply to STC certain services and/or equipment described in the STC RFP. A true and correct copy of TruePosition's September 30 letter to Andrew is attached as Exhibit C to this Complaint.

**ANDREW'S RESPONSE:**  Admits that a true and correct copy of a letter by TruePosition to Andrew dated September 30 is attached as Exhibit C to the Complaint, refers to the letter for its contents, and denies the remaining allegations of Paragraph 20 of the Complaint.

20.     Andrew failed to provide any such assurances.

**ANDREW'S RESPONSE:**  Denies the allegations of Paragraph 21 of the Complaint.

21.     By letter of October 13, TruePosition once again requested that Andrew provide TruePosition with assurances that Andrew would discontinue any offer to supply to STC certain services and/or equipment described in the STC RFP. A true and correct copy of TruePosition's October 13 letter to Andrew is attached as Exhibit D to this Complaint.

**ANDREW'S RESPONSE:**  Denies that Andrew received the letter attached as Exhibit D to the Complaint prior to the service of the Complaint, refers to the letter for its contents, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 of the Complaint.

22.     Andrew again failed to provide any such assurances.

**ANDREW'S RESPONSE:**  Denies the allegations of Paragraph 23 of the Complaint.

**COUNT I**
**(PATENT INFRINGEMENT)**

23.     TruePosition restates its allegations in paragraphs 1-23 of the Complaint as though fully set forth herein.

**ANDREW'S RESPONSE:**  Repeats and realleges its responses to Paragraphs 1-23 of the Complaint as though set forth in this paragraph.

24.    On information and belief, in connection with, and in preparation for, its agreement or offer to supply services and/or equipment described in the STC RFP to STC, Andrew has infringed one or more claims of the '144 Patent under 35 U.S.C. §271(a) by making, using and/or offering for sale within the United States the patented inventions recited in those claims.

**ANDREW'S RESPONSE:** Denies the allegations of Paragraph 25 of the Complaint.

25.    On information and belief, Andrew has infringed one or more claims of the '144 Patent under 35 U.S.C. §271(f) by supplying or causing to be supplied in or from the United States services and/or equipment that facilitate the location of mobile telephones.

**ANDREW'S RESPONSE:** Denies the allegations of Paragraph 26 of the Complaint.

26.    On information and belief, Andrew's infringement has been willful and deliberate.

**ANDREW'S RESPONSE:** Denies the allegations of Paragraph 27 of the Complaint.

27.    TruePosition has been and continues to be damaged by Andrew's infringing activities.

**ANDREW'S RESPONSE:** Denies the allegations of Paragraph 28 of the Complaint.

28.    Andrew will continue its infringing activities unless enjoined by this Court.

**ANDREW'S RESPONSE:** Denies the allegations of Paragraph 29 of the Complaint.

## COUNT II
## (DECLARATORY JUDGMENT OF INFRINGEMENT)

29.    TruePosition restates its allegations in paragraphs 1-29 of the Complaint as though fully set forth herein.

**ANDREW'S RESPONSE:** Repeats and realleges its responses to paragraphs 1-29 of the Complaint as though set forth in this paragraph.

30.    On information and belief, in connection with its agreement or
offer to supply services and/or equipment described in the STC
RFP to STC, Andrew has infringed one or more claims of the '144
Patent under 35 U.S.C. §271(f) by supplying or causing to be
supplied such services and/or equipment from within the United
States.

**ANDREW'S RESPONSE:**   Denies the allegations of Paragraph 31 of the Complaint.

31.    Andrew's supply of services and/or equipment to STC has
occurred and is continuing.

**ANDREW'S RESPONSE:**  Admits that it has supplied various pieces of equipment to STC

and intends to supply additional pieces of equipment, but otherwise denies the allegations of

Paragraph 32 of the Complaint.

32.    In view of Andrew's infringement under 35 U.S.C. §271(f) a case
or controversy exists between TruePosition and Andrew.

**ANDREW'S RESPONSE:**  Admits a case or controversy exists between TruePosition and

Andrew by virtue of TruePosition's Complaint and Andrew's Counterclaims, but denies any

infringement under 35 U.S.C. § 271(f) or otherwise.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The '144 Patent and each of its claims are invalid and/or unenforceable under one or

more Sections of Title 35 of the United States Code, including §§ 101, 102, 103, and/or 112.

### SECOND AFFIRMATIVE DEFENSE

Andrew has not infringed any valid claim of the '144 Patent, and Andrew's intended

and/or actual supply of services and/or equipment has not infringed and will not infringe any

valid claim of the '144 Patent.

8

### THIRD AFFIRMATIVE DEFENSE

TruePosition is barred from maintaining its claims for infringement by the defense of equitable estoppel.

### FOURTH AFFIRMATIVE DEFENSE

TruePosition is barred from maintaining its claims for infringement by the defense of implied license.

### FIFTH AFFIRMATIVE DEFENSE

TruePosition is barred from maintaining its claims for infringement based on promissory estoppel.

### SIXTH AFFIRMATIVE DEFENSE

TruePosition is not entitled to any relief or recovery by reason of its coming into this Court with unclean hands.

### COUNTERCLAIMS

### (JURY TRIAL DEMANDED)

Defendant/Counterclaim Plaintiff Andrew Corporation ("Andrew") brings the following Counterclaims against Plaintiff/Counterclaim Defendant TruePosition, Inc. ("TruePosition"):

### JURISDICTION AND VENUE

1.    The jurisdiction of this Court over these counterclaims is based on Title 28 §§ 1331, 1338, 1367, 2201, and 2202 of the United States Code.

2.    Venue in this judicial district is proper under Title 28 §§ 1391 and 1400 of the United States Code.

3.    TruePosition has submitted itself to the jurisdiction of this Court.

**THE PARTIES**

4.    Andrew is a corporation organized and existing under the laws of Delaware having a place of business located at 3 Westbrook Corporate Center, Suite 900, Westchester, Illinois 60154.

5.    TruePosition is a corporation organized and existing under the laws of Delaware, having a place of business located at 1000 Chesterbrook Blvd., Suite 200, Berwyn, PA 19312.

**COUNTERCLAIM I**
**(DECLARATORY JUDGMENT)**

6.    Andrew incorporates by reference all of paragraphs 1-5 of the Counterclaims as though set forth in this paragraph.

7.    An actual case or controversy exists between TruePosition and Andrew based on TruePosition's having filed a Complaint against Andrew.

8.    Andrew has not infringed the '144 Patent, and Andrew's supply of services and/or equipment has not infringed and will not infringe the '144 Patent.

9.    The '144 Patent and each of its claims are invalid and/or unenforceable under one or more Sections of Title 35 of the United States Code, including §§ 101, 102, 103, and/or 112.

**COUNTERCLAIM II**
**(FRAUD)**

10.    Andrew incorporates by reference all of paragraphs 1-9 of the Counterclaims as though set forth in this paragraph.

11.    The 3rd Generation Partnership Project ("3GPP") is a collaborative effort for producing globally applicable standards for 3rd Generation mobile telecommunication systems.

12.    3GPP is composed of a number of telecommunications standards bodies known as Organizational Partners.

13.    A corporation, pursuant to its membership in an Organizational Partner, can participate in 3GPP as an Individual Member.  An Individual Member is required to be bound by the Intellectual Property Rights ("IPR") Policy of its respective Organizational Partner.

14.    The European Telecommunications Standards Institute ("ETSI") is an independent, non profit organization chartered to develop international telecommunications standards and is an Organizational Partner of 3GPP.

15.    ETSI's IPR Policy imposes an obligation on any member who submits a technical proposal for a standard to inform ETSI of its ownership of any IPR which might be an Essential IPR if that proposal is adopted.  An IPR is an "Essential IPR" under ETSI's IPR Policy if it is not possible on technical grounds to implement the standard without infringing that IPR.  The IPR Policy further requires that when a member notifies ETSI that it is not prepared to license an IPR in respect of a standard, ETSI must satisfy itself that a viable alternative technology is available for the standard.

16.    Upon information and belief, TruePosition is, and has been at all relevant times, a member of ETSI and has agreed to comply with ETSI's IPR Policy, and participates in and has participated in 3GPP as an Individual Member based on its membership in ETSI.

17.    Andrew is, and has been at all relevant times, a member of ETSI in good standing and has agreed to comply with ETSI's IPR Policy, and participates in and has participated in 3GPP as an Individual Member based on its membership in ETSI.

18.    TruePosition and Andrew with others, as Individual Members, jointly submitted proposals to 3GPP requesting the adoption of a standard for locating mobile phones which used Uplink Time Difference of Arrival ("U-TDOA").

19.    Upon information and belief, at the time TruePosition and Andrew jointly submitted proposals for U-TDOA to 3GPP, TruePosition was aware of the '144 Patent.

20.    At the time TruePosition and Andrew jointly submitted to 3GPP proposals regarding U-TDOA, TruePosition led Andrew to believe that TruePosition would declare any potentially blocking intellectual property it had relating to U-TDOA and would not sue Andrew for alleged infringement of any such intellectual property.

21.    Upon information and belief, at all relevant times, TruePosition believed the '144 patent is blocking intellectual property to the U-TDOA standards proposed by TruePosition and Andrew.  For example, in a May 26, 2004 email to Oskar Magnusson of Andrew (copy attached as Exhibit A), Bob Gross, TruePosition's then-representative before 3GPP, stated:

> The Patent lawyer indicates that we do have blocking IP (he'll e-mail me the Patent #) that applies to CDMA systems and that we will declare it at the appropriate time (whatever that means).  If I understand the terms of the settlement between our two organizations, you have access to this IP without any licensing fees.

22.    3GPP adopted the U-TDOA standards jointly proposed by TruePosition and Andrew.  Prior to adoption of the U-TDOA standards, TruePosition did not inform ETSI or Andrew that the '144 Patent might be an Essential IPR if 3GPP adopted the proposed U-TDOA standards.

23.    On or around December 2004, Andrew submitted a bid to STC to provide a system for determining the location of a mobile phone that implemented the U-TDOA standards that had been jointly proposed by TruePosition and Andrew and adopted by 3GPP.

24.    On or around September 30, 2005, TruePosition asserted to Andrew that equipment "using reverse control channel signal data to implement TDOA" necessarily infringes the '144 Patent, and that TruePosition did not intend to grant a license to anyone with respect to STC's request for location equipment.

25.     Upon information and belief, TruePosition believed at the time TruePosition and Andrew jointly proposed the U-TDOA standards that the '144 Patent was Essential IPR with respect to those standards.

26.     In view of TruePosition's duty to disclose under the ETSI IPR Policy, TruePosition's failure to inform ETSI or Andrew that TruePosition considered the '144 Patent to be Essential IPR was a misrepresentation of a material fact.

27.     At the time that Andrew and TruePosition jointly proposed the U-TDOA standards to 3GPP, TruePosition knew or should have known that it was misrepresenting a material fact.

28.     TruePosition failed to disclose that it considered the '144 Patent to be Essential IPR and told Andrew it would have royalty-free access to any such Essential IPR for the purpose of inducing Andrew to jointly submit the U-TDOA standards to 3GPP and for the purposes of inducing 3GPP to adopt a standard that TruePosition thought could not be implemented without infringing the '144 Patent.

29.     Andrew justifiably relied on TruePosition's misrepresentation of material fact in jointly submitting the U-TDOA standards, in urging their adoption by the members of ETSI, and in bidding to supply services and/or equipment implementing those standards.

30.     If TruePosition's allegations that Andrew's proposed implementation of the 3GPP U-TDOA standard infringes the '144 Patent are correct, then it is not possible to practice that standard without infringing the '144 Patent, and the '144 Patent is Essential IPR.  In that case, 3GPP's adoption of the proposed U-TDOA standard has prejudiced and harmed Andrew and other ETSI members.

31.    As a result of TruePosition's fraud, Andrew has suffered damages in an amount to be determined at trial.

32.    As a result of its fraud, TruePosition is barred from claiming that practicing or using U-TDOA, and/or providing equipment or services for use in connection with U-TDOA, infringes the '144 Patent.

## COUNTERCLAIM III
## (UNFAIR COMPETITION)

33.    Andrew incorporates by reference all of paragraphs 1-32 of the Counterclaims as though fully set forth in this paragraph.

34.    As a result of TruePosition's actions and representations as described in paragraphs 1-32 of the Counterclaims, it is and has been unfairly competing with Andrew and other ETSI members, has caused and will continue to cause harm to Andrew and other ETSI members, and should be enjoined from asserting the '144 patent.

## COUNTERCLAIM IV
## (EQUITABLE ESTOPPEL)

35.    Andrew incorporates by reference all of paragraphs 1-32 of the Counterclaims as though fully set forth in this paragraph.

36.    As a result of TruePosition's actions and representations as described in paragraphs 1-32 of the Counterclaims, TruePosition is estopped from alleging the '144 Patent is infringed by use or practice of U-TDOA (whether using control channels or voice channels) and/or by providing equipment or services for use in connection with U-TDOA (whether such use involves control channels or voice channels).

14

## COUNTERCLAIM V
### (IMPLIED LICENSE)

37.     Andrew incorporates by reference all of paragraphs 1-32 of the Counterclaims as though fully set forth in this paragraph.

38.     Based on TruePosition's communications to Andrew and 3GPP during the period that TruePosition and Andrew jointly proposed U-TDOA standards to 3GPP, Andrew reasonably inferred that TruePosition consented to Andrew's use and practice of U-TDOA and providing of equipment and services to others for use in connection with U-TDOA, including without limitation U-TDOA applications utilizing control channels to locate mobile phones.

39.     During the period that TruePosition and Andrew jointly proposed U-TDOA standards to 3GPP, TruePosition did not inform Andrew that TruePosition believed practicing, using or implementing U-TDOA (or providing equipment or services for use in connection with U-TDOA) would infringe the '144 Patent.

40.     On information and belief, TruePosition has, received consideration as a result of 3GPP's adoption of the U-TDOA standard, including without limitation having its proposed design adopted as an industry standard and potentially receiving financial and other benefits associated with use of U-TDOA as an industry standard.

41.     Andrew has an implied license under the '144 Patent and/or a right to license the '144 Patent under reasonable terms that are demonstrably free of any unfair discrimination.

## COUNTERCLAIM VI
### (PROMISSORY ESTOPPEL)

42.     Andrew incorporates by reference Paragraphs 1-32 of its Counterclaims as though fully set forth in this paragraph.

15

43.     TruePosition's conduct during the period it and Andrew jointly submitted U-TDOA proposals to 3GPP, coupled with TruePosition's statements that it would declare any potentially blocking intellectual property and that Andrew already had access to such intellectual property without any licensing fees, constitutes a promise that TruePosition would not assert the '144 Patent against Andrew and would not seek royalties from Andrew under the '144 Patent as a result of Andrew practicing or using U-TDOA and/or supplying services and/or equipment for use with U-TDOA, regardless of whether such use or practicing of U-TDOA utilizes control channels or voice channels.

44.     Andrew jointly proposed U-TDOA with TruePosition in justifiable reliance on TruePosition's promise.  If TruePosition had disclosed to 3GPP that it intended to enforce the '144 Patent against third parties practicing U-TDOA and/or providing services and equipment to those practicing U-TDOA, that would have impacted the content of the U-TDOA standards, the terms on which TruePosition would later be able to license the '144 Patent, and/or both.

45.     TruePosition knew or reasonably should have known that 3GPP and its members, including Andrew, would rely on TruePosition's conduct and representations during the U-TDOA standardization process.

46.     TruePosition has breached its promise by accusing Andrew of infringing the '144 Patent and seeking to enjoin Andrew from providing services and equipment for use in connection with U-TDOA.

47.     Andrew has suffered material prejudice as a result of TruePosition's breach of its promise.

## PRAYER FOR RELIEF

WHEREFORE, Andrew respectfully requests and prays that this Honorable Court grant

the following relief:

A.   That the Complaint be dismissed;

B.   That this Court enter an Order declaring that Andrew has not infringed U.S. Patent No. 5,327,144 and that its supply of services and/or equipment to STC or others has not and will not infringe U.S. Patent No. 5,327,144;

C.   That this Court enter an Order declaring that U.S. Patent No. 5,327,144 is invalid;

D.   That this Court enter an Order declaring that U.S. Patent No. 5,327,144 is unenforceable;

E.   That this Court enter an Order declaring that TruePosition has engaged in unfair competition;

F.   That this Court enter an Order declaring that TruePosition is estopped from asserting U.S. Patent No. 5,327,144 against Andrew;

G.   That this Court enter an Order declaring that Andrew has an implied license under U.S. Patent No. 5,327,144;

H.   That Andrew be awarded damages in an amount to be determined at trial;

I.   That TruePosition be enjoined from asserting U.S. Patent No. 5,327,144 against Andrew;

J.   That Andrew be awarded its costs, expenses and attorneys' fees in this action; and

K.   That such other and further relief and damages be granted to Andrew as justice requires.

YOUNG CONAWAY STARGATT &
   TAYLOR, LLP


Josy W. Ingersoll (# 1088)
Karen Pascale (#2903)
Andrew Lundgren (#4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jingersoll@ycst.com

*Attorneys for Defendant, Andrew Corporation*

DATED:  May 12, 2006

**OF COUNSEL**:

**DUANE MORRIS LLP**
1667 K Street, N.W., Suite 700
Washington, DC 20006 1608

**KIRKLAND & ELLIS LLP**
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

**KIRKLAND & ELLIS LLP**
200 East Randolph Drive
Chicago, IL 60601

18

## CERTIFICATE OF SERVICE

I, Josy W. Ingersoll, Esquire, hereby certify that on May 12, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> James D. Heisman, Esquire
> CONNOLLY, BOVE, LODGE & HUTZ
> The Nemours Building
> 1007 North Orange Street
> P.O. Box 2207
> Wilmington, DE 19899
> (302) 658-9141
> Email: jheisman@cblh.com

I further certify that on May 12, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

### BY FEDEX

> David L. Marcus [dmarcus@woodcock.com]
> Paul B. Milcetic, Esquire [pbmilcet@woodcock.com]
> WOODCOCK WASHBURN LLP
> One Liberty Place, 46th Floor
> Philadelphia, PA 19103
> (215) 988-2063

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Andrew A. Lundgren (No. 4429) [alundgren@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
*Attorneys for Defendant, Andrew Corporation*

DB02:5308891.1                                                                065217.1001