## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TRUEPOSITION, INC.                    )
                                      )
    Plaintiff,                    )
                                      )
    v.                            )          C.A. No 05-0747-SLR
                                      )
ANDREW CORPORATION,                   )
                                      )
    Defendant.                    )
                                      )
                                      )
_____)

## BRIEF IN SUPPORT OF TRUEPOSITION'S UNOPPOSED MOTION SEEKING LEAVE TO FILE A SECOND AMENDED COMPLAINT

**CONNOLY BOVE LODGE & HUTZ LLP**
James D. Heisman, Esq. (#2746)
Scott G. Wilcox, Esq. (#3882)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE. 19899
(302) 658-9141

**WOODCOCK WASHBURN LLP**
Paul B. Milcetic, Esq. (pro hac vice)
Gary H. Levin, Esq. (pro hac vice)
David L. Marcus, Esq. (pro hac vice)
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100
Attorneys for Plaintiff TruePosition, Inc.

Dated: May 30, 2006

## TABLE OF CONTENTS

I.      INTRODUCTION .......................................................................................... 1

II.     SUMMARY OF ARGUMENT ................................................................... 1

III.    NATURE AND STAGE OF THE PROCEEDINGS AND
        STATEMENT OF FACTS .......................................................................... 1

IV.     ARGUMENT.................................................................................................. 2

        A.      Leave to Amend Should Be Freely Granted When Justice So
                Requires............................................................................................. 2

        B.      Granting TruePosition Leave to Amend its Complaint is in the
                Interests of Justice............................................................................. 4

V.      CONCLUSION ............................................................................................. 5

# TABLE OF CITATIONS

## FEDERAL CASES

*Foman v. Davis*,
  371 U.S. 178 (1962)..........................................................................................3

*Genentech, Inc. v. Abbott Laboratories*,
  127 F.R.D. 529 (N.D. Cal. 1989) .....................................................................3

*Heyl & Patterson International, Inc. v. F.D. Rich Housing of the Virgin
  Islands, Inc.*,
  663 F.2d 419 (3rd Cir. 1981) ............................................................................3

*Kiser v. General Electric Corp.*,
  831 F.2d 423 (3rd Cir. 1987) ............................................................................4

*Senza-Gel Corp. v. Seiffhart*,
  803 F.2d 661 (Fed. Cir. 1986)...........................................................................3

## FEDERAL STATUTES

Fed. R. Civ. P. 15(a) ...............................................................................................1, 3

## RULES

U.S.D.C., District of Delaware Local Rule 15.1......................................................1

## I.    INTRODUCTION

Plaintiff, TruePosition, Inc. ("TruePosition"), moves pursuant to Fed. R.

Civ. P. 15(a), and Local Rule 15.1, for leave to file a Second Amended Complaint

for Patent Infringement (Ex. A) against defendant, Andrew Corporation

("Andrew").  In its proposed amendment, TruePosition alleges that Andrew has

infringed TruePosition's patent by making, using, offering for sale and/or selling

recent versions of Andrew's "Geometrix" system (the "Modified Geometrix

System"), a product for facilitating the location of mobile phones.[1]

## II.    SUMMARY OF ARGUMENT

This motion should be granted.  TruePosition's proposed amendment is

neither prejudicial to Andrew nor untimely, and Andrew does not oppose entry of

TruePosition's amended complaint.[2]  Moreover, TruePosition brings this motion

soon after it learned that Andrew included embodiments of the claims of

TruePosition's patent in the Modified Geometrix System.

## III.    NATURE AND STAGE OF THE PROCEEDINGS AND STATEMENT OF FACTS

This is a patent infringement action.  In its current complaint, TruePosition

asserts that Andrew is infringing U.S. Patent No. 5,327,144 ("the 144 patent") by

---

[1]TruePosition has included as Exhibit B a redlined form of the proposed amended complaint that illustrates the changes from the current complaint.

[2] While Andrew does not oppose the filing of TruePosition's Second Amended Complaint (Ex. A), Andrew has not reviewed, or necessarily assented to, the substance of this brief.

offering to sell and supplying equipment and services to Saudi Telecom, Inc.

("STC") (D.I. 28 at ¶25).  The current complaint, however, does not specifically

allege that Andrew is infringing by virtue of its commercial activities with any

customers other than STC.

At the time that TruePosition filed this lawsuit, TruePosition believed that

Andrew's infringement might be limited to making, using and offering a product

specifically customized for STC.  TruePosition and Andrew had already litigated a

prior patent dispute in this district concerning the Geometrix system (D.I. 28 at

¶¶11-13), Andrew's standard product for locating mobile telephones for Andrew's

foreign and domestic customers.  Furthermore, at the time of that prior patent

dispute, Geometrix did not include any embodiment of the 144 Patent claims.

Discovery, however, has now revealed that Andrew has modified the

Geometrix system to include the same technology that it is supplying to STC.  This

Modified Geometrix System is now Andrew's current product offering not only for

Andrew's foreign customers, but also for Andrew's domestic customers, and

includes embodiments of the 144 Patent claims.

## IV.   ARGUMENT

### A.    Leave to Amend Should Be Freely Granted When Justice So Requires

TruePosition's proposed amendment should be allowed, not only because it

is unopposed and does not prejudice Andrew, but also because it is timely.  Leave

to amend pleadings "shall be freely given when justice so requires."  Fed. R. Civ.

P. 15(a).  The general rule, as stated by the Supreme Court, is that:

> In the absence of any apparent or declared reason -- such
> as undue delay, bad faith or dilatory motive on the part of
> the movant, . . . undue prejudice to the opposing party by
> virtue of allowance of the amendment, futility of the
> amendment, etc. -- the leave sought should, as the rules
> require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  Of the possible reasons for denying

leave to amend, the "single most important factor" to be considered is prejudice to

the non-movant.  *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D.

Cal. 1989) (quoting *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir.

1986) and granting leave to amend complaint for declaratory judgment of non-

infringement).  Therefore, the United States Court of Appeals for the Third Circuit

has referred to "undue prejudice" as "the touchstone for the denial of leave to

amend."  *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands,*

*Inc.*, 663 F.2d 419, 425 (3rd Cir. 1981) (holding that the district court did not abuse

its discretion by allowing pleading amendments made at trial).  Moreover, in the

absence of such prejudice, "great liberality in allowing amendment of an initial

pleading is often appropriate, especially when an amendment will further the ends

of justice" and "effectuate presentation of a suit's merits…."  *Kiser v. General*

*Electric Corp.*, 831 F.2d 423, 427 (3rd Cir. 1987) (holding that the district court

abused its discretion in denying leave to amend the complaint where the defendant would suffer no prejudice if the amendment was allowed).

**B.    Granting TruePosition Leave to Amend its Complaint is in the Interests of Justice**

In view of the liberal standards that govern pleading amendments, TruePosition's motion should be granted.  Andrew does not assert that it will be prejudiced by TruePosition's proposed amendment.  Furthermore, TruePosition does not need, and is not seeking, any change of the Court's scheduling orders to accommodate it proposed amendment.  TruePosition has already alleged that Andrew is infringing the 144 Patent by virtue of its commercial activities in connection with STC  (D.I. 28 at ¶¶25-26).  This proposed amendment merely clarifies that Andrew's infringement extends to other customers as well (Ex. B at ¶¶25, 26, 29, 30).

The proposed amendment is also timely.  This motion is being filed soon after discovery revealed that Andrew was including embodiments of the 144 Patent claims in the Modified Geometrix System.  Furthermore, the Court's scheduling orders establish that motions to amend pleadings may be filed through today (D.I. 36 at ¶2).  Those scheduling orders also establish that fact discovery will not end until October 25 (D.I. 23 at ¶2(b)) and that trial is not scheduled to begin until September 4, 2007 (D.I. 23 at ¶11).  Thus, this motion is being filed nearly six

months before the close of fact discovery and over fifteen months before trial.

TruePosition's motion should therefore be granted.

## V.    CONCLUSION

For these reasons, TruePosition respectfully requests that its motion be

granted, and that the Court deem TruePosition's Second Amended Complaint for

Patent Infringement (Ex. A) entered and served.

Dated: May 30, 2006
                                        _____

CONNOLLY BOVE LODGE & HUTZ LLP
James D. Heisman (#2746)
Scott G. Wilcox (#3882)
1007 N. Orange St., P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

Paul B. Milcetic, Esq. (pro hac vice)
Gary H. Levin, Esq. (pro hac vice)
David L. Marcus, Esq. (pro hac vice)
WOODCOCK WASHBURN LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

*Attorneys for Plaintiff*
*TruePosition, Inc*