# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TruePosition, Inc.<br>    Plaintiff,<br><br>v.<br><br>Andrew Corporation,<br>    Defendant. | Civil Action No. 05-0747<br><br>DEMAND FOR JURY TRIAL |

## TRUEPOSITION'S [FIRST] SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff TruePosition, Inc. ("TruePosition"), by its attorneys, for its **[First] Second** Amended Complaint against Defendant Andrew Corporation ("Andrew") alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the Patent Laws of the United States, including under 35 U.S.C. §§ 271, 281, 283, 284, and 285.

2. This Court has jurisdiction founded on 28 U.S.C. §1338(a), §2201 and §2202.

3. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b).

### THE PARTIES

4. TruePosition is a corporation organized and existing under the laws of Delaware, having a place of business located at 1000 Chesterbrook Blvd, Suite 200, Berwyn, PA 19312.

5. TruePosition is in the business of providing services and equipment that determine the location of mobile telephones and devices.

6. On information and belief, Andrew is a corporation organized and existing under the laws of Delaware, having a principal place of business located at 10500 West 153rd Street, Orland Park, Illinois 60462.

## TRUEPOSITION'S 144 PATENT

7. On July 5, 1994, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,327,144 (the "144 Patent") in the names of Louis A Stilp, Curtis A. Knight and John C. Webber. A true and correct copy of the 144 Patent is attached as Exhibit A to this Complaint.

8. TruePosition owns all right, title and interest in and to the 144 Patent.

9. On December 21, 2000, TruePosition, and its wholly owned subsidiary, filed an action in this district for infringement of the 144 Patent and other patents styled *TruePosition and KSI, Inc. v. SigmaOne Communications Corp.*, CA No. 00-1066-GMS.

10. On November 13, 2001, the Honorable Gregory M. Sleet entered a Consent Judgment and Order holding that the 144 Patent was both valid and infringed and enjoining SigmaOne Communications Corp. from further infringement thereof. A true and correct copy of the Consent Judgment and Order is attached as Exhibit B to this Complaint.

## TRUEPOSITION'S SUCCESSFUL PATENT INFRINGEMENT ACTION AGAINST ANDREW

11. On December 11, 2001, TruePosition and its wholly owned subsidiary filed a patent infringement action in this district against Allen Telecom LLC, styled *TruePosition and KSI, Inc. v. Allen Telecom, Inc.*, CA No. 01-0823-GMS **(the "Prior**

2

**Law Suit"). In the Prior Law Suit, TruePosition asserted that Allen Telecom, LLC infringed certain patents by making, using, offering for sale and selling a product for facilitating the location of mobile telephones known as the "Geometrix Wireless Location System" (the "Geometrix System").** The 144 Patent was not asserted in TruePosition's action against Allen Telecom, LLC.

12. Andrew acquired Allen Telecom LLC and became its successor in interest while TruePosition's action against Allen Telecom LLC was pending.

13. On February 13, 2004, TruePosition successfully concluded its patent infringement action against Andrew. Pursuant to a Settlement Agreement between TruePosition and Andrew, Andrew agreed to pay TruePosition $35 million and to provide other valuable consideration.

**14. On information and belief, in or about May, 2004, Andrew filed the Settlement Agreement with the U.S. Securities and Exchange Commission and caused that Settlement Agreement to be publicly disclosed and accessible through the Internet (see http://sec.edgar-online.com/2004/05/13/0001104659-04-014273/Section15.asp). As a result, the terms of the Settlement Agreement, though confidential at one time, are no longer confidential.**

### ANDREW'S INFRINGEMENT OF THE 144 PATENT

**15.**[14] On information and belief, **in or about December 2004,** Andrew [has] agreed to supply or offered to supply to Saudi Telecom Company ("STC") services and/or equipment that facilitate the location of mobile telephones and that are described in an STC Request for Proposal entitled "STC RFP ID: GSME7 VAS&IN Location-Based Services (LBS)" (hereafter "The STC RFP").

**16.**[15] Andrew has actually supplied or caused to be supplied services and/or equipment that facilitate the location of mobile telephones to STC.

**17.**[16] On information and belief, STC is a cellular telephone network service provider located in Saudi Arabia.

**18.**[17] The services and/or equipment that Andrew has agreed or offered to supply to STC include the inventions recited in one or more claims of the 144 Patent.

**19.**[18] The services and/or equipment that Andrew has agreed or offered to supply to STC, and that Andrew has actually supplied or caused to be supplied to STC, also include uncombined components of the inventions of one or more claims of the 144 Patent that are especially made and especially adapted for use in those inventions and that have no substantial non-infringing use.

**20.**[19] The services and/or equipment that Andrew has actually supplied or caused to be supplied to STC also comprise all or a substantial portion of the uncombined components of the inventions of one or more claims of the 144 Patent.

**21.**[20] By letter of September 30, **2005,** TruePosition requested that Andrew provide TruePosition with assurances that Andrew would discontinue any offer to supply to STC certain services and/or equipment described in the STC RFP. A true and correct copy of TruePosition's September 30 letter to Andrew is attached as Exhibit C to this Complaint.

**22.**[21] Andrew failed to provide any such assurances.

**23.**[22] By letter of October 13, **2005,** TruePosition once again requested that Andrew provide TruePosition with assurances that Andrew would discontinue any offer to supply to STC certain services and/or equipment described in the STC RFP. A true

and correct copy of TruePosition's October 13 letter to Andrew is attached as Exhibit D to this Complaint.

**24.**[23] Andrew again failed to provide any such assurances.

**25.    Instead of providing such assurances, in about October, 2005, Andrew modified the Geometrix System to include the services and equipment referenced in TruePosition's letters of September 30 and October 13 (the "Modified Geometrix System"). Prior to this modification, and since the Prior Law Suit, Andrew had already changed the functionality of the Geometrix System on multiple occasions.**

**26.    The Modified Geometrix System is now Andrew's standard product offering for facilitating the location of mobile telephones for both foreign and domestic customers.**

## COUNT I

## PATENT INFRINGEMENT

**27.**[24]  TruePosition restates its allegations in paragraphs 1-2[3]6 of the Complaint as though fully set forth herein.

**28.**[25] On information and belief, in connection with, and in preparation for, its agreement or offer to supply services and/or equipment described in the STC RFP to STC, Andrew has infringed one or more claims of the 144 Patent under 35 U.S.C. §271(a) by making, using and/or offering for sale within the United States the patented inventions recited in those claims.

**29.    On information and belief, Andrew has infringed one or more claims of the 144 Patent under 35 U.S.C. §271(a) by making, using, offering for sale and/or selling within the United States the Modified Geometrix System.**

**30.**[26] On information and belief, Andrew has infringed one or more claims of the 144 Patent under 35 U.S.C. §271(f) by supplying or causing to be supplied in or from the United States services and/or equipment that facilitate the location of mobile telephones**, including the Modified Geometrix System and components thereof**.

**31.**[27] On information and belief, Andrew's infringement has been willful and deliberate.

**32.**[28] TruePosition has been and continues to be damaged by Andrew's infringing activities.

**33.**[29] Andrew will continue its infringing activities unless enjoined by this Court.

## COUNT II

## DECLARATORY JUDGMENT OF INFRINGEMENT

**34.**[30] TruePosition restates its allegations in paragraphs 1-[29]**33** of the Complaint as though fully set forth herein.

**35.**[31] On information and belief, in connection with its agreement or offer to supply services and/or equipment described in the STC RFP to STC, Andrew has infringed one or more claims of the 144 Patent under 35 U.S.C. §271(f) by supplying or causing to be supplied such services and/or equipment from within the United States.

**36.**[32] Andrew's supply of services and/or equipment to STC has occurred and is continuing.

**37.**[33] In view of Andrew's infringement under 35 U.S.C. §271(f) a case or controversy exists between TruePosition and Andrew.

WHEREFORE, TruePosition demands:

A. Entry of an order preliminarily and permanently enjoining Andrew, and those in active concert with it, from further infringement of the 144 Patent;

B. An award of damages adequate to compensate TruePosition for Andrew's infringement, but in no event less than a reasonable royalty for the use made of the patented inventions by Andrew, together with prejudgment and post-judgment interest and costs as fixed by the Court as provided by 35 U.S.C. §284;

C. Entry of an order finding that Andrew's infringement has been willful and trebling the damages awarded as provided by 35 U.S.C. §284;

D. A declaration that this is an exception case and an award to plaintiffs their attorney fees incurred in prosecuting this action as provided by 35 U.S.C. §285;

E. A declaration that Andrew's supply to STC of equipment and/or services described in the STC RFP to STC is an infringement of the 144 Patent under 35 U.S.C. §271(f); and

F. Such other further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: May 30, 2006 | **/s/ Scott G. Wilcox** |
| | CONNOLLY BOVE LODGE & HUTZ LLP |
| | James D. Heisman (#2746) |
| | Scott G. Wilcox (#3882) |
| | 1007 N. Orange St., P.O. Box 2207 |
| | Wilmington, DE 19899 |
| | (302) 658-9141 |
| | jheisman@cblh.com |
| | |
| | Paul B. Milcetic, Esq. (pro hac vice) |
| | Gary H. Levin, Esq. (pro hac vice) |
| | David L. Marcus, Esq. (pro hac vice) |
| | WOODCOCK WASHBURN LLP |
| | One Liberty Place, 46th Floor |
| | Philadelphia, PA 19103 |
| | (215) 568-3100 |
| | |
| | *Attorneys for Plaintiff* |
| | *TruePosition, Inc* |

8