IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TruePosition, Inc. | ) | |
|     Plaintiff/ | ) | |
|     Counterclaim Defendant, | ) | Civil Action No. 05-747-SLR |
| v. | ) | |
| | ) | |
| Andrew Corporation, | ) | |
|     Defendant/ | ) | |
|     Counterclaim Plaintiff | ) | |
| | ) | |

**TRUEPOSITION'S REPLY TO ANDREW
CORPORATION'S ANSWER AND COUNTERCLAIM
TO SECOND AMENDED COMPLAINT**

Plaintiff TruePosition, through its attorneys, replies to the counterclaims contained in Andrew Corporation's Answer and Counterclaim to Second Amended Complaint dated June 20, 2006 ("Andrew's counterclaims"), in accordance with the numbered paragraphs thereof, as follows:

    1.    Admitted that the Court has subject matter jurisdiction over this action, including Andrew's counterclaims, otherwise denied.

    2.    Admitted that venue is proper in this judicial district, otherwise denied.

    3.    Admitted that this Court has personal jurisdiction over Andrew and TruePosition, otherwise denied.

    4.    Admitted.

    5.    Admitted.

    6.    TruePosition repeats its answer to paragraphs 1 through 5 of Andrew's counterclaims as though fully set forth in this paragraph.

7. Admitted.

8. Denied.

9. Denied.

10. TruePosition repeats its answer to paragraphs 1 through 9 of Andrew's counterclaims as though fully set forth in this paragraph.

11. Denied. TruePosition further avers, on information and belief, that 3GPP purports to be a Partnership Project of officially recognized Standardization Organizations that have agreed to co-operate in the production of globally applicable Technical Specifications and Technical Reports for a 3rd Generation Mobile System based on evolved GSM core networks and the radio access technologies that such core networks support (see e.g. www.3gpp.org as of July 5, 2006).

12. Admitted, on information and belief, that 3GPP is composed, in part, of Organizational Partners who include certain Standardization Organizations (see e.g. www.3gpp.org as of July 5, 2006), otherwise denied.

13. Admitted that Individual Members of Organization Partners in 3GPP have the right to participate in the work of 3GPP (see e.g. www.3gpp.org as of July 5, 2006), and that at least one Organizational Partner, namely ETSI, has promulgated various IPR Policies over time (see e.g. www.etsi.org as of July 5, 2006), otherwise denied.

14. Admitted that ETSI is a non-profit organization chartered to develop European telecommunications standards and that ETSI is an Organizational Partner of 3GPP (see e.g. www.3gpp.org and www.etsi.org as of July 5, 2006), otherwise denied.

15. The allegations in paragraph 15 consist solely of legal conclusions to which no response is required. TruePosition further avers that ETSI has had several IPR

Policies over the years, and that at least the current and immediately preceding ETSI IPR Policies each contained definitions of Essential IPR (see e.g. www.etsi.org as of July 5, 2006). Interpretations of those Policies are matters of law. To the extent that any response is required to the allegations in paragraph 15, the allegations are denied.

16. Admitted that TruePosition is presently an Associate member of ETSI, and that TruePosition has participated in 3GPP as an Individual Member. TruePosition further avers that it is, and has been, a member in good standing of ETSI. Except as so admitted and averred, TruePosition avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of Andrew's counterclaims and, on that basis, denies the same.

17. Admitted that Andrew is and has been a member of ETSI, that Andrew has agreed to comply with ETSI's IPR Policy, and that Andrew has participated in 3GPP as an Individual Member of 3GPP. TruePosition avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 17 of Andrew's counterclaims and, on that basis, denies the same.

18. Admitted that Andrew and TruePosition jointly submitted proposals to 3GPP relating to technology for locating mobile phones, and that the proposals contained a description of an Uplink Time Difference of Arrival ("U-TDOA") technology for locating mobile phones. TruePosition further avers that U-TDOA was but one of several optional alternative technologies for locating a mobile phone described in these proposals. Except as so admitted and averred, TruePosition denies each and every remaining allegation set forth in paragraph 18 of Andrew's counterclaims.

19. Admitted that TruePosition was aware of the 144 Patent when Andrew and TruePosition jointly submitted to 3GPP proposals containing a description of U-TDOA as one of several optional alternative technologies that may be used to locate a mobile phone. TruePosition further avers, on information and belief, that Andrew also was aware of the 144 Patent at the time these proposals were jointly submitted to 3GPP by Andrew and TruePosition. Except as so admitted and averred, TruePosition denies each and every remaining allegation set forth in paragraph 19 of Andrew's counterclaims.

20. Denied.

21. Denied. TruePosition further avers that the e-mail referenced in paragraph 21 of Andrew's counterclaims refers to U.S. Patent 6,047,192, and not to the 144 patent.

22. Denied. TruePosition further avers that the 144 Patent is not essential to practice the proposals jointly submitted to 3GPP by Andrew and TruePosition, and that TruePosition did not, and does not, believe that the 144 Patent is essential to practice the proposals jointly submitted to 3GPP by Andrew and TruePosition. TruePosition further avers that, at all relevant times, it repeatedly informed Andrew that Andrew might be sued for infringing the 144 Patent if Andrew practiced TDOA using reverse control channels, irrespective of whether Andrew otherwise implemented any supposed "standard" or technical proposal.

23. Admitted that, prior to at least October 25, 2005, Andrew submitted a bid to STC to provide a system for determining the location of a mobile phone, and that the system proposed in Andrew's bid would implement the U-TDOA mobile phone location technology described in the proposals jointly submitted by Andrew and TruePosition to

4

3GPP. TruePosition further avers, that U-TDOA was but one of several optional alternative location technologies described in these proposals that may be used to locate a mobile phone, and, on information and belief, that the system offered in Andrew's bid to STC includes alternative technologies to locate mobile phones in addition to U-TDOA. Except as so admitted and averred, TruePosition denies each and every remaining allegation set forth in paragraph 23 of Andrew's counterclaims.

24. Admitted that, on or around September 30, 2005, TruePosition sent the letter attached to its Second Amended Complaint as Exhibit C, and refers to the letter for its contents. Except as so admitted, TruePosition denies each and every remaining allegation set forth in paragraph 24 of Andrew's counterclaims.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. TruePosition repeats its answer to paragraphs 1 through 32 of Andrew's counterclaims as though fully set forth in this paragraph.

34. Admitted that Andrew has alleged that it has a claim under the California Business and Professional Code. Except as so admitted, Trueposition denies each and every remaining allegation set forth in paragraph 34 of Andrew's counterclaims and

specifically denies that Andrew's allegations state a claim upon which relief can be granted or otherwise have any merit.

35. Admitted that at least one of TruePosition's representatives attended a 3GPP meeting on August 26-30, 2002 in Los Angeles, California. TruePosition avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 35 of Andrew's counterclaims and, on that basis, denies the same.

36. Andrew has failed to define or identify the standard that TruePosition supposedly believed to have rendered the 144 Patent as "Essential IPR" and for that reason, among others, TruePosition avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of Andrew's counterclaims and, on that basis, denies the same.

37. Admitted that at least one of TruePosition's representatives attended a 3GPP meeting on May 19-23, 2003 in San Diego, California. TruePosition avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 37 of Andrew's counterclaims and, on that basis, denies the same.

38. Andrew has failed to define or identify the standard that TruePosition supposedly believed to have rendered the 144 Patent as "Essential IPR" and for that reason, among others, TruePosition avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of Andrew's counterclaims and, on that basis, denies the same.

39. Admitted that at least one of TruePosition's representatives attended a 3GPP meeting on September 7-9, 2004 in Palm Springs, California. TruePosition avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 39 of Andrew's counterclaims and, on that basis, denies the same.

40. Andrew has failed to define or identify the standard that TruePosition supposedly believed to have rendered the 144 Patent as "Essential IPR" and for that reason, among others, TruePosition avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of Andrew's counterclaims and, on that basis, denies the same.

41. Denied.

42. Denied.

43. Denied.

44. TruePosition repeats its answer to paragraphs 1 through 43 of Andrew's counterclaims as though fully set forth in this paragraph.

45. Denied.

46. TruePosition repeats its answer to paragraphs 1 through 43 of Andrew's counterclaims as though fully set forth in this paragraph.

47. Denied.

48. Admitted. TruePosition avers that at all relevant times it did not, and does not, believe that practicing, using or implementing U-TDOA exclusively on the voice channel ("Voice Channel Only U-TDOA") infringes the 144 Patent, or that providing

equipment or services for use in connection with Voice Channel Only U-TDOA infringes the 144 Patent.

49. Denied.

50. Denied.

51. TruePosition repeats its answer to paragraphs 1 through 50 of Andrew's counterclaims as though fully set forth in this paragraph.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

**AFFIRMATIVE DEFENSES**
**(AS TO COUNTERCLAIM II "Fraud," COUNTERCLAIM III "Unfair Competition," COUNTERCLAIM IV "Equitable Estoppel," COUNTERCLAIM V "Implied License" and COUNTERCLAIM VI "Promissory Estoppel")**

**FIRST AFFIRMATIVE DEFENSE**

57. One or more of counterclaims II, III, IV, V and VI fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

58. Andrew lacks standing to assert one or more of counterclaims II, III, IV, V and VI.

**THIRD AFFIRMATIVE DEFENSE**

59. One or more of counterclaims II, III, IV, V and VI are barred by the applicable statute of limitations.

8

## FOURTH AFFIRMATIVE DEFENSE

60. One or more of counterclaims II, III, IV, V and VI are barred by TruePosition's right to petition under the *Noerr-Pennington* doctrine.

## FIFTH AFFIRMATIVE DEFENSE

61. One or more of counterclaims II, III, IV, V and VI are barred in whole or in part by estoppel.

## SIXTH AFFIRMATIVE DEFENSE

62. Andrew's recovery of damages is barred in whole or in part by its failure to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

63. One or more of counterclaims II, III, IV, V and VI are precluded in view of the existence of an express contract, namely a January 16, 2004 Settlement Agreement, which governs the existence and scope of any licenses or covenants-not-to-sue exchanged, or not exchanged, between Andrew and TruePosition.

## EIGHTH AFFIRMATIVE DEFENSE

64. To the extent that Andrew's counterclaims are based upon purported promises or representations made prior to execution of the Settlement Agreement, Andrew has waived any right to seek the relief that it seeks in one or more of Counterclaims II, III, IV, V and VI in view of its assent to an integration clause set forth in the Settlement Agreement.

## NINTH AFFIRMATIVE DEFENSE

65. Andrew is not entitled to relief under one or more of counterclaims II, III, IV, V and VI in view of its coming to this Court with unclean hands given its willful infringement of the 144 Patent and its acts of unfair competition.

## TENTH AFFIRMATIVE DEFENSE

66. Andrew's recovery under one or more of counterclaims II, III, IV, V and VI is barred on whole or in part by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

67. Andrew's recovery under one or more of counterclaims II, III, IV, V and VI is barred in whole or in part because of the existence of a release and/or an accord and satisfaction.

## TWELFTH AFFIRMATIVE DEFENSE

68. One or more of counterclaims II, III, IV, V and VI are barred by res judicata.

## THIRTEENTH AFFIRMATIVE DEFENSE

69. One or more of counterclaims II, III, IV, V and VI are preempted by Federal Law.

WHEREFORE, TruePosition respectfully requests:

A. That the Court dismiss Andrew's counterclaims with prejudice;

B. That the Court find that this is an "exceptional" case under 35 U.S.C. §285 and award TruePosition its costs of defending Counterclaim I of Andrew's counterclaims ("Declaratory Judgment"), including TruePosition's reasonable attorney fees;

  C. That the Court find that Counterclaims II, III, IV, V and VI of Andrew's counterclaims ("Fraud," "Unfair Competition," "Equitable Estoppel," "Implied License," "Promissory Estoppel") are frivolous and award to TruePosition its costs of defending Counterclaims II, III, IV, V and VI, including TruePosition's reasonable attorney fees; and

  D. Award to TruePosition such other relief as is just and proper.

Dated: July 5, 2006          /s/Scott G. Wilcox
                     **CONNOLLY BOVE LODGE & HUTZ LLP**
                     Rudolph E. Hutz, Esq. (#484)
                     James D. Heisman, Esq. (#2746)
                     Scott G. Wilcox (# 3882)
                     1007 N. Orange Street
                     P.O. Box 2207
                     Wilmington, DE 19899
                     (302) 658-9141

                     **WOODCOCK WASHBURN LLP**
                     Paul B. Milcetic, Esq. (Pro Hac Vice)
                     David L. Marcus, Esq. (Pro Hac Vice)
                     Daniel J. Goettle, Esq. (Pro Hac Vice)
                     One Liberty Place, 46th Floor
                     Philadelphia, PA 19103
                     (215) 568-3100
                     *Attorneys for Plaintiff TruePosition, Inc.*

## CERTIFICATE OF SERVICE

I, Scott G. Wilcox, hereby certify that on this 5th day of July, 2006, I caused a true and correct copy of the foregoing TRUEPOSITION'S REPLY TO ANDREW CORPORATION'S ANSWER AND COUNTERCLAIM TO SECOND AMENDED COMPLAINT to be delivered to the following as indicated below:

*Via E-filing*
Josy W. Ingersoll, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801

*Via E-filing*
Patrick D. McPherson, Esquire
Duane Morris LLP
1667 K Street, N.W.
Washington, DC 20006-1608

*Via E-filing*
Michael A. Parks, Esquire
Kirkland & Ellis, LLP
200 E. Randolph Drive
Chicago, IL 60601

       /s/Scott G. Wilcox
       Scott G. Wilcox (# 3882)