IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TruePosition Inc., <br><br>     Plaintiff/<br>     Counterclaim-Defendant,<br><br> v.<br><br>Andrew Corporation,<br><br>     Defendant/<br>     Counterclaim-Plaintiff. | Civil Action No. 05-00747-SLR |

### FIRST AMENDED THIRD NOTICE OF DEPOSITION OF
### TRUEPOSITION, INC. PURSUANT TO RULE 30(B)(6)

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6), Andrew Corporation ("Andrew") will take the deposition upon oral examination of TruePosition, Inc. ("TruePosition") on the topics set forth in the attached Schedule A, through one or more of TruePosition's officers, directors, or managing agents, or other persons who consent to testify on its behalf. The deposition will take place at the Hilton Philadelphia Airport, 4509 Island Avenue, in Philadelphia, Pennsylvania, commencing on October 18, 2006 at 9:00 a.m., or at such other time and place as may be agreed to by counsel. The deposition will be taken before a Notary Public or other person authorized to administer oaths by the laws of the United States, and will be recorded by stenographic and/or videographic means. The deposition will continue from day-to-day until completed.

Andrew requests that TruePosition identify in writing at least five (5) business days in advance of the deposition the person(s) designated by TruePosition, the job title of each such person(s), and the topics(s) on which each such person will testify.

You are invited to attend.

Dated: October 9, 2006

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Andrew A. Lundgren*
_____
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

**KIRKLAND & ELLIS LLP**
John D. Desmarais
Citigroup Center
153 East 53rd Street
New York, New York 10022
(212) 446-4800

**KIRKLAND & ELLIS LLP**
Michael A. Parks
Rachel P. Waldron
Shira J. Kapplin
Sarah J. Frey
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

**DUANE MORRIS LLP**
Patrick D. McPherson
1667 K Street, N.W., Suite 700
Washington, DC 20006
(202) 776-7800

*Attorneys for Defendant and Counterclaim-Plaintiff Andrew Corporation*

## SCHEDULE A

### Topics of Examination

1. Revenues (on a yearly, monthly, quarterly or other convenient periodic basis) generated by all TruePosition Commercial Embodiments, and identification of the sources of revenues.

2. TruePosition's profit and loss statements (showing gross and net revenue and gross and net profits) and balance sheets, containing data concerning all TruePosition Commercial Embodiments and the profitability of all TruePosition Commercial Embodiments, including but not limited to gross, net, operating and marginal profits, and the methods and calculations for determining these figures.

3. Revenue projections associated with all TruePosition Commercial Embodiments.

4. TruePosition's costs, including fixed and variable costs, associated with all TruePosition Commercial Embodiments.

5. The identity of products that compete with all TruePosition Commercial Embodiments.

6. The market and demand for all TruePosition Commercial Embodiments, including, but not limited to, the market share of all TruePosition Commercial Embodiments, the reasons for any increase or decrease in the market share of all TruePosition Commercial Embodiments in the last six years, any market analyses or market studies regarding competitive threats and competition to all TruePosition Commercial Embodiments, and any analyses or studies related to the usage of all TruePosition Commercial Embodiments or any of their features.

7. TruePosition's projections and forecasts concerning the market in which all TruePosition Commercial Embodiments are offered including, but not limited to, forecasts of market size, market share, and a description of how such forecasting was and is done, and was and is used in TruePosition's business.

8. TruePosition's patent licensing policies, practices, and procedures.

9. The identity of all licensees of the '144 patent and all entities to which TruePosition or its Predecessors have offered a license under the '144 patent.

10. All negotiations between TruePosition or its Predecessors and any other party regarding any and all offers to license the '144 patent.

11. Royalties and any other revenue received by TruePosition, on a per-license and annual basis, associated with licenses of the '144 patent.

12. Financial projections and estimates of future revenue associated with licenses of the '144 patent.

13. All patent license agreements to which TruePosition is a party and which license a patent or patents practiced by any TruePosition Commercial Embodiment.

14. The identity, location and detailed explanation of all documents and things concerning the foregoing topics.

15. The identity and location of persons knowledgeable about the foregoing topics.

DB02:5551063.1                                                                                                                                        065217.1001

## Definitions and Instructions

1. The term "TruePosition" means TruePosition, Inc., and also its employees, agents, representatives, and/or attorneys and any business entity owned or controlled by or under the direct or indirect control or management of TruePosition, Inc.

2. The term "Andrew" means Andrew Corporation.

3. The term "person" means any natural person or any business, legal or governmental entity or association; the acts of a person (including TruePosition) are include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

4. The term "'144 patent" means U. S. Patent No. 5,327,144.

5. "Predecessors" means TruePosition's predecessors in interest to the '144 patent.

6. The terms "include" or "including" denote a portion of a larger whole without limitation.

7. The terms "and" and "or" shall be construed both conjunctively and disjunctively so as to give the broadest meaning possible to interrogatories and definitions containing those words.

8. The term "relating to" means in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

9. The term "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure, including the original and every non-identical copy or reproduction in the custody or control of TruePosition, and shall also include any means for retaining information, whether electronic or otherwise.

10. The term "Commercial Embodiments" means all products known to TruePosition, regardless of whether they are TruePosition products or the products of others, that allegedly incorporate one of more features claimed in the '144 patent.

11. The term "Compliant" with a standard, recommendation, specification, or technology means practicing, conforming to, and/or compliant with any part, revision, and/or annex of such standard, recommendation, specification, or technology.

12. The term "identity" means:

    a. as applied to a document: the name of the person having possession, custody or control of such document, whether any other drafts exist, and the disposition of the document if no longer in True Position's control;

    b. as applied to a person: the person's full name, present or last known address, last known employer or business affiliation, and position or job description;

    c. as applied to events: a description, date, and location of the event, and the entities participating in the event;

d.  as applied to products: the product type, the product and model numbers, the marketing, sales, and internal development names, revision level, manufacturer and any other designation known to TruePosition.

2

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on October 9, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> James D. Heisman, Esquire
> Connolly, Bove, Lodge & Hutz
> The Nemours Building
> 1007 North Orange Street
> Wilmington, DE 19801
> Email: jheisman@cblh.com

I further certify that on October 9, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

### BY ELECTRONIC MAIL

> Paul B. Milcetic, Esquire
> David L. Marcus, Esquire
> Daniel J. Goettle, Esquire
> Woodcock Washburn LLP
> One Liberty Place, 46th Floor
> Philadelphia, PA  19103
> Phone: 215-988-2063
> Email:  pbmilcet@woodcock.com
>          marcus@woodcock.com
>          dgoettle@woodcock.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Andrew A. Lundgren
Josy W. Ingersoll (No. 1088)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
alundgren@ycst.com
*Attorneys for Defendant Andrew Corporation*