# EXHIBIT



Issued by the

*United States District Court*

DISTRICT OF DELAWARE

TRUEPOSITION, INC.,

v.

ANDREW CORPORATION

**SUBPOENA IN A CIVIL CASE**

**Case No.: 05-747-SLR (D. Del.)**

TO:  Rhys W. Robinson
     Airbiquity
     1011 Western Avenue, Suite 600
     Seattle, Washington 98104

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition will be taken by videotape and court stenography.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Woodcock Washburn, LLP<br>Cira Centre, 12th Floor<br>2929 Arch Street<br>Philadelphia, PA 19104-2891 | January 4, 2007 at 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects). *See Attachment A.*

| PLACE | DATE AND TIME |
|---|---|
| Woodcock Washburn, LLP<br>Cira Centre, 12th Floor<br>2929 Arch Street<br>Philadelphia, PA 19104-2891 | December 28, 2006 at 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Daniel J. Goettle<br>Cira Centre, 2929 Arch Street -12th Floor<br>Philadelphia, PA 19104<br>215.564.8974<br>*Attorney for TruePosition, Inc.* | December 14, 2006 |

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

_____

Signature of Server

_____

Address of Server

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

© PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for depositions, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the material or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(I) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed

or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(b)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

## Documents And Things To Be Produced

1. All documents relating to, concerning, associated with, discussing or referring to 3GPP or ETSI and any patent or patents owned by either TruePosition or Andrew, including, but not limited to: a) all such documents generated while you were employed by TruePosition; b) all such documents generated after you ceased to be employed by TruePosition; c) all such documents that comprise communications regarding whether TruePosition or Andrew should declare or consider declaring any patent(s) to 3GPP or ETSI; d) all such documents comprising, reflecting, discussing or describing any recommendation(s) by you or any other person that TruePosition or Andrew should declare or consider declaring any patent(s) to 3GPP or ETSI; e) all such documents comprising, reflecting, discussing or describing consideration of whether TruePosition or Andrew should declare or consider declaring any patent(s) to 3GPP or ETSI; f) the document marked as Robinson exhibit 1 during your November 15, 2006 deposition; and g) each document referred to in the document marked as Robinson exhibit 1 during your November 15, 2006 deposition.

2. All documents concerning, associated with, discussing, referring to or relating to your performance while employed with TruePosition, any recognition or lack of recognition of your performance while employed with TruePosition, any promotions you received or did not receive while employed with TruePosition, and your termination from employment with TruePosition, including, but not limited to: a) any evaluations of your performance while employed by TruePosition and any responses thereto; b) any self-evaluations of your performance while employed by TruePosition; c) any documents discussing or describing your performance while employed by TruePosition whether sent by or to you and whether made or prepared by you or by

others and any responses thereto; d) any submissions to TruePosition made by or for you relating to your employment by TruePosition, including any complaints by you or others that you were not being adequately recognized or rewarded for your performance while employed by TruePosition and any complaints by others by others that your job performance was not adequate or acceptable or that you were not fulfilling your job responsibilities in whole or in part, and any responses thereto; e) any requests made by or for you that TruePosition promote you or recognize your performance in any and any responses thereto; f) any notice of termination or other type of communication from TruePosition or persons at TruePosition advising that TruePosition would be terminating your employment and any responses thereto; g) any documents communicating, explaining, describing, noting or evidencing the reason or reasons why TruePosition terminated your employment and any responses thereto; and h) any communications by you with others, whether employed by TruePosition or not, regarding any of the foregoing matters.

3.    All documents relating to your attempts to secure consulting work from TruePosition after termination of your employment with TruePosition.

4.    All documents relating to your attempts to secure employment with and consulting work from Andrew, whether after termination of your employment with TruePosition or before such time.

5.    All documents comprising, associated with, relating to, referring to, discussing, or concerning any and all communications between you and any attorney representing Andrew in this litigation, including any attorney at Kirkland & Ellis LLP, Duane Morris LLP and Debevoise

& Plimpton LLP and any attorney employed by Andrew directly, and all documents generated by, for, on behalf of or at the request of any such attorney(s).

6.    All documents comprising, associated with, relating to, referring to, discussing or concerning any communication between you and any employee of Andrew, including Mr. Oskar Magnusson, relating to any patent or patents owned by TruePosition or Andrew.

7.    All documents comprising comprising, associated with, relating to, referring to, discussing or concerning any communication between you and any employee of Andrew, including Oskar Magnusson, after you received notice or were otherwise advised that your employment with TruePosition would be terminated.

## Definitions

1.    "TruePosition" means TruePosition, Inc.

2.    "You" or "your" means Rhys W. Robinson.

3.    "Andrew" means Andrew Corporation and each of its predecessors (including Allen Telecom, Inc. and/or Grayson Wireless), successors, subsidiaries, divisions, departments, assigns, parent corporations, foreign and domestic affiliates, organizational operating units, and each other person directly or indirectly, wholly in part, owned or controlled by it, and all present or former partners, principals, employees, officers, directors, agents, legal representatives, consultants or other persons acting for or on its behalf, and each of their respective predecessors, successors, subsidiaries, divisions, departments, assigns, parent corporations, foreign and domestic affiliates, organizational operating units, and each other person directly or indirectly, wholly in part, owned or controlled by the respective entity, and all present or former partners, principals, employees, officers, directors, agents, legal representatives, consultants or other persons acting for or on behalf of the respective entity.

4.    "3GPP" means the 3rd Generation Partnership Project and any of its subsidiaries or affiliates, as well as its officers, directors, employees, agents and representatives.

5.    "ETSI" means the European Telecommunications Standards Institute and any of its subsidiaries or affiliates, as well as its officers, directors, employees, agents and representatives.

6.    "This litigation" means the litigation between TruePosition and Andrew in the United States District Court for the District of Delaware captioned *TruePosition, Inc. v. Andrew Corporation*, (D. Del. 05-747-SLR).

7.    The term "all" shall be construed to include the term "each," and "each" shall be construed to include the term "all."

8.    The singular form of any word appearing herein includes the plural, and the plural form of any word appearing herein includes the singular.

9.    "Communication" means any and every manner of exchange, disclosure or transfer of information, whether person-to-person, in a group, orally, in writing, by telephone, by U.S. Mail, by facsimile, by electronic mail, by other electronic transmission, or by any other means.

10.    "Document" means all material defined in Federal Rule of Civil Procedure 34(a), in whatever form, including handwritten, typed, printed, photocopied, graphic, or computer-stored matter. "Document" shall encompass the original and every non-identical copy, including drafts, electronic versions, modified versions and amended versions, of the material defined in Federal Rule of Civil Procedure 34(a) that is within your possession, custody or control. Examples of a "document" shall include, but shall not be limited to, electronic mail (e-mail), U.S. Mail, facsimiles, notes, memoranda, correspondence, letters, reports, studies, charts, drawings, notebooks, diaries, logs, journals, summaries, notes of meetings, notes of telephone calls, notes of conversations, minutes or meetings, working papers, forms, electronic files, transcriptions of recordings or conversations, and diskettes or other storage media. any handwritten, printed, typed, recorded, photographic, computer generated, or other graphic matter of any kind or nature, however produced or reproduced, including, but not limited to, books, ledgers, notebooks, letters, faxes, telexes, correspondence, telegrams, contracts, agreements, notes, memoranda, analyses, reports, projections, charts, graphs, drawings, photographs, checks, statements, statements of accounts, inter-office and intra-office

communications, offers, notes of conversations, notes of meetings, notes of telephone calls,

bulletins, computer programs, computerdata bases, computer discs or tapes, computer printouts,

teletypes, invoices, work sheets, work papers, diaries, calendars, minutes, reports of

investigations, office manuals, and any other communications fixed in a tangible medium,

including, but not limited to, material stored electronically or electromagnetically, including

electronic mail, as well as all mechanical and electronic sound recordings, or transcripts thereof,

from which information can be obtained, as defined by the Federal Rules of Evidence, Rule

1001(1) and (2); "document" shall also include all drafts, alterations, modifications, changes, and

amendments of any of the foregoing;

11.    The connectives "and" and "or" shall be construed either disjunctively or

conjunctively as necessary to bring within the scope of the discovery request all responses that

might otherwise be construed to be outside of its scope.

12.    "Person" or "persons" means any natural person, individual, firm, association,

corporation, partnership, foundation, proprietorship, joint venture, organization or entity,

including all governmental entities, agencies, officers and departments.

# UNITED STATES DISTRICT COURT DISTRICT OF DELAWARE

| | |
|---|---|
| TRUEPOSITION, INC. | Cause #:  05-747-SLR |
| Plaintiff / Petitioner | |
| | Affidavit of Service of: |
| | SUBPOENA IN A CIVIL CASE |
| VS. | |
| ANDREW CORPORATION | |
| Defendant / Respondent | |
| | Hearing Date:  Jan  4 2007 |

Declaration:

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the date and time of Dec 14 2006 12:59PM  at the address of 1011 WESTERN AVE SUITE 600 SEATTLE, within the County of ServeCounty, State of WASHINGTON, the declarant duly served the above described documents upon RHYS ROBINSON   by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with RHYS ROBINSON .

No information was provided that indicates that the subjects served are members of the U.S. military.

_____
J. Bradford

Subscribed and sworn to before me this Dec 20 2006

_____

a Notary Public in the State of Washington,

residing at _____

Service Fee Total: $     75.00



**DUPLICATE**
ORIGINAL
PROOF OF SERVICE

ABC Legal Services, Inc.
206 521-9000
Tracking #: 4208430

WOODCOCK WASHBURN LLP
2929 ARCH STREET CIRA CENTRE,
12TH FLOOR
PHILADELPHIA, PA 19104

# UNITED STATES DISTRICT COURT DISTRICT OF DELAWARE

TRUEPOSITION, INC.

                Plaintiff / Petitioner

VS.

ANDREW CORPORATION

                Defendant / Respondent

Cause #:  **05-747-SLR**

Affidavit of Service of:
**SUBPOENA IN A CIVIL CASE**

Hearing Date:  **Jan  4 2007**

## Declaration:

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington; over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the date and time of   **Dec 14 2006 12:59PM**

at the address of   **1011 WESTERN AVE  SUITE 600 SEATTLE**

within the County of   **KING**                 State of   **WASHINGTON**

the declarant duly served the above described documents upon

**RHYS ROBINSON**

by then and there personally delivering   **1**   true and correct copy(ies) thereof, by then presenting to and leaving the same with

**RHYS ROBINSON**

No information was provided that indicates that the subjects served are members of the U.S. military.

_____
J. Bradford

Subscribed and sworn to before me this Dec 20 2006

_____ a Notary Public in the State of Washington, residing at _____

The documents listed above were served in accordance with RCW 4.28.080 and/or client instructions. If service was substituted on another person or left with a person that refused to identify themselves, it is incumbent upon the client to notify ABC Legal Services, Inc. immediately in writing if further attempts to serve, serve by mail, or investigate are required. If service was substituted on another person, pursuant to RCW 4.28.080 (16), service shall be complete on the tenth day after a copy of the documents are mailed to the subject at the address where service was made. Documents were not mailed by ABC Legal Services, Inc.

**Service Notes:**

| | | | | | |
|---|---|---|---|---|---|
| Documents: | 12.00 | Secretarial: | 0.00 | Other: | 40.95 |
| Travel: | 15.05 | Postage: | 0.00 | Total: | 75.00 |
| Invalid Address ( 0 ) | 0.00 | Photo: | 0.00 | Pre-Paid Retainer: | 75.00 |
| Proof Preparation: | 7.00 | Rush / Special: | 0.00 | | |
| Summons Copy: | 0.00 | Wait / Stake Out Time: | 0.00 | **AMOUNT DUE** | **0.00** |

Client Ref.: **ROBINSON**
WOODCOCK WASHBURN LLP
2929 ARCH STREET CIRA CENTRE, 12TH FLOOR
PHILADELPHIA, PA 19104

## DUPLICATE
### CLIENT COPY
### PROOF OF SERVICE

Page 1 of 1

ABC Legal Services, Inc.
633 Yesler Way Seattle, WA 98104
206 521-9000
Tracking #: **4208430**