IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **TruePosition Inc.,** <br><br> Plaintiff/ <br> Counterclaim-Defendant, <br><br> v. <br><br> **Andrew Corporation,** <br><br> Defendant/ <br> Counterclaim-Plaintiff. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **Civil Action No. 05-00747-SLR** <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANDREW CORPORATION'S NOTICE OF
## DEPOSITION AND DOCUMENT REQUESTS OF BRIAN AGEE

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Andrew Corporation ("Andrew"), by its counsel, will take the deposition upon oral examination of expert witness Brian Agee.

The deposition will take place at Woodcock Washburn, Cira Centre, 12th Floor, 2929 Arch Street, Philadelphia, Pennsylvania, commencing on January 23, 2007 at 9:00 a.m, or at such other time and place as may be agreed to by counsel. The deposition will be taken before a Notary Public or other person authorized to administer oaths by the laws of the United States, and will be recorded by stenographic and/or videographic means. The deposition will continue from day-to-day until completed.

You are invited to attend.

Any documents responsive to the document requests attached at Exhibits A and B should be produced no later than January 16, to Rachel P. Waldron, Kirkland & Ellis LLP, 200 E. Randolph Dr., Chicago, Illinois 60601.

Dated: January 3, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Andrew A. Lundgren*

Josy W. Ingersoll (No. 1088)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
*alundgren@ycst.com*

**KIRKLAND & ELLIS LLP**
John D. Desmarais
Citigroup Center
153 East 53rd Street
New York, New York 10022
(212) 446-4800

**KIRKLAND & ELLIS LLP**
Michael A. Parks
Rachel P. Waldron
Shira J. Kapplin
Sarah J. Frey
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

**DUANE MORRIS LLP**
Patrick D. McPherson
1667 K Street, N.W., Suite 700
Washington, DC 20006
(202) 776-7800

*Attorneys for Defendant and Counter-Claim Plaintiff Andrew Corporation*

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on January 3, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> James D. Heisman, Esquire
> Connolly, Bove, Lodge & Hutz
> The Nemours Building
> 1007 North Orange Street
> P.O. Box 2207
> Wilmington, DE 19899
> (302) 658-9141
> Email: jheisman@cblh.com

I further certify that on January 3, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

### BY ELECTRONIC MAIL AND FEDEX

> Paul B. Milcetic, Esq.
> David L. Marcus, Esq.
> Daniel J. Goettle, Esq.
> Woodcock Washburn LLP
> One Liberty Place, 46th Floor
> Philadelphia, PA 19103
> pbmilcet@woodcock.com
> dmarcus@woodcock.com
> dgoettle@woodcock.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Andrew A. Lundgren*

Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
alundgren@ycst.com
*Attorneys for Defendant Andrew Corporation*

# DOCUMENT REQUESTS FOR BRIAN AGEE

## EXHIBIT A: DOCUMENTS AND THINGS TO BE PRODUCED

1. All communications between you and any person at TruePosition, Inc.

2. All communications between you and any of the named inventors of the '144 patent.

3. All documents and other materials provided to you by the named inventors of the '144 patent, TruePosition, or their counsel.

4. All documents that relate to any alleged infringement (whether direct, contributory or by inducement) of the '144 patent by Andrew.

5. All documents and materials considered, studied, or reviewed in connection with TruePosition's allegations of infringement by Andrew.

6. All documents that refer or relate to the patentability, validity or invalidity, enforceability or unenforceability, or infringement or non-infringement of the '144 patent.

7. All documents that refer or relate to any contention by any person or party, including without limitation any third party, named inventor, prosecuting counsel, prior art search firm, or any other person or party, that the '144 patent is invalid, unenforceable or not infringed.

8. All documents comprising, referring or relating to potential or actual prior art to the '144 patent, even if you dispute that the material constitutes or discloses prior art.

9. All documents that allegedly support any contention that the alleged invention(s) of the '144 patent are not obvious under 35 U.S.C. § 103, including but not limited to documents that allegedly relate to or evidence secondary considerations of non-obviousness such as commercial success, long-felt need, copying by others, prior failure by others, licensing by others, or unexpected results.

10. All documents and materials comprising, referring or relating to any search for prior art to the '144 patent.

11. All documents referring or relating to the level of ordinary skill in the art of the alleged invention(s) of the '144 patent.

12. All documents that refer or relate to the interpretation or construction of any of the claim terms in the '144 patent-in-suit.

13. Any publication by you referring or relating to GSM and/or AMPS cellular systems.

14. Any publication by you referring or relating to cross-correlation functions and/or ambiguity functions.

15. All materials considered, reviewed or relied upon by you in connection with your opinions or testimony in this litigation.

16. All materials created or prepared by you or on your behalf in connection with your expert reports in this matter.

17. Documents sufficient to show the amount of time you have spent in connection with this litigation and the activities you have undertaken in connection with forming your opinions and preparing your testimony.

18. All invoices and other billing records prepared by you and/or provided to TruePosition or its counsel.

**EXHIBIT B: DEFINITIONS AND INSTRUCTIONS**

**Definitions**

For purposes of this subpoena, the following terms shall have the meaning set forth below:

A.  "You" or "your" means Brian Agee, as well as any of your partners, employees, agents, attorneys, or anyone else acting or purporting to act on your behalf.

B.  The term "TruePosition" means TruePosition, Inc., and also its employees, agents, representatives, and/or attorneys and any business entity owned or controlled by or under the direct or indirect control or management of TruePosition, Inc.

C.  "Person" or "persons" means any natural person, individual, firm, association, corporation, partnership, foundation, proprietorship, joint venture, organization or entity, including all governmental entities, agencies, officers and departments.

D.  "Patent-in-suit" and "the '144 patent" mean U.S. Patent No. 5,327,144 and the United States patent application that led to its issuance.

E.  "Prior art" means all documents and activities that constitute, describe or refer to part or all of the subject matter claimed in the '144 patent prior to the filing date of the patent, including any products containing the same. By way of example, and without limitation, the term "prior art" includes the items described in 35 U.S.C. §§ 102 and 103, including publications, patents, physical devices, prototypes, knowledge, uses, sales, and offers for sale and any document or thing evidencing any of the foregoing, whether before or after any alleged reduction to practice date.

F.  "Document" means all material defined in Federal Rule of Civil Procedure 34(a), in whatever form, including handwritten, typed, printed, photocopied, graphic, or computer-

stored matter. "Document" shall encompass the original and every non-identical copy, including drafts and electronic versions, of the material defined in Federal Rule of Civil Procedure 34(a) within your possession, custody, or control. Specifically, "document" shall include, but not be limited to, notes, memoranda, correspondence, letters, reports, studies, E-mail, publications, contracts, manuals, licenses, charts, drawings, designs, data sheets, laboratory notebooks, diaries, logs, journals, specifications, brochures, product or service descriptions, prior art, schematics, summaries, pamphlets, books, notations of any sort of conversations or meetings, working papers, applications, film, video tape, audio recordings, electronic files, software, transcriptions of recordings, photographs, and diskettes or other magnetic media, responsive to these requests. The term "thing" includes, without limitation, models, molds, prototypes, software disks, hard disks, floppy disks, CD ROMs, back-up tapes or disks, electronic database files, electronic files, and samples of any device, apparatus, or program.

    G.    The terms "concerning," "relating to," "relate to," "relates to," "related to," "referring or relating to," "referring to," "regarding," and "refer or relate to" mean in whole or in any part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

    H.    "Communication" means any transmission, exchange or transfer of information by any means, including but not limited to, letters, facsimiles, electronic mail, other computer linkups, and written memoranda.

I.  "And" and "or" shall be construed both conjunctively and disjunctively and each shall include the other whenever such construction will serve to bring within the scope of these interrogatories any information that would otherwise not be brought within their scope.

J.  "Including" means including but not limited to.

K.  "Any" or "each" should be understood to include and encompass "all."

L.  The singular shall include the plural and the masculine gender shall include the feminine and the gender neutral.

### Instructions

A.  The requests for documents and things herein shall be deemed to include any and all relevant documents within your possession, custody or control, including without limitation documents located in the files of any and all employees, agents, representatives, attorneys, investigators, or other persons acting on your behalf.

B.  Pursuant to Federal Rule of Civil Procedure 45(d)(1), documents from any single file should be produced in the same order as they were found in such file and bound or stapled in the same manner as the original. Alternatively, the documents may be organized and labeled to correspond with the numbered paragraphs of these requests.

C.  These requests contemplate production of responsive documents in their entirety, without abridgement, abbreviation, or expurgation of any sort. If a document responsive to any request herein cannot be produced in full, it shall be produced to the extent possible, with an explanation as to why production of the remainder is not possible.

D.  If you withhold production of any documents or things on grounds of attorney-client privilege or any applicable claim of privilege or immunity, please provide a privilege log stating, for each document or thing withheld, (1) the number of pages, if applicable, including attachments, (2) the author and all recipients (including by way of example, all recipients listed

in the "To:" as well as the "CC:" and "BCC:" fields of an e-mail or memorandum), (3) the date of creation, (4) a description of the contents, and (5) the basis for withholding production, including any applicable privileges.

    E.    These requests are continuing in nature. If, after responding to these requests, you acquire, obtain or become aware of further documents responsive to any request, or if any additional documents come into existence up to and including the time of trial, such documents shall be produced promptly in accordance with the Federal Rules of Civil Procedure.