**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **TruePosition, Inc.,** ) | |
| ) | |
| **Plaintiff/** ) | |
| **Counterclaim-Defendant,** ) | |
| ) | **Civil Action No. 05-747-SLR** |
| **v.** ) | |
| ) | |
| **Andrew Corporation,** ) | |
| ) | |
| **Defendant/** ) | |
| **Counterclaim-Plaintiff.** ) | |
| _____) | |

**JOINT CLAIM CONSTRUCTION STATEMENT**

Pursuant to paragraph 7 of the Scheduling Order entered on March 10, 2006, plaintiff and counterclaim defendant TruePosition, Inc. ("TruePosition") and defendant and counterclaim plaintiff Andrew Corporation ("Andrew") jointly submit this Joint Claim Construction Statement identifying for the Court the disputed claim terms in U.S. Patent No. 5,327,144. Andrew contends that: the parties are requesting the Court to construe only a subset of the limitations required by the asserted claims; and excluding a claim limitation from this Joint Claim Construction Statement is not a concession by Andrew that the limitation is present in the accused products.

| 144 Patent Claim Term or Phrase | TruePosition's Proposed Construction | Andrew's Proposed Construction |
|---|---|---|
| **Initiating** (Claims 1, 22) | No explicit construction is required. To the extent the Court decides otherwise, the term means:<br><br>Causing or facilitating the beginning of | Causing or bringing about |
| **Periodic** (Claims 1, 22)<br><br>**Periodically** (Claim 31) | No explicit construction is required. To the extent the Court decides otherwise, the term means:<br><br>Discontinuous(ly) | Occurring at regular intervals |

| 144 Patent Claim Term or Phrase | TruePosition's Proposed Construction | Andrew's Proposed Construction |
|---|---|---|
| **Prescribed set** (Claims 1, 22, 31) | Andrew has taken this phrase out of context. To the extent the Court chooses to construe this phrase out of context, the phrase means:<br><br>Set described by a cellular telephone system protocol | The set of frequency bands that are assigned to convey information in the format specified in ANSI 553 |
| **Reverse control channel(s)** (Claims 1, 22, 31) | A **control channel(s)** from a cellular telephone(s) to a cell site(s) | A channel that carries only signaling information from a mobile terminal to a base station in the format specified in ANSI 553 |
| **Reverse** (Claims 1, 22, 31) | From a cellular telephone(s) to a cell site(s) | Should not be construed separately from the unitary phrase "reverse control channel"<br><br>To the extent the Court chooses to construe "reverse" out of context, it means:<br><br>From a mobile terminal to a base station, in the format specified by ANSI 553 |
| **Control Channel(s)** (Claims 1, 22, 31) | Channel(s) used to transmit control information to and from a cellular telephone(s); not voice channel(s) | Should not be construed separately from the unitary phrase "reverse control channel"<br><br>To the extent the Court chooses to construe "control channel" out of context, it means:<br><br>A channel that carries only signaling information in the format specified by ANSI 553 |
| **Timing Signal** (Claims 1, 2) | No explicit construction is required. To the extent the Court decides otherwise, the phrase means:<br><br>Signal that conveys timing information | Signal that is provided to all cell sites to generate a time stamp for each frame of data |

2

| 144 Patent Claim Term or Phrase | TruePosition's Proposed Construction | Andrew's Proposed Construction |
|---|---|---|
| **Time stamp bits representing the time at which said cellular telephone signals were received** (Claim 1) | No explicit construction is required. To the extent the Court decides otherwise, the phrase means:<br><br>Binary units of computer information that indicate a time and that symbolize, typify or describe when said cellular telephone signals were received. | Binary digits representing the calendar date and clock time at which signals were received at the cell site |
| "**means for processing said frames of data from said cell site systems to generate a table identifying individual cellular telephone signals and the differences in times of arrival of said cellular telephone signals among said cell site systems**" (Claim 1) | • Function: processing said frames of data from said cell site systems to generate a table identifying individual cellular telephone signals and the differences in times of arrival of said cellular telephone signals among said cell site systems<br><br>• Structure: A computer processor programmed to perform the algorithm disclosed at Col. 13, ll. 33-56 (ending with the acronym "TDOA"), Fig. 7 at the First Four Blocks and Table, Co. 17, ll. 26-68 (minus any reference to "frequency difference data" or "frequency difference results") and Figs. 8a-8b (minus any reference to "frequency differences"), or equivalents of such a computer processor. | • Function: to generate a table<br><br>• Structure: The elements recited in figures 6 and 6A, the operations reflected in Figure 7, including algorithms disclosed in the patent |
| **Processing** (Claims 1, 22, 31) | No explicit construction is required. To the extent the Court decides otherwise, the term means:<br><br>Analyzing with a computer(s). | • Function: to generate a table<br><br>• Structure: The elements recited in figures 6 and 6A, the operations reflected in Figure 7, including algorithms disclosed in the patent |
| **Table identifying individual cellular telephone signals** (Claim 1) | No explicit construction is required. To the extent the Court decides otherwise, the phrase means:<br><br>Table identifying particular cellular telephone signals. | Table containing a code uniquely associated with the cellular telephone that transmitted the signals |

3

| 144 Patent Claim Term or Phrase | TruePosition's Proposed Construction | Andrew's Proposed Construction |
|---|---|---|
| "**means for determining, on the basis of said times of arrival differences, the locations of the cellular telephones responsible for said cellular telephone signals**" (Claim 1) | • Function: determining, on the basis of said times of arrival differences, the locations of the cellular telephones responsible for said cellular telephone signals<br><br>• Structure: A computer processor programmed to perform the algorithm disclosed at Col. 13, l. 58 (beginning with the word "This") through Col. 13, l. 62 (ending with the letter "C"), Fig. 7, at the Fifth and Sixth Blocks, Col. 18, ll. 1-34 (ending with "0.0001," but minus any reference to "frequencies") and Fig. 8c through Top Four Elements of Fig. 8d (minus any reference to "frequencies"), or equivalents of such a computer processor. | • Function: to determine on the basis of time of arrival differences, the locations of the mobile cellular telephones whose signals are received<br><br>• Structure: algorithms disclosed in '144 Pat. Col.16, line 5 - Col. 19, line 2, and Figures cited therein |
| **Determining** (Claims 1, 22, 31) | No explicit construction is required. To the extent that the Court decides otherwise, the term means:<br><br>Arriving at a decision about. | • Function: to determine on the basis of time of arrival differences, the locations of the mobile cellular telephones whose signals are received<br><br>• Structure: algorithms disclosed in '144 Pat. Col.16, line 5 - Col. 19, line 2, and Figures cited therein |
| **Subscribers** (Claims 22, 32) | No explicit construction is required. To the extent the Court decides otherwise, the term means:<br><br>Individuals who agree to receive and pay for a service. | Users of the mobile cellular telephones who receive and pay for cellular telephone service |

| 144 Patent Claim Term or Phrase | TruePosition's Proposed Construction | Andrew's Proposed Construction |
|---|---|---|
| "**locating means for automatically determining the locations of said cellular telephones by receiving and processing signals emitted during said periodic reverse control channel transmissions**" (Claim 22) | • Function: automatically determining the locations of said cellular telephones by receiving and processing signals emitted during said periodic reverse control channel transmissions.<br><br>• Structure: A computer processor programmed to perform the algorithm disclosed at Col. 13, ll. 33-62 (ending with the letter "C"), Figure 7 at the First Six Blocks and Table, Col. 17, l. 26 – Col. 18, l. 34 (ending with "0.00001," but minus any reference to "frequency difference data," "frequency difference results" or "frequencies") and Figs. 8a through the Top Four Elements of Fig. 8d (minus any reference to "frequency differences" or "frequencies"), or equivalents of such a computer processor. | • Function: automatically determine the location of cellular telephones by monitoring every periodic reverse control channel transmission emitted from every mobile cellular telephone in the network to determine the location of all such mobile cellular telephones without a specific request to locate them, and processing the signals emitted during the phones' reverse control channel transmissions<br><br>• Structure: algorithms disclosed in '144 Pat. Col.16, line 5 - Col. 19, line 2, and Figures cited therein |

| 144 Patent Claim Term or Phrase | TruePosition's Proposed Construction | Andrew's Proposed Construction |
|---|---|---|
| "**database means for storing location data identifying the cellular telephones and their respective locations, and for providing access to said database to subscribers at remote locations**" (Claim 22) | • Function: storing location data identifying the cellular telephones and their respective locations, and for providing access to said database to subscribers at remote locations.<br><br>• Structure: The combination of the "database 20" and the "first terminal 22 coupled via a modem . . . and telephone line to the database 20" disclosed in Col. 9, ll. 25-27, Fig. 2 Blocks 20, 22, or equivalents of such a combination;<br><br>Or<br><br>• Structure: The combination of the "database 20" and the "second terminal 24 in radio communication with the database 20" disclosed in Col. 9, ll. 27-29, Fig. 2, Blocks 20, 24, or equivalents of such a combination;<br><br>Or<br><br>• Structure: The combination of the "database 20" and the "third, handheld terminal 26, which is carried by a user who also has a cellular telephone 10b, in radio communication with the database" disclosed in Column 9, ll. 29-31, Fig. 2, Blocks 20, 26, or equivalents of such a combination. | • Function: storing location data identifying the cellular telephones and their respective locations, and for providing access to the database to subscribers at remote locations<br><br>• Structure: a database or local disk storage device containing the unique code corresponding to each cellular telephone and a terminal coupled to the database via (1) modem and telephone line, or (2) radio communication providing access to the database to the subscribers |

| 144 Patent Claim Term or Phrase | TruePosition's Proposed Construction | Andrew's Proposed Construction |
|---|---|---|
| **data identifying the cellular telephones** (Claims 22, 32) | No explicit construction is required. To the extent the Court decides otherwise, the phrase means:<br><br>In Claim 22,<br><br>Data identifying the "multiple mobile cellular telephones each initiating periodic signal transmissions over one of a prescribed set of reverse control channels" recited in claim 22<br><br>In Claim 32,<br><br>Data identifying the "cellular telephones responsible for said cellular telephone signals" recited in claim 31 | The code uniquely associated with the cellular telephone |
| **Processing said frames of data to identify individual cellular telephone signals** (Claim 31) | No explicit construction is required. To the extent the Court decides otherwise, the phrase means:<br><br>Processing said frames of data to identify particular cellular telephone signals. | Extracting from the data frames a code uniquely associated with the cellular telephone that transmitted the signals |
| **Time stamp bits representing the time at which said frames were produced at each cell site** (Claim 31) | No explicit construction is required. To the extent the Court decides otherwise, the phrase means:<br><br>Binary units of computer information that indicate a time and that symbolize, typify or describe when said frames were produced at each cell site. | Binary digits representing the calendar date and clock time at which said frames were produced at each cell site |

Dated: January 19, 2006

By:

| | |
|---|---|
| /s/ Francis DiGiovanni (No. 3189) for    . | /s/ Andrew A. Lundgren                    . |
| **CONNOLLY BOVE LODGE & HUTZ LLP** | **YOUNG CONAWAY STARGATT &     TAYLOR, LLP** |
| Rudolf E. Hutz, Esq. (No. 484) | Josy W. Ingersoll (No. 1088) |
| James D. Heisman, Esq. (No. 2746) | Karen L. Pascale (No. 2903) |
| The Nemours Building | Andrew A. Lundgren (No. 4429) |
| 1007 North Orange St. | 100 West Street, 17th Floor |
| PO Box 2207 | Wilmington, Delaware 19801 |
| Wilmington, Delaware 19899 | (302) 571-6600 |
| (302) 658-9141 | |
| | **KIRKLAND & ELLIS, LLP** |
| **WOODCOCK WASHBURN LLP** | John D. Desmarais |
| Dale M. Heist (pro hac vice) | Citigroup Center |
| Paul B. Milcetic (pro hac vice) | 153 East 53rd Street |
| David L. Marcus (pro hac vice) | New York, New York 10022 |
| Kathleen A. Milsark (pro hac vice) | (212) 446-4800 |
| Daniel J. Goettle (pro hac vice) | |
| Cira Center, 12th Floor | **KIRKLAND & ELLIS, LLP** |
| 2929 Arch Street | Michael A. Parks |
| Philadelphia, PA 19104-2891 | Rachel P. Waldron |
| (215) 568-3100 | Shira J. Kapplin |
| | 200 East Randolph Drive |
| | Chicago, IL 60601 |
| | (312) 861-2000 |
| *Attorneys for TruePosition* | |
| | **DUANE MORRIS LLP** |
| | Patrick D. McPherson |
| | 1667 K Street, N.W., Suite 700 |
| | Washington, DC 20006 |
| | (202) 776-7800 |
| | |
| | *Attorneys for Andrew* |