IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TruePosition, Inc., | ) | |
| | ) | |
| Plaintiff/ | ) | |
| Counterclaim-Defendant, | ) | |
| | ) | Civil Action No. 05-747-SLR |
| v. | ) | |
| | ) | |
| Andrew Corporation, | ) | |
| | ) | |
| Defendant/ | ) | |
| Counterclaim-Plaintiff. | ) | |

---

**TRUEPOSITION'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT THAT
ANDREW CANNOT PROVE ITS CLAIMS OF INVALIDITY**

CONNOLLY BOVE LODGE & HUTZ LLP
James D. Heisman, Esq. (# 2746)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 252-4208

WOODCOCK WASHBURN LLP
Paul B. Milcetic, Esq. (pro hac vice)
Dale M. Heist, Esq. (pro hac vice)
David L. Marcus, Esq. (pro hac vice)
Kathleen A. Milsark, Esq. (pro hac vice)
Daniel J. Goettle, Esq. (pro hac vice)
Cira Center, 12th Floor, 2929 Arch Street
Philadelphia, PA 19103
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

# TABLE OF CONTENTS

I.     NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

II.    SUMMARY OF ARGUMENT ................................................................................ 1

III.   STATEMENT OF FACTS .................................................................................... 5

       A.    Background ................................................................................................ 5

       B.    Facts Relating to This Motion ....................................................................... 6

IV.    ARGUMENT ................................................................................................... 9

       A.    Governing Legal Standards .......................................................................... 9

             1.    Summary Judgment ............................................................................. 9

             2.    Validity ............................................................................................. 10

       B.    Andrew's Invalidity Assertions Are Based on a Claim Construction that Is
             Wrong as a Matter of Law ........................................................................... 13

             1.    Andrew's expert's construction is unfounded ......................................... 13

             2.    Andrew's expert improperly construed the means-plus-function
                   claim elements .................................................................................... 16

       C.    Andrew Cannot Prove that Any "Printed Publication" Published Before
             the Patent's Filing Date Discloses the Patented Invention Because Its
             Purported Prior Art Is Unauthenticated and Inadmissible .................................. 20

       D.    Andrew Has Failed to Compare Structure in the Patent Specification with
             Structure in Any Prior Art ............................................................................ 23

V.     CONCLUSION ................................................................................................. 25

# TABLE OF AUTHORITIES

## FEDERAL CASES

*A.B. Chance Co. v. RTE Corp.*,
  854 F.2d 1307 (Fed. Cir. 1988) .................................................................. 9

*Abbott Laboratoriess v. Baxter Pharm. Products*,
  *471* F.3d *1362 (Fed. Cir. 2006)* .............................................................. 11

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*,
  239 F.3d 1343 (Fed. Cir. 2001) .............................................. 2, 11, 13, 18

*Anderson v. Liberty Lobby, Inc.*,
  77 U.S. 242 (1986).............................................................................. 9, 10

*Apple Computer, Inc. v. Articulate System, Inc.*,
  234 F.3d 14 (Fed. Cir. 2000) ............................................................ 12, 16

*Avia Group International, Inc. v. L.A. Gear California, Inc.*,
  853 F.2d 1557 (Fed. Cir. 1988) ......................................................... 9, 10

*In re Bond*,
  910 F.2d 831 (Fed. Cir. 1990) .................................................................. 11

*Bristol Myers Squibb Co. v. Ben Venue Laboratoriess*,
  246 F.3d 1368 (Fed. Cir. 2006) ............................................................... 18

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986).......................................................................... 9, 10

*Contracts Materials Processing, Inc. v. Kataleuna GmbH Catalysts*,
  164 F. Supp. 2d 520 (D. Md. 2001)......................................................... 21

*Harris Corp. v. Ericsson Inc.*,
  417 F.3d 1241 (Fed. Cir. 2005) ................................................... 12, 19, 24

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986).............................................................................. 10

*McKesson Information Solutions LLC v. Trizetto Group, Inc.*,
    426 F. Supp. 2d 197 (D. Del. 2006)...............................................17, 18, 20

*National Presto Industrial, Inc. v. West Bend Co.*,
    76 F.3d 1185 (Fed. Cir. 1996) ...........................................................10, 11

*Oxford Gene Tech, Ltd. v. Mergen Ltd.*,
    345 F. Supp. 2d 431 (D. Del. 2004)...........................................................14

*RCA Corp. v. Applied Digital Data Systems, Inc.*,
    730 F.2d 1440 (Fed. Cir. 1984) ........................................................13, 23

*SEC v. Antar*, 15 F. Supp. 2d 477 (D. N.J. 1998).........................................21

*Schering Corp. v. Geneva Pharms., Inc.*,
    339 F.3d 1373 (Fed. Cir. 2003) ...........................................................2, 11

*SmithKline Diagnostics, Inc. v. Helena Laboratories Corp.*,
    859 F.2d 878 (Fed. Cir. 1988) ...........................................................10, 11

*Townsend Engineering Co. v. HiTec Co., Ltd.*,
    829 F.2d 1086 (Fed. Cir. 1987) ................................................................10

*WMS Gaming Inc. v. International Game Technology*,
    184 F.3d 1339 (Fed. Cir. 1999) ................................................................12

## FEDERAL STATUTES, REGULATIONS, AND RULES

35 U.S.C. §102 .........................................................................................20, 23

35 U.S.C. §102(a).........................................................................................3, 11

35 U.S.C. §112 ¶6 ...................................................................................2, 6, 12

35 U.S.C. § 282 ................................................................................................10

37 C.F.R. § 41.154(b) .....................................................................................22

Fed. R. Civ. P. 56 ..............................................................................................9

Fed. R. Evid. 604.............................................................................................. 21

Fed R. Evid. 901(b)(1) ..................................................................................... 21

## I.    NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement action.  TruePosition, Inc. ("TruePosition")

asserts that Andrew Corporation ("Andrew") has infringed claims 1, 2, 22, 31 and

32 of U.S. Patent 5,327,144 (the "144 patent") (A1-A30) by offering, using and

supplying from the United States Andrew's "Geometrix Wireless Location

System."

TruePosition filed this suit on October 25, 2005 (D.I. 1).  The pleadings

closed on July 5, 2006 (D.I. 53).  Of relevance to this motion, Andrew alleges in

both its first affirmative defense and in its declaratory judgment counterclaim

(Counterclaim I) that the "144 patent and each of its claims are invalid . . . under

one or more sections of Title 35 of the United States Code, including sections §§

101, 102, 103 and/or 112" (D.I. 48 at pp. 9 & 11, ¶ 9).  On December 1, Andrew

served an expert report purporting to show that the patent is anticipated in view of

a single prior art reference (A31-A63).

TruePosition now moves for summary judgment with respect to validity.

Andrew lacks evidence sufficient to create a material issue of fact from which a

reasonable jury could conclude that any of the asserted claims are invalid.  Oral

argument on this motion is scheduled for April 13, 2007 (D.I. 23 at ¶7).

## II.    SUMMARY OF ARGUMENT

Andrew cannot carry its heavy burden of proving that the 144 patent is

anticipated.  Proving anticipation requires two steps.  Andrew must first properly

construe the patent claims. *See Amazon.com, Inc. v. Barnesandnoble.com, Inc.*,

239 F.3d 1343, 1351 (Fed. Cir. 2001) ("Only when a claim is properly understood

can a determination be made whether . . . the prior art anticipates and/or renders

obvious the claimed invention"). Next, Andrew must show by clear and

convincing evidence that each and every element of the properly construed claims

is disclosed in the prior art. *See Schering Corp. v. Geneva Pharms., Inc.,* 339 F.3d

1373, 1377 (Fed. Cir. 2003) (anticipation requires a showing that a "single prior art

reference discloses each and every limitation of the claimed invention.").

Andrew failed to perform either step in this case. Andrew's invalidity expert

bases his opinion that the 144 patent is anticipated upon a construction of the

asserted claims that not only runs contrary to law, but that is also radically different

from the constructions proposed by either party. First, he improperly bases his

invalidity opinion on a second-hand understanding of the accused product. Then

he improperly reads various limitations out of the asserted claims wholesale.

Moreover, his construction of asserted claims 1, 2 and 22, each of which includes

elements written in the "means-plus-function" format prescribed in 35 U.S.C. §112

¶6, makes no attempt to identify the structure in the 144 patent specification that

corresponds to the functional language recited in the means-plus-function elements

of these claims. *See 35* U.S.C. §112, ¶6 ("An element in a claim for a combination

may be expressed as a means or step for performing a specified function . . . and

shall be construed to cover the corresponding structure . . . described in the specification and equivalents thereof"). Thus Andrew cannot carry its burden with respect to the claim construction step of the anticipation analysis.

Even if Andrew's expert had relied upon a correct construction of the asserted claims, Andrew still could not prove that the 144 patent is anticipated. Andrew must prove by clear and convincing evidence that "the invention" was "described in a printed publication" that was published before the filing date of the 144 patent. *See* 35 U.S.C. §102(a). In an attempt to prove the existence of such a "printed publication," Andrew has offered a published Japanese patent application (the "Kono" reference) that is written in Japanese (A64-A69). There is no competent evidence, however, much less clear and convincing evidence, that Kono discloses the elements of the asserted claims of the 144 patent because Andrew's invalidity expert does not read Japanese. In fact, the expert did not base his opinion on the Kono reference itself but rather upon a document that Andrew claims is an English draft translation of Kono (A70-A76).

But the purported English translation is not admissible. Andrew has made no effort to authenticate it. Andrew has failed to identify the author of the English "translation," failed to establish his or her qualifications, and failed to provide any evidence at all concerning how and when it was prepared. In short, there is no evidence, much less clear and convincing evidence, that Andrew's purported

- 3 -

translation accurately reflects the teachings of the Kono application or any other printed document published before the filing of the 144 patent application. Andrew's unauthenticated translation cannot support its invalidity position.

Finally, even if Andrew had compared the patent claims to a document that it could prove was published before the filing date, TruePosition would still be entitled to summary judgment with respect to the asserted claims 1, 2 and 22 for another reason. Andrew's expert failed to make the necessary comparison between a structure in the patent specification corresponding to the function of the means-plus-function elements of these claims, on the one hand, and any structure in the alleged Kono translation, on the other. Both parties have proposed that the structure corresponding to the function of certain means-plus-function claim elements in the asserted claims is an algorithm described in the specification (D.I. 130 at pp. 3-6). Yet Andrew's invalidity expert makes no attempt to compare any algorithm in the specification with any algorithm in the Kono "translation."

Accordingly, Andrew cannot meet its burden of proving, by competent, clear and convincing evidence, that the asserted claims of the 144 patent are invalid. TruePosition is entitled to summary judgment in its favor with respect to Andrew's claims of invalidity.

## III.    STATEMENT OF FACTS

### A.    Background

In the early 1990's, TruePosition's founder and two other inventors

conceived and developed a system that allowed the position of a cell phone user to

be located from the transmissions normally emitted by the user's cell phone.

TruePosition's system is overlaid on equipment that normally exists in a cellular

network.  It determines the cell phone's position from signals that the phone sends

to the cellular network as part of the phone's normal operation (A18 (col. 4, ll. 16-

23)).  Other cell phone location systems require that the phone be specially

configured, for example to include a GPS receiver that determines the phone's

position.

TruePosition's system locates cell phones using a "Time Difference of

Arrival" (TDOA) technique (A23 (col. 14, ll. 15-21)).  In a TDOA system,

receivers are installed at a minimum of three "cell sites," such as the cellular

towers within a cellular network (A19 (col. 5, ll. 5-7)).  The receivers receive and

process a signal that the cell phone transmits at each of the three cell sites and

calculate the time that the signal arrived at the cell site (A24 (col. 15, ll. 32-35)).

The receivers then send this time of arrival information to a central site computer

which calculates the difference in time of arrival at pairs of the cell sites (A24 (col.

15, ll. 35-38)). The central site computer can then estimate the phone's location

- 5 -

based on the differences in the signal's arrival time at the different cell sites (A24 (col. 15, ll. 51-53)).

Cellular telephone networks use two types of "channels" to communicate information, "control channels" and "voice channels" (A17 (col. 1, l. 68 – col. 2, l. 8)). "Control channels" typically carry control information for establishing a voice communication link between the phone and the cell network. "Voice channels" transmit the voice signals that a user generates during a call. The location technique used by TruePosition's 144 patent uses TDOA to locate cell phones using the "control channel" signal transmissions that cell phones emit during normal operation.

### B.    Facts Relating to This Motion

The following facts are uncontested. In July, 1994, the United States Patent and Trademark Office issued the 144 patent (A1). Claims 1 and 22 are independent apparatus claims that include elements written in "means plus function" format that are subject to 35 U.S.C. § 112, ¶6 (A26 & A28 (col. 20, ll. 4-34; col. 23, l. 56 – col. 24, l. 2)). Claim 31 is an independent method claim (A28 (col. 24, ll. 55-68)).[1]

For most of this litigation, Andrew's invalidity contentions have consisted of little more than a promise that Andrew would provide supposedly invalidating

---

[1]    The remaining asserted claims – claims 2 and 32 – depend from independent claims 1 and 31, respectively.

prior art at some future date (A79 (Andrew Corporation's Supplemental Responses to TruePosition's First Set of Interrogatories, served June 23, 2006, Response to Interrogatory No. 7)). Finally, on November 8, 2006, nine days before the extended close of fact discovery (D.I. 94), Andrew for the first time provided invalidity contentions purporting to show that Kono, a patent application that had been published in Japan (A64-A69), renders the patent invalid (A82-A91).[2] In support of its contentions, Andrew produced an uncertified "draft" of what it claims is a partial translation of Kono (A70-A76). Andrew never identified the translator.

TruePosition commissioned a certified, complete translation of Kono that differs materially from Andrew's translation and produced the translation on November 17, just nine days after receiving Andrew's purported draft translation. Andrew never reciprocated with any complete certified translation. The parties then exchanged opening expert reports on December 1 pursuant to the Court's Scheduling Order (D.I. 94 at ¶ 3).

---

[2]    TruePosition had served its contention interrogatory relating to Andrew's invalidity contentions on February 6, 2006 (A92 – A95). The Court's Scheduling Order required that such interrogatories "first be addressed by the party with the burden of proof" (D.I. 23 at ¶ 2(b)(3)). Andrew prevailed upon the Court at a September 25, 2006 hearing to delay providing its invalidity contentions until after TruePosition supplemented its infringement contentions.

At that time, Andrew served an invalidity report authored by Dr. David Goodman (A31-A63). In his report, Dr. Goodman opines that the asserted claims of the patent "are invalid because they are anticipated by" Kono (A32). Goodman's understanding of the Kono reference as set forth in his expert report, however, is based entirely on Andrew's uncertified English draft translation (A99-A100 (73:22-74:17)).

Despite statements in his expert report suggesting that he believes the 144 patent is invalid, Dr. Goodman explained in his deposition that he is not offering an unqualified opinion that the patent is invalid (A101 (81:5-15); A102-A103 (85:10-87:21); A106-A107 (117:14-118:3); A108 (123:10-20); & A114 (185:2-19)). Instead, his opinion is that the 144 patent *would be* invalidated by Kono if, and only if, the claims were to be construed to encompass Geometrix, Andrew's accused product (*id.*). Goodman offers this opinion even though his report contained no description of Geometrix or any indication that he compared Kono to Geometrix (A104-A105 (102:2-108:6)). When asked to provide the claim interpretation that he relied upon to render his invalidity opinion, Goodman offered a construction of the patent claims that bears no relation to the claim interpretations advanced by either party (A111-A112 (173:10-177:15) & A115-A116 (PX 471-PX 472)).

For the reasons that follow, Andrew cannot carry its burden of proving by

- 8 -

clear and convincing evidence that the 144 patent is invalid. TruePosition is entitled to summary judgment with respect to Andrew's invalidity defense and counterclaim.

## IV.  ARGUMENT

### A.    Governing Legal Standards

#### 1.    Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *A.B. Chance Co. v. RTE Corp.*, 854 F.2d 1307, 1310 (Fed. Cir. 1988). Once TruePosition has made an initial showing by pointing to the absence of evidence to support an aspect of Andrew's invalidity defense, the burden shifts to Andrew to show that there are genuine issues of material fact precluding summary judgment. *Celotex*, 477 U.S. at 322-23.[3] To create a genuine issue of material fact, Andrew "must do more than present *some* evidence on an issue it asserts is disputed." *Avia Group Int'l, Inc. v. L.A. Gear California, Inc.*, 853 F.2d

---

[3]    TruePosition is not offering in connection with this motion the expert report of its validity expert, which thoroughly rebutted Goodman's claims that Kono anticipates the 144 patent, because TruePosition need only point to a failure of proof on Andrew's part in order to discharge its burden.

1557, 1560 (Fed. Cir. 1988) (emphasis in original). There is no issue for trial

unless there is sufficient evidence favoring Andrew for a jury to return a verdict in

its favor. If Andrew's evidence is merely colorable or is not significantly

probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249-50; *see*

*also Celotex*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 586-87 (1986).

Moreover, summary judgment is as appropriate in a patent case as in any

other case where no genuine issue of material fact is present and the movant is

entitled to judgment as a matter of law. *Townsend Eng'g Co. v. HiTec Co., Ltd.*,

829 F.2d 1086, 1089 (Fed. Cir. 1987). Indeed, it is appropriate to grant summary

judgment with respect to the validity of a patent. *See National Presto Indus., Inc.*

*v. West Bend Co.*, 76 F.3d 1185, 1188-89 (Fed. Cir. 1996); *Avia,* 853 F.2d at 1561

("[The accused infringer's] understanding that 'summary judgment is not an

appropriate procedure to determine the issues of patent validity' . . . is outmoded.

. . . . It is no longer debatable that the issues in a patent case are subject to

summary judgment").

### 2.    Validity

The claims of the patent are presumed valid. 35 U.S.C. § 282; *see, e.g.,*

*SmithKline Diagnostics, Inc. v. Helena Lab. Corp.*, 859 F.2d 878, 885 (Fed. Cir.

1988). Accordingly, Andrew has the burden of proving invalidity by clear and

convincing evidence. *See Abbott Labs. v. Baxter Pharm. Prods., 471 F.3d 1362,*
*1364 (Fed. Cir. 2006).* The clear and convincing standard applies both to
Andrew's burden of proof of facts and to Andrew's ultimate burden of persuasion.
*SmithKline, 859 F.2d at 885* ("[The] presumption [of validity] places the burden of
proof of facts, and the ultimate burden of persuasion to establish validity, on [the
party challenging validity]."). Importantly, an invalidity defense is particularly
susceptible to summary judgment in light of the clear and convincing burden of
proof and persuasion. *See National Presto,* 76 F.3d at 1189 ("Taking cognizance
of the requirement that patent invalidity must be proved by clear and convincing
evidence, we affirm the summary judgment that the . . . patent is not invalid.").

To prove anticipation of an asserted claim, Andrew must show, by clear and
convincing evidence, that the 144 patent claims were "described in a printed
publication" that was published before the filing date of the patent, 35 U.S.C. §
102(a), and that a single such reference contains every element of the claims. *See,*
*e.g., Schering Corp. v. Geneva Pharms., Inc.,* 339 F.3d 1373, 1377 (Fed. Cir.
2003); *In re Bond,* 910 F.2d 831, 832 (Fed. Cir. 1990).

The first step in an invalidity analysis based on anticipation in view of a
prior art reference is to determine the meaning and scope of the pertinent claims.
*See Amazon.com, Inc. v. Barnesandnoble.com, Inc.,* 239 F.3d 1343, 1351 (Fed. Cir.
2001). Each claim must be viewed as a whole, and it is improper to ignore any

element of the claim. *See Apple Computer, Inc. v. Articulate Sys., Inc.*, 234 F.3d 14, 25-26 (Fed. Cir. 2000) ("The undeniably broad statement recited in claim 2...simply cannot read the qualifier 'help' out of the definition of 'help access window.' Rather, the claim must be viewed as a whole.").

Claim elements written in means-plus-function format, such as those at issue here, are construed to cover the structure disclosed in the patent that corresponds to the recited function, and equivalents of such structure. *See* 35 U.S.C. §112, ¶6 (an "element in a claim for a combination may be expressed as a means or step for performing a specified function [and] shall be construed to cover the corresponding structure . . . described in the specification and equivalents thereof."). The corresponding structure of a means-plus-function element that is implemented by a computer is not just any computer processor, but rather a computer processor that is programmed to perform the corresponding algorithm disclosed in the patent specification. *See WMS Gaming Inc. v. International Game Technology*, 184 F.3d 1339, 1349 (Fed. Cir. 1999) ("In a means-plus-function claim in which the disclosed structure is a computer, or microprocessor, programmed to carry out an algorithm, the disclosed structure is not the general purpose computer, but rather the special purpose computer programmed to perform the disclosed algorithm."); *Harris Corp. v. Ericsson Inc.*, 417 F.3d 1241, 1253 (Fed. Cir. 2005) ("A computer-implemented means-plus-function term" is construed to cover "the corresponding

- 12 -

structure disclosed in the specification and equivalents thereof, and the corresponding structure is the algorithm").

After determining the meaning and scope of the claims, each claim element must be compared to the reference to determine whether the reference anticipates the claim. *See Amazon.com*, 239 F.3d at 1351. For means-plus-function claim elements, this comparison requires that the structure in the patent specification corresponding to the functional language be compared to the same or equivalent structure in the prior art. *RCA Corp. v. Applied Digital Data Systems, Inc.*, 730 F.2d 1440, 1444 (Fed. Cir. 1984) ("'absent structure [in a prior art reference] which is capable of performing the functional limitation of the "means," [the prior art reference] does not meet the claim'") (*quoting In re Mott*, 557 F.2d 266, 269 (C.C.P.A. 1977)).

## B.    Andrew's Invalidity Assertions Are Based on a Claim Construction that Is Wrong as a Matter of Law

### 1.    Andrew's expert's construction is unfounded

Andrew's expert report is based on a construction of the patent claims that is both contrary to law and nothing like the claim construction positions advanced by either party in this case. The record contains no indication whatsoever that Goodman's invalidity opinion is based upon a proper construction of the claims at issue.

Goodman does not use the constructions proposed by the parties. Instead, he

uses Andrew's Geometrix product as a point of reference to construe the claims.

He opines that "regardless of which constructions are adopted it is my opinion that

the Kono application will anticipate the 144 patent if its claims are read broadly

enough to cover Andrew's Geometrix products" (A35-A36).[4]  At the same time,

his report contains no description whatsoever of Geometrix and no indication that

he ever compared the components of Geometrix to the components of Kono (A31-

A63).  *See Oxford Gene Tech, Ltd. v. Mergen Ltd.,* 345 F. Supp. 2d 431, 435-436

(D. Del. 2004) (precluding invalidity expert from testifying where, instead of

providing construction of disputed terms, expert made blanket statements that

patent was invalid if the claims were construed to encompass accused

composition).

When asked on deposition to make explicit the claim construction that he

actually used to render his conditional invalidity opinion, Goodman wrote out his

construction of claim 22, as illustrated in the table below (A111-A112 & A115-

A116 (173:10-177:15; PX-471-472)):[5]

---

[4]    On deposition, Goodman supplemented his report to specify that he bases
his opinion on a conversation with an Andrew employee who supposedly
explained how Geometrix works (A104-A105 (102:2-104:4; 105:18-108:6)).

[5]    Goodman testified that he does not actually agree with the construction he
used to render his invalidity opinion (A112 (176:19-177:15)).  He also claimed that
TruePosition would need to use this construction to prove infringement (A115-
A116 (PX 471-472)).  TruePosition intends to prove infringement under the legally

| CLAIM 22 OF THE 144 PATENT | Goodman's Deposition Construction |
|---|---|
| **A ground-based cellular telephone system serving a plurality of subscribers possessing mobile cellular telephones, comprising:** | Any cellular telephone system |
| **at least three cell sites equipped to receive signals sent by multiple mobile cellular telephones each initiating periodic signal transmissions over one of a prescribed set of reverse control channels;** | The cellular system has at least three base stations that receive signals from cell phones |
| **locating means for automatically determining the locations of said cellular telephones by receiving and processing signals emitted during said periodic reverse control channel transmissions; and** | The cellular system estimates the location of subscribers |
| **Database mans for storing location data identifying the cellular telephones and their respective locations, and for providing access to said database to subscribers at remote locations.** | The cell phone system has the location information in its memory. It also has a code in memory that is specific to one instance of performing the locating means. If it performs the locating means again for the same cell phone it will have a different code in its memory. |

This proposed construction is inadequate on its face. It reads a large number of significant limitations out of the claims wholesale. It ignores, for example, the key "reverse control channel" limitation in the second and third elements of claim 22. The meaning of "reverse control channel" is hotly contested, but neither party

---

correct claim construction, however, and will not adopt Goodman's flawed claim construction.

has proposed that the Court disregard it (D.I. 130 at p. 2).[6]  Goodman's

construction also ignores the phrase "providing access to said database to

subscribers at remote locations."  Neither TruePosition nor Andrew has suggested

that this phrase has no meaning (D.I. 130 at p. 6).

The law requires, as a first step in analyzing validity, that the claims be

properly construed, and each limitation must be considered.  *See Apple Computer,*

*Inc.,* 234 F.3d at 25-26.  Andrew cannot avoid summary judgment by using a

conditional expert opinion that is based upon a claim construction that is

improperly based on the accused product, that entirely ignores key limitations of

the claims, and that diverges so radically from any proper claim construction.

### 2.    Andrew's expert improperly construed the means-plus-function claim elements

Dr. Goodman not only ignored many claim limitations altogether, but he

also failed to construe the "means-plus-function" elements of those claims in a

manner consistent with the law or with the parties' respective claim construction

positions.  Goodman's report nowhere mentions the legal standard for construing

"means-plus-function" claims (A31-A63).  On deposition, Goodman confirmed

---

[6]    TruePosition proposes that the phrase "reverse control channel" should be construed to mean "a control channel from a cellular telephone to a cell site." Andrew contends that the phrase "reverse control channel" should be construed to mean "a channel that carries only signaling information from a mobile terminal to a base station in the format specified by ANSI 553" (D.I. 130 at p. 2).

that although he knew how "means-plus-function" claim elements must be

construed, he chose to ignore that standard when rendering his invalidity opinion:

> Q. With respect to infringement, is it your understanding that means plus function elements are construed to cover the corresponding structure plus equivalents?
>
> . . .
>
> A.    I understand that the claim may be drafted in means plus function format. I understand that for an accused product to literally meet a means plus function claim limitation, an element in the accused product must, one, perform the same function recited in the means plus function claim limitation, and, two, use the same structure disclosed in the patent specification or its equivalent structure to perform the recited function. . . .
>
> Q. When you were doing your validity analysis for Kono, did you also understand that means plus function claim elements encompass corresponding structure and equivalent structure?
>
> . . . .
>
> A.    I didn't use that legal rule in my validity analysis.  I understood what it meant in terms of infringement, but I didn't use it in my validity analysis.

(A109 (128:6-129:15)).  Given that Goodman chose to ignore the correct legal

standard to construe the means-plus-function claim elements in rendering his

invalidity opinion, his opinion cannot support Andrew's claims of invalidity.  *See*

*McKesson Information Solutions LLC v. Trizetto Group, Inc.,* 426 F. Supp. 2d 197,

203 (D. Del. 2006) (granting summary judgment where infringement expert never

set "out the appropriate test for infringement of a means plus function claim limitation"); *Bristol Myers Squibb Co. v. Ben Venue Labs,* 246 F.3d 1368, 1375 (Fed. Cir. 2006) ("'having construed the claims one way for determining their validity, it is axiomatic that the claims must be construed in the same way for infringement'") (*quoting W.L. Gore & Assocs., Inc. v. Garlock, Inc.*, 842 F.2d 1275, 1279 (Fed. Cir. 1988)).

To properly determine the meaning of a claim element expressed in means-plus-function format, the law requires Andrew to identify corresponding structure in the patent specification that performs the recited function. *McKesson Information Solutions* 426 F. Supp 2d at 201-202 (granting summary judgment where infringement expert made no attempt to identify corresponding structure in patent specification); *see Amazon.com*, 239 F.3d at 1351 ("Because the claims of a patent measure the invention at issue, the claims must be interpreted and given the same meaning for purposes of both validity and infringement analyses"). But there is no record evidence that Andrew made any attempt to identify any structure in the patent specification that corresponds to the function recited in the means-plus-function claim elements of claims 1, 2 or 22. Goodman's report makes no reference to any structure in the patent specification corresponding to the means-plus-function elements of claims 1, 2, or 22 (A31-A63). Nor did Goodman suggest in his deposition that he identified any structure for purposes of his invalidity

- 18 -

analysis. And Goodman's construction of the "database means . . ." limitation in the third element of claim 22 also fails to include either parties' proposals concerning structure in the patent specification corresponding to the recited function (*compare* D.I. 130 at p. 6 *with* A111-A112 & A115-116 (173:10-177:15; PX-471-472)).

Moreover, for means-plus-function elements that recite function performed by a computer, Andrew was required to identify a corresponding algorithm in the patent. *See Harris Corp. v. Ericsson Inc.*, 417 F.3d 1241, 1253 (Fed. Cir. 2005) ("A computer-implemented means-plus-function term" is construed to cover "the corresponding structure disclosed in the specification and equivalents thereof, and the corresponding structure is the algorithm"). Goodman never even attempts to do so. Although both parties proposed that the asserted apparatus claims be construed to include some structure from the patent specification, including certain disclosed algorithms (D.I. 130 at pp. 3-6), Goodman makes no attempt to identify any such algorithm in the specification (A31-A63). For example, Goodman's construction of the "locating means for automatically processing" limitation in claim 22 make no mention of any algorithm (A111-A112 & A115-A116 (173:10-177:15; PX-471-472)). Andrew's answers to TruePosition's invalidity contention interrogatory similarly make no mention of any algorithm in the specification (A87).

Nothing in the record suggests that Andrew applied a proper claim

construction to any of the means-plus-function claim elements included in

apparatus claims 1, 2 or 22 in support of its invalidity analysis. Instead, the record

is to the contrary. Therefore, Andrew cannot carry its burden of proving invalidity

and TruePosition is entitled to summary judgment on that issue. *See McKesson*

*Information Solutions* 426 F. Supp. 2d at 202 (granting summary judgment where

technical expert made no attempt to identify corresponding structure in patent

specification).

### C. Andrew Cannot Prove that Any "Printed Publication" Published Before the Patent's Filing Date Discloses the Patented Invention Because Its Purported Prior Art Is Unauthenticated and Inadmissible

Even if Andrew's expert had relied upon a proper construction of the 144

patent claims, Andrew would still have no evidence to carry its burden of proving

that the claims are anticipated. Andrew cannot prove by clear and convincing

evidence that "the invention" was "described in a printed publication" that was

published before the filing date of the 144 patent as required by 35 U.S.C. §102.

To prove anticipation, Andrew must, in the first instance, prove the content

of its allegedly invalidating reference. But Andrew has failed to prove anything

about the supposed Kono reference.

Andrew has failed to offer the underlying Japanese-language document,

- 20 -

which its expert admitted on deposition he could not read in any event (A100

(74:4-17)). Instead, Dr, Goodman bases his opinion entirely on the purported draft

translation Andrew offers (*compare* A41-A49 *with* A70-A76). Similarly,

Andrew's invalidity contention interrogatory responses are based solely on the

purported draft translation (*compare* A82-A89 at pp. 8-14 *with* A70-A76).

Andrew's alleged English language translation, however, is unauthenticated,

uncertified, and unsworn and, therefore, inadmissible. Federal Rule of Evidence

901(a) requires Andrew to provide evidence sufficient to support a finding that its

translation is what it purports to be. Documents generally must be authenticated

by a person having personal knowledge of its authenticity. Fed. R. Evid.

901(b)(1). Moreover, a witness who offers a translation must be qualified as an

expert, and those qualifications must be established under oath. *See Contracts*

*Materials Processing, Inc. v. Kataleuna GmbH Catalysts,* 164 F. Supp. 2d 520,

528-29 (D. Md. 2001) (striking declaration portions based on unauthenticated

translations because "translations are equivalent to an interpreter's testimony and

therefore are not admissible unless the translator's qualifications are established"

under oath); *SEC v. Antar*, 15 F. Supp 2d 477, 498 (D. N.J. 1998) (denying motion

to admit uncertified foreign documents and foreign translations where "there is no

indication from the defendants as to who may have prepared the purported

translation. . ."); *see also* Fed. R. Evid. 604 ("An interpreter is subject to the

provisions of these rules relating to qualification as an expert and the

administration of an oath or affirmation to make a true translation"); 37 C.F.R. §

41.154(b) (requiring, in practice before the Board of Patent Appeals and

Interferences, that, "[w]hen a party relies on a document…in a language other than

English, a translation of the document into English and an affidavit attesting to the

accuracy of the translation must be filed with the document.").

Recognizing this evidentiary requirement, this Court, in its local rules,

requires that:

> Whenever a document, paper or testimony in a foreign
> language is included in any appendix or is cited from the
> record in any brief, an English translation **made under
> the authority of the Court or agreed by the parties to
> be correct,** shall be included in the appendix or in the
> record.

L.R. 7.1.3(d) (emphasis added).

Thus Andrew was required to show that the translation upon which it relies

is a true and correct translation of the Japanese-language foreign patent document.

It has made no effort whatsoever to do so.  There is no evidence as to who

prepared the translation, when it was prepared, or whether the translator was

qualified.  There is no way to test its accuracy.  There is no way of ascertaining

what the Kono reference actually teaches.  It was not made "under the authority of

the Court."  Nor was its accuracy agreed to by TruePosition.

- 22 -

Moreover, Andrew's purported translation is deficient for reasons evident to the lay non-Japanese reader. For example, the Japanese document includes four figures, which Andrew's draft translation omits entirely and does not purport to translate (A68-A69). That may be because Andrew's translation is entitled "Draft Translation" (A70), suggesting that it is not a finished product.

Andrew's alleged translation is unauthenticated and inadmissible. Therefore, there is no competent, reliable evidence, much less clear and convincing evidence, that Kono discloses each element of the patent claims. Andrew has failed to prove by clear and convincing evidence that the Kono reference is a "printed publication" under 35 U.S.C. §102 or that it anticipates the claims of the 144 patent.

### D. Andrew Has Failed to Compare Structure in the Patent Specification with Structure in Any Prior Art

Finally, even if Andrew had compared the patent claims to an accurate copy of some item of prior art, TruePosition would still be entitled to summary judgment with respect to the asserted Claims 1, 2 and 22 for another reason. Andrew's expert failed to make the necessary comparison between a structure in the patent specification corresponding to the function of the means-plus-function elements of these claims, on the one hand, and a structure in the alleged prior art reference on the other. *RCA Corp. v. Applied Digital Data Systems, Inc.*, 730 F.2d

- 23 -

1440, 1444 (Fed. Cir. 1984) ("'absent structure [in a prior art reference] which is capable of performing the functional limitation of the "means," [the prior art reference] does not meet the claim'") (*quoting In re Mott,* 557 F.2d 266, 269 (C.C.P.A. 1977)).

The structure corresponding to certain means-plus-function claim elements of the asserted claims 1, 2 and 22 includes an algorithm disclosed in the patent specification. *Harris Corp. v. Ericsson Inc.*, 417 F.3d 1241, 1253 (Fed. Cir. 2005) ("A computer-implemented means-plus-function term" is construed to cover "the corresponding structure disclosed in the specification and equivalents thereof, and the corresponding structure is the algorithm"). Both parties have proposed that the structure corresponding to the function of certain means-plus-function claim elements in Claims 1, 2 and 22 is an algorithm described in the patent specification (D.I. 130 at pp. 3-6). Yet Andrew's invalidity expert makes no attempt to compare any algorithm in the specification with any algorithm in Kono. His report does not even mention any algorithm in the patent specification (A31-A63). Nor do Andrew's invalidity contentions make any such comparison (A82-A91).

Andrew's failure to mention any algorithm in the purported Kono translation is not merely an oversight. The translation plainly discloses no algorithm. It contains no flow charts or source code, and the words "software" and "algorithm" are not mentioned (A110 (130:12-131:6)). Thus Andrew cannot make the required

- 24 -

comparison.

Accordingly, TruePosition is entitled to summary judgment that Claims 1, 2, and 22 are not invalid for the additional reason that Andrew has no evidence of a comparison of any structure in the patent specification to any structure in its alleged prior art.

## V.    CONCLUSION

Andrew's last-minute attempt to invalidate TruePosition's 144 patent is insufficient to withstand summary judgment.  Andrew has not properly construed the claims it seeks to invalidate.  Nor has it sufficient competent evidence to show, by clear and convincing evidence, that each and every element of the properly construed claims is present in a prior art publication.  Indeed, its purported translation of the prior art reference upon which its expert relies is unauthenticated and inadmissible.  Finally, Andrew has failed to compare structure in the patent specification with structure in the prior art.

Any one of these reasons is sufficient to support summary judgment in TruePosition's favor.  TruePosition is entitled to an Order entering judgment in its favor and against Andrew on Andrew's First Affirmative Defense and its Counterclaim I to the extent they allege invalidity.

Respectfully submitted,

DATED: January 31, 2007          By:    _/s/ James D. Heisman_
                                        CONNOLLY BOVE LODGE & HUTZ LLP
                                        James D. Heisman, Esq. (#2746)
                                        1007 N. Orange Street
                                        P.O. Box 2207
                                        Wilmington, DE 19899
                                        Telephone: (302) 658-9141
                                        Facsimile: (302) 252-4208

                                        WOODCOCK WASHBURN LLP
                                        Paul B. Milcetic, Esq. (pro hac vice)
                                        Dale M. Heist., Esq. (pro hac vice)
                                        David L. Marcus, Esq. (pro hac vice)
                                        Kathleen A. Milsark, Esq. (pro hac vice)
                                        Daniel J. Goettle, Esq. (pro hac vice)
                                        Cira Center, 12th Floor
                                        2929 Arch Street
                                        Philadelphia, PA 19103
                                        Telephone: (215) 568-3100
                                        Facsimile: (215) 568-3439

## CERTIFICATE OF SERVICE

I, James D. Heisman, hereby certify that on this 31st day of January, 2007, I caused a true

and correct copy of the foregoing **TruePosition's Memorandum in Support of its Motion for**

**Partial Summary Judgment that Andrew Cannot Provide its Claims of Invalidity** upon the

following individuals in the manner indicated below:

*Via hand-delivery*
Josy W. Ingersoll, Esq.
Young Conaway Stargatt & Taylor, LLP
100 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com

*Via e-mail*
Patrick D. McPherson, Esq.
Duane Morris LLP
1667 K Street, N.W.
Washington, DC 20006-1608
PDMcPherson@duanemorris.com

*Via e-mail*
Rachel Pernic Waldron, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
rpernicwaldron@kirkland.com


                                              */s/ James D. Heisman*
                                              James D. Heisman (# 2746)