IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TruePosition, Inc., | ) | |
| | ) | |
| **Plaintiff/** | ) | |
| **Counterclaim-Defendant,** | ) | |
| | ) | Civil Action No. 05-747-SLR |
| **v.** | ) | |
| | ) | |
| Andrew Corporation, | ) | |
| | ) | |
| **Defendant/** | ) | |
| **Counterclaim-Plaintiff.** | ) | |
| | ) | |

# APPENDIX A
## TO
# TRUEPOSITION, INC.'S OPENING CLAIM CONSTRUCTION BRIEF
## PART 2
### A142 – A271

CONNOLLY BOVE LODGE & HUTZ LLP
Francis DiGiovanni (# 3189)
James D. Heisman (# 2746)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 252-4208

WOODCOCK WASHBURN LLP
Paul B. Milcetic, Esq. (pro hac vice)
Dale M. Heist, Esq. (pro hac vice)
David L. Marcus, Esq. (pro hac vice)
Kathleen A. Milsark, Esq. (pro hac vice)
Daniel J. Goettle, Esq. (pro hac vice)
Cira Center, 12th Floor, 2929 Arch Street
Philadelphia, PA 19103
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

# APPENDIX A

# TO

# TRUEPOSITION'S OPENING CLAIM CONSTRUCTION BRIEF

# PART 2

# A142 – A271



DOCKET NO.: ACOM-001                                        PATENT

        **telephone** transmission, this method is only
applied once. The results of the delay pairs
for each signal are then directed to the
location calculation algorithm.

    This description clearly supports the functions and

steps recited by claims 6 and 40. Moreover, regarding the

question of how the reconstructed versions of the original

signals are determined, it is noted that the specification

specifies:

        For each "strong" signal ... received on a
particular control channel at a particular
first cell site (where "strong" is at least
several dB above the noise level), that
strong signal is first applied to a signal
decoder, <u>such as that used by the cellular
system itself</u>. This decoder demodulates the
cellular signal to produce the original
digital bit stream which had been modulated
to produce the cellular signal.

    One skilled in the art would understand this to mean

that a decoder of the type already used in cellular systems may

be employed to obtain the original bit stream which was modulated

by the mobile telephone unit. This bit stream is then re-

modulated to produce a replica of the signal as it was

transmitted by the mobile unit, i.e., without exhibiting the

effects of multipath and other types of distortion, such as

temporal spreading. This "ideal" signal is then cross-correlated

with the received signal, wherein the received signal does

exhibit the effects of distortion. The cross-correlation

produces a peak which yields a sufficiently unambiguous time of

- 7 -

**A142**

**CONFIDENTIAL**
**TruePosition, Inc. v. Andrew Corp.**
**Civil Action No. 05-00747-SLR**

**TPI0021635**

DOCKET NO.: ACOM-001                                    PATENT

arrival.  One skilled in the art would be able to carry out the claimed process after reading applicants' disclosure. Accordingly, the Examiner is urged to reconsider and withdraw the section 112 rejection.

### The Rejection Under 35 U.S.C. § 103

Claims 1-3, 5, and 12-39 stand rejected as being directed to subject matter which is unpatentable over Sagey in view of Song.  The following sections outline the claimed invention, the prior art, and the differences between the claimed invention and the prior art, and explain why the claimed invention would have been unobvious in view of the prior art.

### I.  The Claimed Invention

Applicants first set of claims includes claims 1-21. Claim 1, the independent claim, is directed to "A cellular telephone location system for determining the locations of multiple mobile cellular telephones each initiating periodic signal transmissions over one of a prescribed set of reverse control channels."  The claimed system is defined as comprising means for processing frames of data from cell sites to generate a table identifying individual cellular telephone (control channel) signals and the differences in times of arrival of the cellular telephone signals among the cell sites, and means for determining, on the basis of the times of arrival differences,

- 8 -

**A143**

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021636

**DOCKET NO.: ACOM-001**                    **PATENT**

the locations of the cellular telephones responsible for the
control channel signals.

The dependent claims specify details of the location
system and call out additional functions performed by preferred
embodiments. For example, claim 3 specifies that the central
site system comprises a correlator for cross-correlating the data
bits of a frame from one cell site system with corresponding data
bits from each other cell site system. Claim 4 specifies other
details of the central site system. Claim 5 specifies details of
the baseband convertors.

Claim 12 adds a database "for storing location data
identifying the cellular telephones and their respective
locations, and means for providing access to said database to
subscribers at remote locations."

Claims 14-21 call out means for carrying out additional
functions. For example, claim 14 adds "means for merging said
location data with billing data for said cellular telephones and
generating modified billing data." The billing data is described
as "indicat[ing] the cost for each telephone call made by said
cellular telephones within a certain time period, said cost being
based upon one or more predetermined billing rates." The
modified billing data is described as being "based upon a
different rate for calls made from one or more prescribed

- 9 -

**A144**

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021637



**DOCKET NO.: ACOM-001**                    **PATENT**

locations." Claim 15 specifies that the system applies a lower
billing rate for telephone calls made from a user's home.

Applicants' second set of claims includes claims 22-30
and is similar to the first set but is different in that
independent claim 22 recites all "means-plus-function" claim
elements. The third set of claims includes method claims 31-45.

**II.  The Prior Art**

**A.    Sagey**

Sagey discloses a spread spectrum processing system
employing spread spectrum radio transmissions overlaid over
existing cellular voice signals. Purportedly, both vehicle
location and messaging functions are obtained without sacrificing
any of the existing voice channel capacity. The disclosed system
requires a special type of vehicle transmitter. See column 2,
lines 19-22: "New mobile telephone equipment for deployment in
vehicles would include a spread spectrum transmitter in
accordance with the present invention." In addition, in the
Background of the Invention section (column 1), Sagey mentions
that "[t]he cellular telephone band was designed to carry a large
number of two-way voice conversations to mobile users. In
addition to two way voice communication, there is interest in
using the cellular telephone band to provide vehicle location and
messaging services, emergency SOS information, and vehicle
anti-theft protection services, for example."

- 10 -

**A145**

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021638



DOCKET NO.: ACOM-001                         PATENT

### B.   Song

Song discloses a vehicle locating system in which a hidden device located in a vehicle is activated by DTMF signals transmitted from a telephone station.  Upon activation, the device determines the power at which normally transmitted <u>forward</u> control channel signals are received from several base stations of the network.  The device then calculates the distance between the vehicle and each of the base stations and determines the location of the vehicle, using triangulation or arculation.  In determining the device's location, the system assumes that the power of the forward control channel signals from each base station decreases in a predictable fashion, according to the formula

$$P_r = kP_t/d^n,$$

wherein $P_r$ equals the power of the signal received from the base station, k is a constant, $P_t$ equals the transmitting power of the signal transmitted from the base station, d equals the distance between the base station and the point where the signal is received, and n is an attenuation factor.

The device in the vehicle determines the power at which each of these signals is received and calculates the average received power.  The device also determines the location of each base station from which each signal is transmitted, the transmitting power at which each signal is transmitted, and the

- 11 -

A146

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021639

**DOCKET NO.: ACOM-001**                              **PATENT**

signal-attenuation factor of each signal. Song discloses that
the device reads the base-station's identification and
transmitting power directly from the signal, and that the
signal-attenuation factor for each signal may be transmitted
with, and read directly from, the signal. Song further discloses
that, in the alternative, the signal-attenuation factor for each
base station, and the location of the base station identified
from the signal, may be stored in a read only memory (ROM)
included in the device.

A microprocessor calculates the approximate position of
the vehicle with respect to the base stations using arculation or
trilateralization, as shown in Figure 6. The position of each
base station is retrieved from ROM, and the distance from each
base station to the vehicle is retrieved from RAM. These
distances are represented by arcs in the figure. The approximate
location of the vehicle is identified by the area "x" enclosed by
the intersection of the arcs.

It should be noted that Song stresses that his system
is specifically designed for use in making strength/distance
determinations on the basis of forward signals <u>from the base
stations</u>, as opposed to reverse signals from the mobile phone,
and further that it is actually not specifically adapted for use
in making such strength/distance determinations on the basis of
control channel signals, as opposed to voice channel signals.

– 12 –

**A147**

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021640



**DOCKET NO.: ACOM-001**                          PATENT

See column 11, lines 35-40:  "The monitored signals from which
the strength/distance determinations are made can be signals
other than the control channels, such as the voice channels or
any other channels or signals <u>normally transmitted from the base
stations</u> for cellular-telephone communications."  (Emphasis
added.)  In fact, the forward control channel is employed in
Song's system because it essentially carries continuous signals
of a higher power than the voice channels.  See column 6, lines
52-55:  "In most cellular networks, the power of transmission of
the control channels for each base station is higher than the
power of transmission of the voice channels."

**III.  Differences Between the Claimed Invention and the Prior Art**

        With regard to claim 1, which is directed to a cellular
telephone location system for determining the locations of mobile
cellular telephones "each initiating periodic signal
transmissions over one of a prescribed set of reverse control
channels," the claimed invention is clearly limited to a system
employing <u>reverse</u> control channel signals, i.e., control channel
signals <u>from the mobile telephones</u>.  This limitation is expressed
not only in the claim's preamble but also in the body of the
claim.  Moreover, claim 1 further recites "means for processing
frames of data ... to generate a table identifying ... the
differences in times of arrival of the cellular telephone signals
among the cell sites."

                        - 13 -

**A148**

**CONFIDENTIAL**
**TruePosition, Inc. v. Andrew Corp.**
**Civil Action No. 05-00747-SLR**

**TPI0021641**



DOCKET NO.: ACOM-001                                    PATENT

Thus, claim 1 is directed to a system which determines
the location of a cellular telephone by processing control
channel signals <u>from the telephone</u>, i.e., reverse control channel
signals, as opposed to forward control channel signals from the
base stations. Furthermore, one skilled in the art would
appreciate that the characteristics of reverse control channels
signals are much different from those of forward control channel
signals. In particular, forward control channel signals are
transmitted on a nearly continuous basis and may in fact be
higher in power than voice signals. On the contrary, reverse
control channel signals are transmitted on a periodic basis and
are of an extremely short duration. Consequently, the processes
involved in determining the location of a mobile telephone at a
cell site on the basis of reverse control channel transmissions
from the mobile unit are markedly different from the processes
involved in determining the location of the mobile unit, at the
unit itself, on the basis of forward control channel
transmissions from the base stations. The unique problems and
advantages inherent in making location determinations on the
basis of reverse control channel transmissions are undisclosed by
the prior art of record. However, such problems and advantages
were recognized by the present inventors and disclosed in their
specification. See, e.g., page 7:

> There are numerous advantages provided by
> monitoring [reverse] control channels to

- 14 -

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

**A149**

TPI0021642



DOCKET NO.: ACOM-001                                   PATENT

track the locations of cellular telephones.
First, a voice channel is an expensive and
relatively scarce resource.  Cellular systems
typically require approximately six to eight
seconds to allocate a voice channel to a
specific telephone.  If voice channels were
employed for location tracking, the cellular
telephone would have to be called and
commanded to initiate a voice channel call
every time a location sample were to be
taken.  This would be both expensive and time
consuming.  Thus, it would be extremely
inefficient for a location system to require
the telephone to initiate periodic voice
channel transmissions...  In contrast,
control channel transmissions already occur
periodically in cellular systems.  Thus, the
present invention is compatible with existing
cellular telephone protocols and would not
require the cellular system or the individual
cellular telephones to be modified...
Fourth, another advantage afforded by
monitoring control channel transmissions is
in connection with energy efficiency.
Control channel [i.e., reverse control
channel] transmissions are very short and
require little power in comparison to voice
channel transmissions.  Accordingly,
requiring periodic voice channel
transmissions would cause a significant
battery drain in the individual cellular
telephones.  This is avoided by monitoring
[reverse] control channels.

Sagey's disclosure of a system employing spread

spectrum radio transmissions overlaid over existing cellular

voice signals purportedly provides vehicle location and messaging

functions without sacrificing any existing voice channel

capacity.  However, unlike applicants' invention, Sagey's system

requires a special type of vehicle transmitter.  See column 2,

lines 19-22: "New mobile telephone equipment for deployment in

- 15 -

A150

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021643



DOCKET NO.: ACOM-001                                    PATENT

vehicles would include a spread spectrum transmitter in accordance with the present invention."

        Thus, in sum, applicants respectfully submit that Song's disclosure of a system making strength/distance determinations on the basis of forward control channel signals from the base stations would not have led one skilled in the art to modify Sagey's system to arrive at the present invention, which employs reverse control channel signals from the mobile unit in making location estimations by identifying individual cellular telephone control channel signals and the differences in times of arrival of the cellular telephone signals among the cell sites.

        Moreover, the above remarks distinguishing claim 1 over the prior art on the basis of the use of reverse control channel signals apply to independent claims 22 and 31. Accordingly, each of the present independent claims are patentably distinguished over the prior art.

        The dependent claims are further distinguished over the prior art by the additional limitations they recite. For example, claim 3 specifies that the central site system comprises a correlator for cross-correlating the data bits of a frame from one cell site system with corresponding data bits from each other cell site system. Neither Sagey nor Song discloses cross-correlating data bits of one frame from one cell site with data

- 16 -

A151

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021644

**DOCKET NO.:  ACOM-001**                                    **PATENT**

bits from other cell sites.  In addition, the prior art lacks
disclosure of the details of the baseband convertors specified by
claim 5.

Moreover, the specific functions recited by claims 14-
21 are in fact neither disclosed nor suggested by the prior art.
Claim 14, for example, adds "means for merging said location data
with billing data for said cellular telephones and generating
modified billing data ...."  Such a function is clearly lacking
in the prior art disclosures.  Likewise, claim 15's limitation of
the system applying a lower billing rate for telephone calls made
from a user's home is neither disclosed nor suggested by the
prior art.

Claim 16 adds "means for transmitting a signal to a
selected cellular telephone to cause said selected telephone to
transmit a signal over a control channel," and claim 17 adds
"means for automatically sending location information to a
prescribed receiving station in response to receiving a distress
signal from a cellular telephone, whereby emergency assistance
may be provided to a user in distress."  Neither of these
functions is even hinted at by the prior art.  Sagey's mentioning
of the fact that there is interest in using the cellular
telephone band to provide emergency SOS information certainly
cannot be said to suggest the concept of using reverse control
channel signals to locate a cellular telephone and sending

- 17 -

**A152**

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021645

OCT- 5-93 TUE 12:'' W.W.K.M.H.                 · P.22

DOCKET NO.: ACOM-001                              **PATENT**

location information to a prescribed receiving station (such as
an emergency dispatch station) upon receiving a distress signal
(such as a "911" signal).

Claim 18 adds "means for comparing the current location
of a given telephone with a prescribed range of locations and
indicating an alarm condition when said current location is not
within said prescribed range."

Similarly, claim 19's "means for detecting a lack of
signal transmissions by a given telephone and in response thereto
automatically paging said given telephone ....," and claim 20's
"means for estimating a time of arrival of a given telephone at a
prespecified location" are neither disclosed nor suggested by the
prior art.

Accordingly, applicants' dependent claims 2-21 are
distinguished over the prior art by their association with claim
1 and further by the additional elements and limitations they
recite. Similar remarks apply to the other dependent claims.
Therefore, the Examiner is respectfully urged to reconsider and
withdraw the rejection under 35 U.S.C. § 103.

- 18 -

**A153**

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021646



DOCKET NO.: ACOM-001                                    PATENT

### CONCLUSION

A Notice of Allowance for claims 1-45 is respectfully

requested.

                         Respectfully submitted,

                         *Michael Stein*

                         Michael D. Stein
                         Registration No.  34,734

Date: 10-4-93

WOODCOCK WASHBURN KURTZ
  MACKIEWICZ & NORRIS
One Liberty Place - 46th Floor
Philadelphia, PA  19103
(215) 568-3100

                         - 19 -

**A154**

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

**TPI0021647**

'— 5-93 TUE 12:02 W.W.K.M.N.                              P.01



**RECEIVED**

OCT 05 1993

**LICENSING & REVIEW**

Law Offices
**WOODCOCK WASHBURN KURTZ MACKIEWICZ & NORRIS**
One Liberty Place - 46th Floor
Philadelphia, PA   19103

(215) 568-3100
TELECOPIER - (215) 568-3439
TWX - 710-670-1334
CABLE - WOODCOCK

October 5, 1993

F A C S I M I L E   M E S S A G E

ATTORNEY DOCKET NO.:     ACOM-0001

SERIAL NO.:     08/059,248
FILED:          May 7, 1993

TO:   Examiner:   G. Issing
      Group:      2202

TELECOPIER NO.:   1-703-308-3718 or
                  1-703-308-3721

                  1-703-305-3603

FROM:             Michael D. Stein

PAGES TO FOLLOW:     22

**A155**

**CONFIDENTIAL**
**TruePosition, Inc. v. Andrew Corp.**
**Civil Action No. 05-00747-SLR**

TPI0021648

DOCKET NO.: ACOM-0001                                    **PATENT**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re patent application of:

**Louis A. Stilp et al.**

Serial No.:    08/059,248        Group No.:  2202

Filed:         May 7, 1993       Examiner:  G. Issing

For:           CELLULAR TELEPHONE LOCATION SYSTEM

Certificate of Facsimile Transmission

I hereby certify that this paper is being facsimile transmitted to the Patent and Trademark Office on the date shown below.

On 10-5-93

Michael D. Stein Reg. No. 34,734

Commissioner of Patents & Trademarks
Washington, DC 20231

Sir:

### AMENDMENT TRANSMITTAL LETTER

        Transmitted herewith is an amendment in the above-identified application responsive to the Office Action dated **September 24, 1993.**

( )  Small entity status of this application under 37 CFR 1.9 and 1.27 has been established by a verified statement previously submitted.

( )  A verified statement claiming small entity status under 37 CFR 1.9 and 1.27 is enclosed.

( )  Statement to Support Filing and Submission of DNA/Amino Acid Sequences in Accordance with 37 CFR §§ 1.821 through 1.825.

(xx)  No additional fee is required.

**A156**

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021649

- 5-93 TUE 12:03 W.W.K.M.N.                    P.03

The fee for additional claims presented in this amendment has
been calculated as follows:

| | Claims Remaining After Amendment | Highest Number Previously Paid for | No. Extra | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|
| | | | | Rate | Fee | OR | Rate | Fee |
| Total Claims | 45 | 45 (at least 20) | 0 | x$11= | $ | OR | x$22= | $ |
| Indep. Claims | 3 | 3 (at least 3) | 0 | x$37= | $ | OR | x$74= | $ |
| First Presentation Multiple Dependent Claims | | | + | $115= | $ | OR | $230= | $ |
| | | | Total fee for added claims: | | $ 0 | | | $ |

( )   Please charge my Deposit Account No. 23-3050 in the amount
      of $____. This sheet is attached in triplicate.

( )   A check in the amount of $_____ is attached. Please
      charge any deficiency or credit any overpayment to Deposit
      Account No. 23-3050.

(XX)  The Commissioner is hereby authorized to charge payment of
      the following fees associated with this communication or
      credit any overpayment to Deposit Account No. 23-3050.
      This sheet is attached in triplicate.

      (XX)   Any additional filing fees required under 37 CFR
             1.16 including fees for presentation of extra
             claims.

      (XX)   Any additional patent application processing fees
             under 37 CFR 1.17 and under 37 CFR 1.20(d).

(XX)  The Commissioner is hereby authorized to charge payment of
      the following fees during the pendency of this application
      or credit any overpayment to Deposit Account No. 23-3050.
      This sheet is attached in triplicate.

      (XX)   Any patent application processing fees under 37
             CFR 1.17 and under 37 CFR 1.20(d).

K:\U\FORMS\AMEND.TNS          — 2 —

**A157**

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021650

- 5-93 TUE 12:03 W.W.R.M.M.

( )   The issue fee set in 37 CFR 1.18 at or before
      mailing of the Notice of Allowance, pursuant to 37
      CFR 1.311(b).

(XX)  Any filing fees under 37 CFR 1.16 including fees
      for presentation of extra claims.

Date:  October 5, 1993                 _Michael Stein_____
                                       Signature
                                       Michael D. Stein
                                       Registration No. 34,734

WOODCOCK WASHBURN KURTZ
   MACKIEWICZ & NORRIS
One Liberty Place - 46th Floor
Philadelphia, PA  19103
(215) 568-3100

K:\U\FORMS\AMEND.TNS            - 3 -

**A158**

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021651



10/05/93   12:12   ☎703 ?05 3603      GRP 220                                      ☒001

```
                        ***************************
                        ***   ACTIVITY REPORT   ***
                        ***************************

         RECEPTION OK

         TX/RX NO.            0178
         CONNECTION TEL              2155683439
         CONNECTION ID
         START TIME          10/05 12:02
         USAGE TIME          09'17
         PAGES                 23
         RESULT              OK
```

RECEIV

OCT 05 199

LICENSING & REVIE

**A159**

**CONFIDENTIAL**
**TruePosition, Inc. v. Andrew Corp.**
**Civil Action No. 05-00747-SLR**

TPI0021652



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| | | | |

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | /|

DATE MAILED:

## EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) *M. Stein (Attny)*       (3) *G. Ewing (PTO)*

(2) *L. Stilp (Applicant)*       (4)

Date of interview *10-4-93*

Type:  ☑ Telephonic   ☐ Personal (copy is given to   ☐ applicant   ☐ applicant's representative).

Exhibit shown or demonstration conducted:  ☐ Yes   ☐ No.   If yes, brief description:

Agreement   ☐ was reached with respect to some or all of the claims in question.   ☑ was not reached.

Claims discussed: *1*

Identification of prior art discussed: *Sagey — and Song*

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: *Discussed additional hardware required by special spread spectrum processor used in Sagey and the different use of the control signal of Song, forward as opposed to reverse channel control.*

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

Unless the paragraphs below have been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1–7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☐ It is not necessary for applicant to provide a separate record of the substance of the interview.

☐ Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.

*Gregory G. Ewing*
Examiner's Signature

PTOL-413 (REV. 1-84)

**A160**

ORIGINAL FOR INSERTION IN RIGHT HAND FLAP OF FILE WRAPPER

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021653

OCT-13-93 WED 13:55    WWF V 1 LIBERTY PL 40FL    FAX NO. 21  ?8?439            P. 02

#7?
Suppl.
PATENT
diagrams

DOCKET NO.: 08/059,248

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:

Stilp et al.

Serial No.: 08/059,248                Group Art Unit: 2202

Filed:      May 7, 1993               Examiner: G. Issing

For:     CELLULAR TELEPHONE LOCATION SYSTEM

**FAX COPY RECEIVED**

OCT 13 1993

GROUP 220/290/L&R

Certificate of Facsimile Transmission

I hereby certify that this paper is being facsimile
transmitted to the Patent and Trademark Office on the
date shown below.

on  10-13-93

Michael D. Stein Reg. No. 34,734

Honorable Commissioner of
    Patents and Trademarks
Washington, D.C.   20231

Dear Sir:

## SUPPLEMENTAL RESPONSE

The Examiner is respectfully requested to approve the
attached slightly revised Figure 7A.  In particular, attached is
a copy of a formal drawing for Figure 7A, which is substantially
identical to the original drawing, but with the addition of the
central site shown in the center of the drawing.  Upon approval
of the attached drawing, formal drawings will be filed with the

A161

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021654

OCT-13-93 WED 13:56    WWKM&N ¹ LIBERTY PL 46FL    FAX NO. 2155689439    P. 03

DOCKET NO.: 08/059,248                                    PATENT

Official Draftsman.

                              Respectfully submitted,

                              *Michael Ste___*

                              Michael D. Stein
                              Registration No.  34,734

Date: 10-13-93

WOODCOCK WASHBURN KURTZ
   MACKIEWICZ & NORRIS
One Liberty Place — 46th Floor
Philadelphia, PA  19103
(215) 568-3100

- 2 -

**A162**

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021655

OCT-13-93 WED 13:56    WWK^HON 1 LIBERTY PL 46FL    FAX NO. 21FF983439    P. 04



**Fig. 7A**

A163

TPI0021656

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

OCT-13-93 WED 13:55    WWKM&N ' LIBERTY PL 46FL    FAX NO. 215⌐⌐3439    P.01

FAX COPY RECEIVED

OCT 1 3 1993

GROUP 220/290/L&R

Law Offices
WOODCOCK WASHBURN KURTZ MACKIEWICZ & NORRIS
One Liberty Place - 46th Floor
Philadelphia, PA   19103

(215) 568-3100
TELECOPIER - (215) 568-3439
TWX - 710-670-1334
CABLE - WOODCOCK

October 13, 1993

F A C S I M I L E    M E S S A G E

ATTORNEY DOCKET NO.:    ACOM-0001

SERIAL NO.:    08/059,248
FILED:    5/7/93

TO:    Examiner:    G. Issing
Group:    2202

TELECOPIER NO.:    1-703-308-3718 or
1-703-308-3721

1-703-305-3603

FROM:    Michael D. Stein

PAGES TO FOLLOW:    3

A164

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021657

10/13/93   13:54   ☎703 ?05 3603      GRP 220                            ⌀001

```
                    ****************************
                    ***   ACTIVITY REPORT   ***
                    ****************************

        RECEPTION OK

        TX/RX NO.              0233
        CONNECTION TEL                   2155683439
        CONNECTION ID
        START TIME            10/13 13:52
        USAGE TIME           01'20
        PAGES                    4
        RESULT                  OK
```

FAX COPY RECEIVED
OCT 1 3 1993
GROUP 220/290/L&R

**A165**

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021658



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET |
|---|---|---|---|
| 08/059,248 | 05/07/93 | STILP | L    ACOM0001 |

EXAMINER
ISSING, G

22M2/1029

ALBERT W. PRESTON, JR.
WOODCOCK, WASHBURN, KURTZ, MACKIEWICZ
AND NORRIS
ONE LIBERTY PLACE, 46TH FLOOR
PHILADELPHIA, PA 19103

| ART UNIT | PAPER NUMBER |
|---|---|
| 2202 | 8 |

DATE MAILED: 10/29/93

## NOTICE OF ALLOWABILITY

**PART I.**
1. ☑ This communication is responsive to *Amdt a filed  10/5/93*
2. ☑ All the claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice Of Allowance And Issue Fee Due or other appropriate communication will be sent in due course.
3. ☑ The allowed claims are *1-45*
4. ☐ The drawings filed on _____ are acceptable.
5. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [..] been received. [..] not been received. [...] been filed in parent application Serial No. _____ filed on _____
6. ☐ Note the attached Examiner's Amendment.
7. ☑ Note the attached Examiner Interview Summary Record, PTOL-413. of *10/4/93*
8. ☐ Note the attached Examiner's Statement of Reasons for Allowance.
9. ☐ Note the attached NOTICE OF REFERENCES CITED, PTO-892.
10. ☐ Note the attached INFORMATION DISCLOSURE CITATION, PTO-1449.

**PART II.**
A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" indicated on this form. Failure to timely comply will result in the ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

1. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.
2. ☑ APPLICANT MUST MAKE THE DRAWING CHANGES INDICATED BELOW IN THE MANNER SET FORTH ON THE REVERSE SIDE OF THIS PAPER.
   a. ☐ Drawing informalities are indicated on the NOTICE RE PATENT DRAWINGS, PTO-948, attached hereto or to Paper No. _____. CORRECTION IS REQUIRED.
   b. ☑ The proposed drawing correction filed on *10/13/93* has been approved by the examiner. CORRECTION IS REQUIRED.
   c. ☐ Approved drawing corrections are described by the examiner in the attached EXAMINER'S AMENDMENT. CORRECTION IS REQUIRED.
   d. ☑ Formal drawings are now REQUIRED.

Any response to this letter should include in the upper right hand corner, the following information from the NOTICE OF ALLOWANCE AND ISSUE FEE DUE: ISSUE BATCH NUMBER, DATE OF THE NOTICE OF ALLOWANCE, AND SERIAL NUMBER.

Attachments:
_ Examiner's Amendment
_ Examiner Interview Summary Record, PTOL- 413
_ Reasons for Allowance
_ Notice of References Cited, PTO-892
_ Information Disclosure Citation, PTO-1449

_ Notice of Informal Application, PTO-152
_ Notice re Patent Drawings, PTO-948
_ Listing of Bonded Draftsmen
_ Other

*Gregory C. Issing*
GROUP
PRIMARY EXAMINER
ART UNIT 2202

PTOL-37 (REV. 4-88) ★

USCOMM-DC 89-3769

**A166**

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021659



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office

Address: Box ISSUE FEE
COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

#9

22M2/1029

ALBERT W. PRESTON, JR.
WOODCOCK, WASHBURN, KURTZ, MACKIEWICZ
AND NORRIS
ONE LIBERTY PLACE, 46TH FLOOR
PHILADELPHIA, PA 19103

**NOTICE OF ALLOWANCE
AND ISSUE FEE DUE**

Note attached communication from the Examiner

This notice is issued in view of applicant's communication filed

| SERIES CODE/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATED |
|---|---|---|---|---|---|
| 08/059,248 | 05/07/93 | 045 | ISSING, G | 2202 | 10/29/93 |

First Named Applicant    STILP,    LOUIS A.

TITLE OF INVENTION  CELLULAR TELEPHONE LOCATION SYSTEM

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 2 | ACOM0001 | 342-387.000 | Z99 | UTILITY | YES | $585.00 | 01/31/94 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.**
**PROSECUTION ON THE MERITS IS CLOSED.**

**THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS**
**APPLICATION SHALL BE REGARDED AS ABANDONED.  THIS STATUTORY PERIOD CANNOT BE EXTENDED.**

**HOW TO RESPOND TO THIS NOTICE:**

I. Review the SMALL ENTITY Status shown above.

   If the SMALL ENTITY is shown as YES, verify your
   current SMALL ENTITY status:

   A. If the Status is changed, pay twice the amount of the
      FEE DUE shown above and notify the Patent and
      Trademark Office of the change in status, or
   B. If the Status is the same, pay the FEE DUE shown
      above.

If the SMALL ENTITY is shown as NO:
A. Pay FEE DUE shown above, or
B. File verified statement of Small Entity Status before, or with,
   payment of 1/2 the FEE DUE shown above.

II. Part B of this notice should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE.
    Even if the ISSUE FEE has already been paid by a charge to deposit account, Part B should be completed and returned.
    If you are charging the ISSUE FEE to your deposit account, Part C of this notice should also be completed and returned.

III. All communications regarding this application must give series code (or filing date), serial number and batch number.
     Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

*IMPORTANT REMINDER: Patents issuing on applications filed on or after Dec. 12, 1980 may require payment of*
*maintenance fees.*

PATENT AND TRADEMARK OFFICE COPY

PTOL-85 (REV 12-89)(OMB Clearance is pending)

**A167**

**CONFIDENTIAL**
**TruePosition, Inc. v. Andrew Corp.**
**Civil Action No. 05-00747-SLR**

TPI0021660



UNITED STATE    :PARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, ").C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCK |
|---|---|---|---|
| 08/059,248 | 05/07/93 | STILP | L  ACOM0001 |

EXAMINER
ISSING.G

| ARTUNIT | PAPER NUM. |
|---|---|
| 2202 | *10* |

22M2/1202

ALBERT W. PRESTON, JR.
WOODCOCK, WASHBURN, KURTZ, MACKIEWICZ
AND NORRIS
ONE LIBERTY PLACE, 46TH FLOOR
PHILADELPHIA, PA 19103

DATE MAILED:    12/02/93

*SUPPLEMENTAL*
**NOTICE OF ALLOWABILITY**

PART I.
1. ☑ This communication is responsive to *Telephonic Compl. of 11/24/93*
2. ☑ All the claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice Of Allowance And Issue Fee Due or other appropriate communication will be sent in due course.
3. ☑ The allowed claims are ___ *1 - 45* ___
4. ☐ The drawings filed on ___ are acceptable.
5. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [..] been received. [..] not been received. [..] been filed in parent application Serial No. ___ filed on ___
6. ☐ Note the attached Examiner's Amendment.
7. ☐ Note the attached Examiner Interview Summary Record, PTOL-413.
8. ☐ Note the attached Examiner's Statement of Reasons for Allowance.
9. ☐ Note the attached NOTICE OF REFERENCES CITED, PTO-892.
10. ☑ Note the attached INFORMATION DISCLOSURE CITATION, PTO-1449.

PART II.
A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" indicated on this form. Failure to timely comply will result in the ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

1. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.
2. ☑ APPLICANT MUST MAKE THE DRAWING CHANGES INDICATED BELOW IN THE MANNER SET FORTH ON THE REVERSE SIDE OF THIS PAPER.
   a. ☐ Drawing informalities are indicated on the NOTICE RE PATENT DRAWINGS, PTO-948, attached hereto or to Paper No. ___. CORRECTION IS REQUIRED.
   b. ☑ The proposed drawing correction filed on *10/13/93* ___, has been approved by the examiner. CORRECTION IS REQUIRED.
   c. ☐ Approved drawing corrections are described by the examiner in the attached EXAMINER'S AMENDMENT. CORRECTION IS REQUIRED.
   d. ☑ Formal drawings are now REQUIRED.

Any response to this letter should include in the upper right hand corner, the following information from the NOTICE OF ALLOWANCE AND ISSUE FEE DUE: ISSUE BATCH NUMBER, DATE OF THE NOTICE OF ALLOWANCE, AND SERIAL NUMBER.

Attachments:
_ Examiner's Amendment
_ Examiner Interview Summary Record, PTOL- 413
_ Reasons for Allowance
_ Notice of References Cited, PTO-892
_ Information Disclosure Citation, PTO-1449
_ Notice of Informal Application, PTO-152
_ Notice re Patent Drawings, PTO-948
_ Listing of Bonded Draftsmen
_ Other

GR_    3
PR_    _R
A_

PTOL-37 (REV. 4-89) ★

USCOMM-DC 89-3789

## A168

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021661

PATENT *# //*

DOCKET NO.: 08/059,248

Issue Batch No.: Z99
Date of Notice
  of Allowance : 10/29/93
Serial No.    : 08/059,248

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re patent application of:

Louis A. Stilp

| | | |
|---|---|---|
| Serial No.: | 08/059,248 | Group No.: 2202 |
| Filed: | May 7, 1993 | Examiner: G. Issing |
| For: | CELLULAR TELEPHONE LOCATION SYSTEM | |

I, Michael D. Stein, Registration No. 34,734 certify that this correspondence
is being deposited with the U.S. Postal Service as First Class mail in an
envelope addressed to the Commissioner of Patents and Trademarks,
Washington, D.C. 20231.

on  11-17-93

Michael D. Stein, Reg. No. 34,734

Box Issue Fee
Commissioner of Patents & Trademarks
Washington, DC  20231

ATTN:  Official Draftsman

Sir:

### TRANSMITTAL LETTER TO OFFICIAL DRAFTSMAN

Please find enclosed fifteen (15) sheet(s) of formal drawings relating to the

above-identified patent application.

This Letter, and the enclosed drawings, each bear the Issue Batch No., the

A169

TPI0021662

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

date of the Notice of Allowance and Serial No. of the application on the front of the respective document. Please charge any comparison fees to our Deposit Account No. 23-3050.

In view of the above, the present application is believed to be in a condition ready for issuance.

Date: November 17, 1993

Signature
Michael D. Stein
Registration No. 34,734

WOODCOCK WASHBURN KURTZ
  MACKIEWICZ & NORRIS
One Liberty Place - 46th Floor
Philadelphia, PA  19103
(215) 568-3100

- 2 -

A170

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021663

Sheet 1 of 15
Issue Batch No.: Z99
Allowance Date: 10/29/93
Serial No.: 08/059,248

5327144



PRIOR ART
*Fig. 1A*

PRIOR ART
*Fig. 1B*



PRIOR ART
*Fig. 1C*

A171

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021664

Sheet 2 of 15
Issue Batch No.: Z99
Allowance Date: 10/29/93
Serial No.: 08/059,248



*Fig. 2*

A172

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021665

Sheet 3 of 15
Issue Batch No.: Z99
Allowance Date: 10/29/93
Serial No.: 08/059,248



Fig. 3

A173

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021666

Sheet 4 of 15
Issue Batch No.: Z99
Allowance Date: 10/29/93
Serial No.: 08/059,248



Fig. 4

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

A174

TPI0021667

Sheet 5 of 15
Issue Batch No.: Z99
Allowance Date: 10/29/93
Serial No.: 08/059,248



*Fig. 5*

**A175**

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021668

Sheet 6 of 15
Issue Batch No.: Z99
Allowance Date: 10/29/93
Serial No.: 08/059,248



*Fig. 6*

A176

TPI0021669

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

Sheet 7 of 15
Issue Batch No.: Z99
Allowance Date: 10/29/93
Serial No.: 08/059,248



*Fig. 6A*

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

A177

TPI0021670

Sheet 8 of 15
Issue Batch No.: Z99
Allowance Date: 10/29/93
Serial No.: 08/059,248



*Fig. 7*

A178

TPI0021671

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

Sheet 9 of 15
Issue Batch No.: Z99
Allowance Date: 10/29/93
Serial No.: 08/059,248



*Fig. 7A*

A179

TPI0021672

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

Sheet 10 of 15
Issue Batch No.: Z99
Allowance Date: 10/29/93
Serial No.: 08/059,248



*Fig. 8A*

STEP 1

OBTAIN CORRELATIONS

A180

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021673

Sheet 11 of 15
Issue Batch No.: Z99
Allowance Date: 10/29/93
Serial No.: 08/059,248



STEP 2

OBTAIN DELAYS AND
FREQUENCY DIFFERENCES

*Fig. 8B*

A181

TPI0021674

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

Sheet 12 of 15
Issue Batch No.: Z99
Allowance Date: 10/29/93
Serial No.: 08/059,248



*Fig. 8C*

STEP 3

ESTIMATE LOCATION

A182

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021675

Sheet 13 of 15
Issue Batch No.: Z99
Allowance Date: 10/29/93
Serial No.: 08/059,248

_Fig. 8D_



STARTING AT BEST_LAT AND BEST_LON
PERFORM A LINEARIZED-WEIGHT-LEAST-
SQUARES ITERATION STEP, DETERMINING
LAT_CORRECTION AND LON_CORRECTION

ADD LAT_CORRECTION TO BEST_LAT
ADD LON_CORRECTION TO BEST_LON

IS MAGNITUDE OF LAT_CORRECTION
LESS THAN 0.0001?  N
Y

IS MAGNITUDE OF LON_CORRECTION
LESS THAN 0.0001?  N
Y

SET SPEED TO ZERO

SET DIRECTION TO ZERO (NORTH)

GIVEN SPEED, DIRECTION CALCULATE
THEORETICAL VALUES OF FREQUENCIES,
TAKING SITE BIAS INTO ACCOUNT

GET SUM OF SQUARES OF OBSERVED
MINUS COMPUTED FREQUENCIES "Y"

IS THIS THE SMALLEST "Y" OBTAINED SO FAR?  N
Y

SAVE SPEED IN BEST_SPEED
SAVE DIRECTION IN BEST_DIRECTION

**A183**

TPI0021676

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

Sheet 14 of 15
Issue Batch No.: Z99
Allowance Date: 10/29/93
Serial No.: 08/059,248



*Fig. 8E*

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

A184

TPI0021677

Sheet 15 of 15
Issue Batch No.: Z99
Allowance Date: 10/29/93
Serial No.: 08/059,248



## Fig. 9

**A185**

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021678

$200 126

DOCKET NO.: ACOM-0001

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

PATENT

In re patent application of:

Louis Stilp et al.

RECEIVED

NOV 1 0 1993

Serial No.: 08/059,248

Group No.: 2202

Filed:        May 7, 1993

Examiner:  G. Issing

GROUP 220

For:        CELLULAR TELEPHONE LOCATION SYSTEM

I, Michael D. Stein, Registration No. 34,734 certify that this correspondence is being deposited with the U.S. Postal Service as First Class mail in an envelope addressed to the Commissioner of Patents and Trademarks, Washington, D.C. 20231.

on  10-25-93

Michael St
Michael D. Stein  Reg. No. 34,734

Commissioner of Patents & Trademarks
Washington, DC  20231

Sir:

### SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT

Pursuant to 37 C.F.R. §1.56 and in accordance with 37 C.F.R. §§1.97-1.98, information relating to the above-identified application is hereby disclosed.  Inclusion of information in this statement is not to be construed as an admission that this information is material as that term is defined in 37 C.F.R. §1.56(b).

( )    In accordance with §1.97(b), since this Information Disclosure Statement is being filed either within three months of the filing date of the above-identified application, within three months of the date of entry into the national stage of the above identified application as set forth in §1.491, or before the mailing date of a first Office Action on the merits of the above-identified application, no additional fee is required.

(XX)  In accordance with §1.97(c), this Information Disclosure Statement is being filed after the period set forth in §1.97(b) above but before the mailing date of either a Final Action under §1.113 or a Notice of Allowance under §1.311, therefore:

060 AS 11/09/93 08059248              1 126        200.00 CK

**A186**

TPI0021679

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

( )    Certification in Accordance with §1.97(e) is attached; or

(XX)   The fee of $200.00 as set forth in §1.17(p) is attached.

( )    In accordance with §1.97(d), this Information Disclosure Statement is being filed after the mailing date of either a Final Action under §1.113 or a Notice of Allowance under §1.311 but before the payment of the Issue Fee, therefore included are: Certification in Accordance with §1.97(e); Petition Requesting Consideration of the Information Disclosure Statement; and the fee of $130.00 as set forth in §1.17(i)(1).

( )    Copies of each of the references listed on the attached Form PTO-1449 are enclosed herewith.

( )    In accordance with §1.98(d), copies of some or all of the references listed on the attached Form PTO-1449 are not enclosed herewith because they were previously cited by or submitted to the Patent and Trademark Office in prior application Serial No.    for which a claim for priority under 35 U.S.C. §120 has been made in the instant application.

Please charge any deficiency or credit any overpayment to Deposit Account No. 23-3050. This form is submitted in triplicate.

The relevance of those listed references which are not in the English language is as follows:

Respectfully submitted,

Date:  October 25, 1993

Signature
Michael D. Stein
Registration No. 34,734

WOODCOCK WASHBURN KURTZ
  MACKIEWICZ & NORRIS
One Liberty Place - 46th Floor
Philadelphia, PA  19103
(215) 568-3100

K:\U\FORMS\IDS\INFO-DIS.ST    - 2 -

**A187**

TPI0021680

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

MAIL ROOM
OCT
27
1993

#10

Sheet 1 of 1

| Form PTO-1449 Modified | Docket No. ACOM-0001 | Serial No. 08/059,248 |
|---|---|---|
| List of Patents and Publications Cited by Applicant (Use several sheets if necessary) | Applicant Louis A. Stilp et al. | |
| U.S. Department of Commerce Patent and Trademark Office | Filing Date May 7, 1993 | Group 2202 |

**U. S. PATENT DOCUMENTS**

| Examiner Initial | | Document No. | Date | Name | Class | Subclass |
|---|---|---|---|---|---|---|
| Qui | AA | 5,101,501 | 3/31/92 | Gilhousen et al. | 455 | 33 |
| Qui | AB | 5,126,748 | 6/30/92 | Ames et al. | 342 | 353 |
| Qui | AC | 5,128,623 | 7/7/92 | Gilmore | 328 | 1 |
| | AD | | | | | |
| | AE | | | RECEIVED | | |
| | AF | | | | | |
| | AG | | | NOV 10 1993 | | |
| | AH | | | GROUP 220 | | |
| | AI | | | | | |
| | AJ | | | | | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initial | | Document No. | Date | Country | Translation YES | NO |
|---|---|---|---|---|---|---|
| Qui | AK | WO 93/06685 | 9/18/92 | PCT | yes | |
| | AL | | | | | |
| | AM | | | | | |
| | AN | | | | | |
| | AO | | | | | |

| EXAMINER Gregory C. Issing | DATE CONSIDERED 1/24/94 |
|---|---|

**A188**

TPI0021681

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR



**UNITED STATES DePARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/059,248 | 05/07/93 | STILP | L    ACOM0001 |

```
                                          EXAMINER
                  22M2/0125              ISSING, G
ALBERT W. PRESTON, JR.
WOODCOCK, WASHBURN, KURTZ, MACKIEWICZ      ART UNIT    PAPER NUMBER
AND NORRIS                                                 14
ONE LIBERTY PLACE, 46TH FLOOR              2202
PHILADELPHIA, PA 19103                                  01/25/94
```

*SUPPLEMENTAL*
## NOTICE OF ALLOWABILITY

**PART I.**

1. ☑ This communication is responsive to *Info. Disc. Statements filed 10/27/93*.
2. ☐ All the claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice Of Allowance And Issue Fee Due or other appropriate communication will be sent in due course.
3. ☑ The allowed claims are: *1-45*
4. ☐ The drawings filed on _____ are acceptable.
5. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [...] been received. [...] not been received. [...] been filed in parent application Serial No. _____, filed on _____.
6. ☐ Note the attached Examiner's Amendment.
7. ☐ Note the attached Examiner Interview Summary Record, PTOL-413.
8. ☐ Note the attached Examiner's Statement of Reasons for Allowance.
9. ☐ Note the attached NOTICE OF REFERENCES CITED, PTO-892.
10. ☑ Note the attached INFORMATION DISCLOSURE CITATION, PTO-1449.

**PART II.**

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" indicated on this form. Failure to timely comply will result in the ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

1. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.
2. ☐ APPLICANT MUST MAKE THE DRAWING CHANGES INDICATED BELOW IN THE MANNER SET FORTH ON THE REVERSE SIDE OF THIS PAPER.
   a. ☐ Drawing informalities are indicated on the NOTICE RE PATENT DRAWINGS, PTO-948, attached hereto or to Paper No. _____. CORRECTION IS REQUIRED.
   b. ☐ The proposed drawing correction filed on _____ has been approved by the examiner. CORRECTION IS REQUIRED.
   c. ☐ Approved drawing corrections are described by the examiner in the attached EXAMINER'S AMENDMENT. CORRECTION IS REQUIRED.
   d. ☐ Formal drawings are now REQUIRED.

-------------------------------------------------

Any response to this letter should include in the upper right hand corner, the following information from the NOTICE OF ALLOWANCE AND ISSUE FEE DUE: ISSUE BATCH NUMBER, DATE OF THE NOTICE OF ALLOWANCE, AND SERIAL NUMBER.

Attachments:
- Examiner's Amendment
- Examiner Interview Summary Record, PTOL-413
- Reasons for Allowance
- Notice of References Cited, PTO-892
- Information Disclosure Citation, PTO-1449

- Notice of Informal Application, PTO-152
- Notice re Patent Drawings, PTO-948
- Listing of Bonded Draftsmen
- Other

GREGORY C. ISSING
PRIMARY EXAMINER
ART UNIT 222

**A189**

PTOL-37 (REV. 4-89) *

USCOMM-DC 69-0700

**CONFIDENTIAL**
**TruePosition, Inc. v. Andrew Corp.**
**Civil Action No. 05-00747-SLR**

TPI0021682

ACOM-0001                    PART B - ISSUE FEE TRANSMITTAL            585-242

**MAILING INSTRUCTIONS:** This form should be used for transmitting the ISSUE FEE. Blocks 2 through 6 should be completed where appropriate. All further correspondence including the Issue Fee Receipt, the Patent, advanced orders and notification of maintenance fees will be mailed to addressee entered in Block 1 unless you direct otherwise, by: (a) specifying a new correspondence address in Block 3 below; or (b) providing the PTO with a separate "FEE ADDRESS" for maintenance fee notifications with the payment of Issue Fee or thereafter. See reverse for Certificate of Mailing.

| 1. CORRESPONDENCE ADDRESS | 2. INVENTOR(S) ADDRESS CHANGE (Complete only if there is a change) |
|---|---|
| | INVENTOR'S NAME |
| | Street Address |
| 22N02/1029 | City, State and ZIP Code |
| ALBERT M. PRESTON, JR. | CO-INVENTOR'S NAME |
| WOODCOCK, WASHBURN, KURTZ, MACKIEWICZ | Street Address |
| AND NORRIS | |
| ONE LIBERTY PLACE, 46TH FLOOR | City, State and ZIP Code |
| PHILADELPHIA, PA 19103 | ☐ Check if additional changes are on reverse side |

| SERIES CODE/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | |
|---|---|---|---|---|
| 08/059,248 | 05/07/93 | 945 | ISSUING, U | |
| First Named Applicant | STILP, | | LOUIS A. | |

TITLE OF INVENTION  CELLULAR TELEPHONE LOCATION SYSTEM

| | ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|---|
| | ACOM0001 | 342-387.000 | 799 | UTILITY | YES | $585.00 | 01 |

P 30030 01/31/94 08059248     23-3050 030 561     36.00CH

| 3. Further correspondence to be mailed to the following: | 4. For printing on the patent front page, list the names of not more than 3 registered patent attorneys or agents OR alternatively, the name of a firm having as a member a registered attorney or agent. If no name is listed, no name will be printed. | Woodcock Washburn Kurtz |
|---|---|---|
| | | 1 Mackiewicz & Norris |
| | | 2 |
| | | 3 |

DO NOT USE THIS SPACE

090 BA 01/31/94 08059248     1 242     585.00

| 5. ASSIGNMENT DATA TO BE PRINTED ON THE PATENT (print or type) | 5a. The following fees are enclosed: |
|---|---|
| (1) NAME OF ASSIGNEE: | ☒ Issue Fee  ☐ Advanced Order - # of Copies _____ |
| Associated RT, Inc. | (Minimum of 10) |
| (2) ADDRESS: (City & State or Country) | 5b. The following fees should be charged to: |
| Pittsburgh, Pennsylvania | DEPOSIT ACCOUNT NUMBER  23-3050 |
| (3) STATE OF INCORPORATION, IF ASSIGNEE IS A CORPORATION | (Enclose Part C) |
| Delaware | ☐ Issue Fee  ☒ Advanced Order - # of Copies  12 |
| A. ☐ This application is NOT assigned. | ☒ Any Deficiencies in Enclosed Fees  (Minimum of 10) |
| ☒ Assignment previously submitted to the Patent and Trademark Office. | The COMMISSIONER OF PATENTS AND TRADEMARKS is requested to apply the Issue Fee to the application identified above. |
| ☐ Assignment is being submitted under separate cover. Assignments should be directed to Box ASSIGNMENTS. | (Signature of party in interest of record)                    (Date) |
| **PLEASE NOTE:** Unless an assignee is identified in Block 5, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment. | Michael D. Stein, 34,734                    1/24/94 |
| | NOTE: The Issue Fee will not be accepted from anyone other than the applicant, a registered attorney or agent or the assignee or other party in interest as shown by the records of the Patent and Trademark Office. |

THIS FORM WITH FEE-CERTIFICATE OF MAILING ON REVERSE

PTOL-85B (REV 12-88)OMB Clearance is pending

A190

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021683

ACOM-0001
059,248

### Certificate of Mailing

I hereby certify that this correspondence is being deposited with
the United States Postal Service with sufficient postage as first class
mail in an envelope addressed to:

Box ISSUE FEE
Commissioner of Patents and Trademarks
Washington, D.C. 20231

on  __January 24, 1994__
(Date)

__Michael D. Stein, Reg. No. 34,734__
(Name of person making deposit)

_Michael St___
(Signature)

_1/24/94_
(Date)

Note: If this certificate of mailing is used, it can only be used to transmit the
Issue Fee. This certificate cannot be used for any other accompanying
papers. Each additional paper, such as an assignment or formal drawings,
must have its own certificate of mailing.

This form is estimated to take 20 minutes to complete. Time will vary
depending upon the needs of the individual applicant. Any comments on
the amount of time you require to complete this form should be sent to the
Office of Management and Organization, Patent and Trademark Office,
Washington, D.C. 20231 and to the Office of Information and Regulatory
Affairs, Office of Management and Budget, Washington, D.C. 20503.

REVERSE PTOL-85B (REV 12-88)(OMB Clearance is pending)

**A191**

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021684

DOCKET NO.: ACOM-0001                                PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re patent application of:

Louis A. Stilp et al.

Serial No.: 08/059,248          Group No.: 2202

Filed:  May 7, 1993            Examiner:  G. Issing

For:    CELLULAR TELEPHONE LOCATION SYSTEM

Honorable Commissioner of
  Patents & Trademarks
Washington, DC  20231

Sir:

### POWER TO INSPECT AND MAKE COPIES

The undersigned hereby authorizes William Thomson to inspect and make copies of the above identified application.

Date:  March 16, 1994

_____
Signature
Michael D. Stein
Registration No. 34,734

WOODCOCK WASHBURN KURTZ
  MACKIEWICZ & NORRIS
One Liberty Place – 46th Floor
Philadelphia, PA  19103
(215) 568–3100

A192

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0021685