IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUEPOSITION, INC., | ) |
|     Plaintiff and Counterclaim Defendant, | ) ) ) ) |
| v. | )   CA No. 05-00747-SLR |
| ANDREW CORPORATION, | ) ) ) |
|     Defendant and Counterclaim Plaintiff. | ) ) |

**ANDREW CORPORATION'S OPENING BRIEF IN SUPPORT OF ITS MOTION
FOR SUMMARY JUDGMENT OF INVALIDITY OF CLAIM 22
OF THE '144 PATENT FOR INDEFINITENESS**

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088) [*jingersoll@ycst.com*]
Andrew A. Lundgren (No. 4429) [*alundgren@ycst.com*]
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
302-571-6600

*Attorneys for Defendant Andrew Corporation*

OF COUNSEL:
John M. Desmarais
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Michael A. Parks
Rachel Pernic Waldron
Shira J. Kapplin
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Dated: February 2, 2007

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................................1

II.   SUMMARY OF NATURE AND STAGE OF PROCEEDING..........................................2

III.  STATEMENT OF UNDISPUTED FACTS ......................................................................2

IV.  ARGUMENT......................................................................................................................3

        A.    LEGAL PRINCIPLES..............................................................................................3

             1.    Summary Judgment Standard ................................................................3

             2.    Means-Plus-Function Claims..................................................................4

        B.    CLAIM 22 IS INVALID FOR FAILURE TO DISCLOSE ADEQUATE STRUCTURE ..............7

V.   CONCLUSION...................................................................................................................9

# TABLE OF AUTHORITIES

<u>Cases</u>

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)..................................................................................................... 4

*B. Braun Med. v. Abbott Labs.*,
    124 F.3d 1419 (Fed.Cir.1997)..................................................................................... 5

*Barmag Barmer Maschinenfebrik AG v. Murata Mach. Ltd.*,
    731 F.2d 831 (Fed. Cir. 1984)..................................................................................... 3

*Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*,
    296 F.3d 1106 (Fed. Cir. 2002)............................................................................... 5, 6

*Datapoint Corp. v. Std. Microsystems Corp.*,
    31 Fed. App'x. 685, 694 (Fed. Cir. 2002).................................................................. 5

*DE Technologies, Inc. v. Dell, Inc.*,
    428 F.Supp.2d 512 (W.D. Va. 2006)..................................................................... 9, 10

*Default Proof Credit Card Sys. v. Home Depot U.S.A., Inc.*,
    412 F.3d 1291 (Fed. Cir. 2005).......................................................................... passim

*Desper Prods. Inc. v. QSound Labs, Inc.*,
    157 F.3d 1325 (Fed. Cir. 1998)................................................................................... 4

*Exxon Research and Eng'g Co. v. United States*,
    265 F.3d 1371 (Fed. Cir. 2001)................................................................................... 7

*Finisar Corp. v. The DirecTV Group, Inc.*,
    416 F. Supp. 2d 512 (E.D. Tex. 2006)................................................................... 8, 9

*Frank's Casing Crew & Rental Tools, Inc. v. Weatherford Intern., Inc.*,
    389 F.3d 1370 (Fed. Cir. 2004)................................................................................... 5

*Gobeli Research, Ltd. v. Apple Computer Inc.*,
    384 F. Supp. 2d 1016 (E.D. Tex. 2005)..................................................................... 6

*Harris Corp. v. Ericsson Inc.*,
    417 F.3d 1241 (Fed. Cir. 2005)................................................................................... 6

*Johnston v. IVAC Corp.*,
    885 F.2d 1574 (Fed. Cir. 1989)................................................................................... 5

*LP Matthews LLC v. Bath & Body Works, Inc.*,
    458 F. Supp. 2d 189 (D. Del. 2006)............................................................................ 4

*Med. Instrumentation and Diagnostics Corp. v. Elekta AB*,
　344 F.3d 1205 (Fed. Cir. 2003) ............................................................................... 6

*Tehrani v. Hamilton Med., Inc.*,
　331 F.3d 1355 (Fed. Cir. 2003) ............................................................................... 6

*Touchcom, Inc. v. Dresser, Inc.*,
　427 F. Supp. 2d 730 (E.D. Tex. 2005) ................................................................ 7, 9

<u>Statutes</u>

35 U.S.C. § 112 ................................................................................................................ 1, 4

<u>Rules</u>

Fed. R. Civ. P. 56(c) ............................................................................................................ 4

I.  **INTRODUCTION**

Claim 22 of the patent-in-suit, U.S. Patent No. 5,327,144, contains a limitation that reads:

> **database means** for storing location data identifying the cellular telephones and their respective locations, and for providing access to said database to subscribers at remote locations

TruePosition admits the "database means" is a means-plus-function limitation, and TruePosition argues for a means-plus-function construction of "database means."

Under the patent laws, for claim 22 to be valid, the '144 patent specification must disclose adequate structure for performing the claimed function of the "database means," which includes "storing location data identifying the cellular telephones." This is an issue of law. "Failure to disclose adequate structure corresponding to the recited function in accordance with 35 U.S.C. §112, paragraph 1, results in the claim being of indefinite scope, and thus invalid, under 35 U.S.C. §112, paragraph 2." *Default Proof Credit Card Sys. v. Home Depot U.S.A., Inc.*, 412 F.3d 1291, 1298 (Fed. Cir. 2005) (affirming grant of summary judgment based on indefiniteness) ("one must set forth in the specification an adequate disclosure showing what is meant by that language. If an applicant fails to set forth an adequate disclosure, the applicant has in effect failed to particularly point out and distinctly claim the invention as required by the second paragraph of section 112.") (citations omitted). The '144 patent specification does not disclose adequate structure for "storing location data identifying the cellular telephones." Therefore, Claim 22 is invalid for indefiniteness.

II.  **SUMMARY OF NATURE AND STAGE OF PROCEEDING**

TruePosition filed its Complaint on October 25, 2005, accusing Andrew of infringing the '144 patent. (D.I. 1) Andrew filed its Answer, Affirmative Defenses and Counterclaims on December 15, 2005. (D.I. 13) Andrew has counterclaimed for noninfringement and invalidity, and unfair competition, fraud and estoppel. Amended complaints and thus, amended answers and counterclaims, were filed. Fact discovery closed November 17, 2006 (D.I. 94). Expert discovery closed January 24, 2007. (D.I. 94).

III. **STATEMENT OF UNDISPUTED FACTS**

1. United States Patent No. 5,327,144 (the '144 patent) is titled "Cellular telephone location system." '144 Patent (A17).

2. The '144 patent issued on July 5, 1994. *Id.*

3. The application leading to the '144 patent was filed on May 7, 1993. *Id.*

4. Claim 22 of the '144 patent includes the following limitation:

    > (c) database means for storing location data identifying the cellular telephones and their respective locations, and for providing access to said database to subscribers at remote locations.

    '144 Patent Claim 22 (A28).

5. TruePosition states the "database means" limitation of Claim 22(c) is a means-plus-function limitation subject to §112(6). TruePosition's November 22, 2006 Claim Constructions at 2-3 (A262-263); D.I. 130, January 19, 2007 Joint Claim Construction Statement.

6. TruePosition and Andrew agree that the function of the "database means" limitation of Claim 22(c) is:

2

>   storing location data identifying the cellular telephones and their respective locations, and for providing access to said database to subscribers at remote locations

>   D.I. 130, January 19, 2007 Joint Claim Construction Statement.

7.  TruePosition says the structure for the "database means" limitation of Claim 22(c) is:

    >   The combination of the "database 20" and the "first terminal 22 coupled via a modem...and telephone line to the database 20" disclosed in Col. 9, ll. 25-27, Fig. 2 Blocks 20, 22, or equivalents of such a combination;

    >   Or

    >   The combination of the "database 20" and the "second terminal 24 in radio communication with the database 20" disclosed in Col. 9, ll. 27-29, Fig. 2, Blocks 20, 24, or equivalents of such a combination;

    >   Or

    >   The combination of the "database 20" and the "third, handheld terminal 26, which is carried by a user who also has a cellular telephone 10b, in radio communication with the database" disclosed in Column 9, ll. 29-31, Fig. 2, Blocks 20, 26, or equivalents of such a combination.

    D.I. 130, January 19, 2007 Joint Claim Construction Statement.

## IV. ARGUMENT

### A. LEGAL PRINCIPLES

#### 1. Summary Judgment Standard

Summary judgment is "as appropriate in a patent case as in any other." *Barmag Barmer Maschinenfebrik AG v. Murata Mach. Ltd.*, 731 F.2d 831, 835 (Fed. Cir. 1984). Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(c); *Desper Prods. Inc. v. QSound Labs, Inc.*, 157 F.3d 1325, 1332 (Fed. Cir. 1998). It is the moving party's burden to prove no genuine issue of material fact exists. *E.g., LP Matthews LLC v. Bath & Body Works, Inc.*, 458 F. Supp.2d 189, 193 (D. Del. 2006) (SLR). A fact is "material" only if it will affect the outcome of a lawsuit under the applicable law, and a dispute over a material fact is "genuine" if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"If the moving party has demonstrated an absence of material fact, the nonmoving party then must come forward with specific facts showing that there is a genuine issue for trial." *LP Matthews LLC.*, 458 F. Supp. 2d at 193 (internal quotations and citations omitted) Although the court views the underlying facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party, "[t]he mere existence of some evidence in support of the nonmoving party . . .will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue." *Id.*

### 2.   Means-Plus-Function Claims

Under §112(6), a patent claim limitation "may be expressed as a means or step for performing a specified function," and "such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof." 35 U.S.C. 112(6). A claim that includes the word "means" invokes a presumption that §112(6) applies. *See Datapoint Corp. v. Std. Microsystems Corp.*, 31 Fed. App'x 685, 694 (Fed. Cir. 2002) (affirming special master's grant of summary judgment to defendants) (granting summary judgment for defendant). Section 112(6) "operates to *cut back* on the type of *means* which could literally satisfy the claim

4

language." *Johnston v. IVAC Corp.*, 885 F.2d 1574, 1580 (Fed. Cir. 1989) (emphasis in original). Construing a §112(6) claim limitation, the Court first identifies the function of the limitation. *See Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 296 F.3d 1106, 1113 (Fed. Cir. 2002) (finding invalidity due to indefiniteness). The Court then identifies the corresponding structure found in the patent's written description for performing that function. *Frank's Casing Crew & Rental Tools, Inc. v. Weatherford Intern., Inc.*, 389 F.3d 1370, 1376 (Fed. Cir. 2004).

**Entire Structure Must Be Disclosed In Specification.** The specification must include all structure that actually performs the recited function. *See Cardiac Pacemakers*, 296 F.3d at 1119. The "corresponding structure" in the specification is the structure clearly linked to the function recited in the claim: "[t]his duty to link or associate structure to function is the *quid pro quo* for the convenience of employing §112, ¶ 6." *Default Proof Credit Card Sys., Inc. v. Home Depot U.S.A., Inc. (d/b/a The Home Depot)*, 412 F.3d 1291, 1298 (Fed. Cir. 2005). A structure disclosed in the specification qualifies as "corresponding" structure only if the specification or prosecution history clearly links or associates that structure to the function recited in the claim. *B. Braun Med. v. Abbott Labs.*, 124 F.3d 1419, 1424 (Fed. Cir. 1997).

When a means-plus-function claim element contains a computer-implemented function, the corresponding structure is the specific algorithm disclosed in the specification that performs the claimed function. *Tehrani v. Hamilton Med., Inc.*, 331 F.3d 1355, 1362 (Fed. Cir. 2003); *see also Harris Corp. v. Ericsson Inc.*, 417 F.3d 1241, 1249 (Fed. Cir. 2005) ("*WMS Gaming* [] established that the corresponding structure for

5

a §112 ¶ 6 claim for a computer-implemented function is the algorithm disclosed in the specification.").

**No Disclosed Structure Renders The Claim Invalid.** When no such specific structure is disclosed, the claim must be held invalid for indefiniteness. *See Cardiac Pacemakers*, 296 F.3d at 1114 (if "no embodiment discloses corresponding structure, the claim is invalid for failure to satisfy the definiteness requirement of §112, ¶ 2") (finding "the specification discloses no structure that corresponds to the claimed function", rendering "the claim, and the claims depending from it, invalid for indefiniteness"); *Default Proof Credit Card Sys.*, 412 F.3d at 1298 ("If an applicant fails to set forth an adequate disclosure, the applicant has in effect failed to particularly point out and distinctly claim the invention as required by the second paragraph of section 112.") (citations omitted); *see also Gobeli Research, Ltd. v. Apple Computer Inc.*, 384 F. Supp. 2d 1016, 1022-23 (E.D. Tex. 2005) ("Failure to provide the algorithm in the specification is fatal to Claim 7 of the Gobeli patent.") (citing *Med. Instrumentation and Diagnostics Corp. v. Elekta AB*, 344 F.3d 1205, 1210 (Fed. Cir. 2003).

**Testimony Cannot Fix Absence Of Structure In Specification.** "Fulfillment of the §112, ¶ 6 tradeoff cannot be satisfied when there is a total omission of structure." *Default Proof Credit Card Sys.*, 412 F.3d at 1298 (citation omitted). Furthermore, "the testimony of one of ordinary skill in the art cannot supplant the total absence of structure from the specification." *Id.* at 1302 (holding means-plus-function claim invalid; noting that patentee "cannot use the declaration of its expert to rewrite the patent's specification."). *See also Touchcom, Inc. v. Dresser, Inc.*, 427 F. Supp. 2d 730, 736 (E.D. Tex. 2005) ("It is the patentee's burden to clearly link and associate corresponding

structure with the claimed function. That one of skill in the art could create structure sufficient to perform a function is not the inquiry.") (holding that patent failed to disclose structure sufficient to perform the recited function and granting summary judgment for defendant).

**Question of Law.** Whether a claim has failed to disclose sufficient structure, and is thus indefinite, is a question of law. The Federal Circuit has specifically rejected the contention that this process involves underlying issues of fact. *See Exxon Research and Eng'g Co. v. United States*, 265 F.3d 1371, 1376 (Fed. Cir. 2001) ("Despite a multitude of recent authorities stating that indefiniteness is a question of law, Exxon contends that indefiniteness depends on underlying questions of fact. … We [] reject Exxon's argument that the issue of indefiniteness turns on an underlying factual dispute that should not have been resolved as a matter of law on summary judgment.") (internal citations omitted).

### B.   CLAIM 22 IS INVALID FOR FAILURE TO DISCLOSE ADEQUATE STRUCTURE

The parties agree that the function of "database means" is:

> "storing location data identifying the cellular telephones and their respective locations, ***and*** for providing access to said database to subscribers at remote locations"

D.I. 130, January 19, 2007 Joint Claim Construction Statement (emphasis added).

Therefore, the specification must disclose a structure that: (1) stores location data identifying the cellular telephones and their respective locations; and (2) provides access to said database to subscribers at remote locations. *See also Finisar Corp. v. The DirecTV Group, Inc.*, 416 F. Supp. 2d 512, 518 (E.D. Tex. 2006) (the "function consists of generating a hierarchically arranged set of indices, and embedding those indices in the

7

information database. Therefore the specification must disclose a structure that generates the indices and embeds them in the database.").

TruePosition argues that the structure of the "database means" is:

> The combination of the "database 20" and the "first terminal 22 coupled via a modem...and telephone line to the database 20" disclosed in Col. 9, ll. 25-27, Fig. 2 Blocks 20, 22, or equivalents of such a combination;
>
> Or
>
> The combination of the "database 20" and the "second terminal 24 in radio communication with the database 20" disclosed in Col. 9, ll. 27-29, Fig. 2, Blocks 20, 24, or equivalents of such a combination;
>
> Or
>
> The combination of the "database 20" and the "third, handheld terminal 26, which is carried by a user who also has a cellular telephone 10b, in radio communication with the database" disclosed in Column 9, ll. 29-31, Fig. 2, Blocks 20, 26, or equivalents of such a combination.

D.I. 130, January 19, 2007 Joint Claim Construction Statement

At best, TruePosition's citations to the specification only show disclosure of structure corresponding to "providing access to said database to subscribers at remote locations." TruePosition does not — because it cannot — cite to a disclosure in the specification that corresponds to "stor[ing] location data identifying the cellular telephones and their respective locations."

The recitation of a "database" as the alleged structure for a "database means" for "storing location data identifying the cellular telephones and their respective location" is insufficient. *See Default Proof Credit Card Sys.*, 412 F.3d 1291 (holding "means for dispensing" claim invalid where no structure disclosed except "dispenser"); *see also Finisar Corp.*, 416 F. Supp. 2d at 519 (finding "database editing means" claim was

8

invalid where patent-at-issue contained only "the bare repetition of the function" and "describe[d] no algorithm, formula, or series of steps performed by the computer to accomplish the function of generating indices and embedding them"); *DE Technologies, Inc. v. Dell, Inc.*, 428 F. Supp. 2d 512, 522 (W.D. Va. 2006) (means-plus-function claims indefinite where the patent did "not include sufficient structure for performing the function 'running a single transaction program which utilizes and communicates with such additional programs, databases, and systems...'").

The Federal Circuit has rejected the argument that structure does not have to be disclosed in the specification if a person of skill in the art could build or create the missing structure. *See, e.g., Default Proof Credit Card Sys.*, 412 F.3d at 1302 (noting that "the testimony of one of ordinary skill in the art cannot supplant the total absence of structure from the specification" and that patentee "cannot use the declaration of its expert to rewrite the patent's specification"; holding means-plus-function claim invalid). *See also Touchcom, Inc.*, 427 F. Supp. 2d at 736 ("It is the patentee's burden to clearly link and associate corresponding structure with the claimed function. That one of skill in the art could create structure sufficient to perform a function is not the inquiry.") (holding that patent failed to disclose structure sufficient to perform the recited function); *DE Technologies, Inc.*, 428 F. Supp. 2d at 522 (finding that "no corresponding structure is described in the specification, and such a structure cannot be provided by expert testimony or the provisional patent application alone").

V. **CONCLUSION**

For all of these reasons, claim 22 of the '144 patent is invalid as a matter of law for indefiniteness for failure to disclose in the patent specification adequate structure for

9

the "database means" of claim 22. For the reasons set forth above, Andrew respectfully requests entry of judgment as a matter of law that claim 22 of the '144 patent is invalid.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Andrew A. Lundgren
_____
Josy W. Ingersoll (No. 1088)
*jingersoll@ycst.com*
Andrew A. Lundgren (No. 4429)
*alundgren@ycst.com*
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
302-571-6600

*Attorneys for Defendant Andrew Corporation*

OF COUNSEL:

John M. Desmarais
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Michael A. Parks
Rachel Pernic Waldron
Shira J. Kapplin
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Dated: February 2, 2007

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on February 2, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>James D. Heisman, Esquire
>Connolly, Bove, Lodge & Hutz
>The Nemours Building
>1007 North Orange Street
>P.O. Box 2207
>Wilmington, DE 19899
>(302) 658-9141
>Email: jheisman@cblh.com

I further certify that on February 2, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

>**BY ELECTRONIC MAIL ON FEBRUARY 2, 2007**
>**AND FEDERAL EXPRESS ON FEBRUARY 5, 2007**
>
>Paul B. Milcetic, Esq. [pmbilcet@woodcock.com]
>David L. Marcus, Esq. [dmarcus@woodcock.com]
>Daniel J. Goettle, Esq. [dgoettle@woodcock.com]
>Woodcock Washburn LLP
>One Liberty Place, 46th Floor
>Philadelphia, PA 19103

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>_/s/ Andrew A. Lundgren_
>Andrew A. Lundgren (No. 4429)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>alundgren@ycst.com
>*Attorneys for Defendant Andrew Corporation*