provide a detailed a description of such alleged "damages," including whether Andrew is claiming that the attorneys fees, costs, and/or expenses associated with this case comprise all or any part of its alleged damages.

**Response:**

Subject to and without waiving the foregoing general objections, Andrew states that the factual basis for this allegation is that it may develop that Andrew has incurred costs in supplying and bidding to supply location equipment to Saudi Telecom Co. and in preparing and submitting 3GPP change requests concerning U-TDOA, and that Andrew has incurred costs in defending this suit, that would have been avoided but for TruePosition's fraud and other misconduct, and that Andrew faces a potential loss of profits from loss of other business opportunities as a result of TruePosition's fraud and other misconduct. The documents Andrew produces in response to TruePosition's document requests will include documents concerning these damages.

Andrew is still in the process of conducting its inquiry into the facts and circumstances at issue in the present litigation and reserves the right to continue to supplement its response to this Interrogatory as the litigation progresses.

**Interrogatory No. 15**

Explain in detail why Andrew decided to participate in the efforts to include Uplink Time Difference of Arrival (U-TDOA) as a means or method of locating mobile telephones or units in 3GPP and/or ETSI technical specifications or other deliverables, including whether Andrew's relationship with any Wireless Provider, including but not limited to AT&T Wireless and Cingular Wireless, and/or any other customer of Andrew, foreign or domestic, influenced or played any role in the decision to initially participate in such efforts, or to continue participating in such efforts, how any such relationship, individually, influenced or played a role in the decisions to initially participate or continue participating in such efforts, and state the substance of any communications between Andrew and such Wireless Provider and/or customer relating to the issue of whether Andrew should initially participate or continue participating in the efforts to include U-TDOA as a means or method of locating mobile telephones or units in 3GPP and/or ETSI technical specifications or other deliverables, including the date(s) on which such communications occurred and the Persons involved in such communications.

C71

**Response:**

Subject to and without waiving the foregoing general objections, Andrew states that Andrew's predecessor, Allen, decided to participate in efforts to include U-TDOA as a means or method of locating mobile telephones or units in 3GPP and/or ETSI technical specifications or other deliverables because Allen had deployed E911 location systems for GSM and Allen's customers desired standards for U-TDOA location. AT&T Wireless asked Allen to increase its participation in standardization work to move U-TDOA into standardization. Once Allen began participating in standards efforts, Cingular and AT&T Wireless supported its efforts. Andrew continued those efforts after acquiring Allen and had various communications about those efforts with Cingular and AT&T Wireless The documents Andrew produces in response to TruePosition's document requests will include such communications.

Dated: June 23, 2006

*/s/ Rachel P. Waldron*

**KIRKLAND & ELLIS LLP**
John D. Desmarais
Citigroup Center
153 East 53rd Street
New York, New York 10022
(212) 446-4800

**KIRKLAND & ELLIS LLP**
Michael A. Parks
Rachel P. Waldron
Sarah J. Frey
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

**DUANE MORRIS LLP**
Patrick D. McPherson
1667 K Street, N.W., Suite 700
Washington, DC 20006
(202) 776-7800

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Josy Ingersoll
1100 N. Market Street, Suite 1200
Wilmington, DE 19801
(302) 657-4900

*Attorneys for Defendant and Counter-Claim Plaintiff Andrew Corporation*

## CERTIFICATE OF SERVICE

I, Rachel Pernic Waldron, hereby certify that on this 23rd day of June, 2006, I served a true and correct copy of the foregoing **Andrew Corporation's Supplemental Responses To TruePosition's First Set Of Interrogatories** upon the following individuals in the manner indicated:

**VIA ELECTRONIC MAIL**

Paul B. Milcetic, Esq.
David L. Marcus, Esq.
Daniel J. Goettle, Esq.
Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
pbmilcet@woodcock.com
dmarcus@woodcock.com
dgoettle@woodcock.com

James D. Heisman, Esq.
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19899
(302) 658-9141
jheisman@cblh.com

**VIA FEDERAL EXPRESS**

Paul B. Milcetic, Esq.
Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103

/s/ Rachel P. Waldron
Rachel Pernic Waldron

C74

## E-Mail Request for Emergency Relief

1. Case Number:          05-cv-747-SLR

2. Check the box that applies:

    ☐ Requesting a teleconference with the parties and the court
    ☐ Requesting an in-person conference with the parties and the court
    ☐ Requesting either of the above listed options at the court's determination

3. BRIEFLY describe the reason for this **emergency** request:

    Plaintiff in this case, TruePosition, Inc., requests that the Court forego ruling on the Motions for Admission Pro Hac Vice of John Desmarais, Michael A. Parks, Rachel Pernic Waldron, and Noah Webster of Kirkland & Ellis LLP (D.I. 31), for the period of 10 days ordinarily allowed by the Local Rules for oppositions to motions.

    TruePosition and James Amend of Kirkland & Ellis are signatories to a Mediation Agreement that TruePosition believes contractually precludes Kirkland & Ellis from representing Defendant, Andrew Corporation, in this case. TruePosition therefore would like the opportunity to decide whether it will oppose the Motions for Admission Pro Hac Vice before such Motions are granted in the normal course of business.

    *Any text added beyond the limits of this space will be disregarded by the court.

4. Name of opposing counsel contacted about this request: Michael A. Parks, Esq.

5. Response of opposing counsel to this request:

    After TruePosition advised Kirkland & Ellis, and counsel of record at this time, Duane Morris LLP, that it objected to Kirkland's proposed representation, and after the exchange of correspondence regarding the issue, pro hac vice motions were filed.

6. Name of local counsel making this request: James D. Heisman, Esq.

7. Today's Date: May 2, 2006

*********************************************************************************

For court use only:

☐ A teleconference will be held on _____ to be coordinated and initiated by

☐ An in-person discovery conference will be held on:

☐ Other:

C75



## CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

James D. Heisman
Partner
Tel 658-9141
Fax 252-4209
Email jheisman@cblh.com
Reply to Wilmington Office

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

Wells Fargo Center
South Tower, Suite 3150
355 South Grand Avenue
Los Angeles CA 90071
TEL (213) 787 2500
FAX (213) 687 0498

WEB www.cblh.com

May 10, 2006

***Via hand-delivery***
Chief Judge Sue L. Robinson
District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Room 6124, Lockbox 31
Wilmington, DE 19801

RE: *TruePosition, Inc. v. Andrew Corporation*
Civil Action No. 05-747 (SLR)

Dear Judge Robinson:

Following up on TruePosition's emergency request, we write to inform the Court that TruePosition will not oppose Andrew's Motion and Order for Admission *Pro Hac Vice* of Kirkland & Ellis attorneys (D.I. 31). TruePosition is not opposing Andrew's motion so that the parties and the Court may focus on the merits of this case, rather than Andrew's recent change of trial counsel.

TruePosition may assert, and does not intend to waive, however, its right to bring an action for breach of the agreement that TruePosition has referenced in its emergency request.

We appreciate the time that the Court has afforded TruePosition to consider Andrew's motion.

Respectfully submitted,

/s/ *James D. Heisman*

James D. Heisman

cc: Josy W. Ingersoll, Esq. (via facsimile and electronic mail)
John M. Desmarais, Esq. (via facsimile and electronic mail)
Michael A. Parks, Esq. (via facsimile and electronic mail)
Patrick D. McPherson, Esq. (via facsimile and electronic mail)
463934/13846*1

**C76**

## CERTIFICATE OF SERVICE

I, James D. Heisman, hereby certify that on this 27th day of February, 2007, I caused a true and correct copy of the foregoing **APPENDIX C TO TRUEPOSITION'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON ANDREW'S COUNTERCLAIMS II-VI AND AFFIRMATIVE DEFENSES III-V PART 2 C43-C76** to be served upon the following individuals in the manner indicated below:

*Via hand-delivery*
Josy W. Ingersoll, Esq.
Young Conaway Stargatt & Taylor, LLP
100 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com

*Via e-mail*
Patrick D. McPherson, Esq.
Duane Morris LLP
1667 K Street, N.W.
Washington, DC 20006-1608
PDMcPherson@duanemorris.com

*Via e-mail*
Rachel Pernic Waldron, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
rpernicwaldron@kirkland.com

/s/ James D. Heisman
James D. Heisman (# 2746)