IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUEPOSITION, INC.,<br><br>    Plaintiff and<br>    Counterclaim-Defendant,<br><br>v.<br><br>ANDREW CORPORATION,<br><br>    Defendant and Counterclaim<br>    Plaintiff. | Civil Action No. 05-00747-SLR |

**ANDREW CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION
FOR SUMMARY JUDGMENT OF INVALIDITY OF CLAIM 22 OF THE
'144 PATENT FOR INDEFINITENESS**

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088) [*jingersoll@ycst.com*]
Andrew A. Lundgren (No. 4429) [*alundgren@ycst.com*]
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
302-571-6600
*Attorneys for Defendant Andrew Corporation*

OF COUNSEL:
John M. Desmarais
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Michael A. Parks
Rachel Pernic Waldron
Shira J. Kapplin
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Dated: February 27, 2007

**TABLE OF CONTENTS**

I.   INTRODUCTION ...........................................................................................................1

II.  ARGUMENT.................................................................................................................2

     A.   ANDREW'S MOTION IS PROCEDURALLY PROPER. ...................................................2

          1.   Andrew Acted In Good Faith and TruePosition Cannot
               Claim To Be Surprised..................................................................................3

          2.   There Is No Prejudice Caused By Allowance of Andrew's
               Motion and Allowing This Motion Will Not Upset the
               Litigation Process..........................................................................................5

          3.   TruePosition's Assertion As to Fees and Costs is Baseless.........................6

          4.   TruePosition's Other Cases Are Inapposite As Well...................................7

     B.   TRUEPOSITION'S POSITION IN THIS CASE CONFIRMS CLAIM 22 IS
          INVALID. ................................................................................................................7

III. CONCLUSION............................................................................................................10

i

# TABLE OF AUTHORITIES

**Cases**

*Am. Stock Exchange v. Mopex, Inc.*,
　215 F.R.D. 87 (S.D.N.Y. 2002) .................................................................................. 7

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*,
　239 F.3d 1343 (Fed. Cir. 2001) ................................................................................. 9

*Astrazeneca AB v. Mutual Pharm. Co., Inc.*,
　278 F. Supp. 2d 491 (E.D. Pa. 2003) ........................................................................ 7

*Atmel Corp. v. Info. Storage Devices, Inc.*,
　198 F.3d 1374 (Fed. Cir. 1999) ................................................................................. 9

*Budde v. Harley-Davidson, Inc.*,
　250 F.3d 1369 (Fed. Cir. 2001) ................................................................................. 9

*Chase Manhattan Mortg. Corp. v. Advanta Corp.*,
　2004 U.S. Dist. LEXIS 7377 (D. Del. Apr. 22, 2004) .............................................. 7

*Ciba Specialty Chems. Corp. v. Hercules, Inc.*,
　436 F. Supp. 2d 670 (D. Del. 2006) .......................................................................... 5

*Creo Prods., Inc. v. Presstek, Inc.*,
　305 F.3d 1337 (Fed. Cir. 2002) ................................................................................. 9

*DE Techs., Inc. v. Dell, Inc.*,
　428 F. Supp. 2d 512 (W.D. Va. 2006) ...................................................................... 9

*Default Proof Credit Card Sys. v. Home Depot U.S.A.*,
　412 F.3d 1291 (Fed. Cir. 2005) ................................................................................. 6

*Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*,
　469 F.3d 1005 (Fed. Cir. 2006) ................................................................................. 9

*Finch v. Hercules Inc.*,
　1995 U.S. Dist. LEXIS 19805 (D. Del. Dec. 22, 1995) ............................................ 7

*Finisar Corp. v. The DirecTV Group, Inc.*,
　416 F. Supp. 2d 512 (E.D. Tex. 2006) ..................................................................... 9

*Georgia-Pacific Corp. v. U.S. Gypson Co.*,
　1996 U.S. Dist. LEXIS 22616 (D. Del. Dec. 27, 1996) ............................................ 7

*Med. Instrumentation & Diagnostics Corp. v. Elekta AB*,
　344 F.3d 1205 (Fed. Cir. 2003) ................................................................................. 9

*Microstrategy Inc. v. Business Objects Ams.*,
    410 F. Supp. 2d 348 (D. Del. 2006) ............................................................................ 6

*Praxair, Inc. v. ATMI, Inc.*,
    445 F. Supp. 2d 460 (D. Del. 2006) ......................................................................... 2, 7

*Springs Window Fashions LP v. Novo Indus., L.P.*,
    323 F.3d 989 (Fed. Cir. 2003) .................................................................................... 5

*Stambler v. RSA Security, Inc.*,
    212 F.R.D. 470 (D. Del. 2003) .................................................................................. 7

*Touchcom, Inc. v. Dresser, Inc.*,
    427 F. Supp. 2d 730 (E.D. Tex. 2005) ....................................................................... 8

*Tracinda Corp. v. Dailmerchrysler AG*,
    2005 U.S. Dist. LEXIS 6741 (D. Del. Apr. 20, 2005) ............................................... 6

*WMS Gaming, Inc. v. Int'l Game Tech.*,
    184 F.3d 1339 (Fed. Cir. 1999) .............................................................................. 2, 8

I.   **INTRODUCTION**

As Andrew explained in its opening brief, for Claim 22 to be valid, the '144 patent specification must disclose adequate structure for performing the function of the "database means." That function includes "storing location data identifying the cellular telephones." Whether adequate structure is disclosed is an issue of law. The issue can and should be decided as part of the Court's claim construction.

TruePosition raises two arguments in response to Andrew's motion. First, TruePosition raises a procedural argument that Andrew's motion is unfair. TruePosition argues it may not have advocated a means-plus-function construction for "database means" if it knew Andrew would move for summary judgment of invalidity. That argument is specious. TruePosition acknowledged during prosecution of the '144 patent in October 1993 that the "database means" is a means-plus-function limitation, and TruePosition cannot change that position in this litigation. The question has never been whether "database means" is a means-plus-function limitation (no one could question that), but whether the '144 patent discloses adequate structure for the functions performed by the "database means." During this entire litigation, TruePosition has tried to avoid pinning itself down to a construction for the means-plus-function terms in the patent, including "database means." Indeed, TruePosition adamantly refused to provide those constructions during the fact discovery period. Thus, any alleged "delay" in Andrew advancing its position was self-inflicted by TruePosition.

Second, TruePosition's argument on the merits fares no better. TruePosition raises a fundamentally flawed argument that the references to "database" and "database software" in the specification provide sufficient structure. That argument is: (a) legally incorrect as Andrew demonstrated in its opening brief; and (b) the opposite of the legal

position TruePosition has taken throughout claim construction and summary judgment briefing in this case. Indeed, TruePosition has consistently argued that "[t]he corresponding structure of a means-plus-function element that is implemented by a computer is not just any computer processor, but rather a computer processor that is programmed to perform the corresponding algorithm disclosed in the patent specification." D.I. 135, TruePosition's Memorandum in Support of Its Motion For Partial Summary Judgment That Andrew Cannot Prove Its Claims of Validity at 12 citing *WMS Gaming, Inc. v. Int'l Game Tech.,* 184 F.3d 1339, 1349 (Fed. Cir. 1999). TruePosition concedes that the "database means" is implemented by a computer. D.I. 156, TruePosition's Brief in Opposition to Andrew's Motion for Summary Judgment of Invalidity of Claim 22 of the '144 Patent for Indefiniteness at 29-30 (hereinafter "TPI MSJ Opp."). It is undisputed that the '144 patent does not disclose any algorithm for the computer-implemented "database means." Thus, under TruePosition's own theory of the case, Andrew's summary judgment motion of invalidity should be granted.

II. **ARGUMENT**

   A. **ANDREW'S MOTION IS PROCEDURALLY PROPER.**

TruePosition argues it was surprised by Andrew's motion and requests that the Court strike the motion as procedurally improper. *See* TPI MSJ Opp. at 1-2, 5-18. TruePosition's request to strike is baseless. "In deciding an issue of preclusion, the court considers: (1) The prejudice or surprise arising from untimely evidence; (2) The ability to cure the prejudice; (3) The extent to which allowing the violation of the scheduling order would disrupt the trial process; and (4) The proponent's bad faith or willfulness in failing to comply with the court's order." *Praxair, Inc. v. ATMI, Inc.*, 445 F. Supp. 2d 460, 469-470 (D. Del. 2006) (Robinson, J.) None of these factors supports TruePosition's request.

2

1.  **Andrew Acted In Good Faith and TruePosition Cannot Claim To Be Surprised.**

The record is clear: Andrew brought this motion in good faith and TruePosition cannot claim surprise. During the entire fact discovery period in this case, TruePosition refused to provide constructions for the means-plus-function limitations in the '144 patent, choosing instead to keep Andrew in the dark. For example, at the September 25, 2006 discovery hearing (less than two months before fact discovery closed), TruePosition admitted it had not given Andrew any clue as to its proffered claim construction:

> You know, we keep talking about we didn't give them our contentions. I would like you to take a look at this. It's true, **I agree that claim construction is absent here. In other words, there is no construction of the claims.** ... [i]t does not seem to me that many of the issues are really going to be issues for claim construction at the end of the day.

*Id.* at 28:7-19 (emphasis added) (C3).

After the September 25, 2006 court hearing, TruePosition maintained its refusal to specify its proffered means-plus-function constructions. TruePosition's November 6, 2006 supplemental interrogatory answers (like all its interrogatory answers before) stated that:

> TruePosition will provide its claim construction contentions in accordance with the Court's scheduling order and after the parties have worked together to determine which claim terms are in dispute.

TruePosition's Seventh Supplemental Responses to Defendant's First Interrogatories at 70 (C6).

As stipulated between the parties (*see* D.I. 94, Joint Stipulation Extending Discovery Deadlines), Andrew nonetheless supplemented its invalidity responses on November 8, 2006 based on the information it had, which of course did not include

3

TruePosition's proffered claim constructions for the means-plus-function limitations, including database means. Andrew's November 8, 2006 supplemental response specifically stated that TruePosition had not identified structure for the means-plus-function limitations:

> Andrew notes that TruePosition still has not identified the alleged corresponding structure in the '144 Patent for any of the means-plus-function limitations in the asserted claims. Rather, TruePosition has provided only vague allegations that lack the specificity required for Andrew to respond in any detail.

Andrew Corp.'s Supplemental Responses to TruePosition's Interrogatories Nos. 3 and 7 at 7 (C10).

During the entire litigation, TruePosition was well aware Andrew was *waiting for TruePosition* to disclose its contentions as to structure, so that Andrew could respond with invalidity contentions. Yet, it was not until after the close of fact discovery that TruePosition finally revealed a proffered construction for the means-plus-function terms. At that point, the parties were steep in expert discovery. And even then, it was not entirely clear what TruePosition claimed as structure for the "database means" function of "storing location data identifying cellular telephones." For example, TruePosition's infringement expert Dr. Oded Gottesman never analyzed any such structure in rendering his infringement opinions; the only structure he discussed related to providing remote subscribers *access* to the claimed "database means," which is not the function at issue here. Expert Report of Oded Gottesman, Ph.D. at 64 (D.I. 168, Appendix B To Brief In Opposition To Andrew's Motion For Summary Judgment of Non-Infringement at B625).

In sum, the record is clear that Andrew acted in good faith, and TruePosition cannot claim unfair surprise.

4

2.  **There Is No Prejudice Caused By Allowance of Andrew's Motion and Allowing This Motion Will Not Upset the Litigation Process.**

TruePosition's argument that it is prejudiced by Andrew's motion is absurd. TruePosition argues that if it would have known of Andrew's indefiniteness contention, it could have rebutted the presumption that Claim 22 is a means-plus function-limitation. TPI MSJ Opp. at 15-16. TruePosition could not have done any such thing. During prosecution of the '144 patent, TruePosition represented to the PTO — and the public — that all limitations of Claim 22, including the "database means," are means-plus-function limitations. 10/04/93 Amendment at 10 (D.I. 171, Appendix B To Brief In Opposition To Andrew's Motion For Summary Judgment of Non-Infringement at B43) ("[C]laim 22 recites all "means-plus-function" claim elements.")

TruePosition cannot disavow that position in this litigation. Indeed, "[t]he public notice function of a patent and its prosecution history requires that a patentee be held to what he declares during the prosecution of his patent. A patentee may not state during prosecution that the claims do not cover a particular device and then change position and later sue a party who makes that same device for infringement." *Springs Window Fashions LP v. Novo Indus., L.P.*, 323 F.3d 989, 995 (Fed. Cir. 2003) (rejecting claim interpretation that contradicted prosecution history); *see also Ciba Specialty Chems. Corp. v. Hercules, Inc.*, 436 F. Supp. 2d 670 (D. Del. 2006) (finding non-infringement because prosecution history mandated a narrow claim construction).

Likewise, TruePosition's argument that it would have conducted additional discovery on Andrew's "technical employees" and experts is baseless. First, the argument conflicts with the law, because "the testimony of one of ordinary skill in the art cannot supplant the total absence of structure from the specification." *See Default Proof*

5

*Credit Card Sys. v. Home Depot U.S.A.*, 412 F.3d 1291, 1302 (Fed. Cir. 2005). Second, TruePosition did have the opportunity to question Andrew's technical employees and experts about the structure and functions of the means-plus-function limitations. Indeed, before the parties exchanged preliminary claim constructions, TruePosition questioned Andrew employee John Carlson at his deposition about the algorithm disclosed in the patent for the "means for processing" limitation and the algorithms used in Andrew's products, and even had Mr. Carlson draw the equations for the respective algorithms. Carlson Dep. 106:2-112:8, Oct. 2, 2006 (C15-21). TruePosition cannot be heard to complain it did not have a proper opportunity to examine Andrew's witnesses.

Lastly, there is no disruption to the trial process. "Database means" is a term the parties have asked the Court to construe. The issues on this motion can and should be resolved as part of the claim construction process. *See Microstrategy Inc. v. Business Objects Ams.*, 410 F. Supp. 2d 348, 360 (D. Del. 2006) ("A determination of claim indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims.") (finding claims indefinite) (internal quotations and citation omitted).

        3.        **TruePosition's Assertion As to Fees and Costs is Baseless.**

TruePosition's argument that it is entitled to fees and costs in response is wholly unfounded, which is evidenced by the fact that it proffers no evidence of fees awarded in a similar situation. Instead, its sole legal support is a corporate merger case where defendants produced 61 "highly relevant" pages of the Chief Financial Officer's handwritten notes "on the eve of the last day of trial." *See Tracinda Corp. v. Dailmerchrysler AG*, 2005 U.S. Dist. LEXIS 6741, at *8 (D. Del. Apr. 20, 2005). That is not an analogous situation to this case.

### 4. TruePosition's Other Cases Are Inapposite As Well.

TruePosition's cases concern new evidence or arguments submitted with no justification for the delay and necessitation of extensive fact discovery; such cases are inapposite to this proceeding. *See Finch v. Hercules Inc.*, 1995 U.S. Dist. LEXIS 19805, at *26-29 (D. Del. Dec. 22, 1995) (rejecting new documents "on the eve of trial" but noting exclusion is "a harsh measure to be avoided where possible," "unreasonable adherence to such deadlines, without regard to whether a party was justified for its actions, runs counter to the dominant interest in the trial process, i.e., ascertaining the truth."); *Astrazeneca AB v. Mutual Pharm. Co., Inc.*, 278 F. Supp. 2d 491, 509 (E.D. Pa. 2003) (new prior art required new discovery); *Georgia-Pacific Corp. v. U.S. Gypson Co.*, 1996 U.S. Dist. LEXIS 22616 (D. Del. Dec. 27, 1996) (new prior art rejected after discovery closed and scheduling order specified preclusion for contentions not set forth in answers to interrogatories); *Praxair*, 445 F. Supp. 2d 460, 470-71 (new prior art required additional discovery); *Stambler v. RSA Security, Inc.*, 212 F.R.D. 470, 472 (D. Del. 2003) (precluding three new fact witnesses on prior art, infringement defense, and company history); *Chase Manhattan Mortg. Corp. v. Advanta Corp.*, 2004 U.S. Dist. LEXIS 7377 (D. Del. Apr. 22, 2004) (rejecting new expert report); *Am. Stock Exchange v. Mopex, Inc.*, 215 F.R.D. 87 (S.D.N.Y. 2002) (rejecting new claims for infringement ground because fact discovery would be required).

***

For all these reasons, TruePosition's procedural objections are without merit.

### B. TRUEPOSITION'S POSITION IN THIS CASE CONFIRMS CLAIM 22 IS INVALID.

In its own summary judgment motions before this Court, TruePosition has taken the position that "[t]he corresponding structure of a means-plus-function element that is

7

implemented by a computer is not just any computer processor, but rather a computer processor that is programmed to perform the corresponding algorithm disclosed in the patent specification." D.I. 135 at 12 citing *WMS Gaming*, 184 F.3d at 1349.

The '144 patent, however, discloses no algorithm whatsoever corresponding to the "database means" function of "storing location data identifying cellular telephones." Trying to fill the gap, TruePosition submits a declaration from its expert witness, Brian Agee, who alleges without support that "database means" must refer to "dBase, Microsoft Works, or Microsoft FoxPro." Agee Decl. at 8, ¶ 29, Feb. 15, 2007 (D.I. 169, Appendix B To Brief In Opposition To Andrew's Motion For Summary Judgment Of Invalidity Of Claim 22 Of The '144 Patent For Indefiniteness at B42).

As an initial matter, Dr. Agee's declaration should not be given weight, because TruePosition "cannot use the declaration of its expert to rewrite the patent's specification." *Default Proof Credit*, 412 F.3d at 1302; *see also Touchcom, Inc. v. Dresser, Inc.*, 427 F. Supp. 2d 730, 736 (E.D. Tex. 2005) ("It is the patentee's burden to clearly link and associate corresponding structure with the claimed function. That one of skill in the art could create structure sufficient to perform a function is not the inquiry.").

Even if Dr. Agee's declaration were given weight, it would only serve to further confirm the invalidity of Claim 22. Dr. Agee's position that the structure for the "database means" can correspond to software programs such as "dBase, Microsoft Works, or Microsoft FoxPro," and that a database is "a large collection of data in a computer" (D.I. 169 at B42), confirms that "database means" is implemented by a computer, which means the '144 patent specification must disclose an algorithm for the "database means" if the patent is to remain valid. *E.g., Finisar Corp. v. The DirecTV*

8

*Group, Inc.*, 416 F. Supp. 2d 512, 518-19 (E.D. Tex. 2006) (finding "database editing means" claim was invalid where patent-at-issue contained only "the bare repetition of the function" and "describe[d] no algorithm, formula, or series of steps performed by the computer to accomplish the function of generating indices and embedding them"); *DE Techs., Inc. v. Dell, Inc.*, 428 F. Supp. 2d 512, 522 (W.D. Va. 2006) (means-plus-function claims indefinite where the patent did "not include sufficient structure for performing the function 'running a single transaction program which utilizes and communicates with such additional programs, databases, and systems...'"). It is undisputed that no algorithm for the "database means" is disclosed in the '144 patent. TruePosition's own theory in this case confirms the invalidity of Claim 22.[1]

Tellingly, TruePosition does not seek to amend its proposed construction of Claim 22 to incorporate the additional alleged "structure" noted by Dr. Agee. Instead, TruePosition wants to have it both ways: it wants Dr. Agee's phantom structure added to the claim interpretation for validity purposes but does not want to be tied to that structure for infringement purposes. That, of course, violates the well-settled rule that claims must be construed the same way for validity and infringement purposes. *E.g., Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001) ("Because the

---

[1] TruePosition's other cited cases are distinguishable. *See Creo Prods., Inc. v. Presstek, Inc.*, 305 F.3d 1337, 1347-48 (Fed. Cir. 2002) (specification explicitly referred to "standard" and "conventional" means for rotating cylinder); *Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 469 F.3d 1005, 1023 (Fed. Cir. 2006) (specification pointed to "particular cylindrical insert" describing "compression member"); *Budde v. Harley-Davidson, Inc.*, 250 F.3d 1369 (Fed. Cir. 2001) (district court neglected specification identifying structure); *Atmel Corp. v. Info. Storage Devices, Inc.*, 198 F.3d 1374, 1382 (Fed. Cir. 1999) (patent revealed title of detailed technical article identifying specific high voltage generator circuit); *see also Med. Instrumentation & Diagnostics Corp. v. Elekta AB*, 344 F.3d 1205, 1217 (Fed. Cir. 2003) (distinguishing *Atmel* on this ground).

claims of a patent measure the invention at issue, the claims must be interpreted and given the same meaning for purposes of both validity and infringement analyses. A patent may not, like a nose of wax, be twisted one way to avoid anticipation and another to find infringement.") (internal quotations and citations omitted).

### III. CONCLUSION

Andrew's opening brief demonstrated the invalidity of Claim 22 for indefiniteness. TruePosition's position in this case cements the invalidity of Claim 22. All of this is an issue of law for the Court to decide. For all of the above reasons, and the reasons set forth in Andrew's opening brief, Andrew's motion should be granted.

    Respectfully submitted,

    YOUNG CONAWAY STARGATT & TAYLOR, LLP

    /s/ *Andrew A. Lundgren*
    Josy W. Ingersoll (No. 1088) [*jingersoll@ycst.com*]
    Andrew A. Lundgren (No. 4429) [*alundgren@ycst.com*]
    The Brandywine Building
    1000 West Street, 17th Floor
    Wilmington, Delaware 19899-0391
    302-571-6600

    *Attorneys for Defendant Andrew Corporation*

OF COUNSEL:
John M. Desmarais
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Michael A. Parks
Rachel Pernic Waldron
Shira J. Kapplin
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Dated: February 27, 2007

# CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on February 27, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>James D. Heisman, Esquire
>Connolly, Bove, Lodge & Hutz
>The Nemours Building
>1007 North Orange Street
>P.O. Box 2207
>Wilmington, DE 19899
>(302) 658-9141
>Email: jheisman@cblh.com

I further certify that on February 27, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

>**BY ELECTRONIC MAIL ON FEBRUARY 27, 2007**
>**AND FEDERAL EXPRESS ON FEBRUARY 28, 2007**
>
>Paul B. Milcetic, Esq. [pmbilcet@woodcock.com]
>David L. Marcus, Esq. [dmarcus@woodcock.com]
>Daniel J. Goettle, Esq. [dgoettle@woodcock.com]
>Woodcock Washburn LLP
>One Liberty Place, 46th Floor
>Philadelphia, PA 19103

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ *Andrew A. Lundgren*
>Andrew A. Lundgren (No. 4429)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>alundgren@ycst.com
>*Attorneys for Defendant Andrew Corporation*