# Exhibit A

1

<pre>
 1                 IN THE UNITED STATES DISTRICT COURT

 2                 IN AND FOR THE DISTRICT OF DELAWARE

 3                           -  -  -

 4   TRUEPOSITION, INC.,            :      CIVIL ACTION
                                    :
 5              Plaintiff           :
                                    :
 6          vs.                     :
                                    :
 7   ANDREW CORPORATION,            :
                                    :
 8              Defendant           :      NO. 05-747 (SLR)

 9                           -  -  -

10                            Wilmington, Delaware
                              Monday, September 25, 2006
11                            4:38 o'clock, p.m.

12                           -  -  -

13   BEFORE:  HONORABLE SUE L. ROBINSON, Chief Judge

14                           -  -  -

15   APPEARANCES:

16              CONNOLLY, BOVE, LODGE & HUTZ LLP
                BY:  JAMES D. HEISMAN, ESQ.
17

18                      -and-

19

20              WOODCOCK WASHBURN LLP
                BY:  PAUL B. MILCETIC, ESQ.
21                   (Philadelphia, Pennsylvania)

22                 Counsel for Plaintiff

23

24                            Valerie J. Gunning
                              Official Court Reporter
25
</pre>

C 1

27

1    curious as to how, even if I said it is due tomorrow, what

2    follow-up you could pursue anyway.

3            So the question is:  Which are you more

4    interested in?  Well, theoretically, a more helpful

5    supplementation, since you can't really technically pursue

6    discovery anyway, or whether we should be pushing this

7    forward.  I don't know.

8            MR. DESMARAIS:  I think the real concern here,

9    your Honor, at least from my point of view, is our

10   contentions might depend on their contentions.  If they give

11   us their infringement contentions on the last day of

12   discovery, we can't update our infringement contentions until

13   after the last -- you know, we have noninfringement

14   contentions.  We have validity contentions.  And if we get

15   theirs on the last day, ours can't be tailored to how they're

16   interpreting their own claims.

17           So, you know, what I think we need is if -- I

18   don't really care if they wait until October 25th, but then

19   I've got to be able to respond to those allegations in

20   supplemental interrogatory responses that we would like to

21   serve that play off of what they say the allegations are.  So

22   if they wait until the end, we just need a little relief in

23   our response to that.

24           THE COURT:  In my summary of the schedule in this

25   case, I do not really have when expert discovery, when expert

**C 2**

28

1  reports are due.

2           When are they due?

3           MR. MILCETIC:   It's November 8th.   November 8th

4  they are due.

5           And this is Paul Milcetic again on behalf of True

6  Position.

7           You know, we keep talking about we didn't give

8  them our contentions.   I would like you to take a look at

9  this.

10           It's true, I agree that claim construction is

11  absent here.   In other words, there is no construction of the

12  claims.   I understand in your scheduling order that on

13  November 1st, we're supposed to exchange a list of terms

14  and then subsequently we're supposed to provide our

15  construction.   And, frankly, you know, based on my sense

16  of the issues that Andrew has raised thus far in this case,

17  it does not seem to me that many of the issues are really

18  going to be issues for claim construction at the end of

19  the day.   In other words, even under Eric Andrews'

20  narrow construction of the claims, there's going to be

21  infringement here, so it really does not matter.   But we

22  will get to that.

23           THE COURT:   All right.   Well, this is what we're

24  going to do.

25           Number one, with respect to the one document

**C 3**

29

1    versus the box of documents, that is a hard call in terms

2    of whether it is fair or not, but it seems to me that

3    without agreement by the parties, that the protocol kind

4    of, or the practice established by plaintiff's experience

5    is going to be what everyone proceeds on:  That I'm going

6    to require the destruction of the one inadvertently

7    produced document.

8                With respect to the contention interrogatories,

9    I'm going to give the plaintiff until October 18 to

10   supplement their infringement contentions.  If they choose to

11   on the physical components, I am certainly -- I am just not

12   going to get into whether it's sufficient now.  If they

13   choose to do it, they can.  If they don't, they don't, but

14   certainly the software limitations need to be supplemented

15   based on access to the source code.

16                That means that defendant needs to supplement

17   its infringement and validity, noninfringement and validity

18   contentions on or before November -- well, actually, on

19   or before October 25, so that everyone has everything in

20   hand before the claim construction is due on November 1.

21   All right?

22                All right.  Are there any other issues aside from

23   the prospect of another meeting if there are any outstanding

24   issues?

25                MR. MILCETIC:  I just wanted a point of

# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TruePosition, Inc., | ) | |
| | ) | |
| **Plaintiff/** | ) | |
| **Counterclaim-Defendant,** | ) | |
| | ) | **Civil Action No. 05-747-SLR** |
| v. | ) | |
| | ) | |
| Andrew Corporation, | ) | **CONFIDENTIAL** |
| | ) | |
| **Defendant/** | ) | |
| **Counterclaim-Plaintiff.** | ) | |

## PLAINTIFF'S SEVENTH SUPPLEMENTAL RESPONSES
## TO DEFENDANTS FIRST INTERROGATORIES

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Plaintiff, TruePosition, Inc. ("TruePosition"), hereby further responds to Defendant, Andrew Corporation's ("Andrew's") Interrogatory No. 6 of Andrew's First Interrogatories.

TruePosition continues to reserve all objections to the competency, relevancy, materiality, or admissibility at trial of any response to the propounded interrogatories, or to any document produced in response thereto, and reserves the right to amend, modify, or supplement its responses or objections herein, or to move for a protective order.

**C 5**

Andrew also supplied from the U.S. components of the patented invention that were "especially made or especially adapted for use in the invention" and were "not suitable for substantial non-infringing use" as required by 35 U.S.C. §271(f)(2). Specifically, Andrew supplied components of the systems and methods described in the foregoing infringement charts that were specifically adapted for use in those systems and methods and that were not suitable for use in other systems or methods.

TruePosition will provide its claim construction contentions in accordance with the Court's scheduling order and after the parties have worked together to determine which claim terms are in dispute.

As discovery is ongoing, TruePosition reserves the right to supplement, amplify or amend this interrogatory response either in a future interrogatory response or in its expert report.

**INTERROGATORY NO. 7:**

State the basis for the allegation in paragraph 24 of the Complaint that "Andrew's infringement has been willful and deliberate."

**RESPONSE TO INTERROGATORY NO. 7:**

TruePosition objects to this interrogatory as premature and untimely to the extent that it demands trial contentions at this stage in discovery. TruePosition's analysis is continuing.

Subject to the foregoing general and specific objections, and without waiving those objections, TruePosition responds as follows:

Joseph Kennedy, a high level Andrew employee in Andrew's Network Solutions Division, has known about the 144 Patent since soon after it issued in 1994 (*see* Andrew's Responses to TruePosition's Interrogatory 4).

**C 6**

Interrogatory No. 16 (Marking of TruePosition's Geolocation System) – Rob Anderson,

Chief Technology Officer at TruePosition, has knowledge of marking of TruePosition's

Geolocation System.

Interrogatory No. 17 (Prior Art) - Michael Stein, Esq. has knowledge of the prior art

searches described in TruePosition's response to Interrogatory No. 17.

TruePosition's interrogatory responses are based upon information obtained from at least

the following individuals at TruePosition: Joseph Sheehan, Rob Anderson and Bob Gross.


DATED: November 6, 2006          By:      /s/ Daniel J. Goettle
                                         Dale M. Heist
                                         Paul B. Milcetic
                                         David L. Marcus
                                         Kathleen A. Milsark
                                         Daniel J. Goettle
                                         One Liberty Place, 46th Floor
                                         Philadelphia, PA 19103
                                         Telephone:     (215) 568-3100
                                         Facsimile:     (215) 568-3439

                                         James D. Heisman, Esq.
                                         CONNOLLY BOVE LODGE & HUTZ LLP
                                         1007 N. Orange Street
                                         P.O. Box 2207
                                         Wilmington, DE 19899
                                         Telephone: (302) 658-9141
                                         Facsimile: (212) 558-3588

C 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TruePosition, Inc., | ) |
| | ) |
| **Plaintiff/** | ) |
| **Counterclaim-Defendant,** | ) |
| | )    Civil Action No. 05-747-SLR |
| v. | ) |
| | ) |
| Andrew Corporation, | ) |
| | ) |
| **Defendant/** | ) |
| **Counterclaim-Plaintiff.** | ) |
| _____ | ) |

### CERTIFICATE OF SERVICE

I, Daniel J. Goettle, hereby certify that on this 6th day of November, 2006, I served the foregoing TruePosition's Seventh Supplemental Responses to Defendant's First Interrogatories on counsel for defendant Andrew Corporation as follows:

***Via Electronic Mail, Return Receipt Requested***

Rachel Pernic-Waldron
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
rpernicwaldron@kirkland.com

Patrick D. McPherson, Esq.
Duane Morris LLP
1667 K Street, N.W.
Washington, DC 20006-1608
PDMcPherson@duanemorris.com

Josy W. Ingersoll, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com

_/s/ Daniel J. Goettle_____
Daniel J. Goettle

**C 8**

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TRUEPOSITION, INC.,                          )
                                             )
    PLAINTIFF/                           )
    COUNTERCLAIM- DEFENDANT,             )
                                             )
                                             )
v.                                           )     CIVIL ACTION NO. O5-OO747-SLR
                                             )
ANDREW CORPORATION,                          )
                                             )
    DEFENDANT/                           )
    COUNTERCLAIM-PLAINTIFF.              )

ANDREW CORPORATION'S SUPPLEMENTAL RESPONSES TO
TRUEPOSITION'S INTERROGATORY NOS. 3 AND 7

Pursuant to Rules 26(e) and 33 of the Federal Rules of Civil Procedure, Andrew

Corporation hereby supplements its responses to TruePosition's Interrogatory Nos. 3 and 7.

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Andrew expressly reserves the

right to supplement these responses further.

**Interrogatory No. 3**

State the factual basis for the allegation in paragraph 8 of the Counterclaims section of
Andrew's Answer that "Andrew has not infringed the '144 Patent, and Andrew's supply of
services and/or equipment has not infringed and will not infringe the '144 Patent."

**Response:**

Subject to and without waiving its General Objections, Andrew responds as follows:

TruePosition accuses Andrew of infringing only claims 1, 2, 22, 31 and 32 of the '144

Patent. *See* Plaintiff's Seventh Supplemental Responses to Defendants' First Interrogatories.

C 9

voice/traffic channel and have no control over the type of signal that is received and used in locating the phone, Andrew's accused products will have a substantial non-infringing use regardless of how TruePosition tries to interpret the '144 Patent claims. Thus, Andrew cannot contributorily infringe the '144 Patent as a matter of law.

Likewise, there can be no inducement of infringement because Andrew has not induced anyone to infringe the '144 Patent, nor has Andrew had any specific intent to encourage anyone to infringe the '144 Patent. Each claim of the '144 Patent requires cellular phones to be located on the cellular system's reverse control channel. As explained above, Andrew's accused products will locate cellular phones on the cellular system's voice/traffic channel and have no control over the type of signal that is received and used in locating the phone. Nor does Andrew instruct or encourage anyone to use any specific type of channel to locate cellular phones.

B.    Andrew's accused products also lack many other limitations of the '144 Patent claims, including without limitation, the "means for processing said frames of data," "means for determining" and "reverse control channels" required by claims 1-21, the "locating means for automatically determining," the "database means" and "reverse control channels" required by claims 22-30, and the "processing said signals at each cell site to produce frames of data," "determining" and "reverse control channels" required by claims 31-45. Andrew notes that TruePosition still has not identified the alleged corresponding structure in the '144 Patent for any of the means-plus-function limitations in the asserted claims. Rather, TruePosition has provided only vague allegations that lack the specificity required for Andrew to respond in any detail.

*    *    *

Andrew reserves the right to supplement, modify and/or amend its answer to this interrogatory.

Dated: November 8, 2006

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

_Andrew A. Lundgren_

Josy W. Ingersoll (No. 1088)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
_alundgren@ycst.com_

**KIRKLAND & ELLIS LLP**
John D. Desmarais
Citigroup Center
153 East 53rd Street
New York, New York 10022
(212) 446-4800

**KIRKLAND & ELLIS LLP**
Michael A. Parks
Rachel P. Waldron
Shira J. Kapplin
Sarah J. Frey
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

**DUANE MORRIS LLP**
Patrick D. McPherson
1667 K Street, N.W., Suite 700
Washington, DC 20006
(202) 776-7800

_Attorneys for Defendant and Counter-Claim Plaintiff
Andrew Corporation_

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, hereby certify that on November 8, 2006, copies of the foregoing document were served on the following counsel of record in the manner indicated:

**BY HAND DELIVERY**

James D. Heisman, Esquire
The Nemours Building
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, DE 19801

**BY E-MAIL**

David L. Marcus, Esquire
Paul B. Milcetic, Esquire
Daniel J. Goettle, Esquire
Woodcock Washburn
One Liberty Place, 46th Floor
Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
alundgren@ycst.com
*Attorneys for Defendant Andrew Corporation*

**C 12**

# Exhibit D

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

--------------------------------x

TRUEPOSITION, INC.,                    )

                    Plaintiff,  )

        v.                             )   Civil Action

ANDREW CORPORATION,                    )   No. 05-747

                    Defendant.  )

--------------------------------x


Videotaped Deposition of

JOHN P. CARLSON

Washington, D.C.

Monday, October 2, 2006

9:04 a.m.


Job No.:  22-87717

Pages 1 - 228

Reported By:  Joan V. Cain

Virginia CCR No. 0315117

a88a2f42-78f3-4971-9342-c022f6340955

Page 105

1                           JOHN. P. CARLSON

13:12:18    2    the code at all?

13:12:23    3         A    I'm not sure.

13:12:25    4         Q    Is -- is there a mathematical equation that

13:12:27    5    expresses the ambiguity functions?

13:12:29    6         A    Probably.

13:12:30    7         Q    Do you know it?

13:12:40    8         A    Yes, I think so.

13:12:45    9         Q    Would you mind if we go through another

13:12:48    10   exercise with writing?  This would be Exhibit 114,

13:12:51    11   and I'd ask you to write the equation down for me.

13:12:55    12   Okay?

13:12:56    13           MR. PARKS:  And, again, just so the

13:12:58    14   record's clear that Mr. Carlson is a fact witness.

13:13:01    15   He's not here to give expert testimony or opinion

13:13:03    16   testimony.

13:13:03    17           MR. MILCETIC:  We are not treating

13:13:04    18   Mr. Carlson as an expert witness.  Just trying to

13:13:07    19   find out what he knows about the Geometrix system,

13:13:10    20   that's all.

13:13:11    21           MR. PARKS:  So, you want him to draw the

13:13:13    22   equation for the ambiguity function as relates to

13:13:16    23   the Geometrix system; is that right?

13:13:19    24           MR. MILCETIC:  Yes.  Yes.

13:13:22    25   BY MR. MILCETIC:

Page 106

1          JOHN. P. CARLSON

13:13:22    2      Q    All right.   The court reporter is going to

13:13:24    3   hand you a blank piece of paper which she's going to

13:13:27    4   mark as -- or I'm going to hand you a blank piece of

13:13:30    5   paper, which she is going to mark as Exhibit P-114.

13:13:36    6          (Plaintiff's Deposition Exhibit 114

7   was marked for identification and was attached to

13:13:37    8   the deposition transcript.)

13:13:48    9   BY MR. MILCETIC:

13:13:50   10      Q    Do you have the blank piece of paper in

13:13:54   11   front of you?

13:13:54   12      A    Yes, I do.

13:13:55   13      Q    To the best of your knowledge, would you

13:13:57   14   write out the equation that represents the ambiguity

13:14:00   15   function?

13:14:52   16      A    I'm sorry.   I believe that's right.

13:14:55   17      Q    You just drew or wrote some equation on the

13:15:03   18   blank piece of paper that's been marked as

13:15:06   19   Exhibit 114, right?

13:15:09   20      A    Yes.

13:15:10   21      Q    To most people, that would look like Greek,

13:15:17   22   but you presumably have some understanding of what

13:15:19   23   you just wrote, right?

13:15:21   24      A    Yes.

13:15:21   25      Q    Can we go through from the left side to the

a88a2f42-78f3-4971-9342-c022f6340955

a88a2f42-78f3-4971-9342-c022f6340955

# Exhibit E

Highly Confidential
Michael   Hoppman    November 15, 2006

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE


TRUEPOSITION, INC.,

    Plaintiff,



                           Civil Action
v.                       No. 05-747



ANDREW CORPORATION,
    Defendant.




      Videotaped 30(b)(6)Deposition of
           MICHAEL HOPPMAN
        Philadelphia, Pennsylvania
     WEDNESDAY, NOVEMBER 15, 2006
           9:17 a.m.




    CONFIDENTIAL - ATTORNEYS' EYES ONLY





Job No: 25500138
Pages 1-119
Reported By:  Christine M. Baird, CRR

Legalink Chicago Merrill Legal Solutions
Tel: (312) 263-3524     Fax: (312) 263-3544

C 23

c8eb5888-75e2-4a3c-8088-1046092a3d2c

Highly Confidential
Michael  Hoppman    November 15, 2006

c8eb5888-75e2-4a3c-8088-1046092a3d2c

Highly Confidential
Michael  Hoppman   November 15, 2006

c8eb5888-75e2-4a3c-8088-1046092a3d2c

Highly Confidential
Michael  Hoppman    November 15, 2006

Highly Confidential
Michael   Hoppman    November 15, 2006

Highly Confidential
Michael    Hoppman    November 15, 2006

# Exhibit F

Oded Gottesman, Ph.D.    January 11, 2007

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

- - -

```
TRUEPOSITION, INC.,           )
   Plaintiff/Counterclaim     )
   Defendant,                 )
                              )
      vs.                     ) C.A. No. 05-00747-SLR
                              )
ANDREW CORPORATION,           )
   Defendant/                 )
   Counterclaim Plaintiff.)
_____)
```

VIDEOTAPED DEPOSITION OF ODED GOTTESMAN, Ph.D.

VOLUME I

Philadelphia, Pennsylvania

Thursday, January 11, 2007

8:52 a.m.

Job No.:  25500247

Pages:  1 - 284

Reported By:  Debra A. Whitehead

6f3bb311-a516-49bb-9616-a0f382ebac82

Oded Gottesman, Ph.D.     January 11, 2007

6f3bb311-a516-49bb-9616-a0f382ebac82

Oded Gottesman, Ph.D.    January 11, 2007

6f3bb311-a516-49bb-9616-a0f382ebac82

Oded Gottesman, Ph.D.     January 11, 2007

6f3bb311-a516-49bb-9616-a0f382ebac82

# Exhibit G



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| | | | |

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED:

## EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) M. Stein    (Attny)          (3) G. Owing    (PTO)

(2) L. Stilp    (Applicant)      (4)

Date of Interview    10-4-93

Type:  ☑ Telephonic   ☐ Personal (copy is given to ☐ applicant · ☐ applicant's representative).

Exhibit shown or demonstration conducted:  ☐ Yes  ☐ No.  If yes, brief description:

Agreement  ☐ was reached with respect to some or all of the claims in question.  ☑ was not reached.

Claims discussed:    1

Identification of prior art discussed:   Sagey    and    Song

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:  Discussed
additional hardware required by special spread spectrum processor
used in Sagey and the different use of the control signal of
Song, forward as opposed to reverse channel control.

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable is attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

Unless the paragraphs below have been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1—7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☐ It is not necessary for applicant to provide a separate record of the substance of the interview.

☐ Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.

Gregory La Owing
Examiner's Signature

PTOL-413 (REV. 1-84)

ORIGINAL FOR INSERTION IN RIGHT HAND FLAP OF FILE WRAPPER

C 33

# Exhibit H

CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| TRUEPOSITION, INC., ) | |
| ) | |
| Plaintiff and Counterclaim Defendant, ) | |
| ) | |
| v. ) | Case No. 05-0747-SLR |
| ) | |
| ANDREW CORP., ) | *Confidential* |
| ) | *Subject to Protective Order* |
| Defendant and Counterclaim Plaintiff. ) | |
| ) | |
| ) | |

## EXPERT REPORT OF CARLA S. MULHERN

## DECEMBER 1, 2006

C 34

CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER

**C 36**

# Exhibit I

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
—————————————————————————

TRUEPOSITION, INC.,

        Plaintiff/Counterclaim-Defendant

    vs.                    CA No. 05-00747-SLR

ANDREW CORPORATION,

        Defendant/Counterclaim-Plaintiff
—————————————————————————

        VIDEOTAPED DEPOSITION OF DR. DAVID GOODMAN

            New York, New York

          Monday, January 15, 2007

Reported by:
Adrienne M. Mignano
JOB NO. 190791



793958b0-9d46-4d36-bbfc-5c2a24482dd7

Page 64

Goodman

1

2      A.    Yes.

3      Q.    Do you interpret the phrase

4  subscribers possessing mobile cellular

5  telephones in the claims in the same way that

6  Andrew interprets it?

7      A.    Am I allowed to ask for help to

8  find it in the patent?

9      Q.    Claim 22 would be an excellent

10 place to look.

11     A.    Thank you very much.

12     Q.    In particular --

13     A.    The plurality --

14     Q.    The preamble, I think has that

15 exact phrase.

16     A.    Yes.

17           Is there a question?

18     Q.    The question is whether you

19 interpret the phrase subscribers possess

20 mobile cellular telephones in claim 22 the

21 same way Andrew has proposed to construe that

22 claimed phrase?

23     A.    Yes.

24     Q.    This is the last one I'm going to

25 ask you --

793958b0-9d46-4d36-bbfc-5c2a24482dd7

1                        Goodman

2        A.    Would you like me to write it?

3        Q.    Yes, whatever you think is

4   accurate; you can certainly use shorthand.

5        A.    Okay.

6        Q.    Have you written something on

7   Exhibit 465?

8        A.    I have.

9        Q.    Do you mind telling me what it

10  says?

11       A.    It says "Claim 22" and it says,

12  "subscribers possessing ... equals" and then

13  it says "see Exhibit 301."

14       Q.    I'm going to give you a break on

15  the last one, so we're finished with going

16  through Exhibit 301.

17            MS. WALDRON:  If you're finished

18       with that line of questioning, earlier

19       off the record before Dr. Goodman's

20       dep began, I told you we would be

21       submitting new corrections and we

22       agreed that Andrew and TruePosition

23       would talk.

24            MR. MILCETIC:  We're still going

25       to be talking.  I can't make any

Page 66

1                           Goodman

2          representation that TruePosition is

3          going to change any of its

4          constructions, because I think we are

5          done with our constructions, it's

6          unlikely that we'll change them.

7               What I wanted to find out from

8          Dr. Goodman what the claims meant

9          because he has written reports in this

10         case.

11              MS. WALDRON:  I wanted to make

12         that clear since we made it clear that

13         Andrew would be submitting new ones to

14         TruePosition.

15    BY MR. MILCETIC:

16         Q.    Dr. Goodman, can you turn now to

17    your invalidity report, which I believe we

18    have already marked as Exhibit 300.

19         A.    I have it.

20         Q.    Are you the author of this report?

21         A.    Yes.

22         Q.    When did you start preparing it?

23         A.    I believe it was early November.

24         Q.    Where were you when you prepared

25    the report?

793958b0-9d46-4d36-bbfc-5c2a24482dd7

1              Goodman

2       A.    At -- I don't mean to be pedantic,

3  when you said prepared, do you mean started

4  typing the words or started thinking about

5  them?

6       Q.    Actually writing the words in the

7  report.

8       A.    I was in New York, in my apartment

9  in New York.

10      Q.    Did you get any assistance in

11  preparing the report?

12            MS. WALDRON:   Objection.   Vague.

13      A.    Yes.

14      Q.    From who?

15      A.    From the lawyers at Kirkland &

16  Ellis.

17      Q.    What type of assistance did they

18  provide?

19      A.    I asked them to supply text for

20  legal standards, opinions and bases of these

21  opinions, and I suppose it was Ms. Waldron,

22  but somehow that arrived in some form, I

23  guess in an e-mail.   I don't remember

24  exactly.   They also helped me by transcribing

25  the narrative, or at least drafting this