IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUEPOSITION, INC.,<br><br>      **Plaintiff and**<br>      **Counterclaim-Defendant,**<br><br>   v.<br><br>ANDREW CORPORATION,<br><br>      **Defendant and**<br>      **Counterclaim Plaintiff.** | Civil Action No. 05-00747-SLR |

**ANDREW CORPORATION'S OPENING BRIEF
IN SUPPORT OF ITS *DAUBERT* MOTION FOR A RULING
LIMITING THE TESTIMONY OF DR. BRIAN AGEE**

                       YOUNG CONAWAY STARGATT & TAYLOR, LLP

                       Josy W. Ingersoll (No. 1088) [*jingersoll@ycst.com*]
                       Andrew A. Lundgren (No. 4429) [*alundgren@ycst.com*]
                       The Brandywine Building
                       1000 West Street, 17th Floor
                       P.O. Box 391
                       Wilmington, Delaware 19899-0391
                       302-571-6600

OF COUNSEL:           *Attorneys for Defendant Andrew Corporation*

John M. Desmarais
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Michael A. Parks
Rachel Pernic Waldron
Shira J. Kapplin
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Dated: May 17, 2007

**TABLE OF CONTENTS**

I. NATURE AND STAGE OF THE PROCEEDINGS ................................................................. 1

II. SUMMARY OF ARGUMENT. ........................................................................................... 1

III. STATEMENT OF FACTS. .................................................................................................. 2

IV. ARGUMENT. ....................................................................................................................... 3

    A. APPLICABLE LEGAL STANDARD. ........................................................................... 3

    B. DR AGEE'S "PERTINENCE" OPINIONS AND TESTIMONY DO NOT FIT
       THIS CASE AND WOULD CONFUSE THE JURY. ........................................................ 5

       1. "Pertinence" Comparisons and Materiality Have No
          Bearing on an Anticipation Analysis. ....................................................... 5

       2. Dr. Agee's Pertinence Opinion Is Part and Parcel of an
          Incorrect Statement of Law and Would Also Confuse the
          Jury. ........................................................................................................... 7

       3. Dr. Agee's "Pertinence" Opinion Is So Inapposite and
          Flawed That It Cannot Be Cured By Cross-Examination. ........................ 8

V. CONCLUSION .................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*A.B. Dick Co. v. Burroughs Corp.*,
    798 F.2d 1392 (Fed.Cir.1986) .............................................................................. 6

*Advanced Medical Optics, Inc. v. Alcon, Inc.*
    2005 WL 782809, C.A. No. 03-1095-KAJ (D. Del. Apr. 7, 2005) ....................... 3

*Agfa Corp. v. Creo Prods. Inc.*,
    451 F.3d 1366 (Fed. Cir. 2006) ............................................................................ 7

*Allen v. Int'l. Bus. Mach. Corp.*,
    1997 WL 34501372, C.A. No. 94-264-JJF (D. Del. Dec. 18, 1997) ................ 5, 7

*Celeritas Techs., Ltd. v. Rockwell Int'l. Corp.*,
    150 F.3d 1354 (Fed. Cir. 1998) ............................................................................ 7

*Daubert v. Merrell Dow Pharms., Inc.*,
    509 U.S. 579, 597 (1993) ................................................................................. 3, 4

*Digital Control, Inc. v. Charles Mach. Works*,
    437 F.3d 1309 (Fed. Cir. 2006) ............................................................................ 6

*Elcock v. Kmart Corp.*,
    233 F.3d 734  (3d Cir. 2000) ................................................................................ 3

*Hebert v. Lisle Corp.*,
    99 F.3d 1109 (Fed. Cir. 1996) ......................................................................... 4, 8

*Heller v. Shaw Indus., Inc.*,
    167 F.3d 146 (3d Cir. 1999) ................................................................................. 4

*In re Paoli R.R. Yard PCB Litigation*,
    35 F.3d 717 (3d Cir. 1994) ................................................................................... 5

*In re Schreiber*,
    128 F.3d 1473 (Fed. Cir. 1997) ............................................................................ 5

*Izume Prods. Co. v. Koninklijke Philips Elec. N.V.*,
    315 F. Supp.2d 589 (D. Del. 2004) .................................................................. 3, 4

*M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc.*,
    439 F.3d 1335 (Fed. Cir. 2006) ............................................................................ 6

*Micro Chem., Inc. v. Lextron, Inc.*,
    317 F.3d 1387 (Fed. Cir. 2003) ............................................................................ 3

*N. Am. Philips Corp. v. Aetna Cas. & Sur. Co.*,
    1995 WL 628447, C.A. No. 88C-JA-155 (Del. Super. Ct. Apr. 22, 1995)............ 9

*PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*,
    225 F.3d 1315 (Fed. Cir. 2000) ............................................................................. 7

*Pharmastem Therapeutics, Inc. v. Viacell Inc.*,
    2004 WL 2127192, C.A. No. 02-148-GMS (D. Del. Sept. 15, 2004) ................... 4

*Pioneer Hi-Bred Int'l., Inc. v. Ottawa Plant Food, Inc.*,
    219 F.R.D. 135 (N.D. Iowa 2003) .................................................................... 4, 8

*Sparton Corp. v. U.S.*,
    2007 WL 1180472, No. 92-580C  (Fed. Cl. Apr. 18, 2007) ................................. 8

*U.S. v. Mitchell*,
    365 F.3d 215 (3d Cir. 2004) ................................................................................. 8

*United States v. Ford*,
    481 F.3d 215 (3d Cir. 2007) ................................................................................. 5

*Vanzant v. R.L. Prods., Inc.*,
    915 F.2d 1583 (Table) (Fed. Cir. 1990) .............................................................. 6

**Rules**

Fed. R. Evid. 403 ................................................................................................... 5, 7

Fed. R. Evid. 702 ................................................................................................3, 5, 7

I.     **NATURE AND STAGE OF THE PROCEEDINGS.**

TruePosition filed its Complaint on October 25, 2005, accusing Andrew of infringing the '144 patent. D.I. 1. Andrew filed its Answer, Affirmative Defenses and Counterclaims on December 15, 2005. D.I. 13. Andrew has counterclaimed for noninfringement and invalidity, and unfair competition, fraud and estoppel. Amended complaints and thus, amended answers and counterclaims, were filed. Fact discovery closed November 17, 2006. D.I. 94. Expert discovery closed January 24, 2007. *Id*. Summary judgment and *Markman* briefing commenced on February 2, 2007; a hearing on claim construction and summary judgment motions was held on April 10, 2007. Trial is set to begin September 4, 2007.

II.    **SUMMARY OF ARGUMENT.**

1. Dr. Agee's "opinions relating to Kono being no more pertinent than the prior art considered during examination of the '144 patent" are inadmissible under Daubert because:

   a. "pertinence" opinions and testimony do not fit this case and would confuse the jury;

   b. "pertinence" comparisons and materiality have no bearing on an anticipation analysis; and

   c. the "pertinence" opinion is part and parcel of an incorrect statement of law.

2. Dr. Agee's "pertinence" opinion is so inapposite and flawed that it cannot be cured by cross-examination.

1

### III. STATEMENT OF FACTS.

An issue in this litigation is whether the Kono reference anticipates the asserted '144 patent claims. TruePosition has retained Dr. Brian Agee to rebut Andrew's invalidity case, and Dr. Agee has submitted three reports.[1] In each report, he indicates that he intends to tell the jury that Kono does not anticipate the '144 patent claims because Kono is no more "pertinent" than the prior art that was considered during prosecution of the '144 patent.[2]

Specifically, Dr. Agee's report contains a section titled "Opinions Relating to Kono Being No More Pertinent than the Prior Art Considered During Examination of the '144 Patent." Ex. A, Dec. 22, 2006 Agee Expert at 23. Dr. Agee opines that:

> In my expert opinion, the prior art considered during examination of the '144 patent teaches the same material disclosed in Kono, in much greater detail in Kono, and is therefore just as pertinent to the '144 patent as Kono, if not more pertinent.
>
> *Id.*

Dr. Agee then explains that he has "considered whether the prior art teaches the following elements of Kono," and lists four general aspects of Kono. *Id.* Dr. Agee further provides a table cross-referencing the prior art with the four allegedly "key elements of the system taught by Kono." *Id.*

---

[1] As explained in Andrew's Opposition to TruePositions's Motion For Partial Summary Judgment That Andrew Cannot Prove Its Claims of Invalidity, Dr. Agee has submitted three versions of his invalidity rebuttal report to Andrew. *See* Andrew's Opp. Br. at 9-10; App. E to Andrew's Opp. Br. at B68, B71-71, B75, and B77-78. However, Andrew will cite only to the December 22, 2006 report in this Motion, because of all the reports present the same *Daubert* issues raised in this brief.

[2] The PTO did not consider Kono during prosecution of the '144 patent.

IV.     **ARGUMENT.**

   A.    **APPLICABLE LEGAL STANDARD.**

The Supreme Court "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 597 (1993). The trial judge must perform a gatekeeping function for "all cases of proffered expert testimony" and decide if "it is properly grounded, well-reasoned, and not speculative before it can be admitted." FED. R. EVID. 702 advisory committee notes, 2000 amendment. The Third Circuit[3] reads Rule 702 to have "three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability, and fit." *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000).

**Qualification Restriction.** The qualification restriction requires that an expert have "specialized knowledge or training sufficient to qualify him to opine on an issue within his field of expertise, and the expert's opinion must be confined to that field." *Advanced Medical Optics, Inc. v. Alcon, Inc.* 2005 WL 782809, C.A. No. 03-1095-KAJ, at *2 (D. Del. Apr. 7, 2005). An expert can be precluded from testifying "outside his area of expertise." *Id.* at *9 (limiting scope of testimony).

**Reliability Restriction.** Expert testimony also must be supported by "appropriate validation - i.e., 'good grounds,' based on what is known." *Izume Prods. Co. v. Koninklijke Philips Elec. N.V.,* 315 F. Supp.2d 589, 600 (D. Del. 2004) (excluding expert testimony), *quoting Daubert*, 509 U.S. at 589. Indeed, even when an expert is otherwise

---

[3]   *See Micro Chem., Inc. v. Lextron, Inc.,* 317 F.3d 1387, 1391 (Fed. Cir. 2003) ("the law of the regional circuit" applies when deciding "whether to admit expert testimony" in patent cases).

credentialed, a plaintiff cannot "couch its presentation of [] evidence in the form of an expert opinion" unless the opinion is based upon methods or procedures of science in general -- including analyzing allegedly infringing products. *Pharmastem Therapeutics, Inc. v. Viacell Inc.* 2004 WL 2127192, C.A. No. 02-148-GMS, at *10-11 (D. Del. Sept. 15, 2004) (ordering new trial; excluding infringement expert testimony where expert used "a legally improper methodology that was unreliable as a matter of law under *Daubert*").

And "incorrect statements of law are no more admissible through 'experts' than are falsifiable scientific theories." *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1117 (Fed. Cir. 1996). The Federal Circuit has specifically "encourage[d] exercise of the trial court's gatekeeper authority when parties proffer, through purported experts, not only unproven science but markedly incorrect law." *Id.* (internal citation to *Daubert* omitted). *See also Pioneer Hi-Bred Int'l., Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 140 (N.D. Iowa 2003) (finding expert's reasoning "either is invalid or cannot properly be applied to the facts in issue" because his "opinion is based on an erroneous legal premise").

Furthermore, the court must "examine the expert's conclusions in order to determine whether they could reliably follow from the facts known to the expert and the methodology used." *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 153 (3d Cir. 1999) (affirming decision to exclude testimony regarding cause of illness).

**Fit Restriction.** Finally, the 'fit requirement' ensures that expert testimony is relevant. "[E]xpert testimony must fit the issues in the case…be relevant for the purposes of the case and assist the trier of fact." *Izume Prods.*, 315 F. Supp.2d at 601 (excluding expert testimony because the jury "potentially may be confused" by the proffered testimony's lack of fit), *quoting Daubert*, 509 U.S. at 589. Whether testimony fits the

4

inquiry at hand "requires more than bare relevance -- a *prima facie* showing that the technique is reliable is insufficient." *Allen v. Int'l. Bus. Mach. Corp.*, 1997 WL 34501372, C.A. No. 94-264-JJF, at *6 (D. Del. Dec. 18, 1997) (excluding testimony based on fit requirement), *quoting In re Paoli R.R. Yard PCB Litigation,* 35 F.3d 717, 743 (3d Cir. 1994).

Indeed, "scientific expert testimony carries special dangers to the fact-finding process because it can be both powerful and quite misleading because of the difficulty in evaluating it;" judges should exclude evidence unless "convinced that it speaks clearly and directly to an issue in dispute in the case, and that it will not mislead the jury." *United States v. Ford*, 481 F.3d 215, 220 (3d Cir. 2007) (citation omitted). And even if "evidence meets the parameters of Fed. R. Evid. 702, it still must satisfy Fed. R. Evid. 403, which mandates that a district court consider whether the admission of proffered testimony might confuse or overwhelm the jury." *Allen*, 1997 WL 34501372 at *6.

### B. DR AGEE'S "PERTINENCE" OPINIONS AND TESTIMONY DO NOT FIT THIS CASE AND WOULD CONFUSE THE JURY.

As discussed above, one of the Third Circuit's three restrictions on expert testimony is that it must "fit" the case, but Dr. Agee's pertinence opinion is wholly inapposite to any issue here. Furthermore, the flaws in Dr. Agee's opinion cannot be cured on cross-examination. Thus, Dr. Agee's pertinence opinion should be excluded.

#### 1. "Pertinence" Comparisons and Materiality Have No Bearing on an Anticipation Analysis.

It is black-letter law that anticipation requires that each and every element of the claimed invention be disclosed in a prior art reference either expressly or inherently. *In re Schreiber*, 128 F.3d 1473, 1477 (Fed. Cir. 1997) (finding prior art anticipated patent). Whether other references are "pertinent" to the patent or the invalidating reference is not

5

a relevant inquiry or a permissible legal analysis; indeed, "pertinence" is wholly inapposite here.

TruePosition may argue that Dr. Agee meant to discuss either "materiality" or "cumulativeness" when opining on pertinence. However, materiality and cumulativeness are concepts going to inequitable conduct before the PTO. *See M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc*., 439 F.3d 1335,1339-1340 (Fed. Cir. 2006) (A breach of the duty of candor and good faith "may constitute inequitable conduct, which can arise from a failure to disclose information material to patentability, coupled with an intent to deceive the PTO."); *Digital Control, Inc. v. Charles Mach. Works*, 437 F.3d 1309, 1319 (Fed. Cir. 2006) ("a withheld otherwise material prior art reference is not material for the purposes of inequitable conduct if it is merely cumulative to that information considered by the examiner."). Andrew has not alleged in this case that TruePosition committed inequitable conduct before the PTO, and thus, inequitable conduct concepts such as materiality and cumulativeness are irrelevant here.

Moreover, the Federal Circuit has noted that there are "different legal standards for materiality and anticipation." *See Vanzant v. R.L. Prods., Inc.,* 915 F.2d 1583 (Table) (Fed. Cir. 1990) (analyzing a jury verdict and discussing the "different legal standards for materiality and anticipation (whether a reasonable examiner would consider the device relevant in determining the patentability of the invention versus whether the device contains every element of the claims in question)"); *see also A.B. Dick Co. v. Burroughs Corp.*, 798 F.2d 1392, 1397 (Fed.Cir.1986) ("[T]he test for materiality is not whether there is anticipation or obviousness but, rather, what a 'reasonable examiner would consider ... important in deciding whether to allow the application to issue as a patent.'").

6

Indeed, the Federal Circuit has made the separation between materiality and anticipation clear in several ways. *See, e.g., PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1322 (Fed. Cir. 2000) ("whether concealed prior art would actually invalidate the patent is irrelevant to materiality"); *Agfa Corp. v. Creo Prods. Inc.*, 451 F.3d 1366, 1379 and 1372 (Fed. Cir. 2006) ("Materiality is not synonymous with anticipation;" "the issues of invalidity and materiality are still not common within the legal construct of Beacon Theatres") (deciding a jury-trial issue).

TruePosition may argue that Dr. Agee's opinion is relevant to whether Kono is analogous to the '144 patent, but that argument also fails; "the question whether a reference is analogous art is irrelevant to whether that reference anticipates." *In re Schreiber*, 128 F.3d at 1478. Indeed, it is not even relevant to anticipation if the reference teaches away -- "[a] reference is no less anticipatory if, after disclosing the invention, the reference then disparages it. Thus, the question whether a reference 'teaches away' from the invention is inapplicable to an anticipation analysis." *Celeritas Techs., Ltd. v. Rockwell Int'l. Corp.*, 150 F.3d 1354, 1361 (Fed. Cir. 1998).

Dr. Agee's "pertinence" opinion is misleading, wholly irrelevant to whether Kono anticipates the '144 patent, and does not fit this case. The opinion should be excluded.

### 2. Dr. Agee's Pertinence Opinion Is Part and Parcel of an Incorrect Statement of Law and Would Also Confuse the Jury.

Furthermore, under *Daubert*, even if "evidence meets the parameters of Fed. R. Evid. 702, it still must satisfy Fed. R. Evid. 403, which mandates that a district court consider whether the admission of proffered testimony might confuse or overwhelm the jury." *Allen*, 1997 WL 34501372 at *6. Here, Dr. Agee's "pertinence" opinion would likely confuse the jury into mistakenly believing that Kono cannot anticipate the '144

7

patent unless it is more "pertinent" -- whatever that means -- than the references the PTO considered during prosecution.

Dr. Agee's "pertinence" opinion is part and parcel of an incorrect statement of law, which is "no more admissible through 'experts' than [would be a] falsifiable scientific theor[y]." *Hebert*, 99 F.3d at 1117; *see also Pioneer Hi-Bred Int'l., Inc.*, 219 F.R.D. at 140 (finding expert's reasoning "either is invalid or cannot properly be applied to the facts in issue" because his "opinion is based on an erroneous legal premise"); *Sparton Corp. v. U.S.*, 2007 WL 1180472, No. 92-580C, *8 (Fed. Cl. Apr. 18, 2007) (expert could not testify as to Navy policy where the Court found the testimony would "serve the sole purpose of advising the Court on how to interpret the ASPR and the contract provisions and whether to apply the *Christian* doctrine."). Therefore, because the sole purpose of Dr. Agee's pertinence opinion would be to proffer incorrect law under the guise of expert testimony, the trial court should exercise its gatekeeper authority and exclude the opinion.

### 3. Dr. Agee's "Pertinence" Opinion Is So Inapposite and Flawed That It Cannot Be Cured By Cross-Examination.

The Third Circuit has explained that the Daubert factors are meant to ensure that meaningful and effective cross-examination can take place. *See U.S. v. Mitchell*, 365 F.3d 215, 245 (3d Cir. 2004) ("Indeed, as our discussion of the various Daubert factors suggests, many of them are guarantees that cross-examination and adversary testing will be possible."). And the Third Circuit has also stated that, "***[a]s long as an expert's scientific testimony rests upon 'good grounds***, based on what is known,' it should be tested by the adversary process -- competing expert testimony and active cross-examination." *Id*. (citations omitted) (emphasis added).

8

Here, the problems with Dr. Agee's pertinence opinion cannot be addressed by cross-examination. It would be impossible -- and fundamentally unfair and materially prejudicial to Andrew -- to require Andrew, in response to Dr. Agee's opinion, to elicit counter-testimony explaining that "pertinence" is wholly irrelevant to patent law, or that materiality goes only to inequitable conduct, or that a reference can still anticipate even if other "pertinent" references were before the PTO during prosecution. Indeed, the fundamental fact that Dr. Agee's "pertinence" opinion has no bearing on this case cannot be cured by cross-examination. *See, e.g., N. Am. Philips Corp. v. Aetna Cas. & Sur. Co.*, 1995 WL 628447, C.A. No. 88C-JA-155, at *3 (Del. Super. Ct. Apr. 22, 1995) (allowing testimony on legal duties or standards "is not repaired by cross-examination").

## V.    CONCLUSION.

For all of these reasons, Andrew respectfully requests that the Court exercise its gatekeeper function and exclude all of Dr. Agee's "opinions relating to Kono being no more pertinent than the prior art considered during examination of the '144 patent."

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP


 /s/ *Andrew A. Lundgren*
Josy W. Ingersoll (No. 1088) [*jingersoll@ycst.com*]
Andrew A. Lundgren (No. 4429) [*alundgren@ycst.com*]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
302-571-6600
*Attorneys for Defendant/Counterclaim Plaintiff
Andrew Corporation*

OF COUNSEL:

John M. Desmarais
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Michael A. Parks
Rachel Pernic Waldron
Shira J. Kapplin
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Dated:  May 17, 2007

## **CERTIFICATE OF SERVICE**

I, Andrew A. Lundgren, Esquire, hereby certify that on May 17, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>James D. Heisman, Esquire
>Connolly, Bove, Lodge & Hutz
>The Nemours Building
>1007 North Orange Street
>P.O. Box 2207
>Wilmington, DE 19899
>(302) 658-9141
>Email: jheisman@cblh.com

I further certify that on May 17, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

>**BY ELECTRONIC MAIL ON MAY 17, 2007 AND FEDERAL EXPRESS ON MAY 18, 2007**
>
>Paul B. Milcetic, Esq. [pmbilcet@woodcock.com]
>David L. Marcus, Esq. [dmarcus@woodcock.com]
>Daniel J. Goettle, Esq. [dgoettle@woodcock.com]
>Woodcock Washburn LLP
>One Liberty Place, 46th Floor
>Philadelphia, PA 19103

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ *Andrew A. Lundgren*
>Andrew A. Lundgren (No. 4429)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>alundgren@ycst.com
>*Attorneys for Defendant Andrew Corporation*