IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TruePosition, Inc., | ) |
| | ) |
|     Plaintiff/ | ) |
|     Counterclaim-Defendant, | ) |
| | )   Civil Action No. 05-747-SLR |
|     v. | ) |
| | ) |
| Andrew Corporation, | ) |
| | ) |
|     Defendant/ | ) |
|     Counterclaim-Plaintiff. | ) |
| | ) |

## TRUEPOSITION'S CONDITIONAL OPPOSITION
## TO ANDREW CORPORATION'S *DAUBERT* MOTION FOR
## A RULING LIMITING THE TESTIMONY OF DR. BRIAN AGEE

CONNOLLY BOVE LODGE & HUTZ LLP
James D. Heisman, Esq. (#2746)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614

WOODCOCK WASHBURN LLP
Paul B. Milcetic, Esq. (pro hac vice)
Dale M. Heist, Esq. (pro hac vice)
Kathleen A. Milsark, Esq. (pro hac vice)
Daniel J. Goettle, Esq. (pro hac vice)
Amanda M. Kessel, Esq. (pro hac vice)
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

# TABLE OF CONTENTS

I. NATURE AND STAGE OF THE PROCEEDINGS ................................... 1

II. SUMMARY OF ARGUMENT ................................................................ 1

III. STATEMENT OF FACTS ...................................................................... 2

IV. ARGUMENT ........................................................................................... 4

    A. The Law of Governing Admissibility of Expert Testimony ................ 5

    B. If Andrew Is Not Formally Precluded from Raising an Obviousness Defense, Then the Court Should Not Preclude Dr. Agee's "Pertinence" Testimony Either ................................................. 6

V. CONCLUSION ........................................................................................ 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) .................................................................................. 6

*Elcock v. Kmart Corp.*,
  233 F.3d 734 (3d Cir. 2000) ..................................................................... 6

*Izumi Products Co. v. Koninklijke Philips Electronics N.V.*,
  315 F. Supp. 2d 589 (D. Del. 2004) ..................................................... 6, 8

*KSR International Co. v. Teleflex Inc.*,
  127 S. Ct. 1727 (2007) ............................................................................. 7

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999) .................................................................................. 6

*Lindemann Maschinenfabrik GmbH v. American Hoist & Derrick Co.*,
  730 F.2d 1452 (Fed. Cir. 1984) ................................................................ 7

*Lucas Aerospace, Ltd. v. Unison Industrial, L.P.*,
  899 F. Supp. 1268 (D. Del. 1995) ............................................................ 7

*Ryco, Inc. v. Ag-Bag Corp.*,
  857 F.2d 1418 (Fed. Cir. 1988) ................................................................ 7

## FEDERAL STATUTES, RULES AND REGULATIONS

35 U.S.C. § 102 ............................................................................................. 2, 3

35 U.S.C. § 103 ............................................................................................. 2, 3

Fed. R. Evid. 702 ...................................................................................... 5, 6, 8

I.  **NATURE AND STAGE OF THE PROCEEDINGS**

This is a patent infringement action. TruePosition, Inc. ("TruePosition") asserts that Andrew Corporation ("Andrew") infringes certain claims of U.S. Patent No. 5,327,144 (the "144 patent") by offering, using and supplying from the United States Andrew's "Geometrix Wireless Location System."

TruePosition filed this suit on October 25, 2005 (D.I. 1). The pleadings closed on July 5, 2006 (D.I. 53). A hearing on claim construction and summary judgment motions was held on April 10, 2007. The Pretrial Conference is scheduled for August 29, 2007, with trial to begin on September 4, 2007 (D.I. 23 at ¶ 11; D.I. 219).

II. **SUMMARY OF ARGUMENT**

The Court should deny Andrew's *Daubert* Motion for a Ruling Limiting the Testimony of Dr. Brian Agee ("Andrew's *Daubert* Motion") unless it also enters an order that formalizes Andrew's abandonment of its obviousness defense. Andrew seeks to suppress Dr. Agee's testimony that the U.S. Patent and Trademark Office ("PTO") has already considered prior art that is at least as pertinent as the art that Andrew relies upon to purportedly prove invalidity, claiming that such testimony does not "fit" this case (D.I. 217 at 1). But such testimony is very relevant to, and was specifically offered to rebut, Andrew's obviousness defense, which Andrew had originally asserted. Having since apparently abandoned its obviousness defense, Andrew now claims that Dr. Agee's

"pertinence" testimony should be precluded because it is not relevant to Andrew's only remaining invalidity defense, anticipation (*id.*)

TruePosition agrees that Dr. Agee's "pertinence" testimony is not relevant to Andrew's anticipation defense. Therefore, TruePosition does not oppose the exclusion of Dr. Agee's "pertinence" testimony, so long as the Court also enters an order formally precluding Andrew from asserting that the invention is obvious under 35 U.S.C. § 103.[1]

## III. STATEMENT OF FACTS

Andrew's unnecessary *Daubert* motion is the result of an apparent misunderstanding engendered by Andrew's own constantly changing positions.

Early last year, TruePosition served an interrogatory seeking the basis for Andrew's invalidity allegations (TruePosition's Interrogatory to Andrew Corporation No. 7) (B8). At that time, in its response, Andrew claimed not only that TruePosition's patent is anticipated, but also that the patent is supposedly obvious in view of the prior art:

> Andrew states that: (i) each claim of the 144 Patent is invalid either as anticipated under 35 U.S.C. § 102 or as obvious under 35 U.S.C. § 103 in light of prior art that will be included in the

---

[1] TruePosition's motions for Partial Summary Judgment that Andrew Cannot Prove Its Claims of Invalidity (D.I. 134) and to Preclude the Invalidity Testimony of Dr. David Goodman Pursuant to Fed. R. Evid. 702 (D.I. 206) are pending and, if granted, would render Andrew's *Daubert* challenge moot.

- 2 -

>documents Andrew produces in response to TruePosition's document requests. . . .

(Andrew Corporation's Response to TruePosition Interrogatory No. 7) (B15-B16). Andrew then "supplemented" its response to TruePosition's invalidity interrogatory, once again summarily alleging not only the defense of anticipation, but also the defense of obviousness (B18-B19).

On September 25, 2006, the Court held an in-person discovery conference (B23-B30) at which it set deadlines for the supplementation of invalidity contentions (B30 at 29:8-20). In response, Andrew again served contentions that alleged that certain prior art, the so called "Kono" reference, "anticipates each claim of the '144 Patent under 35 U.S.C. § 102 and/or renders *each claim of the '144 Patent obvious under 35 U.S.C. § 103*" (emphasis supplied) (B32-B38).

On December 1, 2006, Andrew served an "Expert Report of Dr. David Goodman on the Invalidity of U.S. Patent No. 5,327,144" (B42-B60). In his report, Dr. Goodman claims that the asserted claims of the 144 patent are purportedly anticipated by the Kono reference (B46-B47). He offered no opinion that the patent is obvious, nor any analysis relating to obviousness (B42-B60). He did, however, make some passing ambiguous references to obviousness, including a discussion of the legal standard for obviousness (B46).

On December 22, 2006, TruePosition served the "Expert Report of Dr. Brian G. Agee, Ph.D., P.E. in Response to Dr. David Goodman's Report on the Validity of U.S. Patent No. 5,327,144" (B61-B100). Dr. Agee's report includes Section 3.3.3 entitled "Opinions Relating to Kono Being No More Pertinent Than the Prior Art Considered During Examination of the 144 Patent" ("pertinence" testimony) (B84). Dr. Agee offered this "pertinence" testimony in an abundance of caution, to rebut any testimony that Dr. Goodman might offer at trial that the patent claims are obvious.[2]

After Andrew filed its *Daubert* motion, TruePosition offered to agree to the exclusion of Dr. Agee's "pertinence" testimony on the condition that Andrew also be precluded from introducing any evidence that the claims of the patent are obvious (B101). Andrew refused to stipulate to this condition, and thus TruePosition must file this conditional opposition brief (*id.*).

## IV.   ARGUMENT

The Court should not exclude Dr. Agee's "pertinence" testimony unless it also formally precludes Andrew from asserting that any claim of the patent is obvious. Andrew's arguments that Dr. Agee's "pertinence" testimony does not

---

[2]   As Dr. Agee explained, "Although Dr. Goodman recites his understanding of legal standards relevant to an obviousness analysis, based on my reading of the 144 Patent Invalidity Report, Dr. Goodman has not expressed any opinion(s), or provided any analysis, regarding alleged invalidity of the 144 patent on any basis other than alleged anticipation by Kono." (B62).

- 4 -

"fit" the case (D.I. 217 at 1, 5-7) and would confuse the jury (*id.* at 1, 7-8) are all based on the assumption that this testimony is offered in connection with anticipation. Andrew's motion thus appears to presuppose that it will not present testimony relating to obviousness

Andrew has never, in any interrogatory answer or expert report, articulated any theory under which the 144 patent could be found obvious.[3] Nevertheless, it has refused to formally abandon its unarticulated obviousness defense.

TruePosition does not dispute that Dr. Agee's "pertinence" testimony is irrelevant to Andrew's only articulated invalidity defense – anticipation. But Dr. Agee's "pertinence" testimony *is* directly relevant to obviousness. Andrew does not, and cannot, dispute that if offered to rebut testimony of obviousness, Dr. Agee's "pertinence" testimony is both relevant and helpful to the trier of fact.

A.   **The Law of Governing Admissibility of Expert Testimony**

Federal Rule of Evidence 702 governs the admissibility of expert testimony. It provides that:

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise … .

---

[3]   For this reason, TruePosition intends to move *in limine* to exclude any trial testimony attempting to show that any claim of the 144 patent is obvious.

F.R.E. 702. Rule 702 requires judges to ensure that expert testimony is relevant, reliable, and will assist the trier of fact to understand the evidence or to determine a fact at issue. *See Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 589-91 (1993); *Izumi Products Co. v. Koninklijke Philips Electronics N.V.,* 315 F. Supp. 2d 589, 600 (D. Del. 2004).

The Third Circuit has described Rule 702 as "embodying 'three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability, and fit.'" *Izumi Products,* 315 F. Supp. 2d at 600 (quoting *Elcock v. Kmart Corp.,* 233 F.3d 734, 741 (3d Cir. 2000)). The Court acts as the gatekeeper with "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.* at 601 (citing *Daubert,* 509 U.S. at 597). The proponent of the purported expert testimony bears the burden of showing, by a preponderance of the evidence, that these requirements are satisfied. *See id.*

> **B.    If Andrew Is Not Formally Precluded from Raising an Obviousness Defense, Then the Court Should Not Preclude Dr. Agee's "Pertinence" Testimony Either**

If Andrew is allowed to offer evidence that any of the patent claims are obvious, then Dr. Agee's rebuttal, in the form of his "pertinence" testimony, would satisfy all of the requirements applicable to the admission of expert testimony. In

that event, and contrary to Andrew's argument, Dr. Agee's testimony would, in fact, "fit" this case.

It is well-established that an accused infringer is less likely to carry its heavy burden of proving obviousness when it relies on prior art that is no more relevant to the patented invention than the art that the PTO already considered during prosecution. *See Lindemann Maschinenfabrik GmbH v. American Hoist & Derrick Co.*, 730 F.2d 1452, 1459 (Fed. Cir. 1984) (the burden of proving obviousness "may more easily be met" where "non-considered art is *more* pertinent than the cited art"); *Ryco, Inc. v. Ag-Bag Corp.*, 857 F.2d 1418, 1423 (Fed. Cir. 1988); *Lucas Aerospace, Ltd. v. Unison Indus., L.P.*, 899 F. Supp. 1268, 1289 n.10 (D. Del. 1995). Indeed, the Supreme Court has recently noted that an accused infringer is more likely to carry its burden of proving obviousness when it relies upon material not considered by the Examiner. *See KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727, 1745 (2007) ("the rationale underlying the presumption – that the PTO, in its expertise, has approved the claim – seems much diminished here").

In this case, Dr. Agee has opined that "the prior art considered during the examination of the 144 patent teaches the same material disclosed in Kono" and, in fact, "in much greater detail than Kono" (B84). That opinion is thus squarely relevant to an obviousness analysis, and would "fit" the case if offered to rebut any evidence Andrew may attempt to proffer of the supposed obviousness of any

patent claim.

Andrew does not claim, because it cannot claim, that Dr. Agee is unqualified to offer his pertinence testimony. Dr. Agee has earned a B.S., M.S. and Ph.D. in Electrical Engineering, is a named inventor on eight issued and pending U.S. Patents and has authored or co-authored over 100 technical papers or journal presentations in the area of cellular and other communications systems (B62-B63; B89-B94). He also has extensive industry experience in developing systems for locating cell phones, and specific experience with the TDOA technology at issue in this case (B62-B63).

Andrew also does not claim, nor could it, that Dr. Agee's opinion that Kono is no more pertinent to the patent than the art cited is somehow unreliable. Dr. Agee amply supported his opinion with a detailed chart that identifies not only various items of prior art cited on the face of the patent, but also the key elements in Kono that are disclosed in the cited prior art (B84).

Dr. Agee's pertinence testimony therefore meets the requirements of Federal Rule of Evidence 702, and should not be excluded if Andrew is allowed to offer any evidence at trial that the patented invention is obvious. *See Izumi*, 315 F. Supp. 2d at 600-01 (testimony meets F.R.E. 702 requirements if an expert is qualified, the testimony is reliable, and the testimony will assist the trier of fact to understand or determine an issue in the case).

## V.   CONCLUSION

Andrew has never articulated an obviousness theory, but refuses to formally withdraw its obviousness claim. If Andrew is permitted to attempt to show obviousness by some new theory, then Dr. Agee's "pertinence" testimony is directly relevant. For the foregoing reasons, TruePosition respectfully requests that the Court either deny Andrew's motion or, in the alternative, enter the accompanying amended version of the order that Andrew has proposed for entry by the Court.

Respectfully submitted,

DATED: June 4, 2007         By:   */s/ James D. Heisman*
CONNOLLY BOVE LODGE & HUTZ LLP
James D. Heisman, Esq. (#2746)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614

WOODCOCK WASHBURN LLP
Paul B. Milcetic, Esq. (pro hac vice)
Dale M. Heist., Esq. (pro hac vice)
Kathleen A. Milsark, Esq. (pro hac vice)
Daniel J. Goettle, Esq. (pro hac vice)
Amanda M. Kessel, Esq. (pro hac vice)
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TruePosition, Inc., )<br>)<br>Plaintiff/ )<br>Counterclaim-Defendant, )<br>)<br>v. )<br>)<br>Andrew Corporation, )<br>)<br>Defendant/ )<br>Counterclaim-Plaintiff. )<br>_____) | Civil Action No. 05-747-SLR |

## ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of Andrew's *Daubert* Motion for a Ruling Limiting the Testimony of Dr. Brian Agee, together with the supporting memorandum and all opposing papers thereto, it is hereby ORDERED that:

1) Andrew is precluded from offering any evidence at trial that the claims of U.S. Patent No. 5,327,144 are obvious; and

2) TruePosition is precluded from offering the opinions contained in Section 3.3.3 of the "Expert Report of Dr. Brian G. Agee, Ph.D., P.E. in Response to Dr. David Goodman's Report on the Validity of U.S. Patent No. 5,327,144" at trial.

BY THE COURT:

_____
Sue L. Robinson
United States District Judge

## CERTIFICATE OF SERVICE

I, James D. Heisman, hereby certify that on this 4th day of June, 2007, I caused a true and correct copy of the foregoing **TRUEPOSITION'S BRIEF IN OPPOSITION TO ANDREW CORPORATION'S *DAUBERT* MOTION FOR A RULING LIMITING THE TESTIMONY OF DR. BRIAN AGEE** to be served upon the following individuals in the manner indicated below:

*Via hand-delivery*
Josy W. Ingersoll, Esq.
Young Conaway Stargatt & Taylor, LLP
100 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com

*Via e-mail*
Patrick D. McPherson, Esq.
Duane Morris LLP
1667 K Street, N.W.
Washington, DC 20006-1608
PDMcPherson@duanemorris.com

*Via e-mail*
Rachel Pernic Waldron, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
rpernicwaldron@kirkland.com

/s/ James D. Heisman
James D. Heisman (# 2746)