# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TruePosition, Inc., | ) |
| Plaintiff | ) ) ) |
| v. | ) Civil Action No. 05-747-SLR ) ) |
| Andrew Corporation, | ) ) |
| Defendant. | ) ) ) |

## APPENDIX B TO TRUEPOSITION'S BRIEF IN OPPOSITION
## TO ANDREW CORPORATION'S *DAUBERT* MOTION FOR
## A RULING LIMITING THE TESTIMONY OF DR. ODED GOTTESMAN

CONNOLLY BOVE LODGE & HUTZ LLP
James D. Heisman, Esq. (#2746)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614

WOODCOCK WASHBURN LLP
Paul B. Milcetic, Esq. (pro hac vice)
Dale M. Heist, Esq. (pro hac vice)
Kathleen A. Milsark, Esq. (pro hac vice)
Daniel J. Goettle, Esq. (pro hac vice)
Amanda M. Kessel, Esq. (pro hac vice)
Cira Centre, 12th Floor, 2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

# TABLE OF CONTENTS

## APPENDIX B TO TRUEPOSITION'S BRIEF IN OPPOSITION TO ANDREW CORPORATION'S *DAUBERT* MOTION FOR A RULING LIMITING THE TESTIMONY OF DR. ODED GOTTESMAN

| DESCRIPTION | PAGE RANGE |
|---|---|
| Excerpts from the Markman/Summary Judgment hearing transcript before the Honorable Sue L. Robinson, Chief Judge taken on April 10, 2007 | B1 - B5 |
| Location Methods & Processing (FILED UNDER SEAL) | B6 – B39 |
| Excerpts from Oded Gottesman Deposition (Volume II) taken on January 12, 2007 (FILED UNDER SEAL) | B40 – B45 |

1

```
 1        IN THE UNITED STATES DISTRICT COURT

 2         IN AND FOR THE DISTRICT OF DELAWARE

 3                       - - -

 4   TRUEPOSITION, INC.,        :   CIVIL ACTION
                                :
 5        Plaintiff             :
                                :
 6        vs.                   :
                                :
 7   ANDREW CORPORATION,        :
                                :
 8        Defendant             :   NO. 05-747 (SLR)

 9                       - - -

10              Wilmington, Delaware
                Tuesday, April 10, 2007
11                 8:30 o'clock, a.m.

12                       - - -

13   BEFORE: HONORABLE SUE L. ROBINSON, Chief Judge

14                       - - -

15   APPEARANCES:

16        CONNOLLY, BOVE, LODGE & HUTZ LLP
            BY: JAMES D. HEISMAN, ESQ.
17
                  -and-
18
          WOODCOCK WASHBURN LLP
19          BY: PAUL B. MILCETIC, ESQ.,
                KATHLEEN MILSARK, ESQ. and
20              DANIEL J. GOETTLE, ESQ.
            (Philadelphia, Pennsylvania)
21
                 Counsel for Plaintiff
22

23              Valerie J. Gunning,
                Official Court Reporter
24

25
```

1  brief tutorial, just relevant to this issue.

2         THE COURT: All right.

3         MR. DESMARAIS: But, unfortunately, we set up

4  our computer at the podium, so if you don't mind.

5         THE COURT: That's fine. If you all feel

6  better standing up. At least you all will get your

7  exercise.

8         MR. PARKS: Thank you, your Honor. I will make

9  this very brief on the tutorial.

10        It kinds of makes sense before we launch into

11 the reverse control channel discussion just to provide

12 some very brief background on the U-TDOA technology that's

13 at issue in this case. And what U-TDOA stands for is

14 uplink time difference of arrival, and it's a way of

15 calculating the location of a mobile phone.

16        So what we have here is a mobile phone that's

17 submitting signals, and these signals are being picked up

18 by various base stations which are labeled A, B, C and D

19 on the graph here.

20        And as you can see as the signals arrive to

21 each of the respective base stations, a time of arrival of

22 that signal is calculated.

23        So each base station calculates its own time

24 of arrival and, in this case, there are four base stations.

25        What happens then is that the respective times

14

1  of arrival are put into a processor and calculations are

2  performed. And the purpose of those calculations is to

3  estimate the location of the cellular phone.

4       And what's important here is that there are

5  two ways location is estimated within the '144 patent.

6  Two steps, I should say. The first step is to calculate

7  the differences in the time of arrival and that's done

8  by what the patent identifies as a cross-correlation

9  function.

10      The second step is to calculate the actual

11 location of the phone. And for that the patent describes

12 using what's called a least square estimation function.

13      We get into the reverse control channel. I

14 thought what might be helpful is to provide a brief

15 background about that before we delve into the particular

16 issues.

17      As TruePosition says in its brief, responsive

18 Markman brief, reverse control channel is dispositive of

19 the summary judgment motions pending before the Court.

20      One thing that I think is going to be helpful

21 as we go forward, specially for the noninfringement

22 motions and also with Markman, is to understand the

23 difference between the reverse control channel in the

24 patent and the stand-alone dedicated control channel that's

25 used in Andrew's products.

**B3**

1  fide basis, draw the attention of ETSI to any of that
2  member's IPR, that means intellectual property rights,
3  which might, might, be essential if that proposal is
4  adopted.
5        I showed you their deposition testimony. They
6  knew at the time they submitted the feasibility study that
7  their view was the '144 was essential. They said it.
8  That was their conclusion at the time.
9        Clearly, they fall within the express mandate
10 of the ETSI rules, saying if you're making a proposal,
11 where you have IPR that might be essential, you have to
12 disclose it, and in this particular case, they didn't.
13       Now, one of their arguments is that, now, there
14 might be technically a way to do it otherwise, right. But
15 if you look at the next part of the ETSI rule, it's not
16 talking about theoretical. Right.
17       It says, under the ETSI policy, and, again,
18 this is in our appendix at B154, essential as applied to
19 IPR, intellectual property rights, means that it is not
20 possible on technical, but not commercial grounds, but
21 then it goes on to say, taking into account normal
22 technical practice and the state of the art generally
23 available at the time of the standardization.
24       Even today, U-TDOA is the only way, on the
25 reverse channel, is the only way that it's done. It's

91

1  the only way it can work in today's cellular telephone
2  environment. It's true, maybe if we change the entire
3  cellular network, we could do it another way, but with
4  the current cellular network that's distributed around the
5  world, this is the only way to do it. And that clearly
6  falls within normal technical practices in state of the art
7  generally.
8       Their position is hypothetically, you could
9  have designed a different cellular telephone network, and
10 then if you did that, well, maybe you could locate them
11 in a different way.
12      And this isn't just me saying this. Their own
13 expert has admitted that.
14      If you look at -- well, first of all, let me
15 show you their 30(b)(6) testimony. I will show you their
16 expert. The 30(b)(6) deposition, you said that you are
17 not aware of any particular GSM systems that specifically
18 assign a traffic channel for purposes of an idle mode
19 location; right?
20      That's correct. Certainly one of the RAN
21 vendors, and those are the cellular equipment
22 manufacturers, can implement that. In other words, if
23 they change the entire cellular network.
24      Question: Well, my question is a little
25 different. I'm just saying to clarify. You are not aware

## CERTIFICATE OF SERVICE

I, James D. Heisman, hereby certify that on this 4th day of June, 2007, I caused a true and correct copy of the foregoing **APPENDIX B TO TRUEPOSITION'S BRIEF IN OPPOSITION TO ANDREW CORPORATION'S *DAUBERT* MOTION FOR A RULING LIMITING THE TESTIMONY OF DR. ODED GOTTESMAN** to be served upon the following individuals in the manner indicated below:

*Via hand-delivery*
Josy W. Ingersoll, Esq.
Young Conaway Stargatt & Taylor, LLP
100 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com

*Via e-mail*
Patrick D. McPherson, Esq.
Duane Morris LLP
1667 K Street, N.W.
Washington, DC 20006-1608
PDMcPherson@duanemorris.com

*Via e-mail*
Rachel Pernic Waldron, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
rpernicwaldron@kirkland.com

                               */s/ James D. Heisman*
                               James D. Heisman (# 2746)