# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TruePosition, Inc., | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **Civil Action No. 05-747-SLR** |
| v. | ) | |
| | ) | **REDACTED VERSION OF** |
| Andrew Corporation, | ) | **DI 225** |
| | ) | |
| **Defendant.** | ) | |
| ———————————————— | ) | |

## TRUEPOSITION'S BRIEF IN OPPOSITION
## TO ANDREW CORPORATION'S *DAUBERT* MOTION FOR
## A RULING LIMITING THE TESTIMONY OF DR. ODED GOTTESMAN

CONNOLLY BOVE LODGE & HUTZ LLP
James D. Heisman, Esq. (#2746)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614

WOODCOCK WASHBURN LLP
Paul B. Milcetic, Esq. (pro hac vice)
Dale M. Heist, Esq. (pro hac vice)
Kathleen A. Milsark, Esq. (pro hac vice)
Daniel J. Goettle, Esq. (pro hac vice)
Amanda M. Kessel, Esq. (pro hac vice)
Cira Centre, 12th Floor, 2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

# TABLE OF CONTENTS

I. NATURE AND STAGE OF THE PROCEEDINGS ...................................... 1

II. SUMMARY OF ARGUMENT .................................................... 2

III. STATEMENT OF FACTS ..................................................... 4

    A. The 144 Patent .................................................... 4

    B. Geometrix® ....................................................... 5

    C. Dr. Gottesman's Testimony Concerning Why the "Locating Means" and "Means for Determining Limitations" Are Present in Geometrix® ................................................... 7

IV. ARGUMENT ................................................................ 8

    A. The Law Governing the Admission of Expert Testimony ................... 8

    B. Andrew's Claim that Dr. Gottesman's Testimony Is Unreliable Because He Supposedly "Concedes" that Andrew Does Not Do REDACTED Grossly Misrepresents the Facts ................................. 9

    C. Dr. Gottesman's Testimony Would Be Reliable Even if He Had "Conceded" that Andrew Does Not Do REDACTED ........................ 13

    D. Andrew Has Not Even Suggested that Dr. Gottesman Is Unqualified or that His Testimony Does Not Fit the Case ................ 16

V. CONCLUSION ............................................................. 17

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Daubert v. Merrell Dow Pharms., Inc.,*
    509 U.S. 579 (1993)..................................................................................... 8, 9

*Elcock v. Kmart Corp.,*
233 F.3d 734, 741 (3d Cir. 2000))..................................................................... 9

*Izumi Products Co. v. Koninklijke Philips Electronics N.V.,*
    315 F. Supp. 2d 589 (D. Del. 2004) ......................................................... 8, 9

*Kumho Tire Co. LTD. v. Carmichael,*
    526 U.S. 137 (1999)......................................................................................... 8

*Odetics, Inc. v. Storage Technology Corp.,*
    185 F.3d 1259 (Fed. Cir. 1999) .............................................................14

## I.    NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement action.  TruePosition, Inc.

("TruePosition") asserts that Andrew Corporation ("Andrew") infringes

claims 1, 2, 22, 31 and 32 of U.S. Patent 5,327,144 (the "144 patent") by

offering, using and supplying from the United States Andrew's Geometrix

Wireless Location System ("Geometrix®").

TruePosition filed this suit on October 25, 2005 (D.I. 1).  The

pleadings closed on July 5, 2006 (D.I. 53).  On February 2, 2007, Andrew

filed a motion for summary judgment of non-infringement, claiming that a

single claim limitation,        REDACTED        is missing from the

accused product (D.I. 148 at 1).  Andrew's summary judgment briefs

vigorously asserted that Geometrix® does not use        REDACTED    when

it operates in a GSM cellular network, and instead uses only        REDACTED

REDACTED  (D.I. 148 at 13-14).

The Court held a hearing on claim construction and summary

judgment motions on April 10, 2007.  At that *Markman* hearing, however,

Andrew backpedaled, conceding that it does, in fact, use a    REDACTED

for cell phone location (B3-B4 (90:24-91:7)).

Andrew now files a *Daubert* motion seeking to exclude the

testimony of Trueposition's expert that two limitations other than "reverse

control channel" -- the "means for determining" and "locating means"

limitations ("the means plus function limitations") (D.I. 214 at 1) -- are

present in Andrew's Geometrix® product. Andrew claims that

TruePosition's expert's testimony that these two limitations are present in

Geometrix® is "unreliable" (D.I. 214 at 1).

TruePosition opposes Andrew's motion.

## II.    SUMMARY OF ARGUMENT

REDACTED

**REDACTED**

Instead, the *overall* structures in the patent specification that correspond to "means for determining" and "locating means," and which include the **REDACTED** are claim limitations.

**REDACTED**

Andrew has not raised any questions concerning his methodology.  Nor has it disputed Dr. Gottesman's qualifications to offer the testimony that Andrew seeks to

exclude, or the relevance of that testimony. Nor could Andrew raise any such disputes. Dr. Gottesman's methodology is sound, his qualifications are impeccable, and his testimony goes to the heart of this case.

## III.    STATEMENT OF FACTS

### A.    The 144 Patent

The invention of the 144 patent is a system and method for locating a cell phone user. Claims 1, 2 and 22 are directed to apparatus for locating a cell phone (D.I. 171 at B26 (col. 20, ll. 1-37); D.I. 171 at B28 (col. 23, l. 56-col. 24, l. 2)). Claims 31 and 32 are directed to methods for locating a cell phone (D.I. 171 at B28-B29 (col. 24, l. 51-col. 25, l. 5)).

The system, which is overlaid on equipment that normally exists in a cellular network (D.I. 171 at B18 (col. 4, ll. 19-24)), locates cell phones using a "Time Difference of Arrival" (TDOA) technique (D.I. 171 at B23 (col. 14, ll. 15-21)). An operator or vendor installs a receiver at each of at least three "cell sites," such as the cellular towers within a cellular network (D.I. 171 at B19 (col. 5, ll. 5-7)). The receivers receive and process a signal that the cell phone transmits at each of the at least three cell sites and calculate the time that the signal arrived at each respective cell site (D.I. 171 at B24 (col. 15, ll. 32-35)). The signal travels over one of the cellular networks' "reverse control channels" (D.I. 171 at B26 (col. 20, ll. 4-8); D.I.

171 at B28 (col. 23, ll. 59-62 & col. 24, ll. 51-64)).  The receivers then send

the time of arrival ("TOA") information to a central site computer (D.I. 171

at B22 (col. 11, ll. 56-68)).  The central site computer uses the times of

arrival to calculate the time differences of arrival ("TDOA's") at pairs of the

cell sites (D.I. 171 at B24 (col. 15, ll. 35-38)).

The claimed invention can locate the cell phone using the TDOA's for

each of at least two pairs of cell sites because two TDOA's represent two

geometric lines of possible locations of the target cell phone.  The

intersection of these two lines provides a precise location of the target

mobile phone (D.I. 168 at B572, ¶ 5 – B573, Fig. 2).  In practice, the system

often uses TDOA's at more than two pairs of cell sites representing more

than two geometric lines.  Sometimes, these geometric lines are imperfect

and do not intersect at a single point because of the unpredictable nature of

radio signal paths.  In that case, the central site system uses a step by step

mathematical process, called "least squares," to average out the multiple

intersection points and minimize the error that results from the unpredictable

radio signal paths (D.I. 171 at B25 (col. 18, ll. 1-34)).

**B.    Geometrix®**

**REDACTED**

**REDACTED**

**REDACTED**

C.    **Dr. Gottesman's Testimony Concerning Why the
"Locating Means" and "Means for Determining
Limitations" Are Present in Geometrix®**

Dr. Gottesman has opined that Geometrix® locates the cell phone

using the TDOA's for each of at least two pairs of cell sites (B10; D.I. 168 at

B572, ¶5 – B573, Fig. 2).  As with the patent, two TDOA's represent two

geometric lines of possible locations of the target cell phone that provide a

precise location at their intersection (*id.*).

**REDACTED**

Sometimes, these geometric lines are imperfect and

do not intersect at a single point because of the unpredictable nature of radio

signal paths.

**REDACTED**

- 7 -

**REDACTED**

## IV.    ARGUMENT

### A.    The Law Governing the Admission of Expert Testimony

Federal Rule of Evidence 702 governs the admissibility of expert

testimony.  It provides that:

> [i]f scientific, technical, or other specialized
> knowledge will assist the trier of fact to understand
> the evidence or to determine a fact in issue, a
> witness qualified as an expert by knowledge, skill,
> experience, training, or education, may testify
> thereto in the form of an opinion or otherwise. . . .

F.R.E. 702.  Rule 702 requires judges to ensure that expert testimony is

relevant, reliable, and will assist the trier of fact to understand the evidence

or to determine a fact at issue.  *See Kumho Tire Co. LTD.  v. Carmichael,*

526 U.S. 137, 147 (1999);  *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S.

579, 589-91 (1993); *Izumi Products Co. v. Koninklijke Philips Electronics*

*N.V.,* 315 F. Supp. 2d 589, 600 (D. Del. 2004).

The Third Circuit has described Rule 702 as "embodying 'three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability, and fit.'" *Izumi Products*, 315 F. Supp. 2d at 600 (quoting *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000)). The Court acts as the gatekeeper with "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.* at 601 (citing *Daubert*, 509 U.S. at 597). The proponent of the purported expert testimony bears the burden of showing, by a preponderance of the evidence, that these requirements are satisfied. *See id.*

**REDACTED**

**REDACTED**

REDACTED

REDACTED

REDACTED

---

[2] Andrew's argument that Dr. Gottesman's opinion is unreliably based on "speculation regarding the inventors' state of mind" likewise misses the point (D.I. 214 at 11-12) because Dr. Gottesman is not opining that Geometrix® REDACTED

REDACTED



See Odetics, Inc. v. Storage Technology Corp., 185 F.3d 1259, 1268 (Fed.

Cir. 1999) (the "individual components, if any, of an overall structure that

corresponds to the claimed function are not claim limitations," but rather

"the claim limitation is the overall structure corresponding to the claimed

function").

# REDACTED

REDACTED

# REDACTED

Dr. Gottesman

extensively analyzed the patent claims, specification and file history (D.I.
168 at B563). He extensively reviewed and analyzed the Geometrix®
source code (*id.*) and compared the code to the patent claims (*id.*). He
pointed to the specific page and line numbers of source code that performed
specific aspects of the algorithms in the patent specification (B43 (414:1-
416:24); B44-B45 (421:21-423:14); D.I. 168 at B611, fn.126) and explained
how the code works (*e.g.,* D.I. 168 at B588-B589; D.I. 168 at B624, ¶ 3; D.I.
168 at B597-B598, ¶ 2). His methodology is undeniably sound.

### D. Andrew Has Not Even Suggested that Dr. Gottesman Is Unqualified or that His Testimony Does Not Fit the Case

Furthermore, Andrew does not claim, because it cannot claim, that Dr.
Gottesman is unqualified to offer his opinion that the means plus function
limitations are in Andrew's Geometrix® product. Dr. Gottesman earned a
B.S., M.S. and Ph.D. in Electrical Engineering (D.I. 168 at B659) and is a
named inventor on several issued or pending patents (D.I. 168 at B661). He
also has specific industry experience in developing and reading source code
(D.I. 168 at B660-B661) and with the least squares and TDOA technology at
issue in this case (D.I. 168 at B660).

- 16 -

Andrew also does not claim, nor could it, that Dr. Gottesman's opinion that the means plus function limitations are present in Geometrix® does not "fit" the case. Dr. Gottesman's testimony that these claim limitations are literally present in Geometrix® is relevant to the issue of infringement.

Thus Dr. Gottesman's testimony satisfies all of the *Daubert* requirements. There is no basis for limiting his testimony.

## V.    CONCLUSION

Andrew has misrepresented the facts to support its motion to limit Dr. Gottesman's testimony. For all of the reasons set forth above, TruePosition respectfully requests that the Court deny Andrew's motion for a ruling limiting the testimony of Dr. Gottesman.

Respectfully submitted,

DATED: June 4, 2007          By:    */s/ James D. Heisman*
                                    CONNOLLY BOVE LODGE & HUTZ LLP
                                    James D. Heisman, Esq. (#2746)
                                    1007 N. Orange Street
                                    P.O. Box 2207
                                    Wilmington, DE 19899
                                    Telephone: (302) 658-9141
                                    Facsimile: (302) 658-5614

WOODCOCK WASHBURN LLP
Paul B. Milcetic, Esq.
Dale M. Heist., Esq.
Kathleen A. Milsark, Esq.
Daniel J. Goettle, Esq.
Amanda M. Kessel, Esq.
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

## CERTIFICATE OF SERVICE

I, James D. Heisman, hereby certify that on this 4th day of June, 2007,

I caused a true and correct copy of the foregoing **TRUEPOSITION'S**

**BRIEF IN OPPOSITION TO ANDREW CORPORATION'S**

***DAUBERT* MOTION FOR A RULING LIMITING THE TESTIMONY**

**OF DR. ODED GOTTESMAN** to be served upon the following individuals

in the manner indicated below:

*Via hand-delivery*
Josy W. Ingersoll, Esq.
Young Conaway Stargatt & Taylor, LLP
100 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com

*Via e-mail*
Patrick D. McPherson, Esq.
Duane Morris LLP
1667 K Street, N.W.
Washington, DC 20006-1608
PDMcPherson@duanemorris.com

*Via e-mail*
Rachel Pernic Waldron, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
rpernicwaldron@kirkland.com

*/s/ James D. Heisman*
James D. Heisman (# 2746)