IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| **TRUEPOSITION, INC.,**<br><br>        **Plaintiff and**<br>        **Counterclaim-Defendant,**<br><br>    **v.**<br><br>**ANDREW CORPORATION,**<br><br>        **Defendant and**<br>        **Counterclaim-Plaintiff.** | **Civil Action No. 05-00747-SLR**<br><br>**REDACTED -**<br>**PUBLIC VERSION** |

## ANDREW CORPORATION'S BRIEF IN OPPOSITION TO TRUEPOSITION'S MOTION TO EXCLUDE THE TESTIMONY OF DR. DEWAYNE E. PERRY PURSUANT TO FEDERAL RULE OF EVIDENCE 702

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Josy W. Ingersoll (No. 1088) [*jingersoll@ycst.com*]
Andrew A. Lundgren (No. 4429) [*alundgren@ycst.com*]
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
302-571-6600
*Attorneys for Defendant Andrew Corporation*

OF COUNSEL:

John M. Desmarais
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Michael A. Parks
Rachel Pernic Waldron
Shira J. Kapplin
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Dated: June 4, 2007 – Redacted Version filed June 11, 2007

# TABLE OF CONTENTS

I.     INTRODUCTION ..................................................................................................1

II.    NATURE AND STAGE OF THE PROCEEDINGS ...........................................1

III.   SUMMARY OF ARGUMENT ...........................................................................2

IV.  COUNTERSTATEMENT OF FACTS ..............................................................2

V.   ARGUMENT .........................................................................................................7

      A.   

          RELEVANT BECAUSE TRUEPOSITION SEEKS AN INJUNCTION. ..............................7

      B.   DR. PERRY'S ANALYSIS IS RELIABLE. ........................................................9

          1.   Dr. Perry's Analysis Is Based On TruePosition's Expert's
               Opinion. ..................................................................................10

          2.   Dr. Perry Conducted a Thorough and Helpful Analysis
               That TruePosition Is Free To Challenge On Cross-
               Examination. ...........................................................................11

VI.  CONCLUSION ...................................................................................................14

i

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*eBay Inc. v. MercExchange, L.L.C.,*
126 S.Ct. 1837 (U.S. 2006)..............................................................................2, 8

*Elcock v. Kmart Corp.,*
233 F.3d 734 (3d Cir. 2000)..................................................................................7

*IMX, Inc. v. LendingTree*, LLC,
469 F.Supp.2d 203 (D. Del. 2007).........................................................................9

*In re Hayes Lemmerz Int'l, Inc.,*
340 B.R. 461 (Bankr. D. Del. 2006) ......................................................................8

*Micro Chem., Inc. v. Lextron, Inc.,*
317 F.3d 1387 (Fed. Cir. 2003)..............................................................................7

*Monsanto Co. v. Scruggs,*
459 F.3d 1328 (Fed. Cir. 2006)..............................................................................8

*Paice LLC v. Toyota Motor Corp.,*
2006 WL 2385139, No. 2:04-CV-211-DF (E.D. Tex. 2006) .................................9

*Praxair, Inc. v. ATMI, Inc.,*
479 F.Supp.2d 440 (D. Del. 2007).........................................................................9

**Federal Statutes**

Fed. R. Evid. 702 ............................................................................................7, 14

Fed. R. Evid. 704 ..................................................................................................8

## I.    INTRODUCTION

In its motion to preclude the testimony of Dr. Perry, TruePosition does not -- because it cannot -- challenge Dr. Perry's expertise or his qualifications.   Indeed, Dr. Perry has both a Masters and a Ph.D in Computer Science, has worked in both industry and academia, has received numerous awards, and has written over 100 scholarly publications.

Rather, TruePosition challenges the relevance and reliability of Dr. Perry's                                                                 These arguments fail.  First, whether                                            is relevant to TruePosition's sought remedy of an injunction.   Second, Dr. Perry's report is reliable because his opinion is based on TruePosition's own expert opinion regarding what algorithms are required by the '144 patent, and because Dr. Perry performed a thorough and helpful analysis.  Any complaints TruePosition has regarding Dr. Perry's opinions can be dealt with on cross-examination.  TruePosition's motion should be denied.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

TruePosition filed its Complaint on October 25, 2005, accusing Andrew of infringing the '144 patent. D.I. 1.  Andrew filed its Answer, Affirmative Defenses and Counterclaims on December 15, 2005. D.I. 13.    Andrew has counterclaimed for noninfringement and invalidity, unfair competition, fraud and estoppel.    Amended complaints and thus, amended answers and counterclaims, were filed.  Fact discovery closed November 17, 2006.  D.I. 94.  Expert discovery closed January 24, 2007.  *Id*. Summary judgment and *Markman* briefing ended on February 28, 2007; a hearing on claim construction and summary judgment motions was held on April 10, 2007.  Trial is set to begin September 4, 2007.

1

III.    **SUMMARY OF ARGUMENT**

Dr. Perry's opinion is admissible under Daubert because it is both relevant and reliable.

First, Dr. Perry's opinion is relevant because whether

is pertinent to all four factors analyzed by Courts when deciding the issue of a permanent injunction after *Ebay*:

(1) whether TruePosition has suffered an irreparable injury;

(2) whether remedies available by law, such as monetary damages, are inadequate to compensate for that injury;

(3) the balance of hardships; and

(4) whether the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 126 S.Ct. 1837, 1839 (2006).

Second, Dr. Perry's report is reliable because his opinion is based on TruePosition's own expert opinion regarding what algorithms are required by the '144 patent and because Dr. Perry performed a thorough and helpful analysis. Any complaints TruePosition has regarding his opinions can be dealt with on cross-examination.

IV.    **COUNTERSTATEMENT OF FACTS**

Dr. Dewayne Perry is a source code expert. Dr. Perry received his Masters degree in Computer Science in 1977 and his Ph.D in Computer Science in 1978. Ex. A, Perry Report and Curriculum Vitae at CV1. Since receiving his degrees, Dr. Perry has worked for almost 30 years in both academia and industry. *Id.* His experience includes research at AT&T Bell Labs for 12 years, several professorships, and industry experience as a computer programmer. *Id.* Since November 1999, he has been the Professor and Motorola Regents Chair of Software Engineering, Department of Electrical and

Computer Engineering, at the University of Texas in Austin, Texas. *Id.* Dr. Perry is a founding Board of Directors member of the Institute of Software Engineers. *Id.* at CV2. He currently is, or has been, a member of almost 20 boards and steering committees relating to software engineering. *Id.* at CV2-3. He is the chair or co-chair of numerous software engineering conferences, and the recipient of several National Science Foundation and private industry grants. *Id.* at CV3-6. He has authored or co-authored over 300 publications relating to software engineering. *Id.* at CV6-18. He is more than qualified to serve as an expert witness in this case.

expert, Dr. Oded Gottesman, who identifies Figures 7 and Figures 8A-8E of the '144 patent as reflecting the algorithms required by the means-plus-function limitations of the asserted claims.

There are three means-plus-function limitations at issue -- the "means for processing" and "means for determining" required by Claim 1, and "locating means" required by Claim 22. Claim 1 of the '144 patent requires:

> **means for processing** said frames of data from said cell site systems to generate a table identifying individual cellular telephone signals and the differences in times of arrival of said cellular telephone signals among said cell site systems.

'144 Patent, Claim 1, col. 20, ll. 26-31.

Dr. Gottesman's corresponding opinion is that:

[t]he algorithm in the patent that performs this function is described connection with portions of Figures 7, and portions 8A-8B which are nicely summarized in the portion of Figure 7 through TDOA calculation.

Ex. C, Gottesman Report at 36.

Claim 1 of the '144 patent also requires:

**means for determining**, on the basis of said times of arrival differences, the locations of the cellular telephones responsible for said cellular telephone signals

'144 Patent, Claim 1, col. 20, ll. 31-34.

Dr. Gottesman's corresponding opinion is that:

[t]he algorithm in the patent that performs this function is described connection with portions Figures 7, and portions 8C-8D which are nicely summarized in the fifth and sixth blocks of Figure 7.

Ex. C, Gottesman Report at 37.

Claim 22 of the '144 patent requires:

**locating means** for automatically determining the locations of said cellular telephones by receiving and processing signals emitted during said periodic reverse control channel transmissions

'144 Patent, Claim 22, col. 23, ll. 63-66.

And Dr. Gottesman's corresponding opinion is that:

[t]he algorithm in the patent that performs this function is described connection with portions of Figures 7, and portions 8A-8D which are nicely summarized in the portion of Figure 7 through latitude/longitude calculation.

Ex. C, Gottesman Report at 63.

Both parties agreed in their Markman briefing that the above limitations require the algorithms set forth in Figures 7 and 8 of the '144 patent or equivalents thereof. *See, e.g.,* DI 142, TruePosition Claim Construction Op. Br. at 19-20 (citing Figures 7 and 8A-8B for the "means for processing" limitation of Claim 1); *id.* at 23-24 (citing Figures 7

and 8C for the "means for determining" limitation of Claim 1); *id.* at 28-29 (citing Figures 7 and 8A-8D for the "locating means" limitation of Claim 22).

specified by Figures 7 and 8A-8E of the '144 patent:

Q:    It's your understanding that Dr. Gottesman refers to Figures 7 and 8A to 8D of the patent as representing the patent's algorithms for processing data to identify individual cellular telephone signals, is that correct?

A:    Yes.

Q:    Where does that understanding come from?

A:    From his expert report.

Ex. B, Perry Deposition at 54:17-55:1; *see also* Ex. A, Perry Expert Report and Curriculum Vitae, at 232, Para. 3.

And in his report, Dr. Perry specifically references the Figures cited by Dr.

*Id.* at 3, Para 4.

*Id.* at 3-4, Para. 5.

In addition, Dr. Perry explained in his deposition that he performed a broad review which would have revealed any equivalent or similar processes to the missing algorithm steps:

***

6

Ex. B, Perry Deposition at 71:5-17; 73:20-74:3.

***

In sum, Dr. Perry's analysis is sound.

## V.     ARGUMENT

The Third Circuit[1] reads Rule 702 to have "three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability, and fit." *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000). Here, TruePosition does not question Dr. Perry's qualifications, and as shown below, Dr. Perry's opinion is both relevant and reliable. Therefore, Dr. Perry's opinion is admissible.

### A.

TruePosition argues that Dr. Perry's report is irrelevant, specifically stating that:

- Dr. Perry does not explain relevance of his opinion and has no opinion as to its relevance;

- Dr. Perry is unfamiliar with how damages are calculated; and

- Andrew's damages expert did not take Dr. Perry's report into account.

*See* TPI Op. Br. at 13.

---

[1]     *See Micro Chem., Inc. v. Lextron, Inc.,* 317 F.3d 1387, 1391 (Fed. Cir. 2003) ("the law of the regional circuit" applies when deciding "whether to admit expert testimony" in patent cases).

As a threshold matter, these arguments are all inapposite and nonsensical. Whether Dr. Perry -- a computer science expert -- has knowledge regarding the legal framework of damages is not a pertinent inquiry.  Furthermore, because Dr. Perry's opinion is relevant to the issue of an *injunction*, there is no reason that it should have been taken into account as part of the *monetary* analysis by Andrew's damages expert. And TruePosition is also wrong to imply Dr. Perry needed to opine as to whether an injunction should issue.  *See In re Hayes Lemmerz Int'l, Inc.*, 340 B.R. 461, 469 (Bankr. D. Del. 2006) ("Rule 704 does not allow an expert merely to tell the Court what result it should reach.").

Dr. Perry's opinion is relevant in the event that Andrew is found to infringe the '144 patent because TruePosition is seeking a permanent injunction.  The Supreme Court's holding in *eBay Inc. v. MercExchange, L.L.C.* "requires courts to consider the standard four part test for permanent injunctions in patent cases and reverses this court's traditional rule that 'courts will issue permanent injunctions against patent infringement absent exceptional circumstances.'"  *Monsanto Co. v. Scruggs*, 459 F.3d 1328, 1342 (Fed. Cir. 2006).  When a patent owner seeks a permanent injunction, the patent owner must "demonstrate:

> (1) that it has suffered an irreparable injury;
>
> (2) that remedies available by law, such as monetary damages, are inadequate to compensate for that injury;
>
> (3) that considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and
>
> (4) that the public interest would not be disserved by a permanent injunction."

*eBay Inc.,* 126 S.Ct. at 1839.

8

Indeed, there is no longer a "presumption that a patent holder is irreparably harmed upon a finding of infringement." *IMX, Inc. v. LendingTree*, LLC, 469 F.Supp.2d 203, 224-35 (D. Del. 2007) (discussing the "now-overturned presumption that a patent holder is irreparably harmed upon a finding of infringement"; denying plaintiff's motion for a permanent injunction without prejudice to renew); *see also Praxair, Inc. v. ATMI, Inc.*, 479 F.Supp.2d 440, 443 (D. Del. 2007) ("Under *eBay*, a plaintiff must prove that it is entitled to its statutory right to exclude by demonstrating, *inter alia*, irreparable injury and the inadequacy of legal remedies."; denying motion for permanent injunction); *Paice LLC v. Toyota Motor Corp.*, 2006 WL 2385139, No. 2:04-CV-211-DF, at *4-5 (E.D. Tex. 2006) (non-practicing patentee failed to "establish that it will be irreparably harmed absent an injunction"; denying permanent injunction).

TruePosition is irreparably harmed, whether monetary damages are adequate to compensate for any injury, the balance of hardships and the public interest.  Therefore,


**B.    DR. PERRY'S ANALYSIS IS RELIABLE.**

TruePosition further argues that D. Perry's opinion is unreliable and unhelpful, but these arguments fail because Dr. Perry based his analysis on Dr. Gottesman's opinion and performed a thorough and helpful analysis.  Any issues TruePosition has with Dr. Perry's opinions can be dealt with through cross-examination.

1.    **Dr. Perry's Analysis Is Based On TruePosition's Expert's Opinion.**

TruePosition bases its argument in large part on the theory that Dr. Perry did not do a formal infringement analysis of TruePostion's geolocation product. But all of TruePosition's arguments miss the mark because Dr. Perry looked for source code

explained above, both Dr. Gottesman and the parties' Markman briefs identify Figure 7 and Figures 8A-8E as reflecting claimed structure. Regarding the "means for processing" term of Claim 1, Dr. Gottesman opined:

> The algorithm in the patent that performs this function is described connection with ***portions of Figures 7, and portions [off] 8A-8B*** which are nicely summarized in the portion of Figure 7 through TDOA calculation.

> Ex. C, Gottesman Report at 36.

Regarding the "means for determining" term of Claim 1, Dr. Gottesman opined:

> The algorithm in the patent that performs this function is described connection with ***portions [off] Figures 7, and [off] portions 8C-8D*** which are nicely summarized in the fifth and sixth blocks of Figure 7.

> Ex. C, Gottesman Report at 37.

And regarding the "locating means" term of Claim 22, Dr. Gottesman opined:

> The algorithm in the patent that performs this function is described connection with ***portions of Figures 7, and portions [off] 8A-8D*** which are nicely summarized in the portion of Figure 7 through latitude/longitude calculation.

> Ex. C, Gottesman Report at 63; *see also* D.I. 142, TruePosition Claim Construction Op. Br. at 19-20 (citing Figures 7 and 8A-8B for the "means for processing" limitation of Claim 1); *id.* at 23-24 (citing Figures 7 and 8C for the "means for

determining" limitation of Claim 1); *id.* at 28-29 (citing Figures 7 and 8A-8D for the "locating means" limitation of Claim 22).

specified by Figures 7 and 8A-8E of the '144 patent.  *See* Ex. A, Perry Expert Report and Curriculum Vitae at 2-3, Para. 3.  His report specifically references that Dr. Gottesman relied on the same figures for his infringement analysis.  *See e.g. id.* at Paras. 3 and 4.  Thus, because he based his opinion on the structures identified by Dr. Gottesman and the parties, there was no need for Dr. Perry to construe the claims himself.  Moreover, because Dr. Perry was basing his review on the Figures identified by Dr. Gottesman and the parties as structure for the means terms, he was no

2.     **Dr. Perry Conducted a Thorough and Helpful Analysis That TruePosition Is Free To Challenge On Cross-Examination.**

The reliability of Dr.  Perry's analysis is further shown by his thorough and helpful analysis, which TruePosition is free to challenge on cross-examination.  First, Dr. Perry -- an expert with 30 years of experience in computer science -- analyzed

Second, Dr. Perry explained in his deposition that he performed a broad review

Ex. B, Perry Deposition at 71:5-17; 73:20-74:3.

Third, the reliability of Dr. Perry's opinion is further shown by his specific and

*Id.* at 3, Para 4.

*Id.* at 3-4, Para. 5.

       <u>Fourth</u>, any alleged inadequacies in Dr. Perry's opinion can be addressed by cross-examination, which is further demonstrated by certain lines of questioning in his deposition:

Ex. B, Perry Deposition at 75:19-76:3; 76:18-77:3; 77:10-16.

***

Therefore, because Dr. Perry's opinion is based on Dr. Gottesman's opinion, and because it is thorough and helpful, it is reliable and admissible under Daubert.

## VI.    CONCLUSION

For all of these reasons, Andrew respectfully requests that the Court deny TruePosition's Motion To Exclude the Testimony of Dr. Dewayne E. Perry Pursuant to Federal Rule of Evidence 702.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088) [*jingersoll@ycst.com*]
Andrew A. Lundgren (No. 4429) [*alundgren@ycst.com*]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
302-571-6600
*Attorneys for Defendant/Counterclaim Plaintiff
 Andrew Corporation*

14

OF COUNSEL:

John M. Desmarais
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Michael A. Parks
Rachel Pernic Waldron
Shira J. Kapplin
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Dated:  June 4, 2007

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on June 11, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

James D. Heisman, Esquire
Connolly, Bove, Lodge & Hutz
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
Email: jheisman@cblh.com

I further certify that on June 11, 2007, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following in the manner indicated:

**BY ELECTRONIC MAIL AND FEDERAL EXPRESS**

Paul B. Milcetic, Esq. [pmbilcet@woodcock.com]
Daniel J. Goettle, Esq. [dgoettle@woodcock.com]
Woodcock Washburn LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Andrew A. Lundgren
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
alundgren@ycst.com
*Attorneys for Defendant Andrew Corporation*