IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUEPOSITION, INC.,<br><br>    Plaintiff and<br>    Counterclaim-Defendant,<br><br>v.<br><br>ANDREW CORPORATION,<br><br>    Defendant and<br>    Counterclaim-Plaintiff. | Civil Action No. 05-00747-SLR |

**ANDREW CORPORATION'S REPLY MEMORANDUM
IN SUPPORT OF ITS *DAUBERT* MOTION FOR A RULING
LIMITING THE TESTIMONY OF DR. ODED GOTTESMAN**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Josy W. Ingersoll (No. 1088) [*jingersoll@ycst.com*]
Andrew A. Lundgren (No. 4429) [*alundgren@ycst.com*]
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
302-571-6600
*Attorneys for Defendant Andrew Corporation*

OF COUNSEL:

John M. Desmarais
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Michael A. Parks
Rachel Pernic Waldron
Shira J. Kapplin
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Dated: June 11, 2007

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................1

II.  ARGUMENT......................................................................................................3

  A.  TRUEPOSITION DOES NOT CONTEST EXCLUDING ANY OPINION BY DR. GOTTESMAN THAT "MAXIMUM LIKELIHOOD ESTIMATE" SATISFIES THE "MEANS FOR DETERMINING" OR "LOCATING MEANS." ..................................................................................................3

  B.  TRUEPOSITION'S BACK-UP ARGUMENT THAT IT CAN IGNORE THE "LEAST SQUARES" LIMITATION IS BASELESS. ............................................3

III. CONCLUSION...................................................................................................5

i

## TABLE OF AUTHORITIES

This Reply contains no citations of cases, statutes, rules, textbooks or other authorities.

I.  **INTRODUCTION**

In its opening brief, Andrew explained that Dr. Gottesman should be precluded from testifying that Andrew's accused products meet the "means for determining" and "locating means" limitations because:

1. Both limitations require a least squares estimate equation or its equivalent.

2. Andrew's accused products use a maximum likelihood estimate equation, not a least squares estimate equation.

3. Dr. Gottesman has no reliable basis to opine that a maximum likelihood estimate equation is equivalent to a least squares estimate equation. Indeed, Dr. Gottesman opined that the two equations are *not* equivalent, and that they are only aimed to achieve the same thing under certain conditions:

> Q: Could you also, please, Dr. Gottesman, demonstrate for me mathematically or otherwise how, in your opinion, maximum likelihood estimate is equivalent to least squares estimation.
>
> A: *I did not say that it is equivalent;* I said that it is aimed to achieve under -- it -- on the general sense, it is not the same thing. *Under certain conditions, it is aimed to achieve the same thing.*

Andrew Op. Br. at 3; Andrew Op. Br. Ex. C, Gottesman January 12, 2007 Dep. at 325:22-326:5 (emphases added).

\*\*\*

Dr. Gottesman further opined that the "certain conditions" could not be implemented in source code, and are certainly not present in Andrew's source code:

> Under certain condition, under certain conditions, they -- they -- minimizing least squares error, distortion, or measure is equivalent to maximizing a probability, maximizing the likelihood, under certain condition....Now, this is an academic and theoretical discussion that I explained to you why scientists view maximum likelihood

1

> as *associated* with minimizing the distortion measure. But that's only an academic discussion. *This is not something you can implement in a code, in a source code. It's not max -- there is no limitation, there is no such algorithm of maximum likelihood that include all this equation in the source code.*

Andrew Op. Br. at 3; Andrew Op. Br. Ex. C, Gottesman January 12, 2007 Dep. at 338:6-339:7 (emphases added).

In response to Andrew's motion, TruePosition does not argue Dr. Gottesman should be allowed to testify that a maximum likelihood estimate equation satisfies the "means for determining" or "locating means" limitations. Indeed, TruePosition does not contest the inadmissibility of a Dr. Gottesman opinion that maximum likelihood estimate satisfies the "means for determining" or "locating means" limitations.

Rather, TruePosition argues that Andrew does not use a maximum likelihood estimate equation. *See* TPI Resp. Br. at 3 (Dr. Gottesman "testified instead that Geometrix® does *not* implement a 'maximum likelihood' process.") (emphasis in original). TruePosition further argues that Andrew documentation stating that its accused Geometrix® products implement a maximum likelihood estimate equation is wrong. *See id.* at 12.

Finally, TruePosition argues that "[Dr. Gottesman] further testified that since Geometrix® does *not* implement a maximum likelihood process, the question of whether the 'least squares' process in the patent is equivalent to 'maximum likelihood' is wholly '*academic*.'" *See* TPI Resp. Br. at 11-12 (emphases in original).

## II. ARGUMENT

### A. TRUEPOSITION DOES NOT CONTEST EXCLUDING ANY OPINION BY DR. GOTTESMAN THAT "MAXIMUM LIKELIHOOD ESTIMATE" SATISFIES THE "MEANS FOR DETERMINING" OR "LOCATING MEANS."

TruePosition makes no argument that Dr. Gottesman should be allowed to testify that maximum likelihood estimate satisfies the "means for determining" or "locating means" limitations. Indeed, according to TruePosition, such an argument is "academic." *See* TPI Resp. Br. at 11-12.

Given TruePosition's stance, this Court should grant Andrew's motion and preclude Dr. Gottesman from testifying that a maximum likelihood estimate equation satisfies the "means for determining" or "locating means" limitations. That was the crux of Andrew's *Daubert* motion and TruePosition apparently does not contest such relief — indeed, TruePosition emphasizes that Dr. Gottesman's opinion is that Andrew's accused products do *not* implement a maximum likelihood process. TPI Resp. Br. at 3, 11-12. And, as explained in Andrew's opening brief, there was no basis for Dr. Gottesman to opine that maximum likelihood satisfies the "means for determining" or "locating means" limitations anyway.

### B. TRUEPOSITION'S BACK-UP ARGUMENT THAT IT CAN IGNORE THE "LEAST SQUARES" LIMITATION IS BASELESS.

TruePosition makes a strange argument that "even if Dr. Gottesman had 'conceded' that Geometrix® does not implement 'least squares," he could still reliably testify that the means plus function limitations are in Geometrix® because key aspects of the algorithms in the patent that correspond to the limitations are found in Geometrix®." TPI Resp. Br. at 15. TruePosition goes on to argue that "the overall algorithm in

3

Geometrix is equivalent to the overall algorithms" in the patent specification "other than the 'least squares' aspect." *Id.* at 14.

TruePosition's argument ignores the concession it made at the *Markman* hearing in April when it agreed with Andrew that the "least squares estimate" is required:

> **Andrew Counsel:** In terms of the means for determining, what is important here, again, *what is key to the construction is that the construction specify that the means for determining require a least squares estimate equation* and that is set forth in Column 16 of the patent, under the title location calculation. And in the middle of that page, it sets forth the equation for the least squares estimate. And, again, that's what is *key for the means for determining limitation that the construction specified that it requires the least squares estimate equation as specified in the '144 patent itself.* I'm, frankly, not sure if this requires any more detail than that.
>
> **TruePosition Counsel:** Your Honor, if I might just respond to that briefly, I think there's *no dispute* about what he's saying....

Andrew Op. Br. Ex. A, April 10, 2007 Hearing Tr. at 57:8-24 (emphases added). *See also* '144 Patent, col.18 ll.32 (A25).[1]

To support its argument that Andrew's accused products can satisfy the "means for determining" and "locating means" limitations without the least squares estimate, TruePosition cites **Blocks 1, 3 and 4** of Figure 7 of the '144 patent. TPI Resp. Br. at 15. TruePosition's argument is nonsensical, however, because Dr. Gottesman opines that: (a) **Blocks 5 and 6** of Figure 7 (not blocks 1, 3 or 4) correspond to the "means for determining" limitation; and (b) Figure 7 *through Block 6* corresponds to the "locating means" limitation. *See* Andrew Op. Br. Ex. B, Gottesman Report at 37 (The algorithm in

---

[1] The "A" appendix refers to Andrew's Combined Appendix for its Opening Markman Brief, and its Opening Briefs in support of its Motions for Summary Judgment on the issues of Noninfringement and Indefiniteness.

4

the patent that performs this function [of the means for determining] is described connection with portions Figures 7, and portions 8C-8D which are nicely summarized in the *fifth and sixth blocks of Figure 7*.") (emphasis added); *id.* at 63 (citing the "portion of Figure 7 *through* latitude/longitude calculation" as structure corresponding to the locating means) (emphasis added).

At bottom, TruePosition's argument is tantamount to simply reading the required least squares estimate method right out of the structure. That would be contrary to the law and in direct conflict with TruePosition's statements at the *Markman* hearing and in claim construction briefing. *See* Andrew Op. Br. Ex. A, April 10, 2007 Hearing Tr. at 57:8-24; *see also* DI 142, TruePosition Claim Construction Op. Br. at 23 ("TruePosition's proposed construction [for the means for determining limitation] identifies the algorithm corresponding to the recited function as described in the Patent at 'Fig. 7 at the Fifth and Sixth Blocks'"). TruePosition's position is baseless.

### III.   CONCLUSION

Andrew's opening brief demonstrated that Dr. Gottesman has no basis to opine that "least squares estimate" and "maximum likelihood estimate" are equivalent. Indeed, TruePosition has now conceded Dr. Gottesman will present no such opinion. For the reasons explained above and in Andrew's opening brief, Andrew respectfully requests that the Court preclude Dr. Gottesman from testifying that a maximum likelihood equation satisfies the "means for determining" or "locating means" limitations.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Andrew A. Lundgren*
---
Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Andrew A. Lundgren (No. 4429) [alundgren@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
302-571-6600
*Attorneys for Defendant/Counterclaim Plaintiff
Andrew Corporation*

OF COUNSEL:

John M. Desmarais
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Michael A. Parks
Rachel Pernic Waldron
Shira J. Kapplin
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Dated: June 11, 2007

**CERTIFICATE OF SERVICE**

I, Andrew A. Lundgren, Esquire, hereby certify that on June 11, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> James D. Heisman, Esquire
> Connolly, Bove, Lodge & Hutz
> The Nemours Building
> 1007 North Orange Street
> P.O. Box 2207
> Wilmington, DE 19899
> (302) 658-9141
> Email: jheisman@cblh.com

I further certify that on June 11, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

**BY ELECTRONIC MAIL AND FEDERAL EXPRESS**

> Paul B. Milcetic, Esq. [pmbilcet@woodcock.com]
> Daniel J. Goettle, Esq. [dgoettle@woodcock.com]
> Woodcock Washburn LLP
> One Liberty Place, 46th Floor
> Philadelphia, PA 19103

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> /s/ Andrew A. Lundgren
> _____
> Andrew A. Lundgren (No. 4429)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> (302) 571-6600
> alundgren@ycst.com
> *Attorneys for Defendant Andrew Corporation*