**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**TruePosition, Inc.,**

**Plaintiff/**
**Counterclaim-Defendant,**

**v.**

**Andrew Corporation,**

**Defendant/**
**Counterclaim-Plaintiff.**

**Civil Action No. 05-747-SLR**

# TRUEPOSITION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE THE INVALIDITY TESTIMONY OF DR. DAVID GOODMAN PURSUANT TO FEDERAL RULE OF EVIDENCE 702

CONNOLLY BOVE LODGE & HUTZ LLP
James D. Heisman, Esq. (#2746)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614

WOODCOCK WASHBURN LLP
Paul B. Milcetic, Esq. (pro hac vice)
Dale M. Heist, Esq. (pro hac vice)
Kathleen A. Milsark, Esq. (pro hac vice)
Daniel J. Goettle, Esq. (pro hac vice)
Amanda M. Kessel, Esq. (pro hac vice)
Cira Centre, 12th Floor, 2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................1

II. ARGUMENT..............................................................................1

A. Andrew Has Still Failed to Show that Dr. Goodman Used a Proper Claim Construction..............................................3

B. Andrew Has Still Failed to Show that Dr. Goodman Performed a Limitation by Limitation Analysis that References Geometrix..........................................................................9

C. Andrew Offers New Reasons Mandating Exclusion of Dr. Goodman's Testimony..................................................9

III. CONCLUSION.........................................................................13

# TABLE OF AUTHORITIES

## FEDERAL CASES

*AFG Industrial v. Cardinal IG Co.*,
239 F.3d 1239 (Fed. Cir. 2001) .......................................................... 3

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*,
239 F.3d 1343 (Fed. Cir. 2001) .......................................................... 2

*Atofina v. Great Lakes Chemical Corp.*,
441 F.3d 991 (Fed. Cir. 2006) .................................................. 10, 11, 12

*Club Car, Inc. v. Club Car (Quebec) Import, Inc.*,
362 F.3d at 775, 780 (11th Cir. 2004) .................................................. 12

*Conroy v. Reebok International, Ltd.*,
14 F.3d 1570, (Fed. Cir. 1994) .......................................................... 7

*Corning Glass Works v. Sumitomo Electric USA, Inc.*,
868 F.2d 1251, 1262 (Fed. Cir. 1989) .................................................. 11

*Hebert v. Lisle*,
99 F.3d at 1109, 1117 (Fed. Cir. 1996).................................................. 12

*Izumi Products Co. v. Koninklijke Philips Electronics N.V.*,
315 F. Supp. 2d 589, 601(D. Del. 2004)........................................... 2, 12

*Marquip, Inc. v. Fosber America, Inc.*,
198 F.3d at 1363, 1367 (Fed. Cir.1999) .................................................. 7

*Oxford Gene. Oxford Gene Tech. Ltd. v. Mergen Ltd.*,
345 F. Supp. 2d 431 (D. Del. 2004)....................................................... 3

*Schering Corp. v. Geneva Pharms., Inc.*,
339 F.3d 1373 (Fed. Cir. 2003) .......................................................... 2

*Wilson Sporting Goods Co. v. David Geoffrey & Associate*,
904 F.2d 677 (Fed. Cir. 1990) .......................................................... 8

## FEDERAL STATUTES, RULES AND REGULATIONS

Fed. R. Evid. 702 .......... 1, 2

## I. INTRODUCTION

Andrew's Opposition to TruePosition's Motion to Exclude the Testimony of Dr. David Goodman fails to establish the reliability of Dr. Goodman's anticipation opinion as required by Federal Rule of Evidence 702. Andrew spends the bulk of its pages obfuscating the fact that Dr. Goodman did not 1) use a useful or relevant construction of the claims in rendering his anticipation opinion; or 2) perform any comparison of Geometrix to the Kono reference.

Instead, Andrew extols Dr. Goodman's qualifications (which are not at issue in this motion), selectively provides quotations from Dr. Goodman's deposition testimony, and argues that Dr. Goodman's opinion is proper in an "equivalency" context. But Dr. Goodman's qualifications cannot cure the deficiencies in his analysis; Andrew's cherry-picked deposition excerpts merely highlight Dr. Goodman's fundamental misunderstanding of the law of anticipation; and Andrew's new "equivalency" analysis is both irrelevant and too late to prove invalidity. Dr. Goodman's opinion is unreliable and unhelpful to the trier of fact and must be excluded under Federal Rule of Evidence 702.

## II. ARGUMENT

Dr. Goodman's opinion is that **if** Geometrix is found to infringe the 144 patent, **then** the 144 patent is anticipated – no matter what claim construction the Court ultimately adopts. It is undisputed that ordinarily, to establish anticipation, an infringer must show that a single prior art reference contains each element of

the asserted claims. *See, e.g., Schering Corp. v. Geneva Pharms., Inc.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003). Dr. Goodman's "if/then" argument logically makes sense only if Dr. Goodman establishes identity between Geometrix and the Kono reference. But Dr. Goodman has admitted that he did not do so:

> Q: Is the disclosure in Kono, does that essentially describe in your view the Geometrix equipment?
>
> [Objections omitted]
>
> A: I haven't performed this analysis, but I'll just stop there.

(A74 (126:13-19)).

Thus, Andrew can only properly show anticipation by following the well-established methodology of: 1) determining the meaning and scope of the claims at issue; and 2) comparing the properly construed claims to the prior art. *See Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001). Andrew still has not shown that Dr. Goodman performed either essential step, and has therefore failed to establish the reliability of Dr. Goodman's opinion by a preponderance of the evidence. *See Izumi Products Co. v. Koninklijke Philips Electronics N.V.*, 315 F. Supp. 2d 589, 601 (D. Del. 2004) (proponent of the purported expert testimony bears the burden of showing, by a preponderance of the evidence, that the requirements of Federal Rule of Evidence 702 are satisfied). None of Andrew's arguments demonstrate otherwise.

### A. Andrew Has Still Failed to Show that Dr. Goodman Used a Proper Claim Construction

TruePosition demonstrated in its opening brief, as well as in its Motion for Summary Judgment that Andrew Cannot Prove Its Claims of Invalidity (D.I. 134-35), that Dr. Goodman failed to set forth a clear construction of each limitation of the asserted claims. Therefore, Dr. Goodman's proposed testimony will not be helpful to the trier of fact because he did not perform any analysis that would be relevant to this case. This flaw by itself warrants exclusion of Dr. Goodman's testimony. *See Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431, 436 (D. Del. 2004) ("failure to disclose a clear construction of each disputed claim element makes his report less than helpful to the trier of fact.")[1]; see also *AFG Indus. v. Cardinal IG Co.*, 239 F.3d 1239, 1247 (Fed. Cir. 2001) ("It is critical for trial courts to set forth an express construction of the material claim terms in dispute, in part because the claim construction becomes the basis of the jury instructions, should the case go to trial. . . . It is also the necessary foundation of meaningful appellate review.") (internal citations omitted).

---

1 Andrew's argument that TruePosition has mischaracterized the *Oxford Gene* case fails (D.I. 228 at 13). In fact, the "alternative" construction provided by the expert in *Oxford Gene* is analogous to Dr. Goodman's "hypothetical" construction. Neither expert provides a clear construction, but instead provides an "if, then" scenario – in Dr. Goodman's case, if Geometrix infringes, then the 144 patent is invalid; and in *Oxford Gene*, if certain limitations are not included in the claims, then the patent is invalid. 345 F. Supp. 2d at 435-36.

Andrew's answering brief attempts to obscure this fundamental failing by reciting various excerpts from Dr. Goodman's deposition (D.I. 228 at 8-12). Not one of these excerpts, however, provides the missing claim construction.

In picking its excerpts, Andrew entirely ignores the extensive lines of questioning reflecting TruePosition's attempts to ascertain the precise claim construction utilized by Dr. Goodman in his analysis (*see, e.g.*, C9-C10 (159:9-162:17); A76-A77 (173:10-177:15)). When repeatedly asked to make explicit the claim construction that he actually used to render his conditional invalidity opinion, Dr. Goodman finally wrote out an interpretation that bypassed a large number of significant limitations, including the crucial "reverse control channel" limitation that the parties debated during the *Markman* hearing. (A76-A77 (173:10-177:15); A80-A81 (PX471-PX472); D.I. 204 at 7-41). For reasons already explained in TruePosition's opening brief, that claim construction is inadequate, rendering Dr. Goodman's opinion unreliable.

Andrew argues that Dr. Goodman relied upon "TruePosition's allegations of claim scope as evidenced by its infringement allegations" as contained in the infringement report of TruePosition's expert, Dr. Gottesman, to fashion the claim construction that he used to render his invalidity opinion (D.I. 228 at 14). Andrew similarly suggests that, to render his conditional invalidity opinion, Dr. Goodman relied upon the claim construction that Dr. Gottesman used to prove infringement

(*id.*). But Dr. Goodman could not possibly have rendered an opinion based upon Dr. Gottesman's report because, at the time Dr. Goodman developed his invalidity opinion, Dr. Gottesman's report had not yet been served. Furthermore, Dr. Goodman's report leaves no doubt that he *did not* rely upon TruePosition's infringement allegations to construct the interpretation of the claims that underlie his opinion:

> I also understand that the Court has not yet construed claim terms in this case, but that the parties have exchanged various preliminary claim interpretations. *Regardless of which constructions are adopted* it is my opinion that the Kono application will anticipate the '144 patent if its claims are read broadly enough to cover Andrew's Geometrix products.

(emphasis supplied) (A36-A37).

Andrew claims that "Dr. Goodman's approach simply conforms with the black-letter law that claims must be construed the same way for both an infringement and invalidity analysis" (D.I. 228 at 13). But that claim is false. Dr. Goodman did not use the same construction for purposes of invalidity and infringement. Instead, he disagreed with the construction that he used for purposes of invalidity and instead used a different construction for purposes of his non-infringement opinion (A76 (173:10-25); A77 (176:6-177:15)). It is therefore ironic that Andrew would cite to the black-letter rule that the claims should be construed in the same way for purposes of both infringement and invalidity.

Andrew nevertheless suggests that Dr. Goodman uses the same construction for purposes of rendering his invalidity opinion as *TruePosition* uses to assert infringement (D.I. 228 at 13). But that suggestion is false too. A cursory comparison of TruePosition's constructions to the interpretations of claim 22 written out by Dr. Goodman during his deposition reveal that Dr. Goodman's "conditional invalidity" construction bears no relation to TruePosition's proposed constructions. (D.I. 135 at 14-16; *compare* A80 (PX471) to D.I. 228, Ex. D at 63).

Andrew also wrongly claims that Dr. Goodman relied upon a construction of the claims that is somehow fashioned from Dr. Gottesman's supposed attempts to broaden the "means plus function" claim limitations via the doctrine equivalents. There is no evidence in either Dr. Goodman's report or his deposition that he based his invalidity opinion on any purported reliance upon the doctrine of equivalents by TruePosition. Instead, Andrew's doctrine of equivalents argument is yet another belated attempt to remedy the failings in Dr. Goodman's conditional invalidity opinion through argument by counsel.

According to Andrew, "Dr. Goodman utilized a proper claim construction because TruePosition is asserting infringement by equivalence, and the prior art restricts the scope of equivalency that the party alleging infringement under the doctrine of equivalents can assert" (D.I. 228 at 2). But TruePosition's infringement expert, Dr. Gottesman, does not rely upon the doctrine of equivalents

to show that the means plus function claim limitations are met by the accused product (D.I. 228, Ex. D). Instead, his testimony is that those limitations are *literally* present in the accused product because Geometrix includes structures that are "*equivalent*" to the structures in the patent that correspond to those limitations (*id.* at 36-37; 62-64).

Andrew confuses "equivalents" in the doctrine of equivalents context with "equivalents" in the means-plus function context. But the two contexts are fundamentally different. According to Andrew, "the prior art restricts the scope of equivalency that the party alleging infringement under the doctrine of equivalents can assert" (D.I. 228 at 2). Andrew fails to cite any authority that this rule applies outside the doctrine of equivalents context, where a party asserts that a means plus function limitation is literally present because the accused product contains structures that are equivalent to structures in the patent that correspond to that means plus function limitation.

Even if Dr. Gottesman had based his testimony on the doctrine of equivalents, the rule that the "prior art restricts the scope of equivalency that the party alleging infringement under the doctrine of equivalents can assert" would, in that case, be relevant only to whether TruePosition could show infringement. *See Conroy v. Reebok Int'l, Ltd.*, 14 F.3d 1570, 1577 (Fed. Cir. 1994); *Marquip Inc. v. Fosber America, Inc.*, 198 F.3d 1363, 1367 (Fed. Cir. 1999); *Wilson Sporting*

*Goods Co. v. David Geoffrey & Assoc.*, 904 F.2d 677, 684-85 (Fed. Cir. 1990). It would not be relevant to whether Andrew can prove invalidity.

And, *again,* even if Dr. Gottesman had testified that the means plus function limitations are present in Geometrix by virtue of the doctrine of equivalents to show infringement – and he did not – Dr. Goodman could not possibly have based his invalidity opinion on anything that Dr. Gottesman did or did not say. Andrew's persistent references to Dr. Gottesman's infringement report to bolster Dr. Goodman's invalidity report, which was served at the same time as Dr. Gottesman's report, are designed to distract and mislead the Court.

Andrew also suggests that Dr. Goodman properly construed the means plus function limitations for purpose of invalidity because he recited the proper standard for construing means plus function limitations in his deposition (D.I. 228 at 11-12). But Dr. Goodman testified that he did *not use* that standard for purposes of his invalidity opinion, but only for purposes of rendering his non-infringement opinion (A74 (128:6-129:15)).

In short, Dr. Goodman's invalidity opinion is based upon a construction of the claims that is irrelevant to these proceedings. His invalidity opinion therefore cannot be helpful to the trier of fact.

### B. Andrew Has Still Failed to Show that Dr. Goodman Performed a Limitation by Limitation Analysis that References Geometrix

Andrew has also still failed to show that Dr. Goodman performed the necessary limitation by limitation analysis to render his conditional invalidity opinion.

In an attempt to show that Dr. Goodman performed the necessary limitation by limitation analysis, Andrew offers Dr. Goodman's chart comparing the claims to Kono (D.I. 228 at 7-8). But, again, Dr. Goodman never offered an opinion that Kono anticipates the claims. His opinion is that Kono anticipates the patent claims *only if* the claims encompass Geometrix. Andrew has not offered, because it cannot offer, any limitation by limitation analysis by Dr. Goodman that references Geometrix or that shows how, if the patent covers Geometrix, it must be anticipated by Kono.

Dr. Goodman's invalidity testimony will not be helpful to the trier of fact because he did not do the limitation by limitation comparison to Geometrix that would be necessary to render his conditional invalidity opinion. His opinion should be excluded.

### C. Andrew Offers New Reasons Mandating Exclusion of Dr. Goodman's Testimony

Andrew has not only failed to address flaws in Dr. Goodman's testimony that TruePosition raised in its opening brief, but it has, in fact, provided new

reasons why Dr. Goodman's testimony must be excluded.

In its attempt to illustrate the "sound bases" for Dr. Goodman's anticipation analysis, Andrew cites testimony and a diagram drawn by Dr. Goodman at his deposition (D.I. 228 at 8-9). Yet this very diagram actually illustrates Dr. Goodman's fundamental misapprehension of the basic principles of anticipation:



(Ex. H to D.I. 228 (PX 468); C8 (139:18-140:12)). This diagram, coupled with Dr. Goodman's testimony, (D.I. 228, Ex. G at 131:11-25; 136:5-145:8) shows that Dr. Goodman based his opinion on the notion that if a reference generally discloses a broad invention (a genus), that broad disclosure will necessarily anticipate all later claimed narrower inventions (or species).

This is not the law. A broad prior art disclosure does not necessarily anticipate a later narrower invention. *Atofina v. Great Lakes Chemical Corp.*, 441

F.3d 991, 999 (Fed. Cir. 2006) ("It is well established that the disclosure of a genus in the prior art is not necessarily a disclosure of every species that is a member of that genus. . . . There may be many species encompassed within a genus that are not disclosed by a mere disclosure of the genus.") (internal citations omitted); *Corning Glass Works v. Sumitomo Electric USA, Inc.*, 868 F.2d 1251, 1262 (Fed. Cir. 1989). Contrary to Dr. Goodman's opinion, while Kono may generally disclose a broad genus of cell phone location technologies, later claimed species of particular location methodologies that fall within this genus (including the invention of the 144 patent) can be, and in this case are, patentable over Kono.

*Atofina* provides a useful discussion that illustrates the flaws in Dr. Goodman's logic. In *Atofina*, the prior art reference disclosed a temperature range of 100-500°C (the genus), and the patent claimed a temperature range of 330-450°C (the species at issue). 441 F.3d at 999. The Federal Circuit held that "no reasonable fact finder could conclude that the prior art describes the claimed range with sufficient specificity to anticipate this limitation of the claim." *Id.* Also in *Atofina*, the claims at issue required certain "contact times" for a gas mixture and catalyst. The prior art reference did not expressly reference "contact times," so the Federal Circuit held that this limitation was not met by the prior art either. *Id.* at 1000 ("anticipation by inherent disclosure is appropriate only when the reference discloses prior art that must necessarily include the unstated limitation").

Similarly here, the parties agree that certain means-plus-function elements in claims 1, 2 and 22, as properly construed, require an algorithm (D.I. 130 at 3-6). Dr. Goodman testified that the Kono reference does not expressly disclose such an algorithm (A75 (130:12-131:6)). Indeed, he admitted that Kono discloses no flow chart and no code and does not mention the words "software" or "algorithm" (*id.* (130:17-131:6)). Yet Dr. Goodman claims because Kono discloses "a position locating calculating device" it also necessarily discloses *all* algorithms "known at the time" for locating cell phones (D.I. 228, Ex. G at 144:22-145:5). Dr. Goodman's approach was flatly rejected in *Atofina*.

Thus, Dr. Goodman's anticipation analysis is based on a flawed understanding of anticipation. This alone renders his testimony unreliable and provides a sound basis for its exclusion. *See Izumi Products*, 315 F. Supp. 2d at 600; *Club Car, Inc. v. Club Car (Quebec) Import, Inc.*, 362 F.3d 775, 780 (11th Cir. 2004); *Hebert v. Lisle*, 99 F.3d 1109, 1117 (Fed. Cir. 1996) (encouraging "exercise of the trial court's gatekeeper authority when parties proffer, through purported experts . . . markedly incorrect law").

Finally, to set the record straight, Andrew has once again grossly misrepresented TruePosition's allegations regarding claim 31 (D.I. 228 at 21-22). Contrary to Andrew's wishful thinking, TruePosition's arguments regarding the unreliability of Dr. Goodman's opinion apply to *all* asserted claims of the 144

patent (D.I. 207 at 12-13 and 16-17). TruePosition has *additional* arguments supporting the exclusion of Dr. Goodman's testimony for the claims that contain means-plus-function language (*id.* at 13-14 and 17-18).[2] But Dr. Goodman's invalidity opinion fails to set forth a proper construction of *any* claim, fails to perform the necessary limitation by limitation analysis for *any* claim and shows that his understanding of anticipation was fundamentally flawed.[3]

## III. CONCLUSION

Dr. Goodman did not compare Geometrix to Kono and therefore his sweeping opinion – that if Geometrix infringes, then the 144 patent is invalid – is unfounded. Andrew has failed to establish that Dr. Goodman's opinion otherwise complies with (or even that Dr. Goodman understands) the legal requirements necessary to prove anticipation: a clear element-by-element claim construction and a comparison of these constructions to Kono. Therefore, for the reasons set forth in TruePosition's opening brief and this reply, Dr. Goodman's proposed testimony regarding anticipation should be excluded.

---

2 Andrew does not, because it cannot, point to any portion of Dr. Goodman's report that sets forth a proper construction of the means-plus-function elements of claims 1, 2 and 22.

3 Andrew also persists in misrepresenting the opinions of TruePosition's validity expert, Dr. Agee. Dr. Agee never "concedes" that Kono teaches a command-response system (D.I. 228 at 6). Dr. Agee submitted a corrected expert report that specifically excluded this statement and unambiguously testified that this language in had slipped through in error and that his opinion in no way changed between his initial and corrected reports (C2-C4 (148:13-156:2); C5-C6 (173:4-177:3)).

Respectfully submitted,

DATED: June 11, 2007

By: Kristen Healey Cramer (#4512) for

CONNOLLY BOVE LODGE & HUTZ LLP
James D. Heisman, Esq. (#2746)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614

WOODCOCK WASHBURN LLP
Paul B. Milcetic, Esq. (pro hac vice)
Dale M. Heist., Esq. (pro hac vice)
Kathleen A. Milsark, Esq. (pro hac vice)
Daniel J. Goettle, Esq. (pro hac vice)
Amanda M. Kessel, Esq. (pro hac vice)
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

## CERTIFICATE OF SERVICE

I, James D. Heisman, hereby certify that on this 11th day of June, 2007, I caused a true and correct copy of the foregoing **TRUEPOSITION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE THE INVALIDITY TESTIMONY OF DR. DAVID GOODMAN PURSUANT TO FEDERAL RULE OF EVIDENCE 702** to be served upon the following individuals in the manner indicated below:

***Via hand-delivery***
Josy W. Ingersoll, Esq.
Young Conaway Stargatt & Taylor, LLP
100 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com

***Via e-mail***
Patrick D. McPherson, Esq.
Duane Morris LLP
1667 K Street, N.W.
Washington, DC 20006-1608
PDMcPherson@duanemorris.com

***Via e-mail***
Rachel Pernic Waldron, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
rpernicwaldron@kirkland.com

Kristen Healey Cramer (#4512) for
James D. Heisman (# 2746)