IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TruePosition, Inc., | ) | |
| | ) | |
| Plaintiff/ | ) | |
| Counterclaim-Defendant, | ) | |
| | ) | Civil Action No. 05-747-SLR |
| v. | ) | |
| | ) | |
| Andrew Corporation, | ) | |
| | ) | |
| Defendant/ | ) | |
| Counterclaim-Plaintiff. | ) | |
| | ) | |

**TRUEPOSITION'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO EXCLUDE THE TESTIMONY OF DR. DEWAYNE E.
PERRY PURSUANT TO FEDERAL RULE OF EVIDENCE 702**

CONNOLLY BOVE LODGE & HUTZ LLP
James D. Heisman, Esq. (#2746)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614

WOODCOCK WASHBURN LLP
Paul B. Milcetic, Esq. (pro hac vice)
Dale M. Heist, Esq. (pro hac vice)
Kathleen A. Milsark, Esq. (pro hac vice)
Daniel J. Goettle, Esq. (pro hac vice)
Amanda M. Kessel, Esq. (pro hac vice)
Cira Centre, 12th Floor, 2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

# TABLE OF CONTENTS

I. SUMMARY OF THE ARGUMENT..............................................................1

II. ARGUMENT..................................................................................................3

    A. Andrew's Opposition Fails to Show How Dr. Perry's Testimony Fits Any Issue in the Case......................................3

    B. Andrew's Opposition Brief Proves the Unreliability of Dr. Perry's Testimony..........................................................4

        1. Andrew's Opposition Brief Admits that Dr. Perry Does Not Address Claim 31..........................................4

        2. Dr. Perry Finds that TruePosition's Computer Code Practices the Means Plus Function Limitations, Rendering His Testimony Unreliable...........................5

        3. Dr. Perry Failed to Consider Equivalence.....................10

III. CONCLUSION............................................................................................12

# TABLE OF AUTHORITIES

## FEDERAL CASES

*eBay Inc. v. MercExchange, L.L.C.*,
  126 S. Ct. 1837 (2006) ................................................................................ 3

*Izumi Products Co. v. Konink*,
  315 F. Supp. 2d 589 (D. Del. 2004) ..................................................... 4, 11

*Meadows v. Anchor Longwall & Rebuild, Inc.*,
  2007 U.S. Dist. LEXIS 32764 (W.D. PA May 3, 2007) ......................... 11

*Oddi v. Ford Motor Company*,
  234 F.3d 136 (3d Cir. 2000) .................................................................... 10

*WMS Gaming Inc. v. International Game Technology*,
  184 F.3d 1339 (Fed. Cir. 1999) .............................................................. 10

## I. SUMMARY OF THE ARGUMENT

As explained in TruePosition's opening brief, Dr. Perry's opinion that TruePosition purportedly does not practice the invention is not only irrelevant, but also unreliable.

Andrew has failed, in its opposition, to satisfy its burden of showing that Dr. Perry's testimony is relevant to an issue in the case. Instead, Andrew now asserts a conclusory argument, with no analysis, that TruePosition's supposed failure to practice the invention is relevant to the injunction TruePosition seeks. But Andrew fails to show how TruePosition's practice of its own invention would be relevant to the criteria for granting an injunction. In fact, whether TruePosition practices the patent is as irrelevant to the injunction question as it is to damages. Therefore, Dr. Perry's testimony should be excluded.

Dr. Perry's testimony that TruePosition purportedly does not practice the invention is also unreliable. As Andrew acknowledges in its opposition, to support his opinion, Dr. Perry only narrowly focused on the means plus function limitations of claims 1 and 22 and, therefore, necessarily did not address asserted method claim 31. But practicing any one claim, including claim 31, is sufficient to practice the patent. Thus, Perry cannot reliably testify that TruePosition is not practicing the patented invention. To the contrary, Dr. Perry's failure to consider the claims of the patent that do not include means plus function limitations renders his opinion wholly unreliable.

Further, even with respect to claims 1 and 22, Dr. Perry's opinion that TruePosition is not practicing the patent is undercut by his own findings. Dr. Perry has found that TruePosition practices an algorithm shown in Figure 7 of the patent that he agrees corresponds to the means plus function limitations of claims 1 and 22. And while Dr. Perry has found that TruePosition supposedly does not practice certain elements of Figure 7, those elements are not part of the structure that corresponds to the means plus function claim limitations. Thus, his conclusion that TruePosition does not practice the patent is inconsistent with the proper construction of the claims and is thus unreliable.

Finally, Dr. Perry's opinion that TruePosition is not practicing the patent is also unreliable because he did not consider whether, even if TruePosition were not practicing the algorithms in the patent that correspond to the means-plus-function limitations in claims 1 and 22, TruePosition may nevertheless be practicing equivalents of those algorithms. His report nowhere mentions equivalence, and his later, conclusory, deposition testimony that he did not find anything that he "would have considered" equivalent in TruePosition's code is too little and too late to render his opinion reliable.

## II.  ARGUMENT

### A.  Andrew's Opposition Fails to Show How Dr. Perry's Testimony Fits Any Issue in the Case

Though Dr. Perry explained that his opinion was offered in response to TruePosition's damage expert (D.I. 211 at A33, ¶ 1), Andrew now asserts that Dr. Perry's testimony is relevant only to the injunction TruePosition seeks (D.I. 222 at 8-9). But despite bearing the burden of showing how Dr. Perry's testimony fits an issue in the case, Andrew merely recites the four factors used to determine whether an injunction should be awarded, as set forth in the Supreme Court's recent decision in *eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837, 1839 (2006) (D.I. 222 at 8). Andrew offers no analysis of the injunction factors and no explanation of how they relate to TruePosition's alleged failure to practice its invention.

Andrew has failed to offer any such explanation because, in fact, whether or not TruePosition practices the patent is *irrelevant* to the injunction analysis for the same reasons it is *irrelevant* to damages. For example, it is undisputed that TruePosition and Andrew are the only suppliers of products that locate cell phones in idle mode using UTDOA, and the demand for such systems is also undisputed (D.I. 212 at A184 (50:15-51:10)).[1] Thus, if no injunction is entered and Andrew is

---

[1]  Ironically, Andrew has refused to supplement its discovery relating to additional infringing sales, which TruePosition contends is relevant to the injunction analysis, in part because of this lack of a dispute regarding demand (C1-C2).

permitted to continue its willful infringement, TruePosition would continue to be harmed, even if it did not practice the invention.

In sum, Andrew fails to satisfy its burden of showing how Dr. Perry's testimony is relevant to the injunction TruePosition seeks and that testimony should therefore be excluded.

### B. Andrew's Opposition Brief Proves the Unreliability of Dr. Perry's Testimony

#### 1. Andrew's Opposition Brief Admits that Dr. Perry Does Not Address Claim 31

Andrew's brief in opposition to TruePosition's motion proves that Dr. Perry's testimony that TruePosition is not practicing the invention is unreliable. *See Izumi Products Co. v. Konink*, 315 F. Supp. 2d 589, 600 (D. Del. 2004) ("[T]he expert's testimony must be relevant for the purposes of the case."). Andrew agrees that, to support his opinion, Dr. Perry only narrowly focused on the means plus function limitations of claims 1 and 22 and, therefore, necessarily did not address asserted method claim 31. According to Andrew, Dr. Perry only "looked for source code corresponding to the algorithms . . . comprising the structure of the means limitations of [asserted claims 1 and 22]." (D.I. 222 at 10-11). Andrew explains the reasoning for this more narrow approach: "if TruePosition's products do not incorporate the algorithms required by the asserted claims, TruePosition is

not practicing the asserted claims and should not be allowed to pretend to the jury that it is" (D.I. 122 at 5).

But Andrew's explanation necessarily means that Dr. Perry ignored asserted claim 31 in rendering his opinion (D.I. 211 at A84 (89:8-20)), since claim 31 does not include any means-plus-function limitation (D.I. 211 at A28 (col. 24, ll. 51-67)) and, therefore does not include any "algorithms." Dr. Perry's testimony that TruePosition is not practicing the patent is therefore wholly unreliable, since practicing any one claim, including claim 31, is sufficient to practice the patented invention.

Because Dr. Perry does not analyze all of the claims, or even all of the asserted claims, his opinion is legally insufficient to prove that TruePosition does not practice the patent. Therefore, his testimony is both unreliable and misleading, and its admission would only serve to confuse the jury.

> 2. **Dr. Perry Finds that TruePosition's Computer Code Practices the Means Plus Function Limitations, Rendering His Testimony Unreliable**

Furthermore, even with respect to claims 1 and 22, Dr. Perry's opinion that TruePosition is not practicing the patent is undercut by his own findings. Dr. Perry has admitted that TruePosition practices the first six blocks of Figure 7 of the patent and, contrary to Andrew's suggestion, no other part of Figure 7 is structure corresponding to the means plus function limitations.

Andrew's opposition brief establishes that Dr. Perry's knowledge of the algorithms of the patent specification that correspond to the means plus function limitations of claims 1 and 22 is based entirely on TruePosition's infringement expert, Dr. Gottesman (D.I. 222 at 2, 10-11).[2,3] Dr. Gottesman, like TruePosition (D.I. 130 at pp. 3-5), identifies the first six steps of the algorithm shown in Figure 7 of the patent (as well as *corresponding portions* of Figures 8A-8D) as structure corresponding to the pertinent means plus function limitations of claims 1 and 22 (D.I. 222 at Ex. C (Gottesman Report) at 36, 37 & 63). Figure 7 (with the first six steps identified) is shown here:

---

[2]For example, Andrew states that Dr. Perry's testimony "*is based on* TruePosition's own expert opinion regarding what algorithms are required by the '144 patent. . ." (D.I. 222 at 2) (emphasis supplied). Andrew also explains that Dr. Perry's "analysis of the code *was premised on* the opinion of TruePosition's infringement expert. . . who identifies Figures 7 and Figures 8A-8E of the '144 patent as reflecting the algorithms required by the means-plus-function limitations of the asserted claims. . ." (*id.* at 3) (emphasis supplied). Therefore, "there was no need for Dr. Perry to construe the claims himself. . ." (*id.* at 11).

[3] Andrew implies that "the parties" may be another source for Dr. Perry's identification of the algorithms that correspond to the pertinent means plus function limitations. For example, Andrew states that "because he based his opinion on the structures identified by Dr. Gottesman *and the parties*, there was no need for Dr. Perry to construe the claims himself. . ." (D.I. 222 at 11) (emphasis supplied). This is false. Dr. Perry did not base his construction on "the parties," whatever that means. Dr. Perry did not see either party's claim constructions (D.I. 211 at A84 (89:2-7)) nor did he see the report of Andrew's noninfringement expert, Dr. Goodman (*id.* at A65 (12:21-23)). Nobody told Dr. Perry that the algorithms of the patent are claimed (*id.* at A71 (37:21-24)). Dr. Perry simply did not rely on any materials aside from those listed in Exhibit B of his report (*id.* at A84 (13:7-9)) and of the materials listed, the sole document that includes any claim construction is Dr. Gottesman's report (*id.* at A61).



Specifically, as Andrew acknowledges in its opposition brief, Dr. Gottesman states with respect to the "means for processing" limitation of claim 1:

> The algorithm in the patent that performs this function is described in connection with portions of Figures 7, and portions 8A-8B which are nicely summarized in the *portion of Figure 7 through TDOA calculation.*

(D.I. 222 at 3-4 & at Ex. C (Gottesman Report) at 36) (emphasis supplied).

"TDOA calculation" is the fourth step. With respect to the "means for determining" limitation of claim 1, Dr. Gottesman states:

> The algorithm in the patent that performs this function is described connection with portions Figures 7, and portions 8C-8D which are nicely summarized in the *fifth and sixth blocks of Figure 7.*

(D.I. 222 at 4 & at Ex. C (Gottesman report) at 37) (emphasis supplied).  The sixth step is called, "Calculate Lat[itude], Long[itude] For Each Signal."  Finally, with respect to the locating means limitation of claim 22, Dr. Gottesman states:

> The algorithm in the patent that performs this function is described connection with portions of Figures 7, and portions 8A-8D which are nicely summarized in the *portion of Figure 7 through latitude/longitude calculation.*

(D.I. 222 at 4 & Ex. C; Gottesman at 63) (emphasis supplied).  Again, the step of "latitude/longitude calculation" is the sixth step of Figure 7.

Yet, ironically and importantly, Dr. Perry finds that TruePosition *does* practice the first six steps of Figure 7 (D.I. 211 at A33-A34, ¶ 3).  Dr. Perry admits that he finds steps 1 through 6 of Figure 7 implemented in TruePosition's computer code.  Specifically, Dr. Perry explains that, "[w]ith respect to Figure 7, the [TruePosition] code I inspected. . . revealed a high level algorithm consistent with only the first 6 steps (. . . through 'Calculate lat., long. for each signal') in Figure 7. . ." (*Id.*).  Thus Dr. Perry concludes that TruePosition's source code practices the very portion of Figure 7 that Dr. Gottesman identifies as corresponding to the pertinent means limitations and that TruePosition has offered as corresponding structure in its proposed constructions.  Dr. Perry's stated opinion that TruePosition does not practice the patent is internally inconsistent and unreliable, and should therefore be excluded.

Furthermore, while Dr. Perry has found that TruePosition supposedly does not practice certain elements of Figure 7 *other than* the first six steps, that finding cannot support his opinion because these other elements are not part of the structures that correspond to the means plus function limitations. Figure 7 includes steps 7, 8, and 9 (D.I. 211 at A33-A34, ¶ 3). Dr. Perry, assuming that steps 7 through 9 correspond to a claim, states that he "found nothing in the location code. . . that disclosed steps 7 through 9 [of Figure 7]" (*id.*). Dr. Perry explained his misguided understanding that the "algorithms in the patent are there, obviously, because they're claimed. Otherwise, they wouldn't be in the patent..." (D.I. 211 at A74 (46:21-23)). From this mistaken understanding, Dr. Perry concludes that TruePosition does not practice any algorithm "claimed" because TruePosition's computer code does not include steps 7 through 9 of Figure 7, even though Dr. Gottesman never refers to these steps.

But Dr. Perry's misguided testimony only goes to show why his opinion that TruePosition does not practice the patent is plainly unreliable. Steps 7 through 9 of Figure 7 are not part of the structure that corresponds to the means plus function claim limitations. Therefore, TruePosition's alleged failure to practice these steps is wholly irrelevant to these proceedings and cannot support Dr. Perry's opinion.

### 3.    Dr. Perry Failed to Consider Equivalence

Despite Andrew's attempts to shore up the record in hindsight, it is clear that Dr. Perry's report did not adequately consider equivalence, and therefore, his testimony that TruePosition is not practicing claims 1 and 22 is unreliable for that reason as well. *See WMS Gaming Inc. v. International Game Technology*, 184 F.3d 1339, 1349 (Fed. Cir. 1999) (an algorithm that is equivalent to that disclosed in the specification is corresponding structure of a means-plus-function claim element implemented by a computer). Specifically, Dr. Perry did not consider whether TruePosition's computer code includes one or more algorithms equivalent to those of the patent figures that he asserts are not practiced in TruePosition's code (D.I. 211 at A33-A34, ¶¶ 3-5). There is no mention of equivalence in the three paragraphs of substantive analysis of Dr. Perry's report (*id.*).

Dr. Perry did testify in his deposition that he did not find anything in TruePosition's computer code that he "would have considered equivalent" to the "algorithms claimed" in the 144 patent (D.I. 211 at A80 (71:5-17)). But this conclusory testimony, coming in response to TruePosition questions well after the opinions presented in his report were developed, cannot substitute for considered analysis of equivalence. *See, e.g., Oddi v. Ford Motor Company*, 234 F.3d 136, 145-46 (3d Cir. 2000) ("[The admissibility] test is whether the particular opinion is based on valid reasoning and reliable methodology." (internal quotation omitted)).

In the absence of even a scintilla of equivalence analysis in his report, Dr. Perry's conclusory deposition statement is nothing more than unsupported speculation and should be excluded. *See Izumi Products*, 315 F. Supp 2d at 600 (expert's opinion is reliable if there are "good ground" for the belief rather than merely "subjective belief" or "unsupported speculation. . ."); *see also Meadows v. Anchor Longwall & Rebuild, Inc.*, 2007 U.S. Dist. LEXIS 32764 at * 13 (W.D. Pa. May 3, 2007) ("The Advisory Committee Notes to Rule 702 indicate that the inquiry concerning [the] testability [factor enunciated in *Daubert*] is [whether] 'the expert's theory can be challenged in some objective sense, or whether it is instead simply a subjective, conclusory approach that cannot reasonably be assessed for reliability.'").

Moreover, when TruePosition attempted to test Dr. Perry's claim that he considered equivalents, Dr. Perry contradicted himself. For example, when asked whether he considered "whether there was any equivalent to a phone number in the data structures [of TruePosition's computer code]," Dr. Perry responded "No. I didn't see anything – I mean no" (D.I. 211 at A80 (70:1-8))." Dr. Perry thus admitted, despite his conclusory assertion that he had considered equivalence, that he actually had not done so.

Because Dr. Perry did not meaningfully consider equivalence, his opinion that TruePosition does not "practice the algorithms claimed," and therefore does

not practice the invention, is unreliable. His testimony should be excluded for this reason as well.

## III. CONCLUSION

Andrew's attempts in its opposition brief to buttress Dr. Perry's report must fail. Andrew's conclusory argument that Dr. Perry's testimony is relevant to the injunction question is simply wrong. Further, Dr. Perry's proposed testimony is insufficient to establish whether or not TruePosition practices the patent, both because it does not address asserted claim 31 or any unasserted claim and because it does not consider equivalence. Finally, his proposed testimony is unreliably inconsistent because, while he purports to adopt the "means plus function" construction of TruePosition's expert, he actually finds – contrary to his purported conclusion -- that TruePosition's code *does* practice the portion of the algorithm that does, in fact, correspond to the pertinent means limitations.

For all of the reasons set forth above, as well as in TruePosition's opening brief, Dr. Perry's opinion should be excluded.

Respectfully submitted,

DATED: June 11, 2007        By: *[signature]* Christine Cramer (#4512) for
                            CONNOLLY BOVE LODGE & HUTZ LLP
                            James D. Heisman, Esq. (#2746)
                            1007 N. Orange Street
                            P.O. Box 2207
                            Wilmington, DE 19899
                            Telephone: (302) 658-9141
                            Facsimile: (302) 658-5614

                            WOODCOCK WASHBURN LLP
                            Paul B. Milcetic, Esq. (pro hac vice)
                            Dale M. Heist., Esq. (pro hac vice)
                            Kathleen A. Milsark, Esq. (pro hac vice)
                            Daniel J. Goettle, Esq. (pro hac vice)
                            Amanda M. Kessel, Esq. (pro hac vice)
                            Cira Centre, 12th Floor
                            2929 Arch Street
                            Philadelphia, PA 19104
                            Telephone: (215) 568-3100
                            Facsimile: (215) 568-3439

## CERTIFICATE OF SERVICE

I, James D. Heisman, hereby certify that on this 11th day of June, 2007, I caused a true and correct copy of the foregoing **TRUEPOSITION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE THE TESTIMONY OF DR. DEWAYNE E. PERRY PURSUANT TO FEDERAL RULE OF EVIDENCE 702** to be served upon the following individuals in the manner indicated below:

*Via hand-delivery*
Josy W. Ingersoll, Esq.
Young Conaway Stargatt & Taylor, LLP
100 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com

*Via e-mail*
Patrick D. McPherson, Esq.
Duane Morris LLP
1667 K Street, N.W.
Washington, DC 20006-1608
PDMcPherson@duanemorris.com

*Via e-mail*
Rachel Pernic Waldron, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
rpernicwaldron@kirkland.com

*[signature]* (#4512) for
James D. Heisman (# 2746)

- 14 -