IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TruePosition, Inc., ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. 05-747-SLR |
| v. ) | |
| ) | |
| Andrew Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**APPENDIX C TO TRUEPOSITION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE THE TESTIMONY OF DR. DEWAYNE E. PERRY PURSUANT TO FEDERAL RULE OF EVIDENCE 702**

CONNOLLY BOVE LODGE & HUTZ LLP
James D. Heisman, Esq. (#2746)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614

WOODCOCK WASHBURN LLP
Paul B. Milcetic, Esq. (pro hac vice)
Dale M. Heist, Esq. (pro hac vice)
Kathleen A. Milsark, Esq. (pro hac vice)
Daniel J. Goettle, Esq. (pro hac vice)
Amanda M. Kessel, Esq. (pro hac vice)
Cira Centre, 12th Floor, 2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

TABLE OF CONTENTS

APPENDIX C TO TRUEPOSITION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE THE TESTIMONY OF DR. DEWAYNE E. PERRY PURSUANT TO FEDERAL RULE OF EVIDENCE 702

| DESCRIPTION | PAGE RANGE |
|---|---|
| E-mail correspondence between Rachel Pernic Waldron and Kathleen Milsark | C1 – C2 |

**From:** Rachel Pernic Waldron [mailto:rpernicwaldron@kirkland.com]
**Sent:** Thursday, May 10, 2007 1:26 PM
**To:** Milsark, Kathleen A. (Woodcock Washburn)
**Cc:** Michael Parks; skapplin@kirkland.com; jingersoll@ycst.com
**Subject:** RE: TP v. Andrew

Kathy:

This responds to your four numbered paragraphs below:

1. As we explained, we will produce documents sufficient to show the status of the deals with STC and Q-Tel. TruePosition does not need "all documents, including correspondence and email," relating to the deals generally. For damages purposes (which is the stated purpose of the supplementation), documents sufficient to show the status of the deals is appropriate, but additional production is not.

2. We understand your position.

3. We agree to check and see if Andrew's Network Solutions division has updated financial statements, but we will not undertake the burden of searching for and producing any Network Solutions projections. You say that projections are related to demand, but Andrew has not taken a position contrary to TruePosition on the demand for location systems employing U-TDOA. And we fail to see why projections are relevant in any other way to a damages analysis. TruePosition has made no claim for a reasonable royalty and, as explained, projections are not required for TruePosition's lost profits demand.

4. We will endeavor to produce the agreed-upon documents by May 25, assuming TruePosition does the same.

Thank you,
Rachel


Rachel Pernic Waldron
KIRKLAND & ELLIS LLP
200 E. Randolph Drive
Chicago, IL 60601
Phone: 312.861.3371
Fax: 312.861.2200


"Milsark, Kathleen A. (Woodcock Washburn)"
<kmilsark@woodcock.com>

05/08/2007 03:26 PM

To "Rachel Pernic Waldron" <rpernicwaldron@kirkland.com>
cc mparks@kirkland.com
Subject RE: TP v. Andrew


Rachel --

1.      With respect to items 1 and 2, we confirm that TruePosition

C1

intends to produce documents showing the pricing and terms offered STC and Q-Tel since TruePosition's last supplementation, as well as documents reflecting TruePosition's attempts to win the deals. Such production assumes reciprocity from Andrew, however. Your promise to produce "documents sufficient to show the status" of the deals is ambiguous. Please confirm that Andrew will produce all documents, including correspondence and email, relating to its attempts to retain the business.

2.      We continue to disagree with Andrew's refusal to update its production of documents reflecting sales of systems TruePosition contends infringe and licenses relating to those systems. (The licenses are covered by request 25.) However, we are willing to defer this issue for the time being and decide whether a motion is necessary after the documents that the parties agree to produce have been exchanged.

3.      Financial statements and business plans are the types of documents that are routinely updated, and we find it difficult to believe Andrew would make an issue of them. For one thing, Andrew's Network Solutions financial statements such as that reflected in P-355 break out the STC contract, providing a check on other information. Both financials and projections are clearly related to demand, and Andrew's continued expectations regarding the likelihood and profititability of follow-on business, both at STC and elsewhere, are clearly relevant not only to damages but to the injunction issues as well.

4.      You did not respond with respect to the schedule. Please confirm that we can expect Andrew's document production supplementation by May 25.

C2

## CERTIFICATE OF SERVICE

    I, James D. Heisman, hereby certify that on this 18th day of June, 2007, I caused a true and correct copy of the foregoing **REDACTED VERSION OF APPENDIX C TO TRUEPOSITION'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE THE TESTIMONY OF DR. DEWAYNE E. PERRY** to be served upon the following individuals in the manner indicated below:

*Via hand-delivery & e-mail*
Josy W. Ingersoll, Esq.
Young Conaway Stargatt & Taylor, LLP
100 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com

*Via e-mail*
Patrick D. McPherson, Esq.
Duane Morris LLP
1667 K Street, N.W.
Washington, DC 20006-1608
PDMcPherson@duanemorris.com

*Via e-mail*
Rachel Pernic Waldron, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
rpernicwaldron@kirkland.com

                                              */s/ James D. Heisman*
                                              James D. Heisman (# 2746)