IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUEPOSITION, INC., <br><br> Plaintiff and Counterclaim-Defendant, <br><br> v. <br><br> ANDREW CORPORATION, <br><br> Defendant and Counterclaim-Plaintiff. | Civil Action No. 05-00747-SLR <br><br> REDACTED - PUBLIC VERSION |

### ANDREW CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF ITS *DAUBERT* MOTION FOR A RULING LIMITING THE TESTIMONY OF DR. BRIAN AGEE

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Josy W. Ingersoll (No. 1088) [*jingersoll@ycst.com*]
Andrew A. Lundgren (No. 4429) [*alundgren@ycst.com*]
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
302-571-6600

OF COUNSEL:                            *Attorneys for Defendant Andrew Corporation*

John M. Desmarais
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Michael A. Parks
Rachel Pernic Waldron
Shira J. Kapplin
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Dated: June 11, 2007

## TABLE OF CONTENTS

I. INTRODUCTION ...........................................................................................................1

II. ARGUMENT..................................................................................................................2

    A. ANDREW WILL ADVANCE AN ANTICIPATION DEFENSE AT TRIAL, BUT THE COURT SHOULD NOT ENTERTAIN TRUEPOSITION'S PROPOSED ORDER............................................................................................2

        1. Dr. Goodman Should Be Allowed To Opine That Certain '144 Patent Claim Elements Are Present Inherently In Kono........................................................................................................3

        2. Andrew Should Be Allowed To Rebut Any Testimony That Touts The '144 Patent Or Claims It Is Non-Obvious. ..................4

    B. DR. AGEE'S PERTINENCE OPINION IS IRRELEVANT TO ANDREW'S ANTICIPATION DEFENSE. ...................................................................................5

III. CONCLUSION................................................................................................................5

# TABLE OF AUTHORITIES

**Statutes**

35 U.S.C. § 102 ............................................................................................... *passim*

35 U.S.C. § 103 ............................................................................................... *passim*

# TABLE OF AUTHORITIES

**Statutes**

35 U.S.C. § 102 ............................................................................................... *passim*

35 U.S.C. § 103 ............................................................................................... *passim*

I.  INTRODUCTION

Andrew argues that Kono anticipates the asserted '144 patent claims under 35 U.S.C. § 102. Andrew filed its *Daubert* motion to preclude TruePosition's invalidity expert Dr. Brian Agee from opining that Kono is no more pertinent than the art the PTO considered during prosecution of the '144 patent. As Andrew explained in its opening brief, Dr. Agee's pertinence opinion has no place in an anticipation analysis.

In response to Andrew's motion, TruePosition agrees Dr. Agee's pertinence opinion has no relevance to an anticipation analysis. TruePosition further agrees that Dr. Agee will not present a pertinence opinion in response to Andrew's anticipation claims under 35 U.S.C. § 102. TruePosition, however, wants to resurrect Dr. Agee's pertinence opinion if Andrew advances an obviousness defense at trial under 35 U.S.C. § 103.

Andrew intends to advance an invalidity case under 35 U.S.C. § 102, not under 35 U.S.C. § 103. However, Andrew's invalidity expert Dr. Goodman intends to opine that certain elements of the asserted '144 patent claims are inherently present in Kono because they would have been inherently known to one of ordinary skill in the art. In addition, TruePosition's expert reports indicate it intends to try to tout the '144 patent as a seminal patent having commercial success. Andrew reserves the right to rebut any such arguments. Andrew also reserves the right to rebut any argument by TruePosition or its expert witnesses that the asserted '144 patent claims are not obvious.

Because Andrew is not affirmatively arguing obviousness under 35 U.S.C. § 103, and is not arguing that Kono is more pertinent than references that were before the

examiner during prosecution of the '144 patent, Dr. Agee's pertinence opinion is inapposite, and Andrew's motion should be granted.[1]

## II. ARGUMENT

Andrew's position in this case is that the asserted '144 patent claims are anticipated by Kono if the claims are read broadly enough to cover Andrew's accused products. *See* Ex. A, Goodman Invalidity Report at 6. There is no place for Dr. Agee's pertinence opinion in this case.

### A. ANDREW WILL ADVANCE AN ANTICIPATION DEFENSE AT TRIAL, BUT THE COURT SHOULD NOT ENTERTAIN TRUEPOSITION'S PROPOSED ORDER.

Although Andrew will advance an anticipation defense under 35 U.S.C. § 102 at trial, the Court should not enter TruePosition's proposed order because it is too broad. For example, regardless of the statutory section governing Andrew's invalidity defense, Dr. Goodman should be allowed to explain the state of GSM systems in 1993, or that persons of skill in the art would have understood that certain aspects of the patent claims are disclosed inherently in the prior art Kono reference. In addition, regardless of whether Andrew advances an obviousness defense under 35 U.S.C. § 103, Andrew should be allowed to rebut any TruePosition or expert testimony argument touting the alleged importance and/or commercial success of the '144 patent. Andrew also should be

allowed to rebut any TruePosition or expert testimony or argument that the '144 patent claims are not obvious.

### 1. Dr. Goodman Should Be Allowed To Opine That Certain '144 Patent Claim Elements Are Present Inherently In Kono.

Although Andrew will not affirmatively advance an obviousness defense under 35 U.S.C. § 103, Dr. Goodman will opine under 35 U.S.C. § 102 that certain elements of the asserted '144 patent claims are present in the Kono reference inherently. For example, Dr. Goodman opines that Claim 2 is inherently anticipated by Kono:

| Claim Language | Present In Kono? | Kono Disclosure |
|---|---|---|
| 2. A cellular telephone location system as recited in claim 1, | Yes | See the above claim chart for claim 1. |
| wherein said timing signal receiver comprises a global positioning system (GPS) receiver. | Yes | Since at least as early as 1993, some cellular networks have had GPS receivers at every base station. The location systems disclosed in the Kono reference and the '144 patent work in conjunction with cellular networks. When those cellular networks have GPS receivers, they can be used by the location system. |

Ex. A, Goodman Invalidity Report at 17. Dr. Goodman will explain to the jury what GSM networks were comprised of circa 1993, and what a person of ordinary skill in the art would have known at that time. Dr. Goodman's deposition testimony further expounds on the inherency issue:

3

\*\*\*

Ex. B, January 15, 2007 Goodman Dep. at 110:19-111:5; *id.* at 112:19-113:17.

\*\*\*

Such testimony by Dr. Goodman should be admitted at trial regardless of whether Andrew advances an anticipation defense under 35 U.S.C. § 102 or an obviousness defense under 35 U.S.C. § 103.

> 2. **Andrew Should Be Allowed To Rebut Any Testimony That Touts The '144 Patent Or Claims It Is Non-Obvious.**

In addition, Andrew expects that TruePosition may try to tout the '144 patent as a seminal patent, may try to proffer testimony regarding alleged commercial success, and may try to argue the asserted '144 patent claims are not obvious. For example, TruePosition's infringement expert stated in his report that:

> The cellular telephone location system taught in the '144 Patent is a seminal and definitive definition of UTDOA of signals received on the reverse control channel.

Ex. C, Gottesman Report at 12.

In addition, TruePosition's invalidity expert discussed secondary considerations of nonobviousness in his report:

> ... I note that the database discussed in this Claim element of the 144 Patent meets multiple criteria for secondary considerations of nonobviousness in my expert opinion, if only due to the enormous, long-felt need for true geolocation of mobile telephones (e.g., as exemplified by the E-911 initiative conceived in the early 90's); and the commercial success that has flowed to TruePosition since its development of this technology.

Ex. D, Agee December 22, 2006 Report at 18, n.1.

If TruePosition advances any such arguments at trial, Andrew should be allowed to rebut them, regardless of whether Andrew asserts an anticipation defense under 35 U.S.C. § 102 or an obviousness defense under 35 U.S.C. § 103.

### B. DR. AGEE'S PERTINENCE OPINION IS IRRELEVANT TO ANDREW'S ANTICIPATION DEFENSE.

TruePosition agrees that Dr. Agee's "pertinence" opinion has no relevance to an anticipation analysis. *See* TPI Resp. Br. at 5 ("TruePosition does not dispute that Dr. Agee's 'pertinence testimony' is irrelevant to Andrew's only articulated invalidity defense — anticipation."). As discussed above, Andrew is advancing an anticipation defense under 35 U.S.C. § 102. Thus, Dr. Agee's pertinence opinion is irrelevant, does not fit this case, and should be precluded by this Court under *Daubert*.

### III. CONCLUSION

For all of these reasons and the reasons set forth in Andrew's opening brief, Andrew respectfully requests that this Court exclude all of Dr. Agee's "opinions relating to Kono being no more pertinent than the prior art considered during examination of the '144 patent." Andrew also respectfully requests that this Court not enter TruePosition's proposed order precluding Andrew from proffering any evidence at trial that the claims

of the '144 are obvious, because such an order would circumscribe Dr. Goodman's inherency opinion, and would not allow Andrew to rebut likely testimony from TruePosition and its experts.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Andrew A. Lundgren*

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Andrew A. Lundgren (No. 4429) [alundgren@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
302-571-6600
*Attorneys for Defendant/Counterclaim Plaintiff*
*Andrew Corporation*

OF COUNSEL:

John M. Desmarais
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Michael A. Parks
Rachel Pernic Waldron
Shira J. Kapplin
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Dated: June 11, 2007

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on June 18, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>James D. Heisman, Esquire
>Connolly, Bove, Lodge & Hutz
>The Nemours Building
>1007 North Orange Street
>P.O. Box 2207
>Wilmington, DE 19899
>(302) 658-9141
>Email: jheisman@cblh.com

I further certify that on June 18, 2007, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following in the manner indicated:

**BY ELECTRONIC MAIL**

>Paul B. Milcetic, Esq. [pmbilcet@woodcock.com]
>Daniel J. Goettle, Esq. [dgoettle@woodcock.com]
>Woodcock Washburn LLP
>One Liberty Place, 46th Floor
>Philadelphia, PA 19103

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ *Andrew A. Lundgren*
>Andrew A. Lundgren (No. 4429)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>alundgren@ycst.com
>*Attorneys for Defendant Andrew Corporation*