IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUEPOSITION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-747-SLR |
| | ) |
| ANDREW CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 23rd day of August, 2007, having reviewed the multiple motions filed by the parties pursuant to Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), as well as the papers filed in connection therewith;[1]

IT IS ORDERED that:

1. **Legal standard.** Federal Rule of Evidence 702 allows the court to admit expert testimony in order to "assist the trier of fact to understand the evidence or to determine a fact in issue." The Supreme Court has assigned "to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Id. at 597. The Third Circuit reads Rule 702 as having "three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability, and fit." Elcock v. Kmart Corp., 233 F.3d 734, 741 (3d Cir. 2000).

---

[1] I note for the record that I am very well aware of the fact that the above captioned case is a patent infringement action. Therefore, I need not be educated on this point by plaintiff in the opening line of every opening brief filed in connection with every motion filed on behalf of plaintiff.

2. **Analysis.** Applying the above legal standard to the pending motions:

a. Plaintiff's motion to exclude the invalidity testimony of Dr. David Goodman (D.I. 206) is granted.

1.) Dr. Goodman's qualifications are not being questioned; rather, plaintiff argues that Dr. Goodman's opinion is not reliable and, therefore, will not assist the trier of fact. More specifically, Dr. Goodman has opined that the claims of the patent at issue, U.S. Patent No. 5,327,144 ("the '144 patent"), are invalid as anticipated by a published Japanese patent application identified as "the Kono reference."

2.) To prove anticipation of the asserted claims by the Kono reference, defendant must demonstrate, by clear and convincing evidence, that the Kono reference contains each and every limitation of the asserted claims. Generally, an anticipation analysis is a two-step process: First, the asserted claims must be construed in order to determine their scope and meaning; second, each claim limitation must be compared to the reference to determine whether the reference contains that limitation.

3.) Dr. Goodman did not conduct such an anticipation analysis. Although Dr. Goodman did recite the claim limitations and identify where in the Kono reference he believed the limitations could be found, Dr. Goodman failed to construe the limitations.[2] Moreover, to the extent that his invalidity analysis is premised on the rationale that, if plaintiff interprets the limitations broadly enough to cover the accused product, then such limitations as so construed must also exist in the Kono reference

---

[2] Or refer to the claim construction of others.

2

(D.I. 228, ex. A at 15 and ex. G at 80-81, 106, 123-125), his reasoning is fatally flawed because Dr. Goodman failed to include in his invalidity report[3] how defendant's Geometrix® equipment compares to either the claim limitations of the '144 patent or to the Kono reference.[4] Moreover, Dr. Goodman conceded in his deposition testimony that he failed to properly characterize means-plus-function limitations through their corresponding and equivalent structures. (D.I. 228, ex. G at 129) For all these reasons, Dr. Goodman's anticipation analysis is unreliable and not helpful to the trier of fact and, therefore, will be excluded.

b. Plaintiff's motion to exclude the testimony of Dr. Dewayne E. Perry (D.I. 209) is denied without prejudice to renew should plaintiff seek a permanent injunction, as I understand that Dr. Perry's testimony is only relevant to the analysis mandated by the Supreme Court's holding in eBay Inc. v. MercExchange, L.L.C., 126 S. Ct. 1837 (2006)(D.I. 222 at 2); i.e., Dr. Perry will not be testifying at trial.

c. Defendant's motion to limit the testimony of Dr. Brian Agee (D.I. 216) is granted without opposition, as plaintiff agrees that Dr. Agee's "pertinence" testimony is not relevant to defendant's anticipation defense (D.I. 223 at 2) and defendant is no longer asserting an obviousness defense. (D.I. 234 at 1)

d. Defendant's motion to limit the testimony of Dr. Oded Gottesman (D.I. 213) is granted to the following extent: Dr. Gottesman's testimony at trial will be limited

---

[3] Or refer to an infringement analysis contained in another report.

[4] Indeed, Dr. Goodman's illustration of this principle (D.I. 228, ex. H) seems to demonstrate the opposite, that is, that the Geometrix® equipment does not infringe the asserted claims of the '144 patent. Therefore, Dr. Goodman's anticipation analysis is not a helpful one in this regard.
3

to that offered pretrial, that is, that the accused Geometrix® equipment "does **not** implement a 'maximum likelihood' process" and, therefore, "the question of whether the 'least squares' process in the patent is equivalent to 'maximum likelihood' is wholly 'academic.'" (D.I. 225 at 11-12)[5]

_____
United States District Judge

---

[5] Consequently, Dr. Gottesman will be precluded from testifying about equivalents if defendant offers evidence to the jury that its product does implement a "maximum likelihood" process.

4