**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **TruePosition, Inc.,** | ) | |
| | ) | |
| **Plaintiff/** | ) | |
| **Counterclaim-Defendant,** | ) | |
| | ) | **Civil Action No. 05-747-SLR** |
| **v.** | ) | |
| | ) | |
| **Andrew Corporation,** | ) | |
| | ) | |
| **Defendant/** | ) | |
| **Counterclaim-Plaintiff.** | ) | |
| _____ | ) | |

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS**

# TABLE OF CONTENTS

1.  THE PARTIES AND THE NATURE OF THE CASE (TRUEPOSITION'S PROPOSED INSTRUCTION) ...............................................................1

1.  THE PARTIES AND THE NATURE OF THE CASE (ANDREW'S PROPOSED INSTRUCTION) ..........................................................................3

2.  DUTY OF JURY (AGREED UPON INSTRUCTION).............................................4

3.  EVIDENCE (AGREED UPON INSTRUCTION).....................................................5

4.  BURDEN OF PROOF (TRUEPOSITION'S PROPOSED INSTRUCTION) ............6

4.  BURDEN OF PROOF (ANDREW'S PROPOSED INSTRUCTION).....................10

5.  THE PATENT SYSTEM GENERALLY (TRUEPOSITION'S PROPOSED INSTRUCTION)                                    12

5.  THE PATENT SYSTEM GENERALLY (ANDREW'S PROPOSED INSTRUCTION).....................................................................................................14

    5.1  HOW A PATENT IS OBTAINED (AGREED UPON INSTRUCTION)......16

    5.2  THE PARTS OF A PATENT (AGREED UPON INSTRUCTION).............17

    5.3  THE SIGNIFICANCE OF PATENT CLAIMS (TRUEPOSITION'S PROPOSED INSTRUCTION)                                    18

    5.3  THE SIGNIFICANT OF THE PATENT CLAIMS (ANDREW'S PROPOSED INSTRUCTION)...................................................................19

6.  SUMMARY OF THE ISSUES (AGREED UPON INSTRUCTION)......................20

    6.1  TRUEPOSITION'S CONTENTIONS (AGREED UPON INSTRUCTION) .......................................................................................21

        6.1.1  DIRECT INFRINGEMENT (AGREED UPON INSTRUCTION)....22

        6.1.2  INFRINGEMENT THROUGH THE SUPPLY OF COMPONENTS FROM THE UNITED STATES TO A FOREIGN COUNTRY (AGREED UPON INSTRUCTION)                        23

        6.1.3  DAMAGES (AGREED UPON INSTRUCTION)............................ 25

       6.1.4  WILLFUL INFRINGEMENT (TRUEPOSITION'S PROPOSED INSTRUCTION)................................................................................26

       6.1.4  WILLFUL INFRINGEMENT (ANDREW'S PROPOSED INSTRUCTION)................................................................................27

6.2    ANDREW'S CONTENTIONS (AGREED UPON INSTRUCTION)............28

       6.2.1  INVALIDITY (ANDREW'S PROPOSED INSTRUCTION) .......... 29

       6.2.1  INVALIDITY (TRUEPOSITION'S PROPOSED INSTRUCTION)........................................................................... 30

       6.2.2  ANTICIPATION (ANDREW'S PROPOSED INSTRUCTION)...... 31

       6.2.2  ANTICIPATION (TRUEPOSITION'S PROPOSED INSTRUCTION)........................................................................... 32

       6.2.3  FRAUD (ANDREW'S PROPOSED INSTRUCTION).................... 33

       6.2.3  FRAUD (TRUEPOSITION'S PROPOSED INSTRUCTION)......... 34

       6.2.4  EQUITABLE ESTOPPEL (ANDREW'S PROPOSED INSTRUCTION)...........................................................................36

       6.2.4  EQUITABLE ESTOPPEL (TRUEPOSITION PROPOSED INSTRUCTION)...........................................................................37

       6.2.5  IMPLIED LICENSE (ANDREW'S PROPOSED INSTRUCTION) .38

       6.2.5  IMPLIED LICENSE (TRUEPOSITION'S PROPOSED INSTRUCTION)...........................................................................39

       6.2.6  PROMISSORY ESTOPPEL (ANDREW'S PROPOSED INSTRUCTION)...........................................................................40

       6.2.6  PROMISSORY ESTOPPEL (TRUEPOSITION'S PROPOSED INSTRUCTION)               41

       6.2.7  UNCLEAN HANDS (ANDREW'S PROPOSED INSTRUCTION)..42

       6.2.7  UNCLEAN HANDS (TRUEPOSITION'S PROPOSED INSTRUCTION)               43

6.3    ANDREW'S ALLEGED UNCLEAN HANDS (TRUEPOSITION'S PROPOSED INSTRUCTION ......................................................................44

7.    CONDUCT OF THE JURY (AGREED UPON INSTRUCTION) ............................ 45

8.    COURSE OF THE TRIAL (AGREED UPON INSTRUCTION) ............................. 46

PRELIMINARY JURY INSTRUCTIONS

**Members of the Jury:**

Now that you have been sworn in, I have the following preliminary instructions for guidance on your role as jurors in this case.

**1.    THE PARTIES AND THE NATURE OF THE CASE (TRUEPOSITION'S PROPOSED INSTRUCTION)**

This is an action for patent infringement arising under the patent laws of the United States. The plaintiff is TruePosition, Inc., which I will refer to as "TruePosition." The defendant is Andrew Corporation, which I will refer to as "Andrew."

TruePosition is the owner of the United States Patent No. 5,327,144, which I will refer to as the "144 patent." The 144 patent relates to cell phone location technology. During the trial the parties will offer testimony to familiarize you with this technology.

TruePosition contends that Andrew is infringing the 144 patent by offering its "Geometrix® Wireless Location System" (which I will refer to as "Geometrix" for short) for sale to a foreign company and by supplying Geometrix components from the United States to a foreign country. TruePosition contends that it is entitled to damages caused by Andrew's alleged infringement. TruePosition also contends that Andrew has knowingly and willfully infringed the 144 patent.

Andrew denies that it is infringing the 144 patent. Andrew contends that its products do not use the 144 patent technology. Andrew also contends that TruePosition engaged in fraud and other misconduct thereby making the 144 patent unenforceable against Andrew.

**TruePosition's Authority**

Adapted from Preliminary Jury Instructions, *IMX, Inc. v. Lendingtree, LLC*, C.A. No. 03-1067-SLR; 35 U.S.C. § 271.

      TruePosition objects to Andrew's proposed instruction because invalidity is not at issue in this case.  *See* D.I. 257 at 16-17.

1.      **THE PARTIES AND THE NATURE OF THE CASE (ANDREW'S PROPOSED INSTRUCTION)**

This is an action for patent infringement arising under the patent laws of the United States.  The plaintiff is TruePosition, Inc., which I will refer to as "TruePosition." The defendant is Andrew Corporation, which I will refer to as "Andrew."

TruePosition is the owner of the United States Patent No. 5,327,144, which I will refer to as the "144 patent."  The 144 patent relates to cell phone location technology. During the trial the parties will offer testimony to familiarize you with this technology.

TruePosition contends that Andrew is infringing the 144 patent by offering its "Geometrix® Wireless Location System" (which I will refer to as "Geometrix" for short) for sale to a company in a foreign country and by supplying Geometrix components from the United States to a foreign country.  TruePosition contends that it is entitled to damages caused by Andrew's alleged infringement.  TruePosition also contends that Andrew has knowingly and willfully infringed the 144 patent.

Andrew denies that it is infringing the 144 patent.  Andrew contends that its products do not use the 144 patent technology.  Andrew further contends that the 144 patent is invalid because the alleged inventions of the 144 patent were previously taught by a Japanese patent application, which I shall refer to as the Kono reference.  Andrew also contends that TruePosition engaged in fraud and other misconduct thereby making the 144 patent unenforceable against Andrew.

**Andrew's Authority**

## 2.    DUTY OF JURY (AGREED UPON INSTRUCTION)

It will be your duty to find what the facts are from the evidence as presented at the trial.  You, and you alone, are the judges of the facts.  You will have to apply those facts as you find them to the law as I will instruct you at the close of the evidence.  You must follow that law whether you agree with it or not.

Nothing I may say or do during the course of the trial is intended to indicate what your verdict should be.

### 3.    EVIDENCE (AGREED UPON INSTRUCTION)

The evidence from which you will find the facts will consist of the testimony of witnesses, and documents and other things admitted into evidence.  In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence.

1.    Statements, arguments, and questions by lawyers are not evidence. Objections to questions are not evidence.  Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the rules of evidence.  You should not be influenced by a lawyer's objection or by my ruling on the objection.  If I sustain or uphold the objection, and find the matter is not admissible, you should ignore the question or other item of evidence.  If I overrule an objection and allow the matter in evidence, you should consider the testimony or other item of evidence as you would any evidence.  If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only.  I will instruct you further during the trial if this happens.

2.    You should not consider testimony and documents I have excluded and not admitted into evidence.

3.    Anything you see or hear outside the courtroom is not evidence and must be disregarded.  You are to decide this case solely on the evidence presented here in the courtroom.

In judging the facts, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.

**4.      BURDEN OF PROOF (TRUEPOSITION'S PROPOSED INSTRUCTION)**

This is a civil case in which TruePosition is alleging that Andrew is infringing TruePosition's patent, and in which Andrew is asserting that it does not infringe. TruePosition has the burden of proving infringement by what is called a preponderance of the evidence.  That means that TruePosition has to produce evidence which, when considered in the light of all the facts, leads you to believe that what TruePosition claims is more likely true than not.  To put it differently, if you were to put the evidence of TruePosition and Andrew on opposite sides of a scale, the evidence supporting TruePosition's claims would have to make the scale tip somewhat on TruePosition's side for your verdict to be for TruePosition.

TruePosition is also alleging that Andrew's infringement was willful. TruePosition has the burden of proving willful infringement by clear and convincing evidence.  Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable.  Proof by clear and convincing evidence, therefore, is a higher burden than proof by a preponderance of the evidence.

If TruePosition fails to meet its burden for a particular claim, your verdict must be for Andrew on that claim.

In this case, Andrew is contending that TruePosition committed fraud.  Andrew has the burden of proving fraud by a preponderance of the evidence.  Andrew also contends that TruePosition made certain promises to Andrew that now should prevent TruePosition from asserting its 144 patent against Andrew.  Andrew has the burden of proving this claim, promissory estoppel, by the clear and convincing evidence standard.

If Andrew fails to meet its burden for a particular claim, your verdict must be for TruePosition on that claim.

You may have heard of the "beyond a reasonable doubt" burden of proof from criminal cases. That requirement is the highest burden of proof. It does not apply to civil cases and you should, therefore, put it out of your mind.

I will now give you some background about the nature of this case and the issues you will be deciding. For each issue, I will instruct you again as to the burden of proof that will apply. At the end of the trial I will review for you the burden of proof to apply, either the more probable than not standard or the highly probable standard, to each issue in this case.

## TruePosition's Authority

Adapted from Preliminary Jury Instructions, *IMX, Inc. v. Lendingtree, LLC*, C.A. No. 03-1067-SLR.

TruePosition objects to Andrew's proposed instruction because invalidity is not at issue in this case. *See* D.I. 257 at 16-17.

TruePosition further objects to Andrew's proposed instruction because Andrew's equitable defenses – equitable estoppel, implied license, unclean hands, and the ultimate determination of promissory estoppel – are issues that should be decided by the Court and not the jury. *See Hemstreet v. Computer Entry Systems Corp.*, 972 F.2d 1290, 1292 (Fed. Cir. 1992) (equitable estoppel is an "equitable defense committed to the sound discretion of the trial court") (citing *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992)); *Augustine Medical, Inc. v. Progressive Dynamics, Inc.*, 194 F.3d 1367, 1370 (Fed. Cir. 1999) ("Whether an implied license exists is a question of law that we review *de novo*."). *Compare Wang Labs., Inc. v. Mitsubishi Electrics America, Inc.*,

- 7 -

103 F.3d 1571, 1578 (Fed. Cir. 1997) (sending issue to jury by agreement of parties); *Chrysler Corp. v. Chaplake Holdings, Ltd.*, 822 A.2d 1024, 1034 (Del. 2003) ("The avoidance of injustice element [of promissory estoppel] is, however, a legal concept and not a question of fact to be submitted to the jury."); *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933); *Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 398 F. Supp. 2d 305, 310-11 (D. Del. 2005) ("The clean hands maxim gives broad discretion to the court's equity power . . . The court is not bound by any formula, restraint, or limitation which restricts the free and just exercise of its equitable discretion."). TruePosition does not consent to allow the jury to decide these issues.

TruePosition also notes that although Andrew has pled equitable estoppel, implied license and promissory estoppel both as affirmative defenses and as independent counterclaims, all three issues in the patent context are only defenses to infringement that may serve to prevent enforcement of the patent at issue in the particular circumstances. *See A.C. Aukerman*, 960 F.2d at 1027 (equitable estoppel); *Honeywell*, 398 F. Supp. 2d at 309 (equitable estoppel); *Augustine Medical*, 194 F.3d at 1374 ("[T]he argument of implied license is a *defense* to a patent infringement allegation. . . Augustine's application of that argument in this case would turn the law of implied license from a defense to an offense. We are not willing to construe the law in such a manner today.").

Finally, TruePosition does not believe that Andrew's defenses of equitable estoppel, implied license, the ultimate determination of promissory estoppel and unclean hands should be decided by the jury. However, should the Court decide to send these issues to the jury in an advisory capacity, TruePosition requests that the jury also be instructed concerning TruePosition's unclean hands defense to Andrew's claims of fraud,

equitable estoppel, implied license, promissory estoppel and unclean hands in the following way:

TruePosition contends that Andrew has unclean hands and so should be prevented from asserting its equitable defenses of fraud, equitable estoppel, implied license, promissory estoppel and unclean hands against TruePosition.  TruePosition has the burden of proving unclean hands by the clear and convincing evidence standard.

4.      BURDEN OF PROOF (ANDREW'S PROPOSED INSTRUCTION)

This is a civil case in which TruePosition is alleging that Andrew is infringing

TruePosition's patent, and in which Andrew is asserting that it does not infringe.

TruePosition has the burden of proving infringement by what is called a preponderance

of the evidence.  That means that TruePosition has to produce evidence which, when

considered in the light of all the facts, leads you to believe that what TruePosition claims

is more likely true than not.  To put it differently, if you were to put the evidence of

TruePosition and Andrew on opposite sides of a scale, the evidence supporting

TruePosition's claims would have to make the scale tip somewhat on TruePosition's side

for your verdict to be for TruePosition.

TruePosition is also alleging that Andrew's infringement was willful.

TruePosition has the burden of proving willful infringement by clear and convincing

evidence.  Clear and convincing evidence is evidence that produces an abiding conviction

that the truth of a factual contention is highly probable.  Proof by clear and convincing

evidence, therefore, is a higher burden than proof by a preponderance of the evidence.

If TruePosition fails to meet its burden for a particular claim, your verdict must be

for Andrew on that claim.

In this case, Andrew is contending that the 144 patent is invalid.  Andrew has the

burden of proving by clear and convincing evidence that the asserted claims of the 144

patent are invalid.  Andrew is contending that TruePosition committed fraud.  Andrew

has the burden of proving fraud by a preponderance of the evidence.  Andrew is

contending that TruePosition is equitably estopped from asserting its 144 patent.  Andrew

has the burden of proving equitable estoppel by a preponderance of the evidence.

Andrew is contending that it has an implied license under the 144 patent.  Andrew must

prove it has an implied license by a preponderance of the evidence.  Andrew contends that TruePosition made certain promises to Andrew that now should prevent TruePosition from asserting its 144 patent against Andrew.  Andrew has the burden of proving this claim, promissory estoppel, by the clear and convincing evidence standard.  Andrew contends that TruePosition has unclean hands and so should be prevented from going forward with its claims against Andrew.  Andrew has the burden of proving this claim by the clear and convincing evidence standard.

If Andrew fails to meet its burden for a particular claim, your verdict must be for TruePosition on that claim.

You may have heard of the "beyond a reasonable doubt" burden of proof from criminal cases.  That requirement is the highest burden of proof.  It does not apply to civil cases and you should, therefore, put it out of your mind.

I will now give you some background about the nature of this case and the issues you will be deciding.  For each issue, I will instruct you again as to the burden of proof that will apply.  At the end of the trial I will review for you the burden of proof to apply, either the more probable than not standard or the highly probable standard, to each issue in this case.

**<u>Andrew's Authority</u>**

Federal Circuit Bar Association Model Patent Jury Instructions – 1.1. – Burdens of Proof

### 5.     THE PATENT SYSTEM GENERALLY (TRUEPOSITION'S PROPOSED INSTRUCTION)

Patents are issued by the United States Patent and Trademark Office, which is part of the U.S. government.  The U.S. government is authorized by the United States Constitution to enact patent laws and issue patents to protect inventions.  Inventions that are protectable by patents may be products, compositions, or methods for doing something or for using or making a product or composition.

A patent is granted for a set period of time.  Once a patent expires, the patent owner may not exclude anyone from making use of the invention in the patent.  The invention becomes part of the "public domain," which means that anyone is free to use it.

During the term of the patent, however, if another person makes, uses, offers to sell, sells or imports something that is covered by the patent without the patent owner's permission, that person is said to infringe the patent.  A person who knowingly helps or encourages another person to infringe by supplying components of a patented invention from the United States to outside the United States is also said to infringe the patent.  The patent owner may enforce a patent against persons believed to be infringers in a lawsuit in federal court.

To be entitled to patent protection an invention must be new, useful, and nonobvious.  As I noted, a patent gives its owner the right to exclude other people from making, using, selling or offering for sale what is covered by the patent.  Everyone, however, has the right to use existing knowledge and principles.  A patent cannot legally take away from people their right to use what was known or obvious from what was known before the invention was made.  Thus, a patent will not be valid if it deprives

people of the right to use old or known products or processes, or products or processes that would have been obvious.

**TruePosition's Authority**

Draft Model Patent Jury Instructions, Federal Circuit Bar Association, Third Bench and Bar Conference, in "Forms" at http://www.ded.uscourts.gov/MPTmain.htm.

TruePosition objects to Andrew's proposed instruction because it states that the jury will be further instructed on "prior art" at the end of the case. As invalidity is no longer an issue in this case, this portion of Andrew's proposed instruction is confusing and unnecessary. *See* D.I. 257 at 16-17.

5.      THE PATENT SYSTEM GENERALLY (ANDREW'S PROPOSED
INSTRUCTION)

Patents are issued by the United States Patent and Trademark Office, which is part

of the U.S. government.  The U.S. government is authorized by the United States

Constitution to enact patent laws and issue patents to protect inventions.  Inventions that

are protectable by patents may be products, compositions, or methods for doing

something or for using or making a product or composition.

A patent is granted for a set period of time.  Once a patent expires, the patent

owner may not exclude anyone from making use of the invention in the patent.  The

invention becomes part of the "public domain," which means that anyone is free to use it.

During the term of the patent, however, if another person makes, uses, offers to

sell, sells or imports something that is covered by the patent without the patent owner's

permission, that person is said to infringe the patent.  A person who knowingly helps or

encourages another person to infringe by supplying components of a patented invention

from the United States to outside the United States is also said to infringe the patent.  The

patent owner may enforce a patent against persons believed to be infringers in a lawsuit

in federal court.

To be entitled to patent protection an invention must be new, useful, and

nonobvious.  As I noted, a patent gives its owner the right to exclude other people from

making, using, selling or offering for sale what is covered by the patent.  Everyone,

however, has the right to use existing knowledge and principles.  A patent cannot legally

take away from people their right to use what was known or obvious from what was

known before the invention was made.  Thus, a patent will not be valid if it deprives

people of the right to use old or known products or processes, or products or processes

that would have been obvious.  That which is already known is called the "prior art."  I will give you more instructions about what constitutes prior art at the end of the case.

**<u>Andrew's Authority</u>**

## 5.1     HOW A PATENT IS OBTAINED (AGREED UPON INSTRUCTION)

The U.S. Patent and Trademark Office is the agency of the U.S. government that examines patent applications and issues patents. When an applicant for a patent files a patent application with the Patent and Trademark Office, the application is assigned to a Patent Examiner. The Patent Examiner examines the application to determine whether or not the invention described in the patent application meets the requirements of the patent laws for patentable inventions.

The Patent Examiner advises the applicant of his or her findings in a paper called an "office action." The Examiner may "reject" the claims if he or she believes they do not meet the requirements for patentable inventions. The applicant may respond to the rejection with arguments to support the claims, and may sometimes change, or amend, the claims or submit new claims. If the Examiner concludes that the legal requirements for a patent have all been satisfied, he or she "allows" the claims and the application issues as a patent. The Examiner makes his or her decision based on the information provided by the applicant or known to the Examiner. The prior art references considered by the Examiner are listed on the face of the patent.

The record of papers relating to the examination process in the Patent and Trademark Office that I just described is referred to as the prosecution history, or file wrapper.

Once a patent issues, the patent is published and becomes available to the public.

## 5.2    THE PARTS OF A PATENT (AGREED UPON INSTRUCTION)

A patent includes two basic parts, a written description of the invention and the patent claims.  The written description, which may include drawings, is often referred to as the "specification" of the patent.

The cover page of a patent provides identifying information, including the date the patent issued and patent number along the top, as well as the inventor's name, the filing date, and a list of the references reviewed in the Patent Office.

The specification of a patent begins with an abstract, found on the cover page.  The abstract is a brief statement about the subject matter of the invention.  The drawings or figures of the patent depict various features of the invention which are explained in the text of the specification.  A written description of the invention follows the figures.  In this portion of the patent, each page is divided into two columns, which are numbered at the top of the page.  The lines on each page are also numbered.  The written description includes a background section, a summary of the invention, and a detailed description of the invention, which may include some specific examples.

The specification ends with one or more numbered paragraphs which are called claims.  The claims are made up of a number of steps or parts called "claim limitations."

### 5.3 THE SIGNIFICANCE OF PATENT CLAIMS (TRUEPOSITION'S PROPOSED INSTRUCTION)

The claims of a patent are a main focus of a patent case because it is the claims that define the patent owner's rights under the law. That is, the claims define what the patent owner may exclude others from doing during the term of the patent.

The claims of a patent serve two purposes. First, they set out the boundaries of the invention covered by the patent. Second, they provide notice to the public of those boundaries. Thus, when a product or method is accused of infringing a patent, it is the patent claims that must be compared to the accused product or method to determine whether or not there is infringement. It is the claims of the patent that are infringed when patent infringement occurs. For infringement to occur, each limitation of the patent claim must be present in the accused product or method. If any limitation is absent, there can be no infringement.

I will instruct you what claims are at issue in this case and give you meanings of some of the language in those claims. You must use these meanings when you decide the issue of infringement.

### TruePosition's Authority

Draft Model Patent Jury Instructions, Federal Circuit Bar Association, Third Bench and Bar Conference, in "Forms" at http://www.ded.uscourts.gov/MPTmain.htm.

TruePosition objects to Andrew's proposed instruction because invalidity is no longer an issue in this case. *See* D.I. 257 at 16-17. Therefore, the portion of Andrew's proposed instruction addressing invalidity is confusing and unnecessary.

**5.3    THE SIGNIFICANCE OF PATENT CLAIMS (ANDREW'S PROPOSED INSTRUCTION)**

The claims of a patent are a main focus of a patent case because it is the claims that define the patent owner's rights under the law.  That is, the claims define what the patent owner may exclude others from doing during the term of the patent.

The claims of a patent serve two purposes.  First, they set out the boundaries of the invention covered by the patent.  Second, they provide notice to the public of those boundaries.  Thus, when a product or method is accused of infringing a patent, it is the patent claims that must be compared to the accused product or method to determine whether or not there is infringement.  It is the claims of the patent that are infringed when patent infringement occurs.  For infringement to occur, each limitation of the patent claim must be present in the accused product or method.  If any limitation is absent, there can be no infringement.  The claims are at issue as well when the validity of a patent is challenged.  For a patent claim to be invalid, each limitation of the patent claim must be known in the prior art.

I will instruct you what claims are at issue in this case and give you meanings of some of the language in those claims.  You must use these meanings when you decide the issues of infringement and validity.

**Andrew's Authority**

**6.      SUMMARY OF THE ISSUES (AGREED UPON INSTRUCTION)**

I will now give you a little more information about the issues that will be presented to you at this trial and the law that you must follow in reaching your verdict. At the close of the trial, I will give you more specific instructions to follow as you deliberate to reach your verdict.

**6.1     TRUEPOSITION'S CONTENTIONS (AGREED UPON INSTRUCTION)**

I will first describe TruePosition's contentions.

### 6.1.1   DIRECT INFRINGEMENT (AGREED UPON INSTRUCTION)

TruePosition contends that Andrew infringes certain claims of the 144 patent by the use, sale, or offer for sale of Geometrix.  This is called direct infringement. TruePosition seeks to prove infringement in two ways.  The first is called "literal" infringement; the second is called infringement under the "doctrine of equivalents."

To prove literal infringement, TruePosition must prove by a preponderance of the evidence that Geometrix and the methods used in Geometrix contain each and every limitation of one or more of the claims.

To prove infringement under the doctrine of equivalents, TruePosition must prove by a preponderance of evidence that for each claim limitation not literally found in the Geometrix system, Geometrix contains an equivalent structure or step.  If the claim refers to a method and not a system, TruePosition must prove that the method contains an equivalent step for each claim not literally met by the Geometrix method.  In order to be equivalent, the differences between the claim limitation and the Geometrix element or step must be insubstantial.  I will explain in more detail in my final instructions the various ways by which you may determine whether or not these differences, if they exist, are insubstantial.

### 6.1.2   INFRINGEMENT THROUGH THE SUPPLY OF COMPONENTS FROM THE UNITED STATES TO A FOREIGN COUNTRY (AGREED UPON INSTRUCTION)

TruePosition also contends that Andrew infringes certain claims of the 144 patent by supplying components of Geometrix from the United States to a foreign country. There are two types of infringement that relate to the supply of components from the United States to a foreign country – inducing infringement and contributory infringement. In this case, TruePosition contends that Andrew infringed the 144 Patent by supplying components of Andrew's Geometrix product from the United States to Saudi Arabia with the intent or knowledge that they would be combined with the cellular telephone network of Saudi Telecom Company, a foreign cellular network operator, to form a product that would infringe the 144 Patent.

To prove that Andrew induced infringement of the 144 patent, TruePosition must prove by a preponderance of the evidence that Andrew supplied or exported from the United States all or a substantial portion of the components of at least one claim of the 144 Patent and, also, that Andrew encouraged or induced the combination of those components outside of the United States in a manner that would infringe the 144 Patent had the combination occurred within the United States.  Components may be parts that perform the steps in a patented method and are not limited to parts of a patented system.

To prove contributory infringement, TruePosition must prove by a preponderance of the evidence that Andrew supplied or exported from the United States to Saudi Arabia at least one component of at least one claimed method or claimed system of the 144 Patent which Andrew knows is specially made for use in that claimed method or system and that is not suitable for other uses.  TruePosition must also show that Andrew intended for the component to be combined outside the United States in way that would infringe

had it occurred in the United States, but need not show that any foreign combination actually took place.  Again, components may be parts that perform the steps in a patented method and are not limited to parts of a patented system.

### 6.1.3  DAMAGES (AGREED UPON INSTRUCTION)

TruePosition claims that it has suffered damages as a result of Andrew's alleged infringement in the form of lost profits that TruePosition would have made if Andrew had not infringed.  I will explain to you at the end of the case how lost profits are calculated. To receive any damages, TruePosition must prove by a preponderance of the evidence the damages it has suffered as a result of Andrew's alleged infringement.

### 6.1.4   WILLFUL INFRINGEMENT (TRUEPOSITION'S PROPOSED INSTRUCTION)

TruePosition also contends that Andrew has knowingly and willfully infringed the 144 patent.

To prove willful infringement, TruePosition must prove that Andrew knew of the 144 patent, Andrew acted in reckless disregard of the patent, and that Andrew did not have a reasonable belief either that the patent was invalid or that it did not infringe the patent.

The burden of proof to establish willful infringement is higher than the burden to prove infringement, and TruePosition must prove willfulness by clear and convincing evidence.  I will explain in more detail at the end of the case how you decide willful infringement.

**TruePosition's Authority**

*In re Seagate Tech., LLC*, Case No. 06-M830 (Fed. Cir. Aug. 20, 2007); *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1342-43 (Fed. Cir. 2004) (en banc); *IMX, Inc. v. Lendingtree, LLC*, 469 F. Supp. 2d 203, 218 (D. Del. 2007).

### 6.1.4 WILLFUL INFRINGEMENT[1] (ANDREW'S PROPOSED INSTRUCTION)

TruePosition also contends that Andrew has knowingly and willfully infringed the 144 patent.  The only actions that could possibly be relevant are those that were taken before this suit was filed on October 25, 2005.

To prove willful infringement, TruePosition must prove that Andrew knew of the 144 patent, and that Andrew acted despite an objectively high likelihood that the 144 patent was valid and that Andrew's actions constituted infringement.  Andrew's state of mind is not relevant.  TruePosition must also prove that Andrew knew or should have known that its actions created an objectively high risk of infringement.

The burden of proof to establish willful infringement is higher than the burden to prove infringement, and TruePosition must prove willfulness by clear and convincing evidence.  I will explain in more detail at the end of the case how you decide willful infringement.

**Andrew's Authority**

*In re Seagate Tech., LLC*, Misc. No. 830, --- F.3d ----, 2007 WL 2358677, at *5 (Fed. Cir. Aug. 20, 2007).

---

[1] Pursuant to Andrew's Evidentiary Issue No. 11, Andrew seeks to exclude all evidence related to willfulness.  Andrew proposes this instruction for use if the Court denies Andrew's Evidentiary Issue No. 11.

**6.2     ANDREW'S CONTENTIONS (AGREED UPON INSTRUCTION)**

I will now instruct you on Andrew's contentions.

### 6.2.1   INVALIDITY (ANDREW'S PROPOSED INSTRUCTION)

Andrew contends that the 144 Patent is invalid as anticipated.  Although the 144 Patent was granted by the Patent and Trademark Office, it is your job to determine whether or not the legal requirements of patentability were met; that is, it is your job to determine whether or not the 144 Patent is invalid.

I will now explain to you briefly the legal requirements for the grounds on which Andrew relies to contend that the 144 Patent is invalid.  I will provide more details for the grounds in my final instructions.

**Andrew's Authority**

**6.2.1   INVALIDITY (TRUEPOSITION'S PROPOSED INSTRUCTION)**

TruePosition objects to Andrew's proposed instruction on invalidity in its entirety.  Invalidity is no longer an issue in this case, and any references to invalidity will confuse and mislead the jury.  *See* D.I. 257 at 16-17.

### 6.2.2  ANTICIPATION (ANDREW'S PROPOSED INSTRUCTION)

Andrew contends that the invention covered by the 144 Patent is not new.
An invention that is not new is said to be "anticipated" by the prior art.  In order
to prove that a claim is anticipated by the prior art, Andrew must prove by clear
and convincing evidence that each and every limitation of the claim is present in a
single item of prior art.

**Andrew's Authority**

### 6.2.2   ANTICIPATION (TRUEPOSITION'S PROPOSED INSTRUCTION)

TruePosition objects to Andrew's proposed instruction on anticipation in its entirety.  Invalidity is no longer an issue in this case, and any references to anticipation will confuse and mislead the jury.  *See* D.I. 257 at 16-17.

### 6.2.3   FRAUD (ANDREW'S PROPOSED INSTRUCTION)

Andrew contends that TruePosition committed fraud by failing to declare its '144 patent as a patent believed to be considered essential to an ETSI standard.  ETSI is a standards body of which both Andrew and TruePosition were members.  In order to prove fraud, Andrew must prove by a preponderance of the evidence that TruePosition made a misrepresentation or omission of a material fact, that it made the misrepresentation knowingly or with reckless disregard for the truth, with the intent to mislead another, that Andrew reasonably relied upon on TruePosition's misrepresentation, and that Andrew was harmed as a result of its reliance.

**Andrew's Authority**

*See In re Marriage of Balcof*, 141 Cal. App. 4th 1509, 1522 (Cal. App. 2006) (citing *Liodas v. Sahadi*, 19 Cal.3d. 278, 137 Cal. Rptr. 635, 562 P.2d 316 (1977)) as "rejecting the application of a burden of proof in excess of a preponderance of the evidence in fraud cases."); *In re IBP, Inc. Shareholders Litigation*, 789 A.2d 14 (Del. Ch. 2001) ("Under New York law, the plaintiff must prove fraud by clear and convincing evidence.  FN 95 Under Delaware law, by contrast, the standard is preponderance").

### 6.2.3   FRAUD (TRUEPOSITION'S PROPOSED INSTRUCTION)

Andrew contends that TruePosition committed fraud by failing to declare its 144 Patent as a patent believed to be considered essential to an ETSI standard.  In order to prove fraud, Andrew must prove by a preponderance of the evidence the following things:

(1)     the false representation of a fact that is important to another;

(2)     the knowledge or belief that this representation was false, or was made with reckless indifference to the truth;

(3)     the intent to induce Andrew to act on the false representation, or to decline to act;

(4)     the fact that Andrew acted, or declined to act, in justifiable reliance on the false representation; and

(5)     damage to Andrew as a result of this reliance.

A false representation may be asserted by words or conduct.  A fact is important if it would cause a reasonable person to decide to act in a particular way, or if the maker of the misrepresentation knew another person would regard it as important.

If you find that Andrew has proved all of the above elements by a preponderance of the evidence, then TruePosition is liable for fraud.


**TruePosition's Authority**

Adapted from Del. P.J.I. § 16.2 (2000); *Lazar v. Superior Ct.*, 909 P.2d 981, 985 (Cal. 1996); *Rambus Inc. v. Infineon Techs. AG*, 318 F.3d 1081, 1096 (Fed. Cir. 2003) (defendant must prove the existence of an "omission in the face of a duty to disclose");*Czarnik v. Illumina, Inc.*, 437 F. Supp. 2d 252, 259-160 (D. Del. 2006); *Lord v. Souder*, 748 A.2d 393, 402 (Del. 2000); *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983), (citing *Nye Odorless Incinerator Corp. v. Felton*, 162 A. 504, 510-11

(Del. Super. Ct. 1931); *Matthew Office Designs, Inc. v. Taub Investments*, 1994 Del. LEXIS 182, *4-5 (Del. May 25, 1994) (duty to disclose may arise where the custom or course of dealings between the parties merits disclosure); *MetCap Secs. LLC v. Pearl Senior Care, Inc.*, 2007 Del. Ch. LEXIS 65, *17 (D. Ch. May 16, 2007) (duty to disclose may arise "where the custom or course of dealings between the parties merits disclosure"); *Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 100 (Del. 1992) ("An essential elements of [fraud], is that the alleged victim not be aware of the true facts which are misrepresented."); *Consolidated Fisheries Co. v. Consolidated Solubles Co.*, 112 A.2d 30, 37 (Del. 1955) ("mere expressions of opinion as to probable future events, when clearly made as such, cannot be deemed fraud or misrepresentations").

TruePosition objects to Andrew's proposed instruction regarding common law fraud as a defense to patent infringement because TruePosition is aware of no legal precedent for common law fraud as a defense to patent infringement.

TruePosition further objects to Andrew's proposed instruction as failing to state a theory of fraud upon which relief can be granted because Andrew bases its fraud theory on TruePosition's failure to declare its "belief" that the 144 Patent is essential to an ETSI standard. *See Rambus Inc. v. Infineon Techs. AG*, 318 F.3d 1081, 1104 (Fed. Cir. 2003) ("The [IPR policy], though vague, does not create a duty premised on subjective beliefs. [The policy's] disclosure duty erects an objective standard. It does not depend on a member's subjective belief that its patents do or do not read on the proposed standard.").

TruePosition further objects to Andrew's proposed instruction because it fails to instruct the jury that Andrew must prove an essential element of its claim – that TruePosition intended to mislead Andrew Corporation, not "another." *See Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983) ("intent to induce" action or inaction of party allegedly defrauded is a required element).

- 35 -

### 6.2.4   EQUITABLE ESTOPPEL (ANDREW'S PROPOSED INSTRUCTION)

Andrew contends that TruePosition is barred from asserting its 144 patent against Andrew as a result of TruePosition's conduct.  This is called equitable estoppel.  In order to prove equitable estoppel, Andrew must prove by a preponderance of the evidence that TruePosition's conduct led Andrew to reasonably believe that TruePosition did not intend to enforce its patent against Andrew, that Andrew relied on that conduct, and that Andrew will be materially prejudiced if TruePosition is allowed to go forward with its claim.

### 6.2.4   EQUITABLE ESTOPPEL (TRUEPOSITION'S PROPOSED INSTRUCTION)

TruePosition objects to Andrew's instruction because equitable estoppel is an issue that should be decided by the Court. *Hemstreet v. Computer Entry Systems Corp.*, 972 F.2d 1290, 1292 (Fed. Cir. 1992) (equitable estoppel is an "equitable defense committed to the sound discretion of the trial court") (citing *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992)). TruePosition does not consent to allow the jury to decide this issue.

TruePosition also notes that although Andrew has pled equitable estoppel both as an affirmative defense and as an independent counterclaim, equitable estoppel in the patent context is really a defense to infringement that may serve to prevent enforcement of the patent at issue in the particular circumstances. *See A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1027 (Fed. Cir. 1992); *Honeywell Int'l, Inc. v. Universal Avionics Systems Corp.*, 398 F. Supp. 2d 305, 309 (D. Del. 2005).

**6.2.5   IMPLIED LICENSE (ANDREW'S PROPOSED INSTRUCTION)**

Andrew contends that through TruePosition's behavior, Andrew believes that it had a license under the 144 patent.  In order to prove it has an implied license, Andrew must prove by a preponderance of the evidence that TruePosition granted a right to Andrew to use the 144 patent, that TruePosition received consideration for its grant to Andrew, that TruePosition's conduct created the impression that Andrew had a right to use the 144 patent, and that TruePosition has since denied Andrew has a right to use the 144 patent.

### 6.2.5   IMPLIED LICENSE (TRUEPOSITION'S PROPOSED INSTRUCTION)

TruePosition objects to Andrew's instruction because implied license should not be decided by the jury.  Implied license is an issue that should be decided by the Court. *Augustine Medical, Inc. v. Progressive Dynamics, Inc.*, 194 F.3d 1367, 1370 (Fed. Cir. 1999) ("Whether an implied license exists is a question of law that we review *de novo*."). *Compare Wang Labs., Inc. v. Mitsubishi Electrics America, Inc.*, 103 F.3d 1571, 1578 (Fed. Cir. 1997) (sending issue to jury by agreement of parties).  TruePosition does not consent to allow the jury to decide this issue.

TruePosition also notes that although Andrew has pled implied license both as an affirmative defense and as an independent counterclaim, implied license in the patent context is really a defense to infringement that may serve to prevent enforcement of the patent at issue in the particular circumstances.  *See Augustine Medical, Inc. v. Progressive Dynamics, Inc.*, 194 F.3d 1367, 1374 (Fed. Cir. 1999) ("[T]he argument of implied license is a *defense* to a patent infringement allegation. . . Augustine's application of that argument in this case would turn the law of implied license from a defense to an offense.  We are not willing to construe the law in such a manner today.").

**6.2.6   PROMISSORY ESTOPPEL (ANDREW'S PROPOSED INSTRUCTION)**

Andrew contends that TruePosition should be barred from asserting the 144 patent against Andrew as a result of promises that TruePosition made.  This is called promissory estoppel.  The doctrine of promissory estoppel is triggered when there is a promise made which the promissor expects will induce certain behavior on the part of the party hearing the promise.  In order to prove promissory estoppel, Andrew must prove by clear and convincing evidence that TruePosition made a definite and certain promise to Andrew, TruePosition expected Andrew to react in a certain manner, that Andrew reasonably relied on the promise, and that Andrew was injured as a result.

### 6.2.6   PROMISSORY ESTOPPEL (TRUEPOSITION'S PROPOSED INSTRUCTION)

TruePosition notes that promissory estoppel is an issue that should be ultimately decided by the Court.  Under the doctrine of promissory estoppel, Andrew must demonstrate by clear and convincing evidence that:  1) a promise was made by TruePosition; 2) it was the reasonable expectation of TruePosition to induce action or forbearance by Andrew; 3) Andrew reasonably relied on the promise and took action to its detriment; and 4) such promise is binding because injustice can be avoided only by enforcement of the promise.  *Chrysler Corp. v. Chaplake Holdings, Ltd.*, 822 A.2d 1024, 1032 (Del. 2003).  TruePosition does not consent to allow the jury to ultimately decide this issue.

Whether a promise was made is a question of fact to be determined by the jury. *Christiana Marine Service Corp. v. Texaco Fuel & Marine Marketing Inc.*, 2004 Del. Super. LEXIS 3 at *10 (Del. Super. Ct. Jan. 8, 2004).  Intent to induce reliance and whether Andrew's reliance was reasonable are also questions of fact for the jury.  *Fini v. Remington Arms Co.*, 1998 U.S. Dist. LEXIS 8261 at *33 (D. Del. May 27, 1998).  "The avoidance of injustice element is, however, a legal concept and not a question of fact to be submitted to the jury."  *Chrysler*, 822 A.2d at 1034.

TruePosition also notes that although Andrew has pled promissory estoppel both as an affirmative defense and as an independent counterclaim, promissory estoppel in the patent context is really a defense to infringement that may serve to prevent enforcement of the patent at issue in the particular circumstances.

### 6.2.7    UNCLEAN HANDS (ANDREW'S PROPOSED INSTRUCTION)

Andrew contends that TruePosition is barred from asserting the 144 patent against Andrew as a result of TruePosition's unclean hands.  The doctrine of unclean hands means that a party must have acted fairly and justly in its dealings with another in order to assert a cause of action against that party.  In order to prove TruePosition had unclean hands, Andrew must prove by clear and convincing evidence that TruePosition's conduct was inequitable or in bad faith, and that TruePosition's conduct was directly related to the subject matter of its claims in this lawsuit.

### 6.2.7  UNCLEAN HANDS (TRUEPOSITION'S PROPOSED INSTRUCTION)

TruePosition objects to Andrew's instruction because unclean hands should not be decided by the jury.  Unclean hands is an issue that should be decided by the Court.  *See Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933); *Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 398 F. Supp. 2d 305, 310-11 (D. Del. 2005) ("The clean hands maxim gives broad discretion to the court's equity power . . . The court is not bound by any formula, restraint, or limitation which restricts the free and just exercise of its equitable discretion.")  TruePosition does not consent to allow the jury to decide this issue.

TruePosition also notes that Andrew has not asserted a counterclaim of unclean hands.  *See* Andrew Corporation's Answer and Counterclaim to Second Amended Complaint.  Andrew has asserted unclean hands only as a defense.  *See id.* at 10 (Sixth Affirmative Defense).

Should the Court decide to send this issue to the jury in an advisory capacity, TruePosition's proposes the following changes to Andrew's proposed instruction to more accurately reflect the law:

### 6.2.7  TRUEPOSITION'S ALLEGED UNCLEAN HANDS (TRUEPOSITION'S PROPOSED INSTRUCTION)

Andrew contends that TruePosition is barred from asserting the 144 patent against Andrew as a result of TruePosition's unclean hands.  The doctrine of unclean hands means that a party must have acted fairly and justly in its dealings with another in order to assert a cause of action against that party.  In order to prove TruePosition had unclean hands, Andrew must prove by clear and convincing evidence that TruePosition's conduct

was inequitable or in bad faith, that TruePosition's conduct was directly related to the subject matter of its claims in this lawsuit, and that Andrew's conduct was in good faith.

**TruePosition's Authority**

Adapted from Federal Circuit Bar Association Model Patent Jury Instructions (2007 edition); *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240 (1933); *Precision Instruments Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814 (1945); *Aptix Corp. v. Quickturn Design Sys., Inc.*, 269 F.3d 1369 (Fed. Cir. 2001); *Citizens Fin. Group, Inc. v. Citizens Nat'l Bank*, 383 F.3d 110, 129 (3d Cir. 2004); *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 794 (5th Cir. 1999); *Honeywell Int'l, Inc. v. Univ. Avionics Sys. Corp.*, 398 F. Supp.2d 305, 310-311 (D. Del. 2005).


TruePosition does not believe that Andrew's defenses of equitable estoppel, implied license and unclean hands should be decided by the jury.  However, should the Court decide to send these issues to the jury in an advisory capacity, TruePosition requests that the jury also be instructed concerning TruePosition's unclean hands defense to Andrew's claims of fraud, equitable estoppel, implied license, promissory estoppel and unclean hands.

**6.3    ANDREW'S ALLEGED UNCLEAN HANDS (TRUEPOSITION'S PROPOSED INSTRUCTION)**

TruePosition has raised the defense of unclean hands to Andrew Corporation's claims of fraud, equitable estoppel, implied license, promissory estoppel and unclean hands.  TruePosition contends that Andrew cannot assert any of the equitable defenses it has raised in response to TruePosition's claim of infringement because Andrew Corporation itself has unclean hands.  [TruePosition proposes that the remainder of this instruction correspond to the final preliminary instruction for Andrew Corporation's unclean hands defense, with the word Andrew replaced by the word TruePosition and the word TruePosition replaced by the word Andrew.]

7.    **CONDUCT OF THE JURY (AGREED UPON INSTRUCTION)**

Now, a few words about your conduct as jurors.

Although you are not to talk about the case with anyone else, you are permitted to talk to each other, when everyone is in the jury room, about the technology at issue in this case. Even though you may talk to each other about the technology, you should not reach any conclusions as to the issues presented until all the evidence is in and you have been given your final instructions.

Finally, you must consider only the evidence presented in the courtroom. Do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to this case.

The proceedings during trial will be transcribed by court reporters; however, it is not the practice of this Court to make the trial transcripts available to jurors. You must rely on your own recollection of what testimony was presented and how credible that testimony was.

If you wish, you may take notes in the binders we have provided. The binders will be collected each time you leave the courtroom. Keep in mind that your notes are for your own personal use – they are not to be given to or read by anyone else.

Finally, please wear your juror identification tags everyday, so that the parties can avoid engaging you in conversation, thereby bringing your impartiality into question.

### 8.    COURSE OF THE TRIAL (AGREED UPON INSTRUCTION)

The trial will now begin.  The attorneys have three opportunities to talk to you during the trial.  The first opportunity is the opening statement.  During the opening statements, the attorneys will introduce their respective stories to you.  As I've already instructed, however, what the lawyers say is not evidence.  It will be up to you to determine whether the evidence – the testimony of the witnesses and the admitted documents – supports what the lawyers say in their opening statements.  The second opportunity that the lawyers have to talk to you is during transition statements.  Lawyers are permitted to make transition statements whenever they call a witness to the stand, to introduce the witness and to briefly explain the relevance of the witness's anticipated testimony.  Finally, after all the evidence is in, the lawyers will offer closing arguments to summarize and interpret the evidence for you, and to tie the evidence to their story.  I will then give you instructions on the law and describe for you the matters you must resolve.

You will then retire to the jury room to deliberate on your verdict.

You should generally expect that we will start the trial each morning at 9:30 a.m. and finish at 4:30 p.m., with two 15-minute breaks (morning and afternoon), and one half-hour break for lunch.  As I said earlier, I time my civil trials, meaning each party is given a certain number of hours in which to present its evidence.  This assures that trials will be completed on a predictable basis.  This system can only work, however, if you, as jurors, report to the courtroom on a punctual basis as well.

Date: August 24, 2007


 _/s/ James D. Heisman_____

**CONNOLLY BOVE LODGE & HUTZ LLP**
James D. Heisman, Esq. (No. 2746)
The Nemours Building
1007 North Orange St.
PO Box 2207
Wilmington, Delaware 19899
(302) 658-9141


**WOODCOCK WASHBURN LLP**
Paul B. Milcetic (pro hac vice)
Kathleen A. Milsark (pro hac vice)
Daniel J. Goettle (pro hac vice)
Amanda M. Kessel (pro hac vice)
Cira Center, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891
(215) 568-3100


*Attorneys for TruePosition, Inc.*


   _/s/ Andrew A. Lundgren_____

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Josy W. Ingersoll (No. 1088)
Karen L. Pascale (No. 2903)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600


**KIRKLAND & ELLIS, LLP**
John D. Desmarais
Citigroup Center
153 East 53rd Street
New York, New York 10022
(212) 446-4800


**KIRKLAND & ELLIS, LLP**
Michael A. Parks
Rachel P. Waldron
Shira J. Kapplin
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000


*Attorneys for Andrew Corporation*