IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TruePosition, Inc., ) | |
| ) | |
| Plaintiff/ ) | |
| Counterclaim-Defendant, ) | |
| ) | Civil Action No. 05-00747(SLR) |
| v. ) | |
| ) | |
| Andrew Corporation, ) | |
| ) | |
| Defendant/ ) | |
| Counterclaim-Plaintiff. ) | |

**TRUEPOSITION'S OBJECTIONS AND RESPONSES TO
ANDREW'S PROPOSED SPECIAL VERDICT FORM**

TruePosition submits its Objections and Responses to Andrew's Proposed Special Verdict Form in order to identify and address the following errors of law:

**1.   Infringement Claim Questions**

Andrew's Questions 2 and 3:  Andrew improperly characterizes TruePosition's infringement claims under 35 U.S.C. § 271(f) on its proposed verdict form as:  "induced infringement" and "contributed to the infringement."  This characterization ignores the focus of the statute – the fact that one who supplies components of a patented invention from the United States to a foreign country may be infringing that patent.  If TruePosition's infringement claims under 35 U.S.C. §§ 271(a), (f)(1) and (f)(2) are broken out on the verdict form, TruePosition proposes the addition of the following phrase to Questions 2 and 3:  "by supplying components of a patented invention from the United States to Saudi Arabia."

## 2. Invalidity Claim Question

Andrew's Question 5: TruePosition objects to Question 5 in its entirety because validity is not an issue in this case. *See* D.I. 257 at 16-17. Moreover, Andrew is not asserting obviousness as an invalidity defense. *See* D.I. 240 at 1 ("Andrew intends to advance an invalidity case under 35 U.S.C. § 102, not under 35 U.S.C. § 103."). However, Question 5 asks the jury whether they find that the claims of the 144 patent are obvious. Andrew is trying to escape the pleadings and proof in this case.

## 3. Fraud Claim Question

Andrew's Questions 6 and 7: TruePosition objects to Questions 6 and 7 because they fail to instruct the jury that the jury need only reach the fraud claim if Andrew is found to infringe a valid claim of the 144 Patent. Andrew asserted fraud as a contingent claim – TruePosition committed fraud, if, and only if, "Andrew's proposed implementation of the 3GPP U-TDOA standard infringes the 144 Patent." Andrew Corporation's Answer and Counterclaim to Second Amended Complaint at p. 14, ¶ 30; *Hewlett v. Davis*, 844 F.2d 109, 114 (3rd Cir 1988) (stating that it is the duty of the court to confine instructions and issues to issues raised by pleadings).

TruePosition further objects to Questions 6 and 7 because they mislead the jury concerning the question they are being asked to decide. Andrew's proposed questions do not mention Andrew. They mislead the jury into believing that it can award damages against TruePosition if they find that in some vague way TruePosition supposedly defrauded ETSI, a non-party. *See Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983) ("intent to induce" action or inaction required element of fraud).

    **4.**    **Fraud Claim Damages Questions**

<u>Andrew's Question 6a</u>: TruePosition objects to Question 6a in its entirety. Question 6a is confusing, misleading and prejudicial to TruePosition. Andrew's nominal damages question is a tool that Andrew hopes will determine the rights of the parties.

Proposing Question 6a to the jury would be error because it uses the Court as a vehicle to mislead the jury into believing that they are deciding the question of nominal damages, if they find in Andrew's favor, even though they are not deciding that issue. Nominal damages are awarded as a matter of law once a liability determination has been made. *Stidham v. Wachtel*, 41 Del. 327, 329 (Del. Sup. Ct. 1941) (in libel action, "verdict must be for the plaintiff for at least nominal damages"); *Phillips v. Brittingham*, 25 Del. 173, 176 (Del. Sup. Ct. 1910) (in trespass action, "plaintiff is entitled to a verdict for nominal damages"); *USH Ventures v. Global Telesystems Group, Inc.*, 796 A.2d 7, 23 (Del. Sup. Ct. 2000) ("Nominal damages are not given as an equivalent for the wrong, but rather merely in recognition of a technical injury and by way of declaring the rights of the plaintiff."); *Robinson v. Cattaraugus County*, 147 F.3d 153, 162 (2d Cir. 1998) ("entitled to an award of at least nominal damages as a matter of law"). In this case, if the jury answers the fraud question in the affirmative, the Court can automatically award nominal damages.

Andrew's proposal is also improper because it recites a specific dollar amount. *See Myers v. Gregory*, 2003 U.S. Dist. LEXIS 25770, *7 (D. Del. Apr. 9, 2003) (reference to specific dollar amount for nominal damages stricken from jury instructions).

Andrew's nominal damages request is also excessive. *Edix Media Group, Inc. v. Mahani*, 2006 Del. Ch. LEXIS 207, *40 (Del. Ch. Dec. 12, 2006) ("I award plaintiff nominal damages in an amount in accordance with our common law tradition, six cents.").

Andrew's Question 6b:  TruePosition objects to Question 6b in its entirety.  For the first time in its proposed verdict form, Andrew has raised a claim for punitive damages against TruePosition.  Andrew never mentioned punitive damages in its pleadings, in any discovery response, during the parties' motion practice or in its proposed jury instructions.  Andrew should not be allowed to assert a claim for punitive damages in this case that it has not plead.  *See Marro v. Gopez*, 1996 Del .Super. LEXIS 269, *16 (Del. Super. Ct. May 31, 1996) (denying motion to amend complaint because the "belated claim for punitive damages smacks more of a last-minute, pre-trial maneuver than a good faith effort to prevent future misconduct"); *Stidham v. Wachtel*, 41 Del. 327, 329 (Del. Sup. Ct. 1941) ("punitive damages can be given only where claimed in the pleading"); *Hewlett*, 844 F.2d at 114 (jury instructions must be confined to issues raised by pleadings).

Further, Andrew stated at the Markman Hearing that it was not seeking any monetary damages aside from nominal damages in connection with its fraud claim:

> We are not pursuing monetary damages of a certain number.  We're pursuing nominal damages.  This case is not about – from our point of view, the counterclaims are not about how much money they owe us.  They're about the fact that their conduct was unfair and that they ought not to be able to pursue us for patent infringement claims. . . . **We are not going to ask the jury for money. We are not going to ask the Court for money.** . . . [W]hat we'll be seeking is equitable from your Honor in the way of an injunction.

Apr. 10, 2007 Hearing Transcript at 98 (emphasis added).  Andrew should not be allowed at this late stage to change its tactics and ask the jury to award punitive damages.

### 5. Equitable Estoppel Claim Question

Andrew's Question 8:  TruePosition objects to Andrew's Question 8 because equitable estoppel is an issue that should be decided by the Court.  *Hemstreet v. Computer Entry Systems Corp.*, 972 F.2d 1290, 1292 (Fed. Cir. 1992) (equitable estoppel is an "equitable defense committed to the sound discretion of the trial court") (citing *A.C. Aukerman Co. v. R.L. Chaides*

*Constr. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992)).  TruePosition does not consent to allow the jury to decide this issue.

Should the Court decide to send the issue of equitable estoppel to the jury in an advisory capacity, TruePosition further objects to Andrew's Question 8 because, by failing to mention Andrew, it misleads the jury into believing that ETSI, rather than Andrew, is the purportedly aggrieved party.  *See Honeywell Int'l, Inc. v. Univ. Avionics Sys. Corp.*, 398 F.Supp.2d 305, 314-315 (D. Del. 2005) (must prove that patentee "led the *alleged infringer* to reasonably infer that the patentee did not intend to enforce its patent against the alleged infringer") (emphasis added).

### 6. Implied License Claim Question

Andrew's Question 9:  TruePosition objects to Andrew's Question 9 because implied license should not be decided by the jury.  Implied license is an issue that should be decided by the Court.  *Augustine Medical, Inc. v. Progressive Dynamics, Inc.*, 194 F.3d 1367, 1370 (Fed. Cir. 1999) ("Whether an implied license exists is a question of law that we review *de novo*.").  *Compare Wang Labs., Inc. v. Mitsubishi Electrics America, Inc.*, 103 F.3d 1571, 1578 (Fed. Cir. 1997) (sending issue to jury by agreement of parties).  TruePosition does not consent to allow the jury to decide this issue.

### 7. Promissory Estoppel Claim Question

Andrew's Question 10:  TruePosition objects to Andrew's Question 10 because promissory estoppel is an issue that should be ultimately decided by the Court.  Under the doctrine of promissory estoppel, Andrew must demonstrate by clear and convincing evidence that:  1) a promise was made by TruePosition; 2) it was the reasonable expectation of TruePosition to induce action or forbearance by Andrew; 3) Andrew reasonably relied on the promise and took action to its detriment; and 4) such promise is binding because injustice can be

avoided only by enforcement of the promise.  *Chrysler Corp. v. Chaplake Holdings, Ltd.*, 822 A.2d 1024, 1032 (Del. 2003).

Whether a promise was made is a question of fact to be determined by the jury. *Christiana Marine Service Corp. v. Texaco Fuel & Marine Marketing Inc.*, 2004 Del. Super. LEXIS 3 at *10 (Del. Super. Ct. Jan. 8, 2004).  Intent to induce reliance and whether Andrew's reliance was reasonable are also questions of fact for the jury.  *Fini v. Remington Arms Co.*, 1998 U.S. Dist. LEXIS 8261 at *33 (D. Del. May 27, 1998).  "The avoidance of injustice element is, however, a legal concept and not a question of fact to be submitted to the jury."  *Chrysler*, 822 A.2d at 1034.  Therefore, Andrew's Question 9 should specifically lay out the first three elements of promissory estoppel that are questions of fact for the jury's determination.

TruePosition also objects to this question because, by failing to mention Andrew, it misleads the jury into believing that ETSI, rather than Andrew, is the purportedly aggrieved party.

### 8. Unclean Hands Claim Question

Andrew's Question 11:  TruePosition objects to Andrew's Question 11 because unclean hands is an issue that should be decided by the Court.  *See Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933); *Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 398 F. Supp. 2d 305, 310-11 (D. Del. 2005) ("The clean hands maxim gives broad discretion to the court's equity power . . . The court is not bound by any formula, restraint, or limitation which restricts the free and just exercise of its equitable discretion.")  TruePosition does not consent to allow the jury to decide this issue.

TruePosition objects to this question because by failing to mention Andrew, it misleads the jury into believing that ETSI, rather than Andrew, is the purportedly aggrieved party.

### 9. Infringement Claim Damages Question

<u>Andrew's Question 12</u>: TruePosition objects to Andrew's Question 12 because Andrew's verdict form raises the possibility that the parties and the Court will endure a two week trial with no determination of the damages owed to TruePosition, even though the jury verdict might be wholly consistent with damages owed to TruePosition. Andrew instructs the jury that TruePosition's damages claim is contingent upon the jury answering "no" to the questions of fraud, equitable estoppel, promissory estoppel, implied license and unclean hands. But the jury does not have the power to bar TruePosition's infringement claim. Nor is Andrew asking the jury to do so. Thus, even if the jury found in Andrew's favor on its "Fraud" claim, and found for Andrew on its equitable defenses in an advisory capacity, Andrew would still have to go to the Court to bar TruePosition's patent infringement claim. Andrew has admitted as much in its prior statements to this Court. Thus, to avoid the unwelcome prospect of a second trial, the jury *must address* the amount of TruePosition's damages if any claim is found both valid and infringed.

TruePosition also objects to the Andrew's having ordered this question last on the verdict form. The ordering of this question, divorced as it is from TruePosition's underlying liability claim, will confuse the jury into believing that they must award TruePosition nothing if they find for Andrew on any of its of standards based counterclaims. There is no logical or objective reason that the jury should decide the damages owed TruePosition after deciding the issue of fraud and a series of counterclaims that the jury will decide, if at all, in an advisory capacity.

TruePosition further objects to the form of Andrew's Question 12. The question should ask "What amount of damages is TruePosition entitled to?" Pursuant to 35 U.S.C. § 284, if the jury finds a claim valid and infringed, they "shall award the claimant damages adequate to

compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer."

                                        Respectfully submitted,

DATED: August 24, 2007      By:      ***/s/ James D. Heisman***
                                        CONNOLLY BOVE LODGE & HUTZ LLP
                                        James D. Heisman, Esq. (#2746)
                                        1007 N. Orange Street
                                        P.O. Box 2207
                                        Wilmington, DE 19899
                                        Telephone: (302) 658-9141
                                        Facsimile: (212) 558-3588

                                        WOODCOCK WASHBURN LLP
                                        Paul B. Milcetic (pro hac vice)
                                        Dale M. Heist., Esq. (pro hac vice)
                                        Kathleen A. Milsark (pro hac vice)
                                        Daniel J. Goettle (pro hac vice)
                                        Amanda M. Kessel (pro hac vice)
                                        Cira Center, 12th Floor
                                        2929 Arch Street
                                        Philadelphia, PA 19103
                                        Telephone: (215) 568-3100

## **CERTIFICATE OF SERVICE**

I, James D. Heisman, hereby certify that on this 24th day of August, 2007, I caused a true and correct copy of the foregoing **TRUEPOSITION'S PROPOSED VOIR DIRE TO JURY PANEL** to be served upon the following individuals in the manner indicated below:

*Via hand-delivery*
Josy W. Ingersoll, Esq.
Young Conaway Stargatt & Taylor, LLP
100 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com

*Via e-mail*
Patrick D. McPherson, Esq.
Duane Morris LLP
1667 K Street, N.W.
Washington, DC 20006-1608
PDMcPherson@duanemorris.com

*Via e-mail*
Rachel Pernic Waldron, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
rpernicwaldron@kirkland.com

          */s/ James D. Heisman*          .
James D. Heisman, Esq. (#2746)