**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| TRUEPOSITION INC., | ) | |
| | ) | |
| Plaintiff/ | ) | |
| Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-747-SLR |
| | ) | |
| ANDREW CORPORATION, | ) | |
| | ) | |
| Defendant/ | ) | |
| Counterclaim-Plaintiff. | ) | |

## ANDREW CORPORATION'S MOTION FOR CLARIFICATION OF THE COURT'S AUGUST 23, 2007 RULINGS REGARDING INVALIDITY

Andrew respectfully moves this Court for clarification concerning the applicability of the Court's August 23, 2007 invalidity rulings (D.I. 256, 258) to claim 31 of the '144 patent, because the issues the Court ruled on do not arise in claim 31. In support of its motion, Andrew states as follows:

1. TruePosition moved for summary judgment and to exclude Dr. Goodman's invalidity testimony on the theory that Dr. Goodman did not set forth clear claim constructions in his invalidity expert report, specifically citing the means-plus-function limitations of claims 1 and 22. *See* D.I. 207. In its August 23 Order, the Court cited the means-plus-function limitations/claim construction issues in ruling on the invalidity motions. (D.I. 256 at 2-3; D.I. 258 at 16-17).

2. Claim 31 does not contain any means-plus-function limitations. The only claim construction issue presented in claim 31 is the "prescribed set of reverse control channels" limitation. Dr. Goodman did construe the "prescribed set of reverse control

channels" limitation in his invalidity expert report. Andrew therefore seeks clarification that Dr. Goodman may still provide invalidity testimony regarding claim 31.

3. The Court's March 10, 2006 Scheduling Order expressly provides that claim construction shall apply only to "claim language that will have a meaning to a person of skill in the art that differs from the ordinary dictionary meaning." (D.I. 23, ¶ 7) The Scheduling Order further provides that any term not expressly construed shall be given "its ordinary dictionary meaning." (*Id.*)

4. The Court's *Markman* ruling does not construe any limitation of claim 31 other than "prescribed set of reverse control channels." Accordingly, the other limitations of claim 31 are given their ordinary dictionary meaning and no explicit claim construction is required for them.

5. Because Dr. Goodman's invalidity expert report did construe the only limitation of claim 31 that requires construction, Andrew seeks clarification that the Court's August 23 rulings only exclude Dr. Goodman's invalidity testimony for claims 1 and 22, and that Dr. Goodman may still testify that Kono invalidates claim 31.[1]

WHEREFORE, Andrew respectfully requests that the Court grant its motion for clarification. A form of Order is attached hereto.

---

[1] TruePosition's infringement expert Oded Gottesman did not construe the "reverse control channel" limitation in his infringement expert report. (*See* D.I. 168 at B591) Consequently, if the Court's August 23 ruling stands as is, to be consistent, Dr. Gottesman should be precluded from testifying that Andrew's accused products use a "prescribed set of reverse control channels."

Respectfully submitted,

Dated:  August 27, 2007

**YOUNG CONAWAY**
**STARGATT & TAYLOR, LLP**
Josy Ingersoll (No. 1088)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
(302) 571-6600
*alundgren@ycst.com*

**KIRKLAND & ELLIS LLP**
John D. Desmarais
Citigroup Center
153 East 53rd Street
New York, NY  10022
(212) 446-4800

**KIRKLAND & ELLIS LLP**
Michael A. Parks
Rachel P. Waldron
Shira J. Kapplin
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

*Attorneys for Defendant and*
*Counter-Claim Plaintiff Andrew*
*Corporation*

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on August 27, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> James D. Heisman, Esquire
> Connolly, Bove, Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> Wilmington, DE 19801
> Email: jheisman@cblh.com

I further certify that on August 27, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

### BY ELECTRONIC MAIL

> Paul B. Milcetic, Esquire
> Kathleen Milsark, Esquire
> Daniel J. Goettle, Esquire
> Woodcock Washburn LLP
> One Liberty Place, 46th Floor
> Philadelphia, PA 19103
> Phone: 215-988-2063
> Email: pbmilcet@woodcock.com
>        kmilsark@woodcock.com
>        dgoettle@woodcock.com

> YOUNG CONAWAY STARGATT & TAYLOR, LLP

> _Andrew A. Lundgren_

> Josy W. Ingersoll (No. 1088)
> Andrew A. Lundgren (No. 4429)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> (302) 571-6600
> alundgren@ycst.com
> *Attorneys for Defendant Andrew Corporation*