**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **TruePosition, Inc.,** ) | |
| ) | |
| **Plaintiff/** ) | |
| **Counterclaim-Defendant,** ) | |
| ) | **Civil Action No. 05-747-SLR** |
| v. ) | |
| ) | |
| **Andrew Corporation,** ) | |
| ) | |
| **Defendant/** ) | |
| **Counterclaim-Plaintiff.** ) | |
| _____ ) | |

**TRUEPOSITION'S OPPOSITION TO ANDREW CORPORATION'S
MOTION FOR CLARIFICATION OF THE COURT'S
AUGUST 23, 2007 RULINGS REGARDING INVALIDITY**

This Court's August 23, 2007 rulings regarding invalidity unambiguously apply to all asserted claims of the patent-in-suit. Therefore, no clarification of the Court's rulings is necessary or warranted. TruePosition opposes Andrew's Motion for Clarification for the following reasons:

1. Andrew Corporation's Motion for "Clarification" should be denied. In substance, it is a Motion for Reconsideration seeking substantive relief disguised as a Motion to Clarify.

2. The Court's Order unambiguously granted TruePosition summary judgment that Andrew Corporation cannot prove its claim that the 144 Patent is invalid with respect to any claim of the 144 Patent. The Court's Order states that "Plaintiff's motion for partial summary judgment that defendant cannot prove its invalidity claims (D.I. 134) is granted." (D.I. 259.) The TruePosition motion granted by the Court plainly sought summary judgment that Andrew cannot prove its claims of invalidity with respect to all of the asserted claims. For example, the

form of order that accompanied TruePosition's motion (D.I. 134) states that "the First Affirmative Defense and Counterclaim I filed by Defendant/Counterclaim-Plaintiff Andrew Corporation (D.I. 48 at p. 9 & p. 11, ¶ 9) are hereby dismissed to the extent they plead invalidity." Moreover, TruePosition's brief in support of its motion granted by this ruling expressly sought summary judgment that "Andrew lacks evidence sufficient to create a material issue of fact from which a reasonable jury could conclude that *any* of the asserted claims are invalid" (D.I. 135 at 1, emphasis added). Thus, by granting TruePosition's motion, the Court explicitly dismissed Andrew's invalidity defense and counterclaim for each and every asserted claim, including claim 31. There is nothing confusing here that needs to be clarified.

3.  Andrew's Motion for clarification focuses on only one aspect of the Court's rulings. But the Court's Order granting TruePosition's motion to exclude Dr. Goodman's testimony cites Dr. Goodman's failure to properly construe the means-plus-function limitations as *only one of three* reasons for finding his anticipation opinion unreliable and unhelpful to the trier of fact. D.I. 256 at 2-3. The fact that claim 31 does not contain a means-plus-function limitation does not exclude claim 31 from the Court's decision. The Court also relied upon Dr. Goodman's failure to properly construe *any* claim limitation (D.I. 256 at 2) and Dr. Goodman's failure to compare Geometrix to either the asserted claims or the prior art Kono reference (D.I. 256 at 3) in granting TruePosition's motion.[1]

4.  Finally, Andrew is improperly seeking a second bite at its invalidity argument. Andrew already argued in its opposition briefs that TruePosition's motions with respect to Dr.

---

[1] Andrew argues in a footnote that TruePosition's infringement expert, Dr. Oded Gottesman, did not construe the "reverse control channel" limitation. This is blatantly untrue. As an initial matter, Andrew did not move to exclude Dr. Gottesman's testimony on this basis under the Court's schedule for Daubert motions. In any event, Dr. Gottesman did construe the terms "reverse," "channel," and "control channel" adequately in his expert report so as to be both reliable and helpful to the trier of fact. *See* D.I. 168 at 567-69.

Goodman's invalidity testimony did not apply to claim 31. (*See* D.I. 154 at 13-16 and D.I. 228 at 21-22.) TruePosition responded to this argument in its reply briefs (D.I. 174 at 14-15; D.I. 235 at 12-13), and the Court has thus already considered and rejected Andrew's argument. In sum, Andrew is seeking reconsideration of the Court's invalidity rulings under the guise of its motion for "clarification."

For these reasons, TruePosition respectfully requests that the Court deny Andrew's motion for clarification. A proposed order is attached hereto.

Respectfully submitted,

DATED: August 24, 2007       By:      */s/ Francis DiGiovanni*
CONNOLLY BOVE LODGE & HUTZ LLP
Francis DiGiovanni, Esq. (#3189)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (212) 558-3588

WOODCOCK WASHBURN LLP
Paul B. Milcetic (pro hac vice)
Kathleen A. Milsark (pro hac vice)
Daniel J. Goettle (pro hac vice)
Amanda M. Kessel (pro hac vice)
Cira Center, 12th Floor
2929 Arch Street
Philadelphia, PA 19103
Telephone: (215) 568-3100

560835v1

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **TruePosition, Inc.,** | ) |
| | ) |
| **Plaintiff/** | ) |
| **Counterclaim-Defendant,** | ) |
| | ) **Civil Action No. 05-747-SLR** |
| v. | ) |
| | ) |
| **Andrew Corporation,** | ) |
| | ) |
| **Defendant/** | ) |
| **Counterclaim-Plaintiff.** | ) |
| _____ | ) |

## **ORDER**

AND NOW, this _____ day of _____, 2007, upon consideration of Andrew Corporation's Motion for Clarification of the Court's August 23, 2007 Rulings Regarding Invalidity ("Andrew's motion"), together with the supporting memorandum and all opposing papers thereto, it is hereby ORDERED that Andrew's motion is DENIED.

BY THE COURT:

_____
Sue. L. Robinson
United States District Judge

4

## **CERTIFICATE OF SERVICE**

I, Francis DiGiovanni, hereby certify that on this 27th day of August, 2007, I caused a true and correct copy of the foregoing **TRUEPOSITION'S OPPOSITION TO ANDREWCORPORATION'S MOTION FOR CLARIFICATION OF THE COURT'S AUGUST 23, 2007 RULINGS REGARDING INVALIDITY** to be served upon the following individuals in the manner indicated below:

*Via hand-delivery*
Josy W. Ingersoll, Esq.
Young Conaway Stargatt & Taylor, LLP
100 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com

*Via e-mail*
Patrick D. McPherson, Esq.
Duane Morris LLP
1667 K Street, N.W.
Washington, DC 20006-1608
PDMcPherson@duanemorris.com

*Via e-mail*
Rachel Pernic Waldron, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
rpernicwaldron@kirkland.com

                                               */s/ Francis DiGiovanni*               .
                                                      Francis DiGiovanni, Esq. (#3189)