**EXHIBIT 3**

**TruePosition, Inc. v. Andrew Corporation, No. 05-747-SLR**
**TruePosition's List of *In Limine* Issues and**
**Brief Responses to Andrew's List of *In Limine* Issues**

1.    Andrew's equitable defenses of equitable estoppel, promissory estoppel, implied license and unclean hands; and its counterclaim under the California Business and Professional Code should be tried, if at all, to the Court and not to the jury

2.    Andrew should be precluded from suggesting to the jury that the patent in suit has any scope other than that which the Court gives it in its claim construction ruling, including any suggestion that the patent does not cover equipment in a GSM cellular network.

3.    Andrew should be precluded from introducing any out of court statement made by a standards body, or a standards body representative, purporting to show what TruePosition should or should not have done concerning the standards body or that TruePosition did anything wrong concerning the standards body (*See, e.g.*, Rhys Robinson Tr. at 57:3-59:7; Andrew Corporation Second Rule 30(b)(6) Oskar Magnusson Tr. at 189:9-190:4) (*See* Red. R. Evid. 802).

4.    Andrew should be precluded from using the deposition of third party Rhys Robinson, who resides within the subpoena power of the Court and was not a TruePosition employee when deposed (*See* Fed. R. Evid. 802)

5.    Andrew should be precluded from using the deposition of TruePosition's expert Brian Agee, except for impeachment/cross-examination (*See* Fed. R. Evid. 802)

6.    Andrew should be precluded from using the depositions of its own employees James McDaniel and Oskar Magnusson (*See* Fed. R. Evid. 802; Fed. R. Civ. P. 32)

7.    Issues raised by the parties' respective exhibit lists

8.    Issues raised by the parties' respective deposition designations

9.    Issues raised by the parties' competing jury instructions and verdict forms

10.    Andrew should be precluded from introducing any evidence related to punitive damages. Andrew never mentioned punitive damages in its pleadings, in any discovery response, during the parties' motion practice or in its jury instructions served July 25, 2007.  (*See* Fed. R. Evid. 402).

11.    The Court should also preclude Andrew's damages expert, Wayne Hoberlein, from offering opinions at trial as to what would constitute a legal waiver of TruePosition's lost profits claim.  (*See* Guidelines for Civil Trials Before Judge Robinson at 3).

**TruePosition's Responses to Andrew Corporation's**
**Evidentiary Issues to be Addressed at the Pretrial Conference**

1.    Andrew Evidentiary Issue No. 1:  Dr. Gottesman should be precluded from testifying as to whether Andrew's actions constitute an "offer for sale" under 35 U.S.C. § 271

TruePosition's Brief Response:

The Court should deny this motion, depending upon what, specifically, Andrew intends to preclude.  TruePosition does not expect that Dr. Gottesman will opine on the ultimate issue of whether Andrew's actions constitute an "offer for sale" under 35 U.S.C. § 271.  However, TruePosition does expect that Dr. Gottesman will discuss the factual evidence of Andrew's "offer for sale" of Geometrix to STC, including references to or reliance upon documents that support the position that such an "offer for sale" occurred within the United States.

2.    Andrew Evidentiary Issue No. 2:  Dr. Gottesman should be precluded from arguing equivalency for any limitations other than the means-plus-function limitations and "reverse control channel"

TruePosition's Brief Response:

TruePosition conditionally opposes this application. Andrew's Evidentiary Issue No. 2 is unnecessary.  TruePosition acknowledges the legal principle that an expert's trial testimony is limited by the scope of the opinions contained in his or her expert report.  *See Inline Connection Corp. v. AOL Time Warner Inc.*, 472 F. Supp. 2d 604, 612 (D. Del. 2007) (expert report must "contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions") (citing Fed. R. Civ. P. 26(a)(2)(b)).  TruePosition also notes this Court's policy regarding the same.  *See*

Guidelines for Civil Trials Before Judge Robinson at 3 ("If the court determines that the expert's testimony was impermissibly broad, the party proffering such testimony may be sanctioned. . .").

Accordingly, TruePosition does not plan to have Dr. Gottesman present testimony at trial that is outside the scope of his expert report. TruePosition fully expects Andrew to follow this rule and limit the testimony of its expert witnesses to the opinions expressed in their expert reports.

If the Court grants this motion, the Court should also specifically preclude Andrew Corporation's expert, Dr. Goodman, from testifying that any claim elements not raised in his expert report are missing from Geometrix.

3.    Andrew Evidentiary Issue No. 3: TruePosition should be precluded from arguing or implying commercial success, long-felt need or other secondary considerations of non-obviousness

TruePosition's Brief Response:

This motion should be denied, depending upon what exactly Andrew intends to preclude. TruePosition expects to present evidence regarding the demand for the patented invention, including, *inter alia*, commercial success and the state of the market for the patented invention – both of which are directly relevant to the issues of damages and TruePosition's request for an injunction. *See Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978) ("One recognized method for proving lost sales – often called the *Panduit* test – is for the patent owner to prove" … "that there was demand for the patented product . . ."); *Tate Access Floors, Inc. v. Maxcess Techs., Inc.*, 222 F.3d 958, 971 (Fed. Cir. 2000).

The importance of TruePosition's patent for detecting criminals and terrorists is also relevant to rebut Andrew's fraud claim. TruePosition will show that Andrew infringed because it needed to secure a contract to provide equipment to locate terrorists, and not because it was

- 3 -

following a standard. The commercial importance of the invention is also relevant to Andrew's

state of mind when it infringed, and therefore, relevant to its willful infringement.


4.    Andrew's Evidentiary Issue No. 4: TruePosition should be precluded from claiming damages for any foreign Geometrix® deployment for which Andrew has not yet shipped components from the United States

TruePosition's Brief Response:

This motion should be denied. The evidence suggest that Andrew has won the Saudi

Telecom contract, even if it has only shipped three fifths of the product relating to that contract.

TruePosition states that whether or not Andrew has shipped components for phases 4 and 5 of

the STC contract and what damages TruePosition is entitled to for the deployment of phases 4

and 5 are fact questions for the jury. *See Crystal Semiconductor Corp. v. TriTech*

*Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1345 (Fed. Cir. 2001) ("The measurement of patent

damages is a question of fact."); *W.R. Grace & Co.-Conn. v. Intercat, Inc.*, 60 F. Supp. 2d 316,

321 (D. Del. 1999) (damages do not need to proven by absolute certainty); *State Indus. v. Mor-*

*Flo Indus.*, 883 F.2d 1573, 1577 (Fed. Cir. 1989) ("Any doubt about the correctness of the

amount [of damages] is resolved against the infringer"). Andrew can raise these issues on cross-

examination.


5.    Andrew's Evidentiary Issue No. 5: TruePosition's damages expert Carla Mulhern should be precluded from offering a "reasonable royalty" theory at trial

TruePosition's Brief Response:

TruePosition conditionally opposes this application. Andrew's Evidentiary Issue No. 5 is

unnecessary. TruePosition acknowledges the legal principle that an expert's trial testimony is

limited by the scope of the opinions contained in his or her expert report. *See Inline Connection*

- 4 -

*Corp. v. AOL Time Warner Inc.*, 472 F. Supp. 2d 604, 612 (D. Del. 2007) (expert report must "contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions") (citing Fed. R. Civ. P. 26(a)(2)(b)). TruePosition also notes this Court's policy regarding the same. *See* Guidelines for Civil Trials Before Judge Robinson at 3 ("If the court determines that the expert's testimony was impermissibly broad, the party proffering such testimony may be sanctioned. . .").

Accordingly, TruePosition does not plan to have Ms. Mulhern present testimony at a trial that is outside the scope of her expert report, including testifying to a reasonable royalty theory. TruePosition fully expects Andrew to follow this rule and limit the testimony of its expert witnesses to the opinions expressed in their expert reports and, if the Court grants this motion, it should specifically preclude Andrew's damages expert, Wayne Hoberlein, from offering testimony outside the scope of his expert report.

**REDACTED**

REDACTED

**REDACTED**

7.    Andrew Evidentiary Issue No. 7:  TruePosition should be precluded from making any references to the parties' prior mediation or Mediation Agreement

TruePosition's Brief Response:

The Court should deny this motion. Andrew accuses TruePosition of fraud in this case. The handwritten settlement agreement, PTX 13, that resulted from the parties' mediation of the prior lawsuit and evidence from the parties' mediation that reflects Andrew's knowledge of the 144 Patent must be allowed into evidence.  PTX 13 specifically states that its "terms and conditions" are "binding upon the parties," and thus, is a binding agreement reached as a result of mediation (rather than the negotiation proceeding itself, which is all that the parties agreed to treat as confidential).  The handwritten settlement agreement, PTX 13, is relevant to the issue of TruePosition's supposed fraud in at least the following ways:

1) – as evidence that TruePosition did not conceal the fact that Andrew alleges

TruePosition concealed, *i.e.*, TruePosition's alleged failure to disclose the '144 patent.

*See Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983); *Rambus Inc. v.*

*Infineon Techs. AG*, 318 F.3d 1081, 1096 (Fed. Cir. 2003) (defendant must prove by clear

and convincing evidence the existence of an "omission in the face of a duty to disclose");

2) – as evidence of TruePosition's state of mind, *i.e.*, as evidence that TruePosition did

not intend to mislead Andrew.  *See Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069,

1074 (Del. 1983) ("intent to induce" action or inaction required element of fraud); and

3) – as evidence of Andrew's state of mind and lack of reliance.  *See Stephenson v.*

*Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983) ("justifiable reliance" essential

element of fraud claim); *Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 100 (Del. 1992)

("An essential elements of [fraud], is that the alleged victim not be aware of the true facts

which are misrepresented."); *Schmeusser v. Schmeusser*, 559 A.2d 1294, 1295-96 (Del.

1989)).

*See Applied Medical Resources Corp. v. United States Surgical Corp.*, 435 F.3d 1356, 1366

(Fed. Cir. 2006) (allowing evidence of earlier litigation as relevant to issue of willful

infringement and alleged infringer's "state of mind").

Moreover, the handwritten settlement agreement is relevant to the issue of whether

Andrew's infringement was willful.  *See Applied Medical Resources Corp. v. United States*

*Surgical Corp.*, 435 F.3d 1356, 1366 (Fed. Cir. 2006) (allowing evidence of earlier litigation as

relevant to issue of willful infringement and alleged infringer's "state of mind").

Fed. R. Evid. 408 also does not preclude the introduction of evidence concerning offers

to compromise or settle disputed claims when such evidence is used for purposes other than

proof of liability. *See Bituminous Construction, Inc. v. Rucker Enterprises, Inc.*, 816 F.2d 965, 969 (4th Cir. 1987) ("the district court admitted the letters for the purpose of showing Rucker's understanding of its obligations under the joint check agreement, and to establish that Bituminous had made demand upon Rucker for payment. The district court's admission of the letters for these purposes and under these circumstances was not an abuse of discretion."); *King Records, Inc. v. Bennett*, No. 3:00-0299, 2006 U.S. Dist. LEXIS 41635 (M.D. Tenn. June 20, 2006) (allowing admission of settlement agreement for "another purpose") (*citing Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 322 F.3d 976, 981 (6th Cir. 2003)).

Andrew raises a concern regarding the fact that James Amend, a former Kirkland & Ellis partner, mediated the prior settlement between Andrew and TruePosition. TruePosition does not plan to specifically mention Kirkland & Ellis's involvement in the prior settlement. In fact, TruePosition is concerned that Andrew itself may try to use Kirkland & Ellis's involvement to its advantage and to the prejudice of TruePosition. Andrew hired Kirkland & Ellis as counsel in this litigation even though Andrew should not have done so under the terms of the prior Mediation Agreement. *See* Exhibit A to Andrew's Evidentiary Issues at C.1. ("[N]either the Mediator nor his law firm shall undertake any work for or against a party regarding the subject matter of this litigation."). TruePosition is concerned that Andrew will suggest that the neutral mediator, Kirkland & Ellis, later chose sides by representing Andrew in the current dispute. Thus, TruePosition is willing to offer PTX 13 into evidence without any reference to Kirkland & Ellis, but on the condition that neither party refers to Kirkland & Ellis's involvement in the prior settlement.

Finally, TruePosition notes that the terms that resulted from the mediation are publicly

available as a result of an unauthorized action by Andrew. Ex. 10.1 to Andrew's Form 10-Q,

filed 5/13/2004.


8.    Andrew Evidentiary Issue No. 8:  TruePosition should be precluded from introducing any
evidence of or making any reference to the prior Settlement Agreement

TruePosition's Brief Response:

This motion should be denied.  Andrew accuses TruePosition of fraud in this case.  The

Settlement Agreement, PTX 15, must be allowed into evidence.  The Settlement Agreement is

relevant to the issue of fraud in at least the following ways:

1) – as evidence that TruePosition did not conceal the fact that Andrew alleges

TruePosition concealed, *i.e.*, TruePosition's alleged failure to disclose the '144 patent.

*See Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983); *Rambus Inc. v.*

*Infineon Techs. AG*, 318 F.3d 1081, 1096 (Fed. Cir. 2003) (defendant must prove by clear

and convincing evidence the existence of an "omission in the face of a duty to disclose");

2) – as evidence of TruePosition's state of mind, *i.e.*, as evidence that TruePosition did

not intend to mislead Andrew.  *See Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069,

1074 (Del. 1983) ("intent to induce" action or inaction required element of fraud); and

3) – as evidence of Andrew's state of mind and lack of reliance.  *See Stephenson v.*

*Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983) ("justifiable reliance" essential

element of fraud claim); *Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 100 (Del. 1992)

("An essential elements of [fraud], is that the alleged victim not be aware of the true facts

which are misrepresented."); *Schmeusser v. Schmeusser*, 559 A.2d 1294, 1295-96 (Del.

1989))

4) as evidence of how Andrew's product had practiced "U-TDOA" voice channel

location, and therefore complied with any supposed "U-TDOA standards," without

infringing the 144 Patent and how Andrew only later infringed the 144 Patent when it

switched to the "U-TDOA" control channel location.

Moreover, the Settlement Agreement is relevant to the issue of whether Andrew's

infringement was willful. *See Applied Medical Resources Corp. v. United States Surgical Corp.*,

435 F.3d 1356, 1366 (Fed. Cir. 2006) (allowing evidence of earlier litigation as relevant to issue

of willful infringement and alleged infringer's "state of mind").

Fed. R. Evid. 408 also does not preclude the introduction of evidence concerning offers

to compromise or settle disputed claims when such evidence is used for purposes other than

proof of liability. *See Bituminous Construction, Inc. v. Rucker Enterprises, Inc.*, 816 F.2d 965,

969 (4th Cir. 1987) ("the district court admitted the letters for the purpose of showing Rucker's

understanding of its obligations under the joint check agreement, and to establish that

Bituminous had made demand upon Rucker for payment.  The district court's admission of the

letters for these purposes and under these circumstances was not an abuse of discretion."); *King

Records, Inc. v. Bennett*, No. 3:00-0299, 2006 U.S. Dist. LEXIS 41635 (M.D. Tenn. June 20,

2006) (allowing admission of settlement agreement for "another purpose") (*citing Goodyear Tire

& Rubber Co. v. Chiles Power Supply, Inc.*, 322 F.3d 976, 981 (6th Cir. 2003)).

Finally, the Settlement Agreement and its terms, including the exclusion of the 144 patent

from the licenses granted under the Settlement Agreement, are publicly available as a result of an

unauthorized action by Andrew.  Ex. 10.1 to Andrew's Form 10-Q, filed 5/13/2004.

**REDACTED**