**TruePosition, Inc. v. Andrew Corporation, No. 05-747-SLR**
**Andrew Corporation's Evidentiary Issues to be Addressed at the Pretrial Conference**
**August 1, 2007**

| No. | Issue | Page No. |
|---|---|---|
| 1. | Andrew Evidentiary Issue No. 1: Dr. Gottesman should be precluded from testifying as to whether Andrew's actions constitute an "offer for sale" under 35 U.S.C. § 271................................................................................................................ | 2 |
| 2. | Andrew Evidentiary Issue No. 2: Dr. Gottesman should be precluded from arguing equivalency for any limitations other than the means-plus-function limitations and "reverse control channel."......................................................... | 3 |
| 3. | Andrew Evidentiary Issue No. 3: TruePosition should be precluded from arguing or implying commercial success, long-felt need or other secondary considerations of non-obviousness. ................................................................................. | 4 |
| 4. | Andrew Evidentiary Issue No. 4: TruePosition should be precluded from claiming damages for any foreign Geometrix® deployment for which Andrew has not yet shipped components from the United States........................................ | 5 |
| 5. | Andrew Evidentiary Issue No. 5: TruePosition's damages expert Carla Mulhern should be precluded from offering a "reasonable royalty" theory at trial. .......................... | 6 |

## REDACTED

| No. | Issue | Page No. |
|---|---|---|
| 7. | Andrew Evidentiary Issue No. 7: TruePosition should be precluded from making any reference to the parties' prior mediation or Mediation Agreement............................. | 7 |
| 8. | Andrew Evidentiary Issue No. 8: TruePosition should be precluded from introducing any evidence of or making any reference to the prior Settlement Agreement................................................................................................................ | 8 |

## REDACTED

| No. | Issue | Page No. |
|---|---|---|
| 10. | Andrew Evidentiary Issue No. 10: TruePosition should be precluded from making any reference to the SigmaOne litigation. | |
| 11. | Andrew Evidentiary Issue No. 11: TruePosition should be precluded from introducing any evidence of willfulness. | |

1.    **Andrew Evidentiary Issue No. 1: Dr. Gottesman should be precluded from testifying as to whether Andrew's actions constitute an "offer for sale" under 35 U.S.C. § 271.**

A disputed issue in this case is whether Andrew offered its Geometrix® product for sale to STC within the United States. If the offer for sale occurred outside the United States, it cannot be an act of infringement. 35 U.S.C. § 271(a); *see also MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1375 (Fed. Cir. 2005) ("It is well-established that the reach of section 271(a) is limited to infringing activities that occur within the United States."). Andrew contends the "offer for sale" to STC occurred in Saudi Arabia.

TruePosition's infringement expert Oded Gottesman opines in his expert report that the "offer for sale" to STC occurred within the United States.[1] Dr. Gottesman should not be allowed to express that opinion to the jury. He is not an expert in the legalities of patent law, and should not be allowed to render an "expert opinion" as to whether certain events fulfill the statutory "offer for sale" element. Indeed, an expert must have "specialized knowledge or training sufficient to qualify him to opine on an issue within his field of expertise, and the expert's opinion must be confined to that field." *Advanced Medical Optics, Inc. v. Alcon, Inc.*, C.A. No. 03-1095-KAJ, 2005 WL 782809, *1 -2 (D. Del. Apr. 7, 2005).

Dr. Gottesman's testimony should be limited to technical issues (the only issue for which he has been tendered as an expert witness). His opinions as to whether an "offer for sale" occurred within the United States have no place before the jury.

---

[1] For example, Dr. Gottesman's report states: "Andrew infringed Claims 1 and 2 of the 144 Patent by *offering for sale within the United States* a configuration of the Geometrix® Wireless Location System to Saudi Telecom Company ("STC"), a cellular telephone network operator in Saudi Arabia." Gottesman Report at 1 (emphasis added); *id.* at 13 ("In December, 2004 Andrew *offered for sale* to STC cellular telephone location system.") (emphasis added); *id.* ("After October 25, 2005, Andrew made a series of *post-complaint offers for sale* to STC for a configuration of its Geometrix system.") (emphasis added).

2.    **Andrew Evidentiary Issue No. 2: Dr. Gottesman should be precluded from arguing equivalency for any limitations other than the means-plus-function limitations and "reverse control channel."**

In his expert report, TruePosition's infringement expert Oded Gottesman does not advance any equivalency analysis for any limitation other than "reverse control channel" and the means-plus-function limitations. At his deposition, Dr. Gottesman confirmed his expert report contains all his opinions in this case. (01/11/07 Gottesman Dep. Tr. 11:12-14: "**Q:** Does your report contain all your opinions in connection with this case? **A:** Yes.") Dr. Gottesman has never supplemented his report to add additional opinions, nor has he ever sought leave of Court to do so.

Dr. Gottesman should not be allowed to opine at trial that any limitation, other than "reverse control channel" and the means-plus-function limitations, are present equivalently in Andrew's accused products. Dr. Gottesman has proffered no such opinions to date, and it would be unfairly prejudicial to surprise Andrew at trial with new opinions from Dr. Gottesman. *E.g.,* *O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1368 (Fed. Cir. 2006) ("Under Rule 26(a)(2), a party must disclose, as directed by the court, its expert witnesses and a report that 'contain[s] a complete statement of all opinions to be expressed and the basis and reasons therefor.'"). Indeed, allowing TruePosition to "freely supplement" Dr. Gottesman's report at this late date "would effectively circumvent the requirement for the disclosure of a timely and complete expert report." *Stein v. Foamex Int'l, Inc.*, No. CIV. A. 00-2356, 2001 WL 936566, *6 (E.D. Pa. Aug. 15, 2001) (citation omitted). Dr. Gottesman's testimony should be limited as Andrew requests.

3.    **Andrew Evidentiary Issue No. 3: TruePosition should be precluded from arguing or implying commercial success, long-felt need or other secondary considerations of non-obviousness.**

Andrew asserts an anticipation invalidity defense.  Secondary considerations of non-obviousness such as commercial success or long-felt need are irrelevant to an anticipation analysis.  *E.g., Thomson S.A. v. Quixote Corp.*, 979 F. Supp. 286, 301 (D. Del. 1997).  Nonetheless, TruePosition's invalidity expert Brian Agee discusses secondary considerations of non-obviousness in his expert report:

> ... I note that the database discussed in this Claim element of the 144 Patent meets multiple criteria for secondary considerations of nonobviousness in my expert opinion, if only due to the enormous, long-felt need for true geolocation of mobile telephones (e.g., as exemplified by the E-911 initiative conceived in the early 90's); and the commercial success that has flowed to TruePosition since its development of this technology.

Agee December 22, 2006 Report at 18, n.1.  Similarly, TruePosition's infringement expert Oded Gottesman opines in his report that the '144 patent teaches a "seminal" location system.  Gottesman Report at 12.

TruePosition and its witnesses should be precluded from testifying as to any secondary considerations of non-obviousness, including any alleged commercial success of or long-felt need for the '144 patent.  Any such testimony is irrelevant to Andrew's anticipation defense and has no bearing on the infringement analysis or any other issue in this case.  Introducing such testimony would serve only to cause confusion and unfairly prejudice Andrew by falsely suggesting to the jury that the '144 patent cannot be anticipated if it has been commercially successful or has satisfied a long-felt need.  *E.g., Thomson*, 979 F. Supp. at 301 (excluding evidence of patentee's licensing program because it had no place in an anticipation analysis); *see also In re Paulsen*, 30 F.3d 1475, 1482 n.11 (Fed. Cir. 1994) (" . . . evidence of nonobviousness is irrelevant for patentability purposes when an invention is anticipated under section 102.").

4

4.    **Andrew Evidentiary Issue No. 4: TruePosition should be precluded from claiming damages for any foreign Geometrix® deployment for which Andrew has not yet shipped components from the United States.**

Andrew's accused Geometrix® products are deployed only in foreign countries. TruePosition argues that Andrew's foreign deployments infringe under 35 U.S.C. § 271(f). To assert an infringement claim under § 271(f), TruePosition must first prove, for each accused deployment, that Andrew has shipped the accused components from the United States. 35 U.S.C. § 271(f); *see also, e.g., Pellegrini v. Analog Devices, Inc.*, 375 F.3d 1113, 1117 (Fed. Cir. 2004) ("there can be no liability under § 271(f)(1) unless components are shipped from the United States for assembly."). Here, Andrew has shipped components from the United States only for the first three phases of the five-phase STC project in Saudi Arabia. Andrew and TruePosition are both bidding for phases 4 and 5 of STC. Andrew and TruePosition also are bidding for other foreign deployments, including in Qatar.

TruePosition's proposed exhibit list includes documents containing financial and business data for potential foreign deployments such as Qatar and future STC phases, for which Andrew has not shipped components from the United States (indeed, Andrew has not even won the business yet). TruePosition's damages expert, Carla Mulhern, includes calculations in her expert report for future STC phases and for Qatar. All such exhibits and testimony, including from Ms. Mulhern, should be excluded from evidence at trial; any alleged future damages are wholly speculative because Andrew may not even win the bids. TruePosition should not be allowed to exaggerate its alleged damages by relying on potential deployments that may never occur. *See, e.g., Oiness v. Walgreen Co.* 88 F.3d 1025, 1031 (Fed. Cir. 1996) ("While estimates of lost future profits may necessarily contain some speculative elements, the factfinder must have before it such facts and circumstances to enable it to make an estimate of damage based on judgment, not guesswork."; holding future lost profits speculative) (citations omitted); *Brooktree*

*Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555, 1581 (Fed. Cir. 1992) ("...the amount of lost profits awarded must not be speculative. The burden of proving future injury is commensurately greater than that for damages already incurred, for the future always harbors unknowns."; holding future lost profits speculative) (citations omitted).

5.    **Andrew Evidentiary Issue No. 5: TruePosition's damages expert Carla Mulhern should be precluded from offering a "reasonable royalty" theory at trial.**

TruePosition's damages expert Carla Mulhern has only advanced one damages theory: lost profits.    Her expert report does not argue for a reasonable royalty for TruePosition.    She confirmed at her deposition that her expert report included all of her opinions regarding damages. (Mulhern Tr. 22:9-13)    She should not be allowed at this late date to advance a new damages theory in the form of a reasonable royalty.

Andrew raises this issue now because TruePosition's "lost profits" claim is inconsistent with its defense on Andrew's fraud, unfair competition, unclean hands, estoppel and implied license counterclaims against TruePosition.    Andrew is concerned that TruePosition will try to use Ms. Mulhern to advocate a reasonable royalty when the inconsistencies in its position come to light before the jury.    Andrew wants to apprise the Court of the issue now so there's a clear understanding that Ms. Mulhern cannot argue for a reasonable royalty and TruePosition's counsel cannot seek to elicit such testimony from her.

REDACTED

6

REDACTED

7.     **Andrew Evidentiary Issue No. 7: TruePosition should be precluded from making any reference to the parties' prior mediation or Mediation Agreement.**

During a prior litigation that ended in 2004, TruePosition and Andrew's predecessor Allen Telecom mediated their dispute. James Amend, then a Kirkland & Ellis partner, was the mediator.[2] TruePosition and Allen Telecom entered into a written Mediation Agreement, which specified that the mediation proceedings were to remain confidential. TruePosition's current litigation counsel, Kathy Milsark of Woodcock Washburn, signed the Mediation Agreement on behalf of TruePosition. A copy of the Mediation Agreement is attached as Exhibit A. Fed.R.Evid. 408 also governs the mediation.

Kirkland & Ellis is Andrew's trial counsel in this case. Kirkland has represented Andrew since April 2006. TruePosition knows that Mr. Amend has had no involvement in Kirkland's representation of Andrew, and that the Kirkland attorneys representing Andrew had no involvement in the prior mediation. Nonetheless, in an attempt to gain a tactical advantage in

---

[2] Mr. Amend is now Chief Mediator for the Federal Circuit.

7

this litigation, TruePosition has referenced the prior Allen Telecom/TruePosition mediation in summary judgment pleadings it has filed with this Court, and has used the prior mediation to falsely imply there is something improper about Kirkland representing Andrew in this case. *See TPI's Mot. Sum. J. on Counterclaims* (D.I. 138) at 6; TruePosition's Seventh Supp. Interrog. Resp. at 71 (discussing willfulness: "In early 2004, pursuant to a mediated settlement of the Prior Lawsuit by Kirkland & Ellis, the parties agreed to expressly carve out the 144 Patent from patent licenses that TruePosition was otherwise granting to Andrew.") TruePosition also has filed with this Court confidential documents generated during the mediation process. *See id.* Andrew is concerned TruePosition will repeat the same conduct before the jury.

TruePosition should be precluded from introducing any documents generated in connection with the prior mediation, and from making any reference to the mediation, anything discussed in the mediation or the fact that a Kirkland partner was the mediator. All aspects of the mediation are irrelevant to this litigation, are inadmissible under the plain terms of the Mediation Agreement and Fed. R. Evid. 408, and would be highly prejudicial to Andrew if used as TruePosition used them in its summary judgment filings -- to falsely imply there is something improper about Kirkland & Ellis representing Andrew in this case. *See* Fed. R. Evid. 403.

8.    **Andrew Evidentiary Issue No. 8: TruePosition should be precluded from introducing any evidence of or making any reference to the prior Settlement Agreement.**

TruePosition and Andrew's predecessor Allen Telecom entered into a formal Settlement Agreement in January 2004 to end their prior litigation. Throughout discovery in this case, TruePosition has tried to use the Settlement Agreement as affirmative evidence of its claims. For example, TruePosition cites the Settlement Agreement to support its willful infringement allegations. *See* TruePosition's Seventh Supp. Interrog. Resp. at 71. TruePosition also relied on

8

the Settlement Agreement at length in its summary judgment filings. *See, e.g.,* D.I. 138 at 5-7 and 11.

TruePosition should not be allowed to reference the Settlement Agreement before the jury. "Evidence of prior settlement negotiations in a pending patent infringement matter is generally forbidden under FRE 408." *Inline Connection Corp. v. AOL Time Warner Inc.*, 470 F. Supp. 2d. 435, 444 (D. Del. 2007); *see also PharmaStem Therapeutics, Inc. v. Viacell, Inc.*, No. C.A. 02-148 GMS, 2003 WL 22387038, *3 (D. Del. Oct. 7, 2003) ("it is the better practice to exclude" license arising out of negotiation clouded by the threat of litigation). Moreover, based on its prior actions in this case, TruePosition will not only seek to introduce the <u>existence</u> of the Settlement Agreement into evidence, but also likely will attempt to introduce its specific terms: *e.g.*, the settlement amount or the '144 patent's exclusion from the Settlement Agreement. *See, e.g.,* D.I. 138 at 5 ("Pursuant to the Settlement Agreement [], Andrew agreed to pay TruePosition $35,000,000 and certain other consideration..."); *id.* at 6 ("the mediated settlement explicitly excluded the 144 patent from the licenses otherwise granted to Andrew."). Under Fed. R. Evid. 408, it would be improper for TruePosition to introduce such evidence. *Inline Connection Corp.*, 470 F. Supp. 2d. at 440; *see also Sammons v. Doctors for Emergency Services, P.A.*, 913 A.2d 519, 534 (Del. Supr. 2006) ("The trial judge, however, must be 'more skeptical of the party's purpose' when a party seeks to admit evidence disclosing the facts of a settlement.") (citation omitted). TruePosition should be precluded under Fed. R. Evid. 408 from introducing the Settlement Agreement or its specific terms.

9

REDACTED

\*     \*     \*

Andrew reserves the right to raise additional evidentiary issues during trial based on the
evidence TruePosition seeks to introduce.

_____