TruePosition, Inc. v. Andrew Corporation, No. 05-747-SLR
Andrew Corporation's Statement of Intended Proofs
August 1, 2007

Andrew respectfully submits the following list of what it intends to prove at trial. In addition to the items identified below, Andrew intends to prove the matters identified in its counterclaims, interrogatory answers and expert reports. Andrew also intends to offer proof on the issues of fact and issues of law identified by Andrew and TruePosition in the body of the Pretrial Order. Andrew also intends to offer proof to rebut the items on which TruePosition offers proof, and Andrew reserves the right to amend and supplement this statement in response to TruePosition's pre-trial activities. Andrew reserves the right to supplement this statement and offer proofs in response to any subsequently-received discovery. As to the issues for which TruePosition bears the burden of proof, Andrew reserves the right to supplement this statement after receipt of TruePosition's statement of intended proofs. Regarding proof to be presented by expert testimony, Andrew incorporates by reference the expert reports of its experts.

I. **ANDREW'S BURDEN OF PROOF.**

    A. **INTENDED PROOFS REGARDING THE INVALIDITY OF THE '144 PATENT.**

        1. The asserted claims of the '144 patent are anticipated by the Kono reference if those claims are construed broadly enough to read on Andrew's accused products.

        2. Claim 22 is invalid for indefiniteness because there is a total absence of structure in the '144 patent specification corresponding and clearly linked to the function of the "database means" limitation of claim 22.

    B. **INTENDED PROOFS REGARDING TRUEPOSITION'S FRAUD.**

        1. TruePosition became a member of ETSI in January 2002.

        2. TruePosition became bound by the ETSI IPR policy in January 2002.

        3. TruePosition was aware of the ETSI IPR policy and that it was bound by it.

        4. TruePosition had a duty to disclose the '144 patent to ETSI.

    5.    TruePosition did not disclose the '144 patent to ETSI.

    6.    TruePosition needed Andrew to assist it with the UTDOA standardization process to ensure third parties believed UTDOA was not a proprietary technology.

    7.    Andrew assisted TruePosition with the UTDOA standardization process.

    8.    TruePosition interprets the '144 patent as covering Andrew's Geometrix® products that practice UTDOA.

    9.    TruePosition's failure to disclose the '144 patent to ETSI was misrepresentation of a material fact by omission.

    10.    TruePosition failed to disclose the '144 patent to ETSI knowingly or with reckless disregard for the truth.

    11.    TruePosition failed to disclose the '144 patent to ETSI with an intent to mislead Andrew.

    12.    Andrew relied on TruePosition's failure to disclose the '144 patent to ETSI when Andrew assisted TruePosition with the standardization of UTDOA.

    13.    Andrew was damaged as a result of relying on TruePosition's failure to disclose the '144 patent to ETSI.

### C. INTENDED PROOFS REGARDING TRUEPOSITION'S UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200 ET SEQ.

In addition to the facts set forth set forth above:

    1.    At least four 3GPP meetings were held in California.

    2.    TruePosition advocated the standardization of UTDOA, including at the 3GPP meetings in California.

    3.    TruePosition did not disclose its interpretation of the scope of the '144 patent to Andrew.

    4.    TruePosition did not inform Andrew of its intent to assert the '144 patent against standardized UTDOA technology.

    5.    TruePosition's conduct was likely to deceive location technology manufacturers such as Andrew into thinking that TruePosition would not assert the '144 patent against standardized UTDOA technology.

    6.    Andrew was in fact deceived.

  7. TruePosition's conduct violates the policy or spirit of attempted monopolization, and threatens or harms competition.

D. **INTENDED PROOFS REGARDING EQUITABLE ESTOPPEL.**

  1. TruePosition misleadingly communicated by its words, conduct or silence that it would not assert the '144 patent against Andrew or other entities practicing the GSM UTDOA standard.

  2. Andrew reasonably inferred that TruePosition would not assert the '144 patent against Andrew or other entities practicing the GSM UTDOA standard.

  3. Andrew relied on TruePosition's conduct and silence and therefore participated with TruePosition in the UTDOA standardization process.

  4. Andrew will be materially harmed if TruePosition is allowed to assert the '144 patent against Andrew.

  5. TruePosition should be estopped from asserting the '144 patent against Andrew.

E. **INTENDED PROOFS REGARDING EQUITABLE ESTOPPEL: ABUSE OF STANDARDS-SETTING BODIES.**

  1. While TruePosition was a member of ETSI, the ETSI IPR policy required TruePosition to disclose essential patents and pending patents relating to subject matter being considered for standardization by ETSI.

  2. At the same time, TruePosition had a patent that, under its interpretation, related to the subject matter ETSI was considering for standardization.

  3. TruePosition remained silent while ETSI considered that subject matter.

  4. ETSI subsequently incorporated that subject matter into standards for UTDOA.

F. **INTENDED PROOFS REGARDING IMPLIED LICENSE.**

  1. A relationship existed between Andrew and TruePosition.

  2. Within that relationship, TruePosition granted Andrew a right to use the '144 patent.

  3. TruePosition received valuable consideration for that grant.

  4. TruePosition's overall statements, omissions, and conduct created the impression that TruePosition consented to Andrew using the '144 patent.

   5. TruePosition denied that Andrew had an implied license.

 G. **INTENDED PROOFS REGARDING PROMISSORY ESTOPPEL.**

   1. TruePosition made a promise to license the '144 patent on reasonable and nondiscriminatory terms.

   2. TruePosition intended to induce action or inaction on Andrew's part.

   3. Andrew reasonably relied on TruePosition's promise.

   4. Andrew was injured by relying on TruePosition's promise.

 H. **INTENDED PROOFS REGARDING UNCLEAN HANDS.**

   1. TruePosition's conduct was inequitable or in bad faith.

   2. TruePosition's conduct is directly related to the subject matter of its claims against Andrew.

   3. TruePosition should be denied relief due to its unclean hands.

 I. **INTENDED PROOFS REGARDING A DECLARATORY JUDGMENT OF NONINFRINGEMENT.**

   1. Andrew is entitled to a declaratory judgment that Andrew, its Geometrix® products, use of its Geometrix® products, and its supply of Geometrix® products and/or components, does not infringe, and has not infringed, any claim of the '144 patent.

   2. Andrew is entitled to a declaratory judgment that each asserted claim of the '144 patent is invalid.

II. **REBUTTAL ON ISSUES FOR WHICH TRUEPOSITION HAS THE BURDEN OF PROOF.**

 A. **INTENDED PROOFS REGARDING NON-INFRINGEMENT UNDER 35 U.S.C. 271(A) RELATING TO STC.**

   1. Andrew did not infringe claim 1 or 2 of the '144 patent under 35 U.S.C. 271(a) through its dealings with STC.

    a. Andrew had no direct communications with STC from or within the United States regarding a Geometrix® deployment in Saudi Arabia.

    b. No offer to sell was made from the United States.

   c. Andrew's accused Geometrix® product does not meet every limitation of claim 1 or 2.

   d. TruePosition cannot prove that Andrew's accused Geometrix® product meets every limitation of claim 1 or 2.

**B. INTENDED PROOFS REGARDING NON-INFRINGEMENT UNDER 35 U.S.C. 271(A) RELATING TO Q-TEL.[1]**

 1. Andrew did not infringe claim 1 or 2 of the '144 patent under 35 U.S.C. 271(a) through its dealings with Q-Tel.

   a. Andrew had no direct communications with Q-Tel from or within the United States regarding a Geometrix® deployment in Qatar.

   b. No offer to sell was made from the United States.

   c. Andrew's accused Geometrix® product does not meet every limitation of claim 1 or 2.

   d. TruePosition cannot prove that Andrew's accused Geometrix® product meets every limitation of claim 1 or 2.

**C. INTENDED PROOFS REGARDING NON-INFRINGEMENT UNDER 35 U.S.C. 271(A) RELATING TO A DEMONSTRATION IN ASHBURN, VIRGINIA.[2]**

 1. Andrew did not infringe claim 31 of the '144 patent under 35 U.S.C. 271(a) by demonstrating the Geometrix® product in Ashburn, Virginia.

 2. Under 28 U.S.C. § 1498, the Ashburn, Virginia demonstration is not actionable in this litigation.

 3. The Ashburn, Virginia demonstration did not meet every limitation of claim 31.

 4. TruePosition cannot prove that the Ashburn, Virginia demonstration met every limitation of claim 31.

 5. There are no monetary damages to be claimed from the Ashburn, Virginia demonstration.

---

[1] Andrew has raised an evidentiary issue regarding the Q-Tel matter. *See* Andrew Evidentiary Issue No. 4.

[2] Andrew has raised an evidentiary issue regarding the Ashburn, Virginia demonstration. *See* Andrew Evidentiary Issue No. 9.

D. **INTENDED PROOFS REGARDING NON-INFRINGEMENT UNDER 35 U.S.C. 271(F).**

1. Andrew is not infringing claims 1, 2, 22, 31 or 32 under either 35 U.S.C. 271(f)(1) or 271(f)(2).

    a. TruePosition cannot prove that STC's cellular system, of which Andrew's Geometrix® product is only a part, infringes any asserted claim.

    b. Andrew's accused Geometrix® product (and use thereof) does not infringe any asserted claim because it does not meet every limitation of any asserted claim.

    c. Andrew's supply of its accused Geometrix® product does not infringe any asserted claim under 35 U.S.C. 271(f)(1) because Andrew has not actively induced STC or anyone else to infringe. Andrew has no specific intent to induce infringement.

    d. Andrew's supply of its accused Geometrix® product does not infringe any asserted claim under 35 U.S.C. 271(f)(2) because it has a substantial non-infringing use. Andrew's product is dual-purpose; it has the ability to locate active cellular phones using the TCH and the ability to locate idle cellular phones using the SDCCH. In addition, Andrew does not know, and cannot control, which channel is used to locate the cellular phone. Rather, Andrew's system is commanded to "tune" to a certain channel through instructions from the cellular network operator containing only the frequency, hopping sequence and certain other codes.

E. **INTENDED PROOFS REGARDING TRUEPOSITION'S REQUESTED REMEDIES.**

1. TruePosition promised to license the '144 patent on reasonable terms.

2. TruePosition's only available remedy is a reasonable, non-discriminatory royalty.

3. TruePosition is not entitled to an award of lost profits.

4. TruePosition did not lose profits in the amount that it seeks.

5. TruePosition is not entitled to an injunction.

6. Any infringement by Andrew was not willful.

7. Even if willful infringement is found, TruePosition's damages should not be increased under 35 U.S.C. 284.

8. TruePosition is not entitled to attorneys' fees or costs.

F. **INTENDED PROOFS REGARDING TRUEPOSITION'S DEFENSES.**

    1. To the extent necessary, Andrew intends to introduce evidence to rebut each of TruePosition's affirmative defenses.