# YOUNG CONAWAY STARGATT & TAYLOR, LLP

JOSY W. INGERSOLL
DIRECT DIAL: 302-571-6672
DIRECT FAX: 302-576-3301
jingersoll@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

September 4, 2007

**BY ELECTRONIC FILING AND HAND DELIVERY**

The Honorable Sue L. Robinson
United States District Court
844 North King Street
Wilmington, Delaware 19801

Re: *TruePosition Inc. v. Andrew Corp.*, C.A. No. 05-747-SLR

Dear Judge Robinson:

Following up on an issue raised at the pre-trial conference, Defendant Andrew Corp. writes to request short depositions of Robert Anderson, Frederic Beckley, and Joseph Sheehan, the authors or recipients of numerous emails that TruePosition was aware of nine months ago, but chose not to collect and produce to Andrew. Since the pre-trial conference, Andrew has collected and produced these emails from Rhys Robinson, a former TruePosition employee who was one of their representatives to standards bodies, and who testified at his deposition that he advised TruePosition to declare the '144 patent as essential. *See* Ex. A (Robinson Nov. 15, 2006 Dep. Tr. at 40:3-10, 41:19-42:12, 54:24-55:13). Now that these documents have come to light, TruePosition refuses to offer Mr. Anderson, Mr. Beckley, or Mr. Sheehan for short depositions on the topics covered in the emails.

- This should not be an issue based on TruePosition's express representation at last week's pre-trial conference that "if there are documents [that were not produced], we're very unlikely to have any objections . . . that [Andrew] can take any depositions they want, in the little amount of time that exists between now and trial." *See* Ex. B (Aug. 29, 2007 Tr. at 10:7-12).

- Two days later, in the midst of its own preparations for trial, Andrew reviewed, processed, and produced thousands of pages of emails that are relevant to TruePosition's conduct before standards bodies, an issue that goes directly to Andrew's counterclaims and defenses in this case. *See* Ex. C (exemplary emails).

- TruePosition knew these emails existed nine months ago, and entered into an express agreement to collect the documents from its former employee and produce the documents to Andrew. *See* Ex. D (December 5, 2006 email from TruePosition's counsel James Heisman to Andrew's counsel Josy Ingersoll)

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Sue L. Robinson
September 4, 2007
Page 2

- In violation of the parties' agreement, TruePosition never collected or produced these documents, and now that Andrew has learned of their existence and undertaken the burden of producing them, TruePosition refuses to allow Andrew to take short depositions on issues raised by the documents it failed to produce. *See* Ex. E (email chain between Jason Choy and Daniel J. Goettle).

- Andrew has offered to meet and confer with TruePosition to discuss the previously unproduced emails and to schedule short depositions before the start of trial, in accordance with TruePosition's representations to Andrew and to the Court at the pre-trial conference, but TruePosition has refused to discuss the issue. *See id.*; *see also* Ex. B (Aug. 29, 2007 Tr. at 8:19-9:8).

In light of these facts, Andrew requests that the Court enter an order permitting Andrew to take short depositions today on issues raised in the unproduced emails, before any of the following witnesses are allowed to testify: Robert Anderson, Frederic Beckley, and Joseph Sheehan.[1]

Re-opening depositions is an appropriate remedy for the late production of critical evidence. *See Kinney v. Trustees of Princeton Univ.*, Civil Action No. 04-5252 (MLC), 2007 WL 700874 at *7 (D.N.J. Mar. 1, 2007) (re-opening a deposition after the final pre-trial conference based on the untimely production of relevant documents four days prior to the pre-trial conference) (attached as Ex. F). Based on TruePosition's December 2006 agreement that it would collect and produce relevant documents from Rhys Robinson, its failure to collect and produce them, its representations to the Court and to Andrew at last week's pre-trial conference concerning making its witnesses available, and its subsequent refusal to do so, Andrew would be severely prejudiced if TruePosition's witnesses were allowed to testify at trial before Andrew is allowed to take discovery on documents that it was entitled to nine months ago. Andrew should be allowed to take further discovery to cure the prejudice created by TruePosition's misconduct. *See id.*

Respectfully submitted,

/s/ Josy W. Ingersoll

Josy W. Ingersoll (No. 1088)

JWI:aal
Enclosures

cc: James D. Heisman (by E-File and E-mail)

---

[1] This issue is especially urgent in light of TruePosition's disclosure that it intends to call Mr. Anderson and Mr. Sheehan today during its case-in-chief. Andrew is prepared to take the depositions of Mr. Anderson, Mr. Sheehan, and Mr. Beckley this morning.