**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

JAMES D. HEISMAN
Partner
Tel 658-9141
Fax 252-4208
Email jheisman@cblh.com
Reply to Wilmington Office

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

September 4, 2007

*Via CM/ECF and hand-delivery*
The Honorable Sue L. Robinson
United States District Court of Delaware
844 N. King Street
Wilmington, DE 19801

RE:   *TruePosition, Inc. v. Andrew Corporation*
      C.A. No. 05-0747 (SLR)

Dear Judge Robinson:

We write in response to Ms. Ingersoll's unfortunate letter to the Court of this morning, which mischaracterizes the events surrounding the production of documents from Rhys Robinson.

TruePosition did everything right.

Mr. Robinson is a former employee of TruePosition. To the extent documents existed at TruePosition responsive to Andrew's discovery requests, they were produced long ago. Andrew initially subpoenaed him, but he ultimately cooperated with Andrew in return for payment and provided certain documents voluntarily to Andrew. At Mr. Robinson's deposition a dispute arose over the possibility that additional documents may be in Mr. Robinson's possession. Because Mr. Robinson was not within TruePosition's control, the parties agreed that TruePosition would subpoena him and would "produce to Andrew all non-privileged documents produced by Robinson pursuant to TPI's subpoena." See e-mail from J. Heisman to J. Ingersoll dated 12/5/2006. TruePosition did issue such a subpoena, received documents from Mr. Robinson, and produced *all* of them to Andrew. Mr. Robinson testified at his deposition that all responsive documents had been produced. *See* Robinson 1/5/07 Tr. At 157:24-158:5. Andrew's representation that TruePosition knew nine months ago that additional documents existed is blatantly false.

Now Mr. Robinson has apparently provided what appears to be the entire contents of his computer. Andrew produced more than 44,000 pages of documents (the equivalent of about 15 boxes) on Saturday evening, but our review revealed nothing new of substance. At TruePosition's request, Andrew identified about 200 pages it believed to be pertinent. We reviewed those pages and much more, but our review revealed that the documents are irrelevant,

The Honorable Sue L. Robinson
TruePosition v. Andrew
September 4, 2007
Page 2

duplicative or cumulative at best. As TruePosition said at the pretrial conference last week, TruePosition, would consider depositions following a review of the documents in the event that it appeared additional depositions were warranted. TruePosition has seen nothing in this latest production to warrant reopening discovery.

Andrew's assertion that it is prejudiced by additional documents that have just "come to light" is meritless. Mr. Robinson was subpoenaed by both parties and deposed by both parties, and Andrew had every opportunity to raise its concerns months ago. Instead, Andrew chose to lie in wait on this "issue" until the eve of trial. And, although Andrew's letter refers to "critical evidence" in the 44,000 documents, its letter fails to identify even one allegedly "critical" document. Andrew is simply attempting to derail TruePosition's opening presentation this morning. Andrew's trial shenanigans should not be allowed. We ask the Court to deny Andrew's last-minute request to re-open discovery.

Respectfully submitted,

James D. Heisman (# 2746)


xc:   Josy W. Ingersol, Esq. (via CM/ECF and email)
      Patrick D. McPherson, Esq. (via CM/ECF and email)
      Rachel Pernic-Waldron, Esq. (via CM/ECF and email)
      561877/13846*1