**CONNOLLY BOVE LODGE & HUTZ LLP**

ATTORNEYS AT LAW

JAMES D. HEISMAN
Partner
Tel 658-9141
Fax 252-4208
Email jheisman@cblh.com
Reply to Wilmington Office

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

September 5, 2007

*Via CM/ECF and Hand Delivery*
Honorable Sue L. Robinson
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Room 6124, Lockbox 31
Wilmington, DE 19801

Re:   *TruePosition, Inc. v. Andrew Corporation*
      Civil Action No. 05-747-SLR

Dear Judge Robinson:

The Court should *not* allow Andrew to call its late witness Mr. Rosenbruk.

Rosenbruk was not identified in the pretrial order. Andrew has not moved to amend the pretrial order. Nor has it even attempted to show the necessary prejudice to do so. That alone is sufficient grounds to preclude the proposed testimony. *Stewart v. Walbridge*, 1995 U.S. Dist. LEXIS 8391 (D. Del. 1995). Further allowing Rosenbruk to testify would be extremely prejudicial to TruePosition.

First, Rosenbruk was never disclosed during discovery. He was never identified in any initial or supplemental initial disclosure as either a fact or an expert witness. He was never identified in a single interrogatory response. At most his name appears on a handful of the tens of thousands of documents produced in this case. That is not fair notice, it does not comply with the rules and it does not comply with the Court's scheduling order. That too is sufficient to exclude Rosenbruk. *Finch v. Hercules*, 1995 U.S. Dist. LEXIS 19805 (D. Del. 1995).

Secondly, Rosenbruk is being offered in support of Andrew's fraud claim. Andrew, not TruePosition, bears the burden of proof on that claim. Andrew has alleged that the claim arises out of TruePosition's supposed contractual duty to ETSI. The contract in question is governed by French law. To the extent Andrew proposes to call Rosenbruk to testify regarding the proper construction of the contract, Rosenbruk's testimony is expert testimony on a legal issue reserved to the court. Rosenbruk never proffered an expert report as required by the rules and this Court's scheduling order. Nor did Andrew seek leave to file a belated report.

WILMINGTON, DE                    WASHINGTON, DC                    LOS ANGELES, CA

Honorable Judge Robinson
September 6, 2007
Page Two

Third, because the contact in question is governed by French law, Andrew was obligated to provide timely notice of its intent to rely on foreign law issues which it utterly failed to do. See Fed.R.Civ.P. 44.1. In fact, TruePosition wrote to Andrew many months ago raising the foreign law issue and Andrew remained mute.

Fourth, and assuming French law is similar to U.S. law on contract interpretation, a key issue is whether the contract between ETSI and TruePosition is ambiguous or not so as to require extrinsic evidence to construe it. If the contract is ambiguous, Andrew's fraud claim fails as a matter of law under the Federal Circuit's *Rambus* opinion that has been repeatedly cited to the Court. If the contract is *not* ambiguous, Mr. Rosenbruk's testimony regarding the meaning of the contract is unnecessary and irrelevant.

During the Pretrial Conference, and based on Andrew's failure to identify Rosenbruk as a witness in the pretrial order, TruePostion stated quite clearly that it was not anticipating any testimony from ETSI:

> Now, one point that I think we're going to be making during this trial, your Honor, is that there is no standards body in this case despite the fact that we have been accused of fraud. Because of some things that we supposedly did in a standards body, there is no standards body here to say that we did anything wrong, or that we should have disclosed the patent, or that we needed to disclose the patent, or that they wanted to know about our patent (Tr. at 16).

Andrew's counsel sat mute never stating that it intended to call Rosenbruk who had only surfaced on TruePosition's radar a few days before.

In reliance not only upon the pretrial order, but also upon Andrew's failure to speak during the pretrial conference, TruePosition told the jury during opening that "you are not going to hear from anyone it this case from that standards body {ETSI} come in and say that we did anything wrong" (Tr. at 107). It is far too late for Andrew to change the rules this late in the game. The Federal Rules and the Court's scheduling and pretrial orders control and demand that Rosenbruk's last minute testimony be precluded.

Respectfully,

James D. Heisman

Enclosure

cc: Josy W. Ingersoll, Esquire (via CM/ECF and e-mail)
John M. Desmarais, Esquire (via Hand)
Michael A. Parks, Esquire (via Hand)
Patrick D. McPherson, Esquire (via e-mail)