IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TruePosition, Inc., | ) |
| | ) |
| Plaintiff/ | ) |
| Counterclaim-Defendant, | ) |
| | )  Civil Action No. 05-747-SLR |
| v. | ) |
| | ) |
| Andrew Corporation, | ) |
| | ) |
| Defendant/ | ) |
| Counterclaim-Plaintiff. | ) |
| | ) |

**TRUEPOSITION'S MOTION TO PRECLUDE ANDREW FROM
SUGGESTING THAT THE 144 PATENT IS INVALID
AND FROM OFFERING TESTIMONY REGARDING THE INVENTION OF TDOA**

TruePosition hereby moves for entry of an Order precluding Andrew from suggesting that the 144 patent is invalid. That issue is no longer in the case. TruePosition further moves for an Order precluding Andrew from introducing testimony – either fact or expert -- regarding the invention of time difference of arrival (TDOA). The invention of TDOA is not at issue either – TruePosition's 144 patent relates to the use of TDOA **on the control channel**, not TDOA in general. Testimony about the "who, what, when, and where" of the invention of TDOA can only be a back-door attempt to suggest invalidity, and is irrelevant, confusing to the jury, and misleading. Any such testimony should be precluded.

In its opening statement, Andrew stated:

> The last bedrock fact, when you cut through the conduct and the broken promises and the fraud, if you will, we get to the question of *did TruePosition, in fact, invent U-TDOA in the GSM system in the first place?* And the answer to that question is absolutely not. *U-TDOA and TDOA have been around for years. You're going to learn about that at this trial. We're going to bring you expert witnesses.*

Tr. at 126:9-15 (emphasis added). And further:

> ***One of our experts*** worked at Bell Labs for over a dozen years. He's the professor of cellular technology. He wrote the textbook on cellular technology that everybody is using not. He's at the top of the field and ***he's going to explain who invented TDOA and when it was first introduced.***

Tr. at 126:16-21 (emphasis added).

But the fact that "U-TDOA and TDOA have been around for years" is undisputed and is entirely irrelevant to any issue in this case. It is irrelevant to infringement because the patent does not claim TDOA. Indeed, the testimony proffered during TruePosition's case in chief describes, consistent with the Court's claim construction, that the invention encompasses TDOA *on the control channel*. TruePosition does not contend that it invented TDOA, and indeed Andrew is perfectly free to – and does -- sell products using TDOA *on the voice channel*.

With respect to validity, the Court has twice decided that anticipation is not an issue in this case, and Andrew has conceded it does not claim obviousness. On August 23, 2007, the Court granted TruePosition's Motion For Partial Summary Judgment that Andrew Cannot Prove Its Claims of Invalidity (D.I. 259), rejecting Andrew's anticipation defense. Concurrently, the Court excluded the invalidity testimony of Dr. Goodman as unreliable (D.I. 256). The next day, Andrew asked the Court to reconsider, filing a motion seeking "clarification that Dr. Goodman may still provide invalidity testimony regarding claim 31 . . ." (D.I. 268 at p. 2). On August 25, 2007, at the pretrial conference, the Court denied Andrew's "clarification" motion (D.I. 272 at pp. 5-6).

Except for Andrew's unsuccessful contention that one of the claims was indefinite, there have been no other claims of invalidity. Inventorship has never been at issue. Thus introduction of evidence that TDOA has "been around for years" is entirely irrelevant, and can be nothing more than an improper back-door attempt to re-introduce invalidity by implying that the patent claims are anticipated.

Moreover, even if such evidence were relevant, Dr. Goodman's noninfringement expert report nowhere mentions anything about who invented TDOA or when it was invented. His invalidity report has been excluded as unreliable and unhelpful to the trier of fact. Therefore, Andrew should be precluded from offering expert testimony regarding who invented TDOA and when.

For at least these reasons, TruePosition respectfully requests entry of an Order precluding Andrew from presenting evidence regarding TDOA predating the patent, evidence that implies that the patent is invalid, and expert testimony regarding who invented TDOA and when.

Respectfully submitted,

DATED: September 9, 2007        By:    /s/James D. Heisman
                                       CONNOLLY BOVE LODGE & HUTZ LLP
                                       James D. Heisman, Esq.(2746)
                                       1007 N. Orange Street
                                       P.O. Box 2207
                                       Wilmington, DE 19899
                                       Telephone: (302) 658-9141
                                       Facsimile: (302) 658-5614

                                       WOODCOCK WASHBURN LLP
                                       Paul B. Milcetic, Esq. (pro hac vice)
                                       Kathleen A. Milsark, Esq. (pro hac vice)
                                       Daniel J. Goettle, Esq. (pro hac vice)
                                       Amanda M. Kessel (pro hac vice)
                                       Cira Center, 12th Floor
                                       2929 Arch Street
                                       Philadelphia, PA 19103
                                       Telephone: (215) 568-3100
                                       Facsimile: (215) 568-3439

## CERTIFICATE OF SERVICE

I, James D. Heisman, hereby certify that on this 9th day of September, 2007, I caused a true and correct copy of the foregoing documents to be delivered via CM/ECF to counsel as listed below:

Josy W. Ingersoll, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801

Patrick D. McPherson, Esquire
Duane Morris LLP
1667 K Street, N.W.
Washington, DC 20006-1608

Rachel Pernic Waldron
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

/s/ James D. Heisman
James D. Heisman (# 2746)

554972