IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **TruePosition, Inc.,**               ) | |
|                                        ) | |
|     **Plaintiff/** ) | |
|     **Counterclaim-Defendant,** ) | |
|                                        ) | Civil Action No. 05-747-SLR |
|     v.             ) | |
|                                        ) | |
| **Andrew Corporation,**                ) | |
|                                        ) | |
|     **Defendant/** ) | |
|     **Counterclaim-Plaintiff.** ) | |
|                                        ) | |

**TRUEPOSITION'S MOTION TO PRECLUDE ANDREW FROM ASSERTING A GOVERNMENT CONTRACTOR DEFENSE PURSUANT TO 28 U.S.C. § 1498 AND FROM PRESENTING ANY SUCH EVIDENCE TO THE JURY**

TruePosition hereby moves for entry of an Order precluding Andrew from asserting a government contractor defense under 28 U.S.C. § 1498 in connection with the Ashburn demonstration of Andrew's Geometrix product and precluding Andrew from arguing a section 1498 defense to the jury. Andrew's belated attempt to assert a section 1498 defense fails as a matter of law, because the evidence produced by Andrew during discovery does not establish a necessary element of this defense – that its infringing acts were performed "with the authorization or consent of the Government."

TruePosition is forced to bring this motion at this stage of the litigation because Andrew never pleaded section 1498 as an affirmative defense and never mentioned the defense in any interrogatory answer. The first hint that Andrew intended to rely on section 1498 came in Andrew's Pretrial Order statement of issues of fact to be litigated, along with a related motion *in limine* to preclude TruePosition "from arguing that the Ashburn demonstration was for STC and from making any reference to Andrew's classified work." Even then, however, Andrew's

statement of issues of law to be litigated did not refer to section 1498, the motion in limine regarding the demonstration project did not mention it, and Andrew's proposed jury instructions contained no reference to it until they added it last night.[1] The fact that Andrew did not timely plead section 1498 is alone grounds for judgment as a matter of law that Andrew has waived this defense. *See Manville Sales Corp. v. Paramount Sys. Inc.*, 917 F.2d 544, 555 (Fed. Cir. 1990) ("we conclude that the district court properly considered section 1498(a) as providing an affirmative defense that [defendant] failed to timely raise").

28 U.S.C. § 1498 provides that:

> the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and *with the authorization or consent of the Government*, shall be construed as use or manufacture for the United States.

28 U.S.C. § 1498 (emphasis added). Section 1498 serves as an affirmative defense for government contractors, but requires proof that the infringing acts were performed not only : 1) "for the Government," but also 2) "with the *authorization and consent* of the Government." *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379 (Fed. Cir. 2002). This affirmative defense is a statutory waiver of sovereign immunity and is narrowly construed. *See, e.g., Larson v. United States*, 26 Cl. Ct. 365, 369-70 (Cl. Ct. 1992). "Therefore, 'authorization or consent requires explicit acts or extrinsic evidence sufficient to prove the government's intention to accept

---

[1] Andrew suggested that the issue was raised during discovery in the context of the parties' exchange of letters concerning whether TruePosition would file a motion to compel discovery that Andrew had claimed was "classified." But the context was entirely different: the question then was whether Andrew could withhold documents on the basis that they were classified, and TruePosition agreed not to move to compel them or "pursue this matter further." TruePosition reasonably inferred that the Ashburn project is not classified, because Andrew produced documents relating to the Ashburn demonstration and because its witnesses testified to the details of what happened at that project. Indeed, it must not be classified.

liability *for a specific act of infringement.*" *Id.*, quoting *Auerbach v. Sverdrup Corp.*, 829 F.2d 175, 179 (D.C. Cir. 1987), *cert. denied*, 444 U.S. 991 (1979) (emphasis supplied). Typically, a party establishes that infringing activity is performed with the authorization of the government by introducing a contract with an express authorization clause. *See Sevenson Envtl. Servs., Inc. v. Shaw Envtl., Inc.*, 477 F.3d 1361, 1366-67 (Fed. Cir. 2007).

In fact, there are federal regulations directed specifically to authorization and consent clauses in government contracts with private contractors. 48 C.F.R. § 27.201-1 states: "[t]o ensure that work by a contractor or subcontractor under a Government contract may not be enjoined by reason of patent infringement, the Government *shall* give authorization and consent in accordance with this regulation" (emphasis added). 48 C.F.R. § 27.201-2 goes on to explain that the government "*shall* insert the clause at 52.227-1, Authorization and Consent, in solicitations and contracts." (emphasis added). The clause at section 52.227-1 provides the specific language for the authorization and consent clause:

> The Government authorizes and consents to all use and manufacture, in performing this contract or any subcontract at any tier, of any invention described in and covered by a United States patent (1) embodied in the structure or composition of any article the delivery of which is accepted by the Government under this contract or (2) used in machinery, tools, or methods whose use necessarily results from compliance by the Contractor . . . the Government assumes liability for all other infringement to the extent of the authorization and consent hereinabove granted.

In short, the governmental "authorization and consent" must be authorization *of the infringing act* – not merely authorization of the project, as Andrew has implied. And Andrew has produced no documents that contain such an express authorization. The only alleged government contract produced by Andrew, which is attached as Exhibit A, contains no such authorization.[2] Indeed, the document at Exhibit A is not even on either party's exhibit list. Not

---

[2] The only government contract produced by Andrew in this case is completely devoid of any indication of what the contract is actually related to. The contract could be directed to

is there any indication that the federal government gave authorization and consent at any other time pursuant to any federal regulations. Nor can Andrew point to any testimonial evidence that its infringing acts were performed with the authorization of the government.[3] Andrew has not, and will not be able to "explain or demonstrate precisely" how the alleged government contract authorizes Andrew to infringe the '144 patent. *Madey v. Duke Univ.*, 307 F.3d 1351, 1359 (Fed. Cir. 1990) (reversing district court's dismissal of claims based upon section 1498 because the district court "fail[ed] to explain or demonstrate precisely how the [government] grant authorizes [the defendant] to use or manufacture the patented articles"). Accordingly, Andrew cannot, as a matter of law, prove a necessary prerequisite to the assertion of a section 1498 defense.

Additionally, the presentation of any such evidence to the jury would be confusing, misleading and extremely prejudicial to TruePosition. There is no legitimate reason for presenting this evidence at a jury trial. A defense under section 1498 is an issue of law for the Court. *Madey*, 307 F.3d at 1360; *Larson, 26 Cl. Ct.* at 368. Far from a being a legitimate attempt to make out a defense under section 1498, Andrew's belated "section 1498" evidence is intended to mislead the jury into believing that the U.S. government has authorized Andrew's infringement relating to the Saudi contract. At the same time, TruePosition has been precluded from telling the jury the truth about how that contract was secured (Trial Tr. 12:18-13:3). Therefore, any evidence suggesting or implying that the U.S. government has authorized Andrew to infringe, in Saudi Arabia or elsewhere, would be both unfair and extremely prejudicial to TruePosition.

---

activity completely unrelated to the Ashburn demonstration of UTDOA technology. In that case, use of the infringing device would clearly not be "for the government" or with the "authorization" of the government.

[3] Andrew also cannot introduce any such testimony at trial. Any testimony at trial to this effect would be hearsay unless Andrew calls a representative of the government – and no such government representative is on Andrew's witness list.

For at least these reasons, TruePosition respectfully requests entry of an Order precluding Andrew from asserting a government contractor defense under 28 U.S.C. § 1498 and precluding Andrew from presenting evidence of such a defense to the jury.

Respectfully submitted,

DATED: September 9, 2007    By:    /s/ *James D. Heisman*
CONNOLLY BOVE LODGE & HUTZ LLP
James D. Heisman, Esq.(2746)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614

WOODCOCK WASHBURN LLP
Paul B. Milcetic, Esq. (pro hac vice)
Kathleen A. Milsark, Esq. (pro hac vice)
Daniel J. Goettle, Esq. (pro hac vice)
Amanda M. Kessel (pro hac vice)
Cira Center, 12th Floor
2929 Arch Street
Philadelphia, PA 19103
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TruePosition, Inc., ) | |
| ) | |
| Plaintiff/ ) | |
| Counterclaim-Defendant, ) | |
| ) | Civil Action No. 05-747-SLR |
| v. ) | |
| ) | |
| Andrew Corporation, ) | |
| ) | |
| Defendant/ ) | |
| Counterclaim-Plaintiff. ) | |

## ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of TruePosition's Motion to Preclude Andrew From Asserting a Government Contractor Defense Pursuant to 28 U.S.C. § 1498 and From Presenting Any Such Evidence to the Jury, together with the supporting memorandum and all opposing papers thereto, it is hereby ORDERED that TruePosition's motion is GRANTED.

BY THE COURT:

_____
Sue. L. Robinson
United States District Judge

## CERTIFICATE OF SERVICE

I, James D. Heisman, hereby certify that on this 9th day of September, 2007, I caused a true and correct copy of the foregoing documents to be delivered via CM/ECF to counsel as listed below:

Josy W. Ingersoll, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801

Patrick D. McPherson, Esquire
Duane Morris LLP
1667 K Street, N.W.
Washington, DC 20006-1608

Rachel Pernic Waldron
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

/s/ James D. Heisman
James D. Heisman (# 2746)

554972