**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| TRUEPOSITION INC., | ) | |
| | ) | |
| Plaintiff/ | ) | |
| Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-747-SLR |
| | ) | |
| ANDREW CORPORATION, | ) | |
| | ) | |
| Defendant/ | ) | |
| Counterclaim-Plaintiff. | ) | |

**ANDREW CORPORATION'S OPPOSITION TO TRUEPOSITION'S MOTION TO PRECLUDE ANDREW FROM SUGGESTING THAT THE '144 PATENT IS INVALID AND FROM OFFERING TESTIMONY REGARDING THE INVENTION OF TDOA**

Andrew's witnesses, including its noninfringement expert Dr. David Goodman, should be allowed to testify about the history and operation of time difference of arrival (TDOA). In his opening statement, TruePosition's counsel told the jury the '144 patent is "all about" TDOA. Trial Tr. at 97:1-17. Then, TruePosition's infringement expert Dr. Oded Gottesman testified that the '144 patent "covers an invention of locating phones on a reverse control channel using the method of U-TDOA," and provided a lengthy tutorial on TDOA. Tr. at 765:5-6; *see also id.* 777:14-790:14 (providing tutorial). Moreover, Dr. Gottesman has already admitted that TDOA dated back to the 1980s. Tr. at 1057:16-1059:23.

Andrew, in its case, should be able to respond to this TDOA factual background presented by TruePosition. TruePosition has long been on notice that Dr. Goodman would proffer such testimony. Dr. Goodman stated in his noninfringement report, the "[t]echnique at the heart of the purported invention is referred to as Time Difference of Arrival (TDOA) location

2

determination. TDOA location determination was a well known technique before the alleged invention." Goodman Report at 9.  This is not invalidity testimony, and will not be used as such, but it does give context and background to the scope of the invention and the patent-in-suit, and it is directly responsive to TruePosition's presentation.  The jury should not be left with a one-sided presentation from TruePosition.  Dr. Goodman should be allowed to give similar background information and tutorial testimony regarding TDOA.

The jury should receive a balanced view of the technology, and the only way to do that is to allow *both* parties to address the issue with the jury.  For these reasons, TruePosition's motion should be denied and Andrew's witnesses should be allowed to testify about the history and operation of TDOA calculations in the same manner as TruePosition's Dr. Gottesman has already done.

| | |
|---|---|
| Dated: September 10, 2007 | Respectfully submitted, |
| | /s/ Andrew A. Lundgren |
| | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Josy W. Ingersoll (No. 1088)<br>Andrew A. Lundgren (No. 4429)<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801<br>(302) 571-6600<br>*alundgren@ycst.com* |
| | *Attorneys for Defendant and Counter-Claim Plaintiff Andrew Corporation* |

OF COUNSEL:

KIRKLAND & ELLIS LLP
John D. Desmarais
Citigroup Center
153 East 53rd Street
New York, NY 10022
(212) 446-4800

KIRKLAND & ELLIS LLP
Michael A. Parks
Rachel P. Waldron
Shira J. Kapplin
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

3

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on September 10, 2007, I caused copies of the foregoing document to be served upon the following counsel in the manner indicated:

**BY HAND DELIVERY and E-MAIL**

>James D. Heisman, Esq.
>Connolly, Bove, Lodge & Hutz
>The Nemours Building
>1007 North Orange Street
>P.O. Box 2207
>Wilmington, DE 19899
>(302) 658-9141
>*jheisman@cblh.com*

**BY E- MAIL**

>Paul B. Milcetic, Esq.
>Kathleen Milsark, Esq.
>Daniel J. Goettle, Esq.
>Woodcock Washburn LLP
>Circa Centre, 12th Floor
>2929 Arch Street
>Philadelphia, PA  19103
>*pbmilcet@woodcock.com*
>*kmilsark@woodcock.com*
>*dgoettle@woodcock.com*

>YOUNG CONAWAY STARGATT & TAYLOR, LLP

>/s/ Andrew A. Lundgren
>Josy W. Ingersoll (No. 1088)
>Andrew A. Lundgren (No. 4429)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware  19801
>(302) 571-6600
>alundgren@ycst.com
>*Attorneys for Defendant Andrew Corporation*