# EXHIBIT C

Nov-20-06  08:58am  From-WoodcockWashburn            +2155683439           T-430  P.002/035  F-092

## SETTLEMENT AGREEMENT

This Settlement Agreement is made as of January 16, 2004, by and among TruePosition, Inc. ("TruePosition"), KSI, Inc. ("KSI"), Allen Telecom L.L.C. ("Allen"), and Andrew Corporation ("Andrew"). TruePosition and KSI are referred to herein collectively as "TruePosition" or "the plaintiffs." Allen and Andrew are referred to herein collectively as "Andrew" or "the defendant."

WHEREAS the plaintiffs filed a lawsuit entitled <u>TruePosition, Inc. and KSI, Inc. v. Allen Telecom Inc.</u>, Civil Action No. 01-0823 GMS, in the United States District Court for the District of Delaware ("the Action") against Allen Telecom Inc., the predecessor to Allen Telecom, L.L.C., alleging infringement of U.S. Patents 4,728,959; 6,108,555; 6,119,013; 6,047,192; 6,184,829; 6,281,834; and 6,317,081;

WHEREAS the defendant filed counterclaims seeking a declaratory judgment that TruePosition's patents are invalid, unenforceable, and/or not infringed; alleging infringement of Andrew's U.S. Patent 5,317,323; and asserting antitrust and state law tort claims;

WHEREAS Allen Telecom, Inc. subsequently merged with and into Allen Telecom L.L.C., a wholly-owned subsidiary of Andrew Corporation;

WHEREAS the parties hereto desire to settle and resolve the Action;

## REDACTED

WHEREAS the parties agreed to memorialize their settlement agreement in this formal Settlement Agreement;

EXHIBIT PX 421 11/20/06

CONFIDENTIAL
TruePosition, Inc. V. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0035395

Nov-28-06  08:58am  From-WoodcockWashburn  +2155683436  T-430  P.003/035  F-082

NOW THEREFORE, in consideration of the mutual covenants and agreements contained herein, intending to be legally bound, the parties hereto agree as follows:



**REDACTED**

-2-

CONFIDENTIAL
TruePosition, Inc. V. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0035396

REDACTED

6)  TruePosition hereby grants to Andrew a worldwide non-exclusive license to make, use, offer to sell, sell, and import geolocation equipment under the patents and patent applications listed in Exhibit B hereto, and under all geolocation patents which may issue at any time as a result of any patent application filed by TruePosition within one year of January 16, 2004, including all divisionals, reissues, continuations in part, continuations, and foreign counterparts of such patents. Andrew shall have no right to sublicense under this paragraph, except that Andrew may sublicense its carrier end user customers (which shall include such customers' subcontractors, agents, or contractors, solely for the purpose of performing services for such customers for E-911 purposes) to facilitate their operation of E-911 hardware or systems they purchase from Andrew, it being understood that TruePosition is not authorizing Andrew to authorize sublicensing by its customers, is not licensing Andrew to sublicense its customers to share geolocation equipment with other carriers, and is not authorizing Andrew to grant sublicenses that can be transferred by its customers to unaffiliated entities. Andrew shall not be precluded from distributing its product through resellers (which does not include infrastructure suppliers as listed in paragraph 11 and others engaged in substantially the same business or

- 3 -

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0035397

Nov-20-06  08:59am  From-WoodcockWashburn         +2155683439         T-430  P.005/035  F-092

others that develop or manufacture wireless geolocation technologies), so long as any licenses granted to end users shall be consistent with the terms of this paragraph. TruePosition represents that the patents and patent applications listed in Exhibit B hereto include all of its patents and patent applications except for the 144 and 410 patents identified in paragraph 8 below and their foreign counterparts. The license granted by this paragraph does not extend to patents TruePosition may otherwise acquire. "Geolocation patents" for purposes of this paragraph means patents that claim equipment (including hardware and software) and methods for determining the latitude and longitude of wireless telephones. For purposes of this paragraph a "wireless telephone" is a two-way voice communication device. Geolocation patents do not include (i) patents specifically directed to applications relating to the subsequent use of the determined locations other than for E-911 purposes or (ii) patents specifically directed to wireless telephone functionality and not specifically directed to the generation of the latitude and longitude of wireless telephones.

**REDACTED**

8)  TruePosition hereby covenants not to sue Andrew for infringement of U.S. Patents 5,327,144 ("the 144 patent") and 5,608,410 ("the 410 patent") for domestic applications by Andrew relating solely to tasking E-911 geolocation (i.e., determining the latitude and

- 4 -

CONFIDENTIAL
TruePosition, Inc. V. Andrew Corp.
Civil Action No. 05-00747-SLR


TPI0035398

longitude of wireless telephones from which a "911" call has been placed), so long as said applications do not enable or permit locations to be performed for any task other than E-911, including without limitation the provision of location related commercial services, and so long as all licenses granted by Andrew for such domestic E-911 applications are limited to use for E-911 geolocation only. TruePosition represents that no applications are pending based on the 144 or 410 patents, and that no divisionals, continuations, or continuations in part may be filed which claim priority therefrom.

9) TruePosition hereby covenants not to sue Andrew for infringement of any patents whatsoever, except as is set forth in the following sentence, for Andrew's manufacture, use, offer for sale or sale of Andrew's existing wireless network overlay "Geometrix" geolocation system. This covenant does not apply to patents TruePosition may acquire by way of business combination or merger or otherwise acquire from a third party (i) after October 1, 2005, provided that in the event of any such acquisition of a patent after October 1, 2005, TruePosition shall not be entitled to obtain damages, an injunction, or any other remedy with respect to any Geometrix system as defined in this paragraph 9 sold by Andrew before such date, or (ii) for which Andrew is currently under license or has licensed in the past. TruePosition represents that it has no current awareness of any patent owned by a third party that it believes is being infringed without license by Andrew's existing wireless network overlay "Geometrix" geolocation system.

a) For purposes of the covenant not to sue set forth in this paragraph, "Andrew's existing wireless network overlay 'Geometrix' geolocation system" refers to the wireless telephone location equipment sold by Allen Telecom, Inc. and Andrew Corporation between July 2001 and January 2004, and means Andrew's wireless telephone location equipment (i.e., TDOA-2, TDOA-4, and AOA Wireless Location

- 5 -

CONFIDENTIAL
TruePosition, Inc. v. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0035399

Sensors (WLS's) having the hardware set forth in the WLS Installation and Maintenance Manual bearing Bates numbers 0424-0445 and WLS algorithms/source code set forth in source code versions 5.2, 5.3, or 5.4; WLS source code bearing Bates numbers 33160-33352; and the WLS hardware accelerator code bearing Bates numbers 33799-38000; Geolocation Control Systems (GCS's) having the hardware set forth in the GCS Installation and Maintenance Manual bearing Bates numbers 0390-0423 with the GCS algorithms/source code set forth in source code versions 5.2, 5.3, or 5.4; and Abis Monitoring Units (AMU's), all installed in an overlay fashion), that determine the latitude and longitude of wireless telephones, by determining TOA, AOA, and/or TDOA of a signal transmitted by a wireless telephone's voice or traffic channel (but not the control channel or access channel signals), that uses any of the AMPS (800 MHz Band), IDEN (800 MHz Band), TDMA (800 and 1900 MHz Bands), CDMA (800 and 1900 MHz Bands) or GSM (800 and 1900 MHz Bands) air interfaces, but not others. The term "Andrew's existing wireless network overlay 'Geometrix' geolocation system" also includes routine software maintenance patches, but does not include any other hardware or software changes or the addition of other functionality, or changes to create additional capacity.

b) For purposes of the covenant not to sue set forth in this paragraph, "Andrew's existing wireless network overlay 'Geometrix' geolocation system" does not include an integrated geolocation system (e.g., a geolocation system whose hardware or software is incorporated into a carrier's non-geolocation hardware and software, such as plug-ins (e.g., circuit boards) that are incorporated into base station equipment and/or switches and/or a mobile station component) or other embedded usages.

- 6 -

CONFIDENTIAL
TruePosition, Inc. V. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0035400

Nov-20-06  08:59am  From-WoodcockWashburn  +2155683439  T-430  P 008/035  F-092

# REDACTED

10) Andrew hereby grants to TruePosition a perpetual worldwide non-exclusive license to make, use, offer to sell, sell, and import geolocation equipment under the patents and patent applications listed in Exhibit C hereto, and under all geolocation patents which may issue at any time as a result of any patent application filed by Andrew within one year of January 16, 2004, including all divisionals, reissues, continuations in part, continuations, and foreign counterparts of such patents. TruePosition shall have no right to sublicense under this paragraph,

-7-

CONFIDENTIAL
TruePosition, Inc. V. Andrew Corp.
Civil Action No. 05-00747-SLR

TP10035401

except that TruePosition may sublicense its carrier end user customers (which shall include such customers' subcontractors, agents, or contractors solely for the purpose of performing services for such customers for E-911 purposes) to facilitate their operation of E-911 hardware or systems they purchase from TruePosition, it being understood that Andrew is not authorizing TruePosition to authorize sublicensing by its customers, is not licensing TruePosition to sublicense its customers to share geolocation equipment with other carriers, and is not authorizing TruePosition to grant sublicenses that can be transferred by its customers to unaffiliated entities. TruePosition shall not be precluded from distributing its product through resellers (which does not include infrastructure suppliers as listed in paragraph 11 and others engaged in substantially the same business), so long as any licenses granted to end users shall be consistent with the terms of this paragraph. Andrew represents that the patents listed in Exhibit C include all of its geolocation patents and patent applications. The license granted by this paragraph does not extend to patents Andrew may otherwise acquire. "Geolocation patents" for purposes of this paragraph has the meaning assigned to it in paragraph 6 above.

11) The licenses granted in paragraphs 6 and 10 may not be assigned by the licensees; provided, however, that either such license may be transferred in connection with the sale of all or substantially all of the business of Andrew or TruePosition, respectively, but shall terminate upon any transfer or assignment to any of the following companies, unless prior written permission of the licensor is obtained: Lucent Technologies Inc., NEC Corp., Huawei Technologies Co., Ltd., Telefon AB LM Ericsson, Nokia Oyj, Nortel Networks Corp., Motorola Inc, and Siemens AG, or any successor of any of the foregoing.

**REDACTED**

- 8 -

CONFIDENTIAL
TruePosition, Inc. V. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0035402

Nov-20-06   08:00am   From-WoodcockWashburn           +2155683439         T-430   P.010/035   F-082

**REDACTED**

- 9 -

CONFIDENTIAL
TruePosition, Inc. V. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0035403

**REDACTED**

13) Except with respect to any breach of this Settlement Agreement, the parties hereby release, remise, and forever discharge one another, their predecessors, successors, parents, subsidiaries, officers, directors, agents, employees, assigns, and attorneys, and all persons who may be jointly and severally liable with any of them, from any and all claims, demands, liabilities, causes of action, damages, legal fees, costs, expenses, and claims for compensation of whatever nature or description, arising out of or relating to the Action, and/or which have been or could have been asserted in the Action.

- 10 -

CONFIDENTIAL
TruePosition, Inc. V. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0035404

**REDACTED**

- 11 -

CONFIDENTIAL
TruePosition, Inc. V. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0035405

Nov-28-05   09:01am   From-Woodcock Washburn   +2155683439   T-430   P.013/035   F-892

**REDACTED**

17) The parties agree that their sole remedy for breach of this Settlement Agreement shall be an action therefor. Before either party brings such an action for breach of this Settlement Agreement, the parties shall engage in mediation in a good faith attempt to resolve their dispute. Upon notification of a dispute, the parties shall each suggest the names of three

- 12 -

CONFIDENTIAL
TruePosition, Inc. V. Andrew Corp.
Civil Action No. 05-00747-SLR

TP10035406

Nov-20-06   09:01am   From-WoodcockWashburn           +2155683439         T-430   P.014/035   F-092

persons to act as mediator within three business days of such notification, and shall agree upon a mediator within five business days. The mediation shall be conducted within fourteen calendar days of the mediator's acceptance of the mediation. If no resolution has been reached within one month of notification of the mediator's acceptance of the mediation, the parties may seek other relief.

18) This Settlement Agreement shall be governed by the laws of the State of Delaware, without regard to principles of conflicts of laws. Disputes arising hereunder or in connection herewith shall be tried solely in the state and federal courts of Delaware, and both parties hereby consent to the exclusive personal jurisdiction thereof.

19) The parties agree to maintain the terms and provisions of this Settlement Agreement confidential, and shall not, without the other party's prior written consent in each instance, which consent may not be unreasonably withheld, disclose to any third party, the terms or provisions of this Settlement Agreement, unless such disclosure is required under applicable law or in connection with the legal enforcement of this agreement. In the event such disclosure is required, the disclosing party shall, prior to making such disclosure, cooperate with the other party in an effort to limit and/or obtain confidentiality treatment for such disclosure. Paragraph 20 below constitutes the respective parties' prior written consent regarding the parties' respective press releases. The prohibition against disclosure set forth in this paragraph does not prohibit disclosure to the parties' respective parents or affiliates.

20) The parties have agreed upon the terms of their respective press releases announcing the settlement memorialized by this Settlement Agreement. Each party agrees not to disparage the other party or its products in connection with descriptions of this Settlement Agreement.

- 13 -

CONFIDENTIAL
TruePosition, Inc. V. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0035407

21) All notices under this Settlement Agreement shall be in writing and shall be deemed to have been given when received by the intended recipient at the following address (or at such other address as the intended recipient shall have specified in a written notice given to the other party):

To TruePosition and KSI:

Frederic Beckley
Senior Vice President and General Counsel
TruePosition, Inc.
780 Fifth Avenue
King of Prussia, Pa 19406
Fax: 610-680-1074

To Allen and Andrew:

James F. Petelle, Esq.
Vice President, Law & Secretary
Andrew Corporation
10500 West 153rd Street
Orland Park, IL 60462
Fax: 708-873-2571

22) The parties agree that no promise, representation or agreement not herein expressed has been made, and this Settlement Agreement (including the Exhibits hereto) contains the entire agreement between the parties with respect to its subject matter, superseding all other prior agreements, written or oral, including without limitation the term sheet dated January 16, 2004.

23) If for any reason any provision of this Settlement Agreement is held invalid, illegal, or unenforceable, such provision shall be deemed to be severable from the other provisions of this Agreement, all of which shall remain in full force and effect and be binding upon the parties hereto.

- 14 -

CONFIDENTIAL
TruePosition, Inc. V. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0035408

24) This Settlement Agreement may be executed by the parties in counterparts, each of which shall be deemed to be an original, and all of which shall constitute together but one and the same agreement. Upon signing at the time agreed, the parties shall exchange signature pages by facsimile transmission, with an original signature to follow by overnight mail, addressed to the persons listed in paragraph 21 above. Andrew's signature page shall be accompanied by the warrant instrument described in paragraph 4 above, the form of which is Exhibit A hereto.

February 1, 2004

TruePosition, Inc.                                      Allen Telecom, LLC

By_____                                By_____

KSI, Inc.                                               Andrew Corporation

By_____                                By_____

- 15 -

CONFIDENTIAL
TruePosition, Inc. V. Andrew Corp.
Civil Action No. 05-00747-SLR                                                TPI0035409

24) This Settlement Agreement may be executed by the parties in counterparts, each of which shall be deemed to be an original, and all of which shall constitute together but one and the same agreement. Upon signing at the time agreed, the parties shall exchange signature pages by facsimile transmission, with an original signature to follow by overnight mail, addressed to the persons listed in paragraph 21 above. Andrew's signature page shall be accompanied by the warrant instrument described in paragraph 4 above, the form of which is Exhibit A hereto.

February 1, 2004

TruePosition, Inc.

By _____
   Fred Bachley
   SVP - GC

KSI, Inc.

By _____
   Fred Bachley
   SVP - GC

Allen Telecom, LLC

By _____

Andrew Corporation

By _____

- 15 -

CONFIDENTIAL
TruePosition, Inc. V. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0035410

February 1,
~~January~~ ___, 2004

TruePosition, Inc.                    Allen Telecom, LLC

By_____                    By _[signature]_____
                                         Terry N. Garner, Vice President

KSI, Inc                              Andrew Corporation

By_____                    By _[signature]_____
                                         VP

- 13 -

CONFIDENTIAL
TruePosition, Inc. V. Andrew Corp.
Civil Action No. 05-00747-SLR

TPI0035411