IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUEPOSITION, INC.,<br><br>Plaintiff and<br>Counterclaim-Defendant,<br><br>v.<br><br>ANDREW CORPORATION,<br><br>Defendant and<br>Counterclaim Plaintiff. | Civil Action No. 05-00747-SLR<br><br>**REDACTED - PUBLIC VERSION** |

### ANDREW CORPORATION'S BRIEF IN OPPOSITION TO TRUEPOSITION'S MOTION TO PRECLUDE ANDREW FROM ASSERTING A GOVERNMENT CONTRACTOR DEFENSE UNDER 28 U.S.C. § 1498

On September 4, TruePosition consented through its counsel to "let [Andrew] put on evidence and prove" a government contractor defense under 28 U.S.C. § 1498 if the Court would allow TruePosition to present evidence

> *See* Sept. 4, 2007 Trial Tr. at 136:6-137:12 ("Well if those are my

choices, then I guess I will let them put on the evidence

> and prove [a defense under § 1498] . . . . I will let them put on evidence if that's

where I stand."). TruePosition has since presented evidence

> *see, e.g.*, Sept. 7, 2007 Trial Tr. at 805:4-8, but they now seek to preclude

Andrew from proving a defense under § 1498 as a matter of law based on the theory that Andrew did not plead a government contractor defense. Andrew hereby responds to TruePosition's

motion to preclude and the Court's request for a focused brief on the issue of whether Andrew has a sufficient legal basis to go forward with its affirmative defense under 28 U.S.C. § 1498(a).[1]

Putting aside TruePosition's representations to the Court, Andrew has a firm legal basis to go forward with its government contractor defense based on the Local Rules in the District of Delaware and controlling Third Circuit precedent. It is well-established in the Third Circuit that the pretrial order "in substance takes the place of pleadings covered by the pretrial order." *See Basista v. Weir*, 340 F.2d 74, 85 (3d Cir. 1965). Thus, in the District of Delaware, the local rules state that the pretrial order "shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice." *See* D. Del. LR 16.3(d)(4). The pretrial order in this case includes an explicit provision to that effect, as per the local rules. *See* Joint Pretrial Order at 6 ("Order To Control Course Of Action").

Andrew explicitly identified its defense under 28 U.S.C. § 1498 as an issue for trial throughout the pretrial order, and that defense has not been waived. For example, in Section I.C. of its Statement of Issues of Fact That Remain to be Litigated, Andrew told TruePosition that it

2. TruePosition concedes in its opening brief that it was on notice of Andrew's intention to

---

[1] While the Court asked Andrew to focus its response on identifying the legal basis for its defense under § 1498, Andrew notes that there is no requirement that a government contract contain an explicit authorization or consent clause under 28 U.S.C. § 1498. *See Larson v. U.S.*, 26 Cl. Ct. 365, 369-70 (Cl. Ct. 1992) ("Therefore, 'authorization or consent requires explicit acts *or extrinsic evidence* sufficient to prove the government's intention to accept liability . . . ."), *quoting Auerbach v. Sverdrup Corp.*, 829 F.2d 175, 179 (D.C. Cir. 1987), *cert. denied*, 444 U.S. 991 (1979) (emphasis added). To the contrary, authorization or consent can be proven by "[e]vidence probative of *implied consent* or authorization." *See Auerbach*, 829 F.2d at 395 (emphasis added). Moreover, the Federal regulations cited by TruePosition explicitly carve out an entire category of government contracts that do not need to contain the clause. *See* 48 C.F.R. § 27.201-2 ("[T]he clause is *not required* when simplified acquisition procedures are used . . . .") (emphasis added). Thus, even under the authority cited by TruePosition, Andrew is entitled to prove its defense under 28 U.S.C. § 1498.

The Court has instructed Andrew not to brief issues decided by the Court's rulings on Andrew's motions in limine. But the pretrial order shows that Andrew clearly identified its defense under 28 U.S.C. § 1498 as an issue to be tried. Under the Local Rules and controlling precedent in the Third Circuit, the pretrial order supersedes the pleadings once it has been entered. As a result, based on its repeated identification of its government contractor defense in the pretrial order, Andrew has pled that defense for the purposes of this matter, and should be permitted to prove its case as per TruePosition's agreement at the pretrial conference.

Dated: September 10, 2007

Respectfully submitted,

/s/ Andrew A. Lundgren

---

Josy W. Ingersoll (No. 1088)
Andrew A. Lundgren (No. 4429)
YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
*alundgren@ycst.com*

Of Counsel:

John M. Desmarais
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Michael A. Parks
Rachel Pernic Waldron
Shira J. Kapplin
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

## **CERTIFICATE OF SERVICE**

I, Andrew A. Lundgren, Esquire, hereby certify that on September 25, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> James D. Heisman, Esquire
> Connolly, Bove, Lodge & Hutz
> The Nemours Building
> 1007 North Orange Street
> P.O. Box 2207
> Wilmington, DE 19899
> (302) 658-9141
> Email: jheisman@cblh.com

I further certify that on September 25, 2007, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following in the manner indicated:

**BY ELECTRONIC MAIL**

> Paul B. Milcetic, Esq. [pmbilcet@woodcock.com]
> Daniel J. Goettle, Esq. [dgoettle@woodcock.com]
> Woodcock Washburn LLP
> Circa Centre, 12th Floor
> 2929 Arch Street
> Philadelphia, PA  19103

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> /s/ *Andrew A. Lundgren*
> Andrew A. Lundgren (No. 4429)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware  19801
> (302) 571-6600
> alundgren@ycst.com
> *Attorneys for Defendant Andrew Corporation*