IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUEPOSITION, INC.,<br><br>    Plaintiff and<br>    Counterclaim-Defendant,<br><br>v.<br><br>ANDREW CORPORATION,<br><br>    Defendant and Counterclaim<br>    Plaintiff. | Civil Action No. 05-747-SLR |

**ANDREW CORPORATION'S REQUEST FOR JUDGMENTS AS A
MATTER OF LAW AND ALTERNATIVE REQUEST FOR A NEW TRIAL**

The jury having returned a verdict on September 14, 2007 after trial in this action, and the Court having entered judgment on that verdict on September 18, 2007, Andrew Corporation ("Andrew") moves, as detailed below, for judgment as a matter of law. The parties will meet and confer concerning a briefing schedule for the following motions. The parties will file a subsequent stipulation with the Court as to the proposed, agreed upon schedule, for approval by the Court.

**I.**   **Motion For Judgment As A Matter Of Law Of No Infringement Of Claims 1, 22, and 31 Of The '144 Patent Or, In The Alternative, For A New Trial.**

Andrew moves this Court under Federal Rule of Civil Procedure 50(b) to enter judgment as a matter of law that Andrew does not infringe claims 1, 22, and 31 of U.S. Patent No. 5,327,144 ("the '144 patent"). The grounds for Andrew's motion are that in view of the evidence of record no reasonable juror could conclude that Andrew made, used, sold, or offered for sale any product that, alone or in combination with other products, contains each and every element of claims 1, 22, and 31 of the '144 patent, and the record lacks substantial evidence

demonstrating infringement of these claims. Accordingly, Andrew requests that the Court set aside the jury's verdict of infringement of claims 1, 22, and 31 of the '144 patent and enter judgment of non-infringement of these claims.

In the alternative, Andrew moves under Federal Rule of Civil Procedure 59 for a new trial on the issue of infringement of claims 1, 22, and 31 of the '144 patent. The grounds for this alternative motion are that the jury's verdict of infringement of these claims is against the great weight of the evidence and that, therefore, the Court should set aside the verdict of infringement and order that a new trial be held on the issue of infringement of claims 1, 22, and 31 of the '144 patent.

**II.    Motion For Judgment As A Matter Of Law Of No Direct Infringement Of Claims 1 and 31 Of The '144 Patent Or, In The Alternative, For A New Trial.**

Andrew moves this Court under Federal Rule of Civil Procedure 50(b) to enter judgment as a matter of law that Andrew does not directly infringe claims 1 and 31 of U.S. Patent No. 5,327,144 ("the '144 patent"). The grounds for Andrew's motion are that in view of the evidence of record no reasonable juror could conclude that the accused Andrew Geometrix system contains each and every element of claims 1 and 31 of the '144 patent, and the record lacks substantial evidence demonstrating infringement of these claims. Furthermore, the record lacks any evidence that an offer for sale of the accused system was made within the United States, as required by 35 U.S.C. § 271(a). Accordingly, Andrew requests that the Court set aside the jury's verdict of infringement of claims 1 and 31 of the '144 patent and enter judgment of non-infringement of these claims.

In the alternative, Andrew moves under Federal Rule of Civil Procedure 59 for a new trial on the issue of direct infringement of claims 1 and 31 of the '144 patent. The grounds for this alternative motion are that the jury's verdict of infringement of these claims is against the

great weight of the evidence and that, therefore, the Court should set aside the verdict of infringement and order that a new trial be held on the issue of infringement of claims 1 and 31 of the '144 patent.

### III. Motion For Judgment As A Matter Of Law On 28 U.S.C. § 1498 Or, In The Alternative, For A New Trial.

Andrew moves this Court under Federal Rule of Civil Procedure 50(b) to enter judgment as a matter of law in Andrew's favor on Andrew's affirmative defense under 28 U.S.C. § 1498. The grounds for Andrew's motion are that in view of the evidence of record no reasonable juror could conclude that Andrew's Ashburn demonstration was for anyone other than the United States government and that the government had authorized and consented to the allegedly infringing acts. Accordingly, Andrew requests that the Court set aside the jury's verdict of direct infringement and enter judgment for Andrew.

In the alternative, Andrew moves under Federal Rule of Civil Procedure 59 for a new trial on the issue of direct infringement. The grounds for this alternative motion are that the jury's verdict of infringement of this claim is against the great weight of the evidence and that, therefore, the Court should set aside the verdict of infringement and order that a new trial be held on the issue of infringement of the '144 patent.

### IV. Motion For Judgment As A Matter Of Law Of No Indirect Infringement Of Claims 1, 22, and 31 Of The '144 Patent Or, In The Alternative, For A New Trial.

Andrew moves this Court under Federal Rule of Civil Procedure 50(b) to enter judgment as a matter of law that Andrew does not indirectly infringe, either through inducement or contributory infringement under § 271(f)(1) or (2), claims 1, 22, and 31 of U.S. Patent No. 5,327,144 ("the '144 patent"). The grounds for Andrew's motion are that in view of the evidence of record no reasonable juror could conclude that the accused Andrew Geometrix system actually supplied abroad contains each and every element of claims 1, 22, and 31 of the

3

'144 patent, and the record lacks substantial evidence demonstrating indirect infringement of these claims. Accordingly, Andrew requests that the Court set aside the jury's verdict of indirect infringement of claims 1, 22 and 31 of the '144 patent and enter judgment of non-infringement of these claims.

In the alternative, Andrew moves under Federal Rule of Civil Procedure 59 for a new trial on the issue of indirect infringement of claims 1, 22, and 31 of the '144 patent. The grounds for this alternative motion are that the jury's verdict of indirect infringement of these claims is against the great weight of the evidence and that, therefore, the Court should set aside the verdict of indirect infringement and order that a new trial be held on the issue of indirect infringement of claims 1, 22, and 31 of the '144 patent.

### V.  Motion For Judgment As A Matter Of Law Of No Willful Infringement Of Claims 1, 22, and 31 Of The '144 Patent Or, In The Alternative, For A New Trial.

Andrew moves this Court under Federal Rule of Civil Procedure 50(b) to enter judgment as a matter of law that Andrew does not willfully infringe claims 1, 22, and 31 of U.S. Patent No. 5,327,144 ("the '144 patent"). The grounds for Andrew's motion are that in view of the evidence of record no reasonable juror could conclude that Andrew's actions prior to the filing of this lawsuit on October 25, 2005 constituted infringement of a valid patent or that Andrew took its actions despite an objectively high likelihood that they constituted infringement of a valid patent. Further, in view of the evidence of record no reasonable juror could conclude that Andrew knew or should have known that its actions taken prior to October 25, 2005 created an objectively high risk of infringement.

In the alternative, Andrew moves under Federal Rule of Civil Procedure 59 for a new trial on the issue of willful infringement of claims 1, 22, and 31 of the '144 patent. The grounds for this alternative motion are that the jury's verdict of willful infringement of these claims is

against the great weight of the evidence and that, therefore, the Court should set aside the verdict of willful infringement and order that a new trial be held on the issue of willful infringement of claims 1, 22, and 31 of the '144 patent.

## VI. Motion For Judgment As A Matter Of Law Of No Damages Or, In The Alternative, For A New Trial.

Andrew moves this Court under Federal Rule of Civil Procedure 50(b) to enter judgment as a matter of law that TruePosition is not entitled to any damages. The grounds for Andrew's motion are that in view of the evidence of record no reasonable juror could conclude that TruePosition is entitled to the awarded damages, and the damages are speculative. Accordingly, Andrew requests that the Court set aside the jury's award of damages.

In the alternative, Andrew moves this Court for a remittitur of damages to reduce the total damages award. In the alternative, Andrew also moves under Federal Rule of Civil Procedure 59 for a new trial on the issue of damages.

## VII. Motion For Judgment As A Matter Of Law Of No Lost Profits Damages Or, In The Alternative, For A New Trial.

Andrew moves this Court under Federal Rule of Civil Procedure 50(b) to enter judgment as a matter of law that TruePosition is not entitled to any lost profits damages. The grounds for Andrew's motion are that in view of the evidence of record no reasonable juror could conclude that TruePosition is entitled to lost profits damages given the existence of available, non-infringing alternatives. Further, no reasonable juror could find lost profits an appropriate measure of damages given TruePosition's promise to license the 144 patent on reasonable, non-discriminatory terms. In addition, the damages asked for by TruePosition are speculative and the evidence of record does not support the damages award. Accordingly, Andrew requests that the Court set aside the jury's award of damages.

5

In the alternative, Andrew moves this Court for a remittitur of damages to reduce the total damages award to reflect the existence of available, non-infringing alternatives and the promise to license the patent on reasonable, non-discriminatory terms. In the alternative, Andrew also moves under Federal Rule of Civil Procedure 59 for a new trial on the issue of damages.

### VIII. Motion For Judgment As A Matter Of Law Of No Damages For Future Saudi Telecom Phases Or, In The Alternative, For A New Trial.

Andrew moves this Court under Federal Rule of Civil Procedure 50(b) to enter judgment as a matter of law that TruePosition is not entitled to any damages beyond those damages associated with Geometrix components already supplied to Saudi Telecom in Saudi Arabia. The grounds for Andrew's motion are that in view of the evidence of record no reasonable juror could conclude that Andrew has supplied any components except those necessary to fulfill Andrew's obligations for Phases I and II of the Saudi Telecom contract. Furthermore, because 271(f) does not allow for damages for components not yet supplied, TruePosition is not entitled to any damages beyond those two phases. In addition, the damages asked for by TruePosition are speculative and the evidence of record does not support the damages award.

In the alternative, Andrew moves this Court for a remittitur of damages to reduce the total damages award to include damages only associated with components Andrew has actually supplied to Saudi Telecom. In the alternative, Andrew also moves under Federal Rule of Civil Procedure 59 for a new trial on the issue of damages.

### IX. Motion For Judgment As A Matter Of Law Of No Offer For Sale Damages For Claims 1 and 31 Of The '144 Patent Or, In The Alternative, For A New Trial.

As explained above in Section I, the record lacks any evidence that an offer for sale of the accused system was made within the United States, as required by 35 U.S.C. § 271(a). Andrew, therefore, moves this Court under Federal Rule of Civil Procedure 50(b) to enter judgment as a matter of law that TruePosition is not entitled to any damages associated with Andrew's alleged

direct infringement of claim 1 and 31 under § 271(a).[1] The grounds for Andrew's motion are that in view of the evidence of record no reasonable juror could conclude that an offer for sale was made from within the United States. Furthermore, the damages asked for by TruePosition are speculative and the evidence of record does not support the damages award.

In the alternative, Andrew moves this Court for a remittitur of damages to reduce the total damages award so as not to include any damages associated with any direct infringement of claim 1 and 31 under § 271(a). In the alternative, Andrew also moves under Federal Rule of Civil Procedure 59 for a new trial on the issue of damages.

### X. Motion For Judgment As A Matter Of Law Of Fraud Or, In The Alternative, For A New Trial.

Andrew moves this Court under Federal Rule of Civil Procedure 50(b) to enter judgment as a matter of law that TruePosition defrauded Andrew. The grounds for Andrew's motion are that in view of the evidence of record no reasonable juror could conclude that TruePosition did not defraud Andrew. Accordingly, Andrew requests that the Court set aside the jury's verdict of no fraud and enter judgment for Andrew on this claim.

In the alternative, Andrew moves under Federal Rule of Civil Procedure 59 for a new trial on the issue of fraud. The grounds for this alternative motion are that the jury's verdict of no fraud is against the great weight of the evidence and that, therefore, the Court should set aside the verdict of no fraud and order that a new trial be held on the issue of fraud. Andrew further moves under Federal Rule of Civil Procedure 59 for a new trial on the issue of fraud on the grounds that the Court erred in excluding Mr. Rosenbrock's testimony.

---

[1] TruePosition has not sought any damages associated with the alleged direct infringement of claim 31.

**XI. Motion For Judgment As A Matter Of Law Of Promissory Estoppel Or, In The Alternative, For A New Trial.**

Andrew moves this Court under Federal Rule of Civil Procedure 50(b) to enter judgment as a matter of law in Andrew's favor on promissory estoppel. The grounds for Andrew's motion are that in view of the evidence of record no reasonable juror could conclude that TruePosition should not be estopped. Accordingly, Andrew requests that the Court set aside the jury's verdict of no promissory estoppel and enter judgment for Andrew on this claim.

In the alternative, Andrew moves under Federal Rule of Civil Procedure 59 for a new trial on the issue of promissory estoppel. The grounds for this alternative motion are that the jury's verdict of no promissory estoppel is against the great weight of the evidence and that, therefore, the Court should set aside the verdict of no promissory estoppel and order that a new trial be held on the issue of promissory estoppel. Andrew further moves under Federal Rule of Civil Procedure 59 for a new trial on the issue of promissory estoppel on the grounds that the Court erred in excluding Mr. Rosenbrock's testimony.

                                        YOUNG CONAWAY STARGATT
                                        & TAYLOR, LLP

                                        */s/ Andrew A. Lundgren*
                                        Josy W. Ingersoll (No. 1088)
                                        Andrew A. Lundgren (No. 4429)
                                        The Brandywine Building
                                        1000 West Street, 17th Floor
                                        P.O. Box 391
                                        Wilmington, Delaware 19899-0391
                                        302-571-6600
                                        *alundgren@ycst.com*

                                        *Attorneys for Defendant Andrew Corporation*

OF COUNSEL:

John M. Desmarais, P.C.
Gregory S. Arovas, P.C.
Avinash S. Lele
Todd M. Friedman
Jason Choy
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Michael A. Parks
Rachel Pernic Waldron
Shira J. Kapplin
Regan A. Smith
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Dated: October 1, 2007

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on October 1, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> James D. Heisman, Esquire
> Connolly, Bove, Lodge & Hutz
> The Nemours Building
> 1007 North Orange Street
> P.O. Box 2207
> Wilmington, DE 19899
> (302) 658-9141
> Email: jheisman@cblh.com

I further certify that on October 1, 2007, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following in the manner indicated:

### BY ELECTRONIC MAIL

> Paul B. Milcetic, Esq. [pmbilcet@woodcock.com]
> Daniel J. Goettle, Esq. [dgoettle@woodcock.com]
> Woodcock Washburn LLP
> Circa Centre, 12th Floor
> 2929 Arch Street
> Philadelphia, PA  19103

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> /s/ *Andrew A. Lundgren*
> Andrew A. Lundgren (No. 4429)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware  19801
> (302) 571-6600
> alundgren@ycst.com
> *Attorneys for Defendant Andrew Corporation*