IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TruePosition, Inc., | ) | |
| | ) | |
| Plaintiff/ | ) | |
| Counterclaim-Defendant, | ) | |
| | ) | Civil Action No. 05-00747(SLR) |
| v. | ) | |
| | ) | |
| Andrew Corporation, | ) | REDACTED VERSION DI 315 |
| | ) | |
| Defendant/ | ) | |
| Counterclaim-Plaintiff. | ) | |

**TRUEPOSITION'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR ENHANCED DAMAGES AND ATTORNEYS' FEES**

CONNOLLY BOVE LODGE & HUTZ LLP
James D. Heisman, Esq. (#2746)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614

WOODCOCK WASHBURN LLP
Paul B. Milcetic, Esq. (pro hac vice)
Dale M. Heist, Esq. (pro hac vice)
Kathleen A. Milsark, Esq. (pro hac vice)
Daniel J. Goettle, Esq. (pro hac vice)
Amanda M. Kessel, Esq. (pro hac vice)
Cira Centre, 12th Floor, 2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

TABLE OF CONTENTS

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

II.  STATEMENT OF FACTS AND NATURE AND STAGE OF THE
     PROCEEDINGS ........................................................................................................... 1

III. TRUEPOSITION SHOULD BE AWARDED ENHANCED DAMAGES ....................... 2

     1.  Andrew's Complete Disregard of the 144 Patent After Repeated
         Notice ................................................................................................................ 3

     2.  Andrew's Litigation-Inspired "Defenses" to Infringement ........................ 4

     3.  Andrew Infringed the 144 Patent in Response to Competitive
         Pressures ........................................................................................................... 7

     4.  Andrew's Failure to Undertake Any Remedial Action ............................... 7

IV.  THIS IS AN EXCEPTIONAL CASE AND TRUEPOSITION SHOULD BE
     AWARDED ITS ATTORNEYS' FEES ........................................................................ 8

V.   CONCLUSION ............................................................................................................ 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Applied Medical Resources Corp. v. United States Surgical Corp.*,
    435 F.3d 1356 (Fed. Cir. 2006)..................................................................7

*Beckman Instruments, Inc. v. LKB Produkter AB*,
    892 F.2d 1547 (Fed. Cir. 1989)................................................................10

*Golight, Inc. v. Wal-Mart Stores, Inc.*,
    355 F.3d 1327 (Fed. Cir. 2004)..................................................................9

*IMX, Inc. v. Lendingtree, LLC*,
    469 F. Supp. 2d 203 (D. Del. 2007)...................................................3, 4, 8

*Johns Hopkins University v. CellPro, Inc.*,
    978 F. Supp. 184 (D. Del. 1997)................................................................5

*Lam, Inc. v. Johns-Manville Corp.*,
    668 F.2d 462 (10th Cir. 1982)....................................................................5

*Lam, Inc. v. Johns-Manville Corp.*,
    718 F.2d 1056 (Fed. Cir. 1983)................................................................10

*Mathis v. Spears*,
    857 F.2d 749 (Fed. Cir. 1988)....................................................................8

*nCube Corp. v. Seachange Int'l, Inc.*,
    436 F.3d 1317 (Fed. Cir. 2006).......................................................2, 6, 8, 9

*nCube Corp. v. Seachange Int'l, Inc.*,
    313 F. Supp. 2d 361 (D. Del. 2004).................................................2, 7, 8, 9

*Novozymes A/S v. Genencor Int'l, Inc.*,
    474 F. Supp. 2d 592 (D. Del. 2007)............................................................4

*Rambus Inc. v. Infineon Techs. AG*,
    318 F.3d 1081 (Fed. Cir. 2003)..................................................................6

*Read Corp. v. Portec, Inc.*,
    970 F.2d 816 (Fed. Cir. 1992)....................................................................3

*S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*,
    781 F.2d 198 (Fed. Cir. 1986)....................................................................9

*SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*,
   127 F.3d 1462 (Fed. Cir. 1997) .......................................................................... 2, 4

*Tate Access Floors, Inc. v. Maxcess Techs., Inc.*,
   222 F.3d 958 (Fed. Cir. 2000) ................................................................................ 8

*W.R. Grace & Co.-Conn. v. Intercat, Inc.*,
   60 F. Supp. 2d 316 (D. Del. 1999) ......................................................................... 9

### FEDERAL STATUTES

35 U.S.C. § 271(a) ........................................................................................................ 6

35 U.S.C. § 271(f) ......................................................................................................... 6

35 U.S.C. § 284 ................................................................................................ 1, 2, 8, 10

35 U.S.C. § 285 ................................................................................................. 1, 8, 9, 10

28 U.S.C. § 1498 ........................................................................................................... 4

I. **INTRODUCTION AND SUMMARY OF ARGUMENT**

On September 14, 2007 the jury in this case found Andrew liable for literal infringement of U.S. Patent No. 5,327,144 ("the 144 patent") and awarded TruePosition compensatory damages in the amount of $45,300,000. The jury further found that Andrew's infringement was willful. Finally, the jury categorically rejected Andrew's litigation-inspired defenses of fraud and promissory estoppel.

Based on the jury's finding of willful infringement and the totality of the circumstances surrounding Andrew's willfulness, TruePosition respectfully requests that the Court, pursuant to 35 U.S.C. § 284, enhance the jury's compensatory damages award by a factor of three. TruePosition also respectfully requests that the Court, pursuant to 35 U.S.C. § 285, classify this case as "exceptional" and award TruePosition its attorneys' fees, disbursements and expert witness fees.

II. **STATEMENT OF FACTS AND NATURE AND STAGE OF THE PROCEEDINGS**

On October 25, 2005, TruePosition filed its original Complaint against Andrew alleging infringement of the 144 patent (D.I. 1). Various pleadings followed, culminating in the filing of TruePosition's Second Amended Complaint for Patent Infringement (D.I. 45) and Andrew's Answer and Counterclaim to Second Amended Complaint (D.I. 48).

Andrew asserted non-infringement and invalidity declaratory judgment counterclaims, as well as six standards-based affirmative defenses and counterclaims, including claims for fraud, unfair competition under the California Business and Professional Code §§ 17200 *et seq.*, equitable and promissory estoppel, implied license, and unclean hands (D.I. 48 at 9-19).

1

On January 31, 2007, TruePosition moved for partial summary judgment that the 144 patent is not invalid by reason of anticipation. (D.I. 134-135). On August 23, 2007, the Court granted this motion. (D.I. 258 at 16-17; D.I. 259). On February 2, 2007, TruePosition moved for summary judgment on Andrew's standards-based counterclaims. (D.I. 137-138). On August 23, 2007, the Court granted partial summary judgment dismissing Andrew's unfair competition claim under the California Business and Professional Code. (D.I. 258 at 28-30; D.I. 259). Also on February 2nd, Andrew filed two motions for summary judgment, one asserting non-infringement and the other asserting that claim 22 of the 144 patent is invalid for indefiniteness. (D.I. 145-148). On August 23, 2007, the Court denied both of Andrew's motions. (D.I. 258 at 6-16; D.I. 259).

A jury trial was held from September 4, 2007, through September 14, 2007. On September 14, 2007, the jury returned a verdict of willful infringement, awarded TruePosition $45,300,000 in compensatory damages, and rejected Andrew's defenses of fraud and promissory estoppel. (D.I. 293). Every finding the jury made was in favor of TruePosition. On September 18, 2007, the Court entered judgment in favor of TruePosition. (D.I. 308).

### III.   TRUEPOSITION SHOULD BE AWARDED ENHANCED DAMAGES

A district court may increase damages up to three times the amount assessed by the jury where infringement is willful. *See* 35 U.S.C. § 284; *nCube Corp. v. Seachange Int'l, Inc.*, 313 F. Supp. 2d 361, 387 (D. Del. 2004) ("It is well-settled that a willful infringer is exposed to enhanced damages."), *aff'd*, 436 F.3d 1317 (Fed. Cir. 2006). Section 284 allows courts to enhance damages awards in order to punish and deter intentional patent infringement. *See, e.g., SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1468 (Fed. Cir. 1997). Whether, and to what extent, damages are enhanced depends upon the totality of the circumstances

2

surrounding the willful infringement. *See IMX, Inc. v. Lendingtree, LLC*, 469 F. Supp. 2d 203, 219 (D. Del. 2007) (listing factors from *Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992) that courts may consider in determining whether to enhance damages). In this case, a number of factors exposes Andrew's intentional and objectively reckless disregard of TruePosition's 144 patent and supports enhancement of damages.

### 1. Andrew's Complete Disregard of the 144 Patent After Repeated Notice

TruePosition notified Andrew of the 144 patent in writing no fewer than four times. (*See* PTX 7 (12/00 Letter) and Trial Tr. at 149:9-151:2, 163:12-164:1, 311:8-312:12 and 498:2-499:13; PTX 8 (11/02 Email) and Trial Tr. at 502:2-504:6; PTX 17 (9/05 Letter) and Trial Tr. at 162:8-163:11 and 518:2-21; PTX 18 (10/05 Letter) and Trial Tr. at 164:15-165:15 and 518:22-519:23).[1] Andrew ignored each and every one of TruePosition's notifications. (*See, e.g.*, Trial Tr. at 151:3-8; 167:5-17; 499:14-22 and 503:3-504:3).

In December 2001, after Andrew ignored TruePosition's first offer to discuss a license, TruePosition sued Andrew in Delaware for infringement of several TruePosition patents, but not the 144 patent. At that time, Andrew was not infringing the 144 patent because its Geometrix system located cell phones using transmissions only on the voice channel, not on the control channel as claimed in the 144 patent. (*See* Trial Tr. at 499:24-500:15). Andrew did, however, extensively review and use the 144 patent as prior art in that litigation. (*See* Trial Tr. at 500:22-501:8). It was thus well aware of the patent and what it covered.

The parties ultimately settled the litigation and the 144 patent was expressly excluded from the Settlement Agreement. (*See* PTX 15 at ¶ 6; Trial Tr. at 505:11-506:25). The Settlement Agreement also reflected the parties' understanding of the scope of the 144 patent:

---

[1] The trial transcript is docketed as D.I. 298-307.

3

> TruePosition hereby covenants not to sue Andrew for infringement . . . [for] Andrew's existing wireless network overlay 'Geometrix' geolocation system . . . that determine the latitude and longitude of wireless telephones, by determining TOA, AOA, and/or **TDOA of a signal transmitted by a wireless telephone's voice or traffic channel (but not the control channel** or access channel signals), that uses any of the AMPS (800 MHz Band), IDEN (800 MHz Band), TDMA (800 and 1900 MHz Bands), CDMA (800 and 1900 MHz Bands) or **GSM (800 and 1900 MHz Bands) air interfaces**. . . .

(PTX 15 at ¶ 9 (emphasis added); Trial Tr. at 507:1-512:24). In other words, the Agreement clearly articulated that TruePosition would pursue Andrew for infringement if Andrew began locating cell phones using the control channel in a GSM network. In spite of this notice and in complete disregard of the parties' agreement, less than a year later Andrew began infringing the 144 patent by offering to sell to STC a cell phone location system with control channel functionality. (*See* PTX 141-176; Trial Tr. at 700:17-701:13).

Andrew presented absolutely no evidence at trial to rebut this evidence of its blatant and intentional disregard of TruePosition's 144 patent. Such egregious conduct is ample justification to support an award of enhanced damages. *See SRI Int'l*, 127 F.3d at 1464-65 (upholding trebling of damages where district court focused on "whether the infringer, acting in good faith and upon due inquiry, had sound reason to believe that it has the right to act in the manner that was found to be infringing"); *Novozymes A/S v. Genencor Int'l, Inc.*, 474 F. Supp. 2d 592, 611 (D. Del. 2007) ("decision to continue infringing without a good faith belief" in noninfringement or invalidity is support for award of enhanced damages); *IMX, Inc.*, 469 F. Supp. 2d at 223 (fact that "defendant had no ascertainable basis from which to believe that it did not infringe" the patent-in-suit supports enhancement of damages).

### 2.    Andrew's Litigation-Inspired "Defenses" to Infringement

TruePosition was forced to rebut a myriad of affirmative defenses and counterclaims, including an untimely defense under 28 U.S.C. § 1498 raised for the first time at the pre-trial conference and a potentially reputation tarnishing allegation of fraud. Yet, not one of Andrew's

4

defenses was successful. The Court rejected Andrew's invalidity defenses at the summary judgment stage and the jury unequivocally rejected Andrew's standards-based counterclaims. (D.I. 258 at 13-17; D.I. 293).[2] The categorical rejection of each and every one of Andrew's defenses to patent infringement implies that Andrew's defenses were litigation-inspired rather than developed in good faith prior to Andrew's infringing conduct. Such behavior justifies the enhancement of damages. *See Johns Hopkins Univ. v. CellPro, Inc.*, 978 F. Supp. 184, 195 (D. Del. 1997) (defendant "deliberately infringed the patents in bad faith and has used this litigation to frustrate plaintiffs and as opportunity to throw up baseless arguments and defenses to avoid liability . . . [defendant] should be punished with a substantial increase in damages"); *Lam, Inc. v. Johns-Manville Corp.*, 668 F.2d 462, 475 (10th Cir. 1982) ("infringer's resort to meritless defenses . . . suggests bad faith").

Andrew's behavior with respect to the fraud claim in particular emphasizes the suspect nature of its defenses. First, the evidence at trial indicated that Andrew cooked up the fraud counterclaim in order to secure and retain the contract with STC. By informing STC of this serious accusation, Andrew expected to get some "mileage" out of the fraud counterclaim at TruePosition's expense. (*See* Trial Tr. 1872:11-1874:22).

Second, Andrew made no serious attempt during discovery to meet its burden of establishing a critical element of the fraud claim – proof of an omission in the face of a duty to disclose. Because Andrew based its fraud claim on TruePosition's alleged "failure to declare its '144 patent as a patent essential to an ETSI standard," in order to prove fraud, Andrew had to show that TruePosition had a legal duty under the ETSI IPR policy to declare its 144 patent as

---

[2] Andrew also belatedly conceded that it would not be pursuing an obviousness defense when it filed its Daubert motions a few months before trial. (D.I. 217 at 1). Nonetheless, TruePosition was forced to develop a rebuttal to this defense through most of the pre-trial period.

essential to an ETSI standard. *See Rambus Inc. v. Infineon Techs. AG*, 318 F.3d 1081, 1096 (Fed. Cir. 2003) (defendant must prove by clear and convincing evidence the existence of an "omission in the face of a duty to disclose"); D.I. 48 at 11-15. To show that TruePosition had such a duty, Andrew had to prove that the 144 patent was, in fact, essential to an ETSI standard under the ETSI IPR policy. *See Rambus*, 318 F.3d at 1096, 1104 (describing the "disclosure duty" under the IPR policy as "objective"). Only if the 144 patent were in fact essential as defined by the ETSI IPR policy, would TruePosition have a duty to declare the 144 patent to ETSI; and only under such circumstances could it have defrauded Andrew. *See id.* at 1102-05. Although Andrew was aware of this requirement under the *Rambus* decision (as Andrew's counsel, Kirkland & Ellis, represented the defendant-cross appellant Infineon before the Federal Circuit and presumably apprised Andrew of the controlling law), Andrew never bothered to pursue any discovery in connection with the ETSI IPR policy. The only conclusion that can be drawn from this is that Andrew's fraud claim was concocted at the last minute, without any good faith support, as an excuse for its willful infringement.

Finally, as evidenced by the jury's verdict, this case was not even close. The jury awarded TruePosition the full amount of damages it requested, found literal infringement under 35 U.S.C. §§ 271(a) and 271(f), found that Andrew's infringement was willful, and flatly rejected Andrew's defenses of fraud and promissory estoppel. The fact that the case was not close and that Andrew did not prevail even partially on any of its defenses also supports enhancing the damages. *See nCube*, 436 F.3d at 1325 (enhanced damages awarded where "case for literal infringement was not close").

### 3. Andrew Infringed the 144 Patent in Response to Competitive Pressures

The evidence at trial also showed that Andrew's reckless disregard of the 144 patent was based on competitive pressures. Andrew was facing a situation where its U.S. business (including location on the voice channel for E-911 services) was drying up, and the STC contract provided an important flagship opportunity for the international security business. (*See* Trial Tr. at 158:22-159:7; 210:13-211:7; 520:18-521:17; 1186:10-1188:9). However, the STC contract required location when the user was not talking on the phone, *i.e.* on the control rather than the voice channel. (*See* PTX 187; Trial Tr. at 1156:14-1157:15). Such financially-driven disregard of patent rights supports both willful infringement and enhancement of damages. *See Applied Medical Resources Corp. v. United States Surgical Corp.*, 435 F.3d 1356, 1365 (Fed. Cir. 2006) (important consideration is whether the defendant needed the infringing product "to remain competitive" in the relevant market and whether this need overshadowed concerns of patent infringement); *nCube*, 313 F. Supp. 2d at 390 (highly competitive market militates in favor of enhanced damages).

### 4. Andrew's Failure to Undertake Any Remedial Action

Even though Andrew was notified about its infringing conduct before the filing of the Complaint in this action, Andrew took absolutely no steps to avoid infringement. To the contrary, Andrew continued to actively pursue and ultimately was awarded the contract with STC. (*See* PTX 216, 219, 220, 232 and 233; Trial Tr. at 1875:6-1877:12; 1878:21-1881:5). The evidence also indicates that Andrew made no attempt to design around the 144 patent. (*See* Trial Tr. at 1159:23-1161:7; 1161:14-22). The failure to undertake remedial action upon notification of infringement also weighs in favor of enhancing damages. *See nCube*, 313 F. Supp. 2d at 390;

*IMX, Inc.*, 469 F. Supp. 2d at 222 (fact that defendant took no remedial action and "never changed its course of conduct" supports enhancement).

Additionally, Andrew is a large company in good financial condition which further supports enhanced damages. (*See* Trial Tr. at 149:1-8). Andrew offers numerous products and services aside from its Geometrix product. (*See* Trial Tr. 358:18-22; 1852:7-12). Thus, increasing damages in this case will not threaten Andrew's financial stability. *See nCube*, 313 F. Supp. 2d at 390 (fact that defendant will not be materially impacted by award of increased damages weighs in favor of enhancing damages).

In sum, each of the above factors weighs in favor of a full trebling of the damage award from Andrew. Accordingly, TruePosition respectfully requests that the Court enhance the damages in this case to the full extent permitted by 35 U.S.C. § 284.

## IV. THIS IS AN EXCEPTIONAL CASE AND TRUEPOSITION SHOULD BE AWARDED ITS ATTORNEYS' FEES

The decision of whether to award attorneys' fees is within the discretion of the court upon a finding that the case is "exceptional." *See nCube*, 436 F.3d at 1325. Attorneys' fees are available as a "deterrent[] to blatant, blind, willful infringement of valid patents." *Mathis v. Spears*, 857 F.2d 749, 754 (Fed. Cir. 1988).

The jury's finding of willful infringement is a sufficient basis in and of itself to classify this case as "exceptional" under 35 U.S.C. § 285 and to award TruePosition its attorney fees. *See nCube*, 313 F. Supp. 2d at 391 ("Willful infringement alone is sufficient to justify a finding that a case is exceptional."). Willful infringement is so well established as a basis for finding a case to be exceptional that denial of attorney fees would be the exception rather than the rule. *See Tate Access Floors, Inc. v. Maxcess Techs., Inc.*, 222 F.3d 958, 972 (Fed. Cir. 2000) (district court is required to explain why case is not exceptional if attorney fees are not awarded after a

Case 1:05-cv-00747-SLR    Document 319    Filed 10/08/2007    Page 13 of 15

finding of willful infringement); *S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 200 (Fed. Cir. 1986) ("District courts have tended to award attorney fees when willful infringement has been proven, and this court has uniformly upheld such awards."); *Golight, Inc. v. Wal-Mart Stores, Inc.*, 355 F.3d 1327, 1340 (Fed. Cir. 2004) ("[O]ur cases uniformly indicate that the willfulness of the infringement by an accused infringer may be a sufficient basis in a particular case for finding the case 'exceptional' for purposes of awarding attorney fees to the prevailing patent owner.").

Further, the factors set forth above in greater detail – Andrew's reckless disregard of the 144 patent after repeated notice of infringement, the fact that not one of Andrew's defenses was advanced in good faith and each was resoundingly rejected, the fact that Andrew's decision to engage in infringement was based on competitive pressure rather than a good faith belief of noninfringement and Andrew's failure to take any remedial action upon notice of infringement – illuminate the egregiousness of Andrew's willful infringement. Each of these factors also supports the finding that this case is exceptional and an award of attorneys' fees. *See nCube*, 313 F. Supp. 2d at 391 (finding exceptional case based on factors considered for willful infringement and enhancement of damages), *aff'd* 436 F.3d at 1325; *W.R. Grace & Co.-Conn. v. Intercat, Inc.*, 60 F. Supp. 2d 316, 333 (D. Del. 1999) (a "litigation-inspired" defense supports the finding of exceptional case and award of attorney fees).

For these reasons, TruePosition respectfully requests that the Court find this case exceptional and award TruePosition its attorneys' fees pursuant to 35 U.S.C. § 285. TruePosition's fees up to and including the last day of trial are approximately REDACTED. Upon the Court's finding that TruePosition is entitled to its attorneys' fees or upon the Court's request, TruePosition will provide declarations that contain a detailed summary of its attorneys' fees

expended in this litigation. TruePosition expects to also request additional fees expended as part of post-trial briefing, reasonable disbursements, and expert witness fees. *See Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1069 (Fed. Cir. 1983) (allowing recovery of disbursements); *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1554 (Fed. Cir. 1989) (allowing recovery of expert fees).

## V. CONCLUSION

For the foregoing reasons, TruePosition respectfully requests that the Court, pursuant to 35 U.S.C. § 284, enhance the jury's compensatory damages award by a factor of three. TruePosition also respectfully requests that the Court, pursuant to 35 U.S.C. § 285, classify this case as exceptional and award TruePosition its attorneys' fees, disbursements and expert witness fees.

Respectfully submitted,

Redacted Version Filed: October 8, 2007

DATED: October 1, 2007      By:      /s/ James D. Heisman
                                     CONNOLLY BOVE LODGE & HUTZ LLP
                                     James D. Heisman, Esq. (#2746)
                                     1007 N. Orange Street
                                     P.O. Box 2207
                                     Wilmington, DE 19899
                                     Telephone: (302) 658-9141
                                     Facsimile: (302) 658-5614

                                     WOODCOCK WASHBURN LLP
                                     Paul B. Milcetic, Esq. (pro hac vice)
                                     Dale M. Heist, Esq. (pro hac vice)
                                     Kathleen A. Milsark, Esq. (pro hac vice)
                                     Daniel J. Goettle, Esq. (pro hac vice)
                                     Amanda M. Kessel, Esq. (pro hac vice)
                                     Cira Centre, 12th Floor
                                     2929 Arch Street
                                     Philadelphia, PA 19104
                                     Telephone: (215) 568-3100
                                     Facsimile: (215) 568-3439

## CERTIFICATE OF SERVICE

I, James D. Heisman, hereby certify that on this 1st day of October, 2007, I caused a true and correct copy of the foregoing **TRUEPOSITION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENHANCED DAMAGES AND ATTORNEYS' FEES** to be served upon the following individuals in the manner indicated below:

*Via hand-delivery*
Josy W. Ingersoll, Esq.
Young Conaway Stargatt & Taylor, LLP
100 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com

*Via e-mail*
Patrick D. McPherson, Esq.
Duane Morris LLP
1667 K Street, N.W.
Washington, DC 20006-1608
PDMcPherson@duanemorris.com

*Via e-mail*
Rachel Pernic Waldron, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
rpernicwaldron@kirkland.com

　　　　　　　　　　　　　　　　　　　　　/s/ *James D. Heisman*　　　　　．
　　　　　　　　　　　　　　　　　　　　　James D. Heisman, Esq. (#2746)

568784

11