IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **TruePosition, Inc.,** ) | |
| ) | |
| **Plaintiff/** ) | |
| **Counterclaim-Defendant,** ) | |
| ) | Civil Action No. 05-747-SLR |
| v. ) | |
| ) | |
| **Andrew Corporation,** ) | |
| ) | |
| **Defendant/** ) | |
| **Counterclaim-Plaintiff.** ) | |
| ) | |

**TRUEPOSITION'S RESPONSE TO
ANDREW'S MOTION FOR EXTENSION OF TIME**

The Court should deny Andrew's request for an extension of time to brief its equitable defenses. There is no good faith basis for Andrew's assertion that those defenses have survived the jury's verdict. Andrew is instead trying to delay the Court's resolution of this case.

The jury rendered a verdict in favor of TruePosition (D.I. 293) and made factual findings that necessarily preclude Andrew's equitable defenses, including findings that TruePosition did not defraud Andrew, did not make a promise to Andrew, and that "Andrew's actions before the suit was filed were objectively reckless with regard to the 144 Patent" (D.I. 291 at 34). The Court then entered judgment on September 18, 2007 in TruePosition's favor "for the reasons stated in the jury verdict" (D.I. 308), thereby rejecting Andrew's defenses. The Court did not enter a partial judgment.

If Andrew believed the Court should have entered partial judgment and that its implied license and equitable estoppel defenses remained to be adjudicated, it should have brought a motion pursuant to Fed. R. Civ. P. 60 within 10 days of judgment. It did not do so. If Andrew

believed the Court's judgment was not supported by the evidence, it should have brought a JMOL motion pursuant to Rule 50 or a motion for a new trial pursuant to Rule 59. It did neither.

Andrew also failed to serve an opening brief in support of its "equitable defenses" within the time that the Court specifies in its post-bench trial procedures and failed to credibly explain its lack of timeliness. Andrew suggests that it could not brief its equitable defenses until TruePosition agreed that those defenses had survived the verdict (D.I. 321 at ¶2) and until the Court pointed Andrew to the post-trial procedures on its web site (D.I. 321 at ¶1). But Andrew certainly does not need TruePosition's agreement, or special dispensation from the Court, to follow the Court's posted procedures or the Federal Rules.

In short, Andrew has entirely ignored established procedures, but asks the Court to excuse its neglect and give it more time. Andrew's request that it be permitted to disregard the Rules is unfair. Therefore, TruePosition opposes Andrew's motion for an extension of time.

However, yesterday the Court e-mailed the parties, stating that it was the Court's recollection that two of Andrew's defenses, equitable estoppel and implied license, would be presented post-trial and directing the parties to the Court's web site "if that is the case." The parties had never agreed that, irrespective of what the jury decided or whether Andrew followed the post-trial rules of procedure, those defenses would necessarily be argued separately post-trial. The only agreement was that the defenses would not be decided by the jury. However, if the Court believes further briefing would be helpful, TruePosition proposes an alternative form of order setting forth a briefing schedule for those defenses. TruePosition's proposed order clarifies that the time for TruePosition to serve a responsive brief is not reduced by Andrew's delayed filing of its opening brief, but otherwise the proposed order is consistent with the Court's post-bench trial procedures.

Respectfully submitted,

DATED: October 18, 2007        By:        ___*/s/ James D. Heisman*___
CONNOLLY BOVE LODGE & HUTZ LLP
James D. Heisman, Esq. (#2746)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614

WOODCOCK WASHBURN LLP
Paul B. Milcetic, Esq. (pro hac vice)
Dale M. Heist., Esq. (pro hac vice)
Kathleen A. Milsark, Esq. (pro hac vice)
Daniel J. Goettle, Esq. (pro hac vice)
Amanda M. Kessel, Esq. (pro hac vice)
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **TruePosition, Inc.,** | ) | |
| | ) | |
| **Plaintiff/** | ) | |
| **Counterclaim-Defendant,** | ) | |
| | ) | **Civil Action No. 05-747-SLR** |
| v. | ) | |
| | ) | |
| **Andrew Corporation,** | ) | |
| | ) | |
| **Defendant/** | ) | |
| **Counterclaim-Plaintiff.** | ) | |
| _____ | ) | |

## ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of Andrew's Motion for Extension of Time and TruePosition's Response, it is hereby ORDERED that:

1. Andrew's opening brief on its equitable defenses of equitable estoppel and implied license shall be filed on or before November 1, 2007;

2. TruePosition's response is due within 30 days after filing of Andrew's opening brief; and

3. Andrew's reply is due within 15 days after filing of TruePosition's response.

BY THE COURT:

_____
Sue. L. Robinson
United States District Judge

- 2 -

## CERTIFICATE OF SERVICE

I, James D. Heisman, hereby certify that on this 18th day of October, 2007, I caused a true and correct copy of the foregoing TruePosition's Response to Andrew's Motion for Extension of Time to be delivered to the following individuals in the manner indicated below:

*Via hand-delivery*
Josy W. Ingersoll, Esq.
Young Conaway Stargatt & Taylor, LLP
100 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com

*Via e-mail*
Patrick D. McPherson, Esq.
Duane Morris LLP
1667 K Street, N.W.
Washington, DC 20006-1608
PDMcPherson@duanemorris.com

*Via e-mail*
Rachel Pernic Waldron, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
rpernicwaldron@kirkland.com

      */s/ James D. Heisman*
James D. Heisman, Esq. (#2746)