137); 8 (A138-140); 17 (A158-162); 18 (A163-169); 15R (A141-157).  Indeed, TP's general counsel admitted at trial that he was not aware of anyone from TP telling anyone from Andrew that TP believed the '144 patent covered the SDCCH in GSM, even at the time of the parties' January 2004 Settlement Agreement that specifically referenced the '144 patent.  A445:4-8.

**Delivering the STC Bid.**  The evidence introduced at trial establishes the bid to STC was submitted to STC in Riyadh by Andrew Middle East, which is located in Dubai.  *See* A182; A204.  Terry Garner, Andrew's division President, provided unrebutted testimony that Andrew does not communicate directly with STC from the United States, and that instead Andrew sends communications to STC via "employees, our salespeople or our agents in the region" who effect "hand delivery to the customer."  A946:5-8.  *See also* A180-A198 (cover page to offer); A199 (stating tender brought to STC by Saudi agent Al-Misehal).  Mr. Garner also provided unrebutted testimony that there has never been a meeting with STC in the United States.  A946:9-12.

**STC Contract Status.**  The STC rollout has five phases, each of which is separately bid. A946:18-A947:20.  It is undisputed that Andrew has only been awarded three phases of the five-phase STC rollout.  *Id.*  Although Andrew's initial bid was for a kingdom-wide rollout of over 4000 cell sites, STC did not award Andrew the entirety of that business.  Instead, STC awarded Andrew a limited rollout of only 600 cell sites for Phase 1.  *See* A967:15-19.  Phase 2 was only 383 sites.  A967:20-24.  Although STC has committed to Andrew for Phase 3, there has been no commitment for any particular type of equipment, any number of cell sites, or any other commitment for particular goods or services.  A967:25-A968:9; *see also* A946:18-A947:11; A947:21-23.  Any additional STC business is not guaranteed to Andrew or even quantifiable. A946:18-A947:11; A947:24-25.  Indeed, TP continues to bid for the STC business.  A341:21-

testified that Andrew has never done business with STC or ever conducted a meeting with STC in the United States. A946:11-12.

Mr. Garner's testimony is further supported by the bid documents themselves. The first document in Andrew's "Offer for the GSM VAS Project" is PTX 141 (essentially the "cover page" for the remaining documents, PTX 142-176).[3] This Offer was submitted to the Procurement Department of STC in Riyadh by Andrew Middle East, located in Dubai, not the United States. *See* A182; A204. Further, as the bid expressly states, the tender was not even delivered by Andrew Middle East, but rather was brought to STC by Al-Misehal, a Saudi-based company partnering with Andrew for the STC project. *See* A199.

TP did not present any evidence at trial to even suggest that Andrew's Offer to STC was made from within the U.S. TP did not cross Mr. Garner on the issue. TP presented no evidence that (a) the Offer documents were shipped from the U.S. directly to STC; (b) that Andrew sent any documents at all from the U.S. directly to STC; (c) that Andrew met with STC in the U.S.; (d) that Andrew communicated to STC in any way from the U.S. (let alone what the subject of those communications might have been); or (e) that the bid was prepared or priced within the U.S. The only evidence introduced at trial is that Andrew Middle East, in partnership with another Saudi entity, Al-Misehal, hand-delivered the offer to STC in Saudi Arabia.

To satisfy its burden of proof, TP must, at a minimum, show that <u>Andrew</u> communicated <u>from the United States</u> to STC a "manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." *Rotec Indus., Inc.*, 215 F.3d at 1257 (internal quotation and citations omitted). In

---

[3] Because only three of the "Offer" documents are themselves cited in this brief (PTX 141, PTX 146, PTX 157), Andrew has not included the entirety of the "Offer" documents (PTX 141-176) in the Appendix. Andrew can make the entirety of its "Offer" available, however, at the Court's request.