IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TruePosition, Inc., </br></br> Plaintiff/ </br> Counterclaim-Defendant, </br></br> v. </br></br> Andrew Corporation, </br></br> Defendant/ </br> Counterclaim-Plaintiff. | Civil Action No. 05-00747(SLR) |

**TRUPOSITION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1963 TO ALLOW THE
REGISTRATION OF JUDGMENT IN ILLINOIS AND VIRGINIA**

I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff TruePosition, Inc., in order to protect its interest in its judgment entered in this action, has filed a Motion to Register Judgment in Other Districts Pursuant to 28 U.S.C. § 1963. Such registration is necessary to permit execution on the judgment in other jurisdictions. "Good cause" exists to grant TruePosition's motion because Andrew does not appear to have any assets in Delaware, but does appear to have assets in Illinois and Virginia.

II.  STATEMENT OF FACTS AND NATURE AND STAGE OF THE
     PROCEEDINGS

A jury trial was held from September 4, 2007, through September 14, 2007. On September 14, 2007, the jury returned a verdict of willful infringement, awarded TruePosition $45,300,000 in compensatory damages, and rejected Andrew's defenses of

fraud and promissory estoppel. (D.I. 293). On September 18, 2007, the Court entered judgment in TruePosition's favor "for the reasons stated in the jury verdict." (D.I. 308).

On October 1, 2007, TruePosition filed a motion for enhanced damages and attorneys' fees (D.I. 314 & 315) and a motion for permanent injunctive relief. (D.I. 316 & 317). On November 15, 2007, Andrew opposed both motions (D.I. 334 & 335) and, on November 30, 2007, TruePosition filed its replies. (D.I. 342 & 344).

On November 1, 2007, Andrew filed a motion for judgments as a matter of law, or alternatively, a new trial. (D.I. 327). On November 30, 2007, TruePosition filed its opposition to that motion (D.I. 345), and Andrew filed its reply on December 14, 2007. (D.I. 349).

On November 1, 2007, Andrew also filed an opening brief in support of its remaining "equitable defenses." (D.I. 325). TruePosition opposed that motion on November 30, 2007, (D.I. 340), and Andrew's reply was filed December 17, 2007. (D.I. 351).

Andrew has not moved pursuant to Fed. R. Civ. P. 62(b) to stay execution of the judgment pending post-trial motions. On October 31, 2007, and again on November 9, 2007, TruePosition requested that Andrew post a bond in an amount that would satisfy the judgment and any post-judgment interest. (Exhibits A & B attached). Andrew refused. (Exhibits C & D attached). The parties met and conferred on December 10, 2007. On December 18, 2007 Andrew again refused to post a bond.

### III. ARGUMENT

Typically, once the 10-day automatic stay of execution provided in Fed. R. Civ. P. 62(a) has expired, a defendant moves under Fed. R. Civ. P. 62(b) for a stay of execution

pending resolution of post-trial motions. *See* Moore's Federal Practice § 62.05 (3d ed. 2007) ("Rule 62(b) allows the entry of judgment immediately after trial while still providing protection from execution to the appealing party pending the outcome of their post-trial motion."). In the majority of cases, courts require the posting of a bond or other security as a condition of granting such a stay. *See, e.g., Philips Elecs. N.A. Corp. v. Contec Corp.*, Civ. Act. No. 02-123-KAJ, 2004 U.S. Dist. LEXIS 13455, *11-12 (D. Del. July 12, 2004) (granting stay, but requiring defendant to post bond in the amount of the judgment plus prejudgment interest); *Gallatin Fuels v. Westchester Fire Ins. Co.*, Civ. Act. No. 02CV2116, 2006 U.S. Dist. LEXIS, *5-7 (W.D. Pa. Apr. 12, 2006) ("it would be unfair to Plaintiff to grant a stay of execution without requiring Defendant to post a bond"). Here, Andrew has not moved for a stay of execution pursuant to Fed. R. Civ. P. 62(b) and has refused to post a bond. In the absence of a stay, a prevailing party may execute on its judgment as a matter of right.

Here, TruePosition has an interest in protecting its judgment. Andrew is being acquired by another entity, CommScope, Inc., and the acquisition is projected to close by the end of 2007. (*Andrew Shareholders Approve Acquisition By CommScope* (Dec. 10, 2007), available at www.andrew.com/pressroom/pressreleases/English/5242.aspx). But Andrew has refused to provide TruePosition with any assurances that this acquisition will not have any effect on TruePosition's ability to execute its judgment. (*See* Exs. B & D). Furthermore, Andrew has not only refused to post a bond, but has also refused to respond to discovery in aid of execution, despite the clear language of Fed. R. Civ. P. 69(a)

3

providing for such discovery.[1] TruePosition is therefore justifiably concerned about the security of its judgment. To protect its interest in the absence of security, TruePosition has no recourse but to move forward with execution. In order to do so, TruePosition seeks to register its judgment in states in which Andrew has assets.

The registration of a judgment in other districts is governed by 28 U.S.C. § 1963, which provides:

> A judgment in any action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of time for appeal or *when ordered by the court that entered the judgment for good cause shown...*

28 U.S.C. § 1963 (emphasis added). Section 1963 was enacted to simplify and facilitate federal judgment enforcement. *See Associated Business Telephone Sys. Corp. v. Greater Capital Corp.*, 128 F.R.D. 63, 65 (D.N.J. 1989).

The language of section 1963 permits a court to enter an order allowing registration in other districts for "good cause." That clause was added to the statute in order to protect parties against the possibility or threat of an unsatisfied judgment. *See id.* at 66-67. Courts that have addressed the issue have held that section 1963's "good cause" requirement is satisfied by "a mere showing that the defendant has substantial property in the other district and insufficient [property] in the rendering district." *Id.* at 66; *Great Am. Ins. Co. v. Stephens*, 2006 U.S. Dist. LEXIS 56470 at *9 (E.D. Pa. Aug. 14, 2006) (same); *Garden State Tanning, Inc. v. Mitchell Mfg. Group, Inc.*, 2000 U.S.

---

[1] On October 19, 2007, TruePosition served Andrew with a Notice of 30(b)(6) Deposition in Aid of Execution and Request for Production pursuant to Fed. R. Civ. P. 69(a). To date, Andrew has refused to

Dist. LEXIS 11974 at *7-8 (E.D. Pa. Aug. 4, 2000) (same); *Henkels & McCoy, Inc. v. Adochio*, 1997 U.S. Dist. LEXIS 11695, at *4-5 (E.D. Pa. Aug. 1, 1997) (same); *Fidelity Bank v. Anania*, 1991 U.S. Dist. LEXIS 15959, at *4 (E.D. Pa. Nov. 1, 1991) (same).

That requirement is satisfied here. Andrew's SEC filings indicate that Andrew owns no real property and does not maintain any facilities in Delaware. (Form 10-K at 19, dated Nov. 21, 2007, available at http://www.sec.gov/Archives/edgar/data/ 317093/000119312507251888/d10k.htm). Andrew's SEC filings further indicate that Andrew does own real property in Illinois and Virginia. (*See id.*). Therefore, to execute on its judgment, TruePosition must execute in Illinois and/or Virginia.

The fact that post-trial motions are pending and no appeal has yet been filed is no impediment to granting a motion to register a judgment in a foreign district. *Associated Business Telephone Sys.*, 128 F.R.D. at 66-67 (rejecting defendant's arguments that registration of judgment was "premature" while post-trial motions are pending). *See also Great Am. Ins. Co.*, 2006 U.S. Dist. LEXIS 56470, at *8 ("[Section] 1963 does not limit the court's power to order registration in other districts to the time during which an appeal is pending."); *Garden State Tanning*, 2000 U.S. Dist. LEXIS 11974, at *5-6 (same). This is true notwithstanding arguments that allowing registration of a judgment in foreign jurisdictions will be inconvenient or costly to the defendant, particularly if defendants' post-trial motions are granted. *See, e.g., Associated Business Telephone Sys.*, 128 F.R.D. at 66-67. Such arguments fail because alleged inconvenience or cost to a defendant does not outweigh a plaintiff's interest in protecting itself from an unsatisfied judgment. *See id.*; *Garden State Tanning*, 2000 U.S. Dist. LEXIS 11974 at *6. Further, defendants can stay execution of judgment after registration in foreign districts by posting

---

provide the requested discovery. (Exs. C & D).

a bond (which Andrew has refused to voluntarily do here). *See Associated Business Telephone Sys.*, 128 F.R.D. at 67. Should a defendant succeed on its post-trial motions, judgment can be removed from the foreign district by motion. *See id.*

In sum, to protect its interest in the judgment entered in this action, TruePosition should be allowed to register the judgment in those two judicial districts where Andrew has substantial asserts: the Northern District of Illinois and the Western District of Virginia.

## IV.   CONCLUSION

TruePosition respectfully submits that good cause exists for the registration of the judgment entered in this civil action against Andrew in Illinois and Virginia. The lack of assets in the rendering district and the presence of assets in a foreign district meets 28 U.S.C. § 1983's requirement of good cause. Therefore, TruePosition respectfully requests that the Court enter an order which allows TruePosition to register this Court's judgment of September 18, 2007, and any amendment thereto, in the foreign jurisdictions where Andrew has assets.

Respectfully submitted,

DATED: December 18, 2007         By:         /s/ James D. Heisman
                                             CONNOLLY BOVE LODGE & HUTZ LLP
                                             James D. Heisman, Esq. (#2746)
                                             1007 N. Orange Street
                                             P.O. Box 2207
                                             Wilmington, DE 19899
                                             Telephone: (302) 658-9141
                                             Facsimile: (302) 658-5614
                                             jheisman@cblh.com

                                             WOODCOCK WASHBURN LLP

Paul B. Milcetic, Esq. (pro hac vice)
Dale M. Heist, Esq. (pro hac vice)
Kathleen A. Milsark, Esq. (pro hac vice)
Daniel J. Goettle, Esq. (pro hac vice)
Amanda M. Kessel, Esq. (pro hac vice)
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TruePosition, Inc., | ) | |
| | ) | |
|     Plaintiff/ | ) | |
|     Counterclaim-Defendant, | ) | |
| | ) | Civil Action No. 05-00747(SLR) |
|     v. | ) | |
| | ) | |
| Andrew Corporation, | ) | |
| | ) | |
|     Defendant/ | ) | |
|     Counterclaim-Plaintiff. | ) | |

## ORDER

AND NOW, this _____ day of _____, _____, upon consideration of Plaintiff TruePosition's Motion For An Order Pursuant to 28 U.S.C. § 1963 Allowing The Registration of Judgment In Other Districts, and any opposition thereto, it is hereby

ORDERED that said Motion is GRANTED and TruePosition may register this Court's final judgment of September 18, 2007 and any amendment thereto, in the Northern District of Illinois and Western District of Virginia and in such other districts where TruePosition determines that Andrew Corporation has assets.

BY THE COURT

_____
Sue L. Robinson, U.S.D.J.

## CERTIFICATE OF SERVICE

I, James D. Heisman, hereby certify that on this 18th day of December, 2007, I caused a true and correct copy of the foregoing **PLAINTIFF TRUEPOSITION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1963 TO ALLOW THE REGISTRATION OF JUDGMENT IN ILLINOIS AND VIRGINIA** to be served upon the following individuals in the manner indicated below:

*Via hand-delivery*
Josy W. Ingersoll, Esq.
Young Conaway Stargatt & Taylor, LLP
100 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com

*Via e-mail*
Patrick D. McPherson, Esq.
Duane Morris LLP
1667 K Street, N.W.
Washington, DC 20006-1608
PDMcPherson@duanemorris.com

*Via e-mail*
Rachel Pernic Waldron, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
rpernicwaldron@kirkland.com

　　　　　　　　　　　　　　　　　*/s/ James D. Heisman*　　　　.
　　　　　　　　　　　　　　　　　James D. Heisman, Esq. (#2746)