# EXHIBIT D

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Michael A. Parks
To Call Writer Directly:
312 861-3211
mparks@kirkland.com

(312) 861-2000

www.kirkland.com

Direct Facsimile:
(312) 660-9781

November 20, 2007

**VIA ELECTRONIC MAIL;
CONFIRMATION VIA U.S. MAIL**

Amanda M. Kessel, Esq.
Woodcock Washburn LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891

Re: *TruePosition v. Andrew*

Dear Amanda:

I write in response to your November 9, 2007 letter.

TruePosition has no basis to take additional financial discovery of Andrew post-trial. The fact discovery period in this case spanned a full year and ended in November 2006. Andrew produced extensive financial information during the discovery period, and even supplemented its production of financial information after discovery closed, up to the trial itself. TruePosition took numerous depositions, including Rule 30(b)(6) depositions directed to financial issues. TruePosition had over a year to ask its questions about Andrew's financial status and seek all relevant financial documents. TruePosition provides no explanation for why it needs additional post-trial discovery when it has already sought and received detailed financial information from Andrew during the discovery period in the case and had a full year of fact discovery to ask and request whatever it wanted. There is no reason to reopen the discovery process now.

The three cases cited in your letter do not change the analysis. Two of them, *National Satellite Sports v. Elizondo and Greater St. Louis Construction Laborers Welfare Fund v. Blast*, involved attempts to collect on default judgments. Because they were default judgments, the plaintiffs in those cases did not have any discovery period or other opportunity to seek any financial information from the defendants. *National Satellite Sports*, 2003 WL 21507362, at *1 (N.D. Tex. April 25, 2003); *Greater St. Louis Construction Laborers Welfare Fund*, 2007 WL 2057757, at *1 (E.D. Mo. August 30, 2007). In contrast, here TruePosition had a full year to take fact discovery of Andrew, and TruePosition took extensive discovery. The third case, *BancoCentral de Paraguay v. Paraguay Humanitarian Foundation, Inc.*, also is inapplicable. There, before the plaintiff sought any discovery to enforce the judgment, the court already had

KIRKLAND & ELLIS LLP

denied post trial motions and already had denied the defendant's request to stay the judgment pending appeal. *See* 2006 WL 3456521 at *1, 9. That obviously is not the situation here.

We again request that TruePosition withdraw its "Notice of 30(b)(6) Deposition in Aid of Execution and Request for Production." If TruePosition will not agree to withdraw it, please let me know when you are available for a meet and confer.

Andrew continues to reserve all other objections to TruePosition's Notice of 30(b)(6) Deposition in Aid of Execution and Request for Production.

Very truly yours,

Michael A. Parks

Michael A. Parks

cc: Andrew Lundgren, Esq. (via email only)
James D. Heisman, Esq. (via email only)