IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUEPOSITION, INC., ) | |
| ) | |
| Plaintiff and ) | |
| Counterclaim-Defendant, ) | |
| ) | |
| v. ) | Civil Action No. 05-747-SLR |
| ) | |
| ANDREW CORPORATION, ) | |
| ) | |
| Defendant and ) | |
| Counterclaim-Plaintiff. ) | |

**ANDREW CORPORATION'S ANSWERING BRIEF
IN OPPOSITION TO TRUEPOSITION'S MOTION FOR AN ORDER
PURSUANT TO 28 U.S.C. § 1963 TO ALLOW THE REGISTRATION OF
JUDGMENT IN ILLINOIS AND VIRGINIA AND ANDREW CORPORATION'S
OPENING BRIEF IN SUPPORT OF ITS MOTION TO CLARIFY THE DOCKET**

OF COUNSEL:
John M. Desmarais, P.C.
Gregory S. Arovas, P.C.
Avinash S. Lele
Todd M. Freidman
Jason Choy
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Michael A. Parks
Rachel Pernic Waldron
Shira J. Kapplin
Regan A. Smith
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
John W. Shaw (No. 3362) [jshaw@ycst.com]
Andrew A. Lundgren (No. 4429) [alundgren@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
302-571-6600

Dated: January 10, 2008

TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................1

II. NATURE AND STAGE OF PROCEEDINGS ..................................................................2

III. SUMMARY OF ARGUMENT ............................................................................................3

IV. COUNTERSTATEMENT OF FACTS ...............................................................................4

V. ARGUMENT..........................................................................................................................5

    A. TRUEPOSITION'S MOTION FOR REGISTRATION UNDER 28 U.S.C. § 1963 SHOULD BE DENIED............................................................................................5
        1. There Is No "Final" Judgment. ..................................................................5
        2. There is No "Good Cause Shown." ............................................................6

    B. ANDREW RESPECTFULLY REQUESTS THAT THE DOCKET BE CLARIFIED TO SPECIFY NO EXECUTABLE JUDGMENT EXISTS AND THE JURY'S VERDICT REMAINS SUBJECT TO ANDREW'S PENDING EQUITABLE DEFENSES. ........................9

VI. CONCLUSION....................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Associated Business Telephone Systems corp. v. Greater Capital Corp.*,
 128 F.R.D. 63 (D.N.J. 1989) .......................................................................................... 7

*Complaint of Bakers Trust Company*,
 752 F.2d 874 (3d Cir. 1984) .......................................................................................... 8

*E.I. DuPont Nemours & Co. v. HEM Research, Inc.*,
 576 A.2d 635 (Del. Ch. Ct. 1989) ................................................................................. 7

*Fidelity Bank, National Ass'n v. Anania*,
 1991 U.S. Dist. LEXIS 15959 (E.D. Pa. Nov. 1, 1991) ................................................ 7

*Fuentes v. Shevin*,
 407 U.S. 67 (1972) ........................................................................................................ 8

*Garden State Tanning, Inc. v. Mitchell Mfg Group, Inc.*,
 2000 WL 1201372 (E.D. Pa. Aug. 4, 2000) .................................................................. 7

*Great American Insurance Co. v. Stephens*,
 2006 WL 2349991 (E.D. Pa. Aug. 11, 2006) ................................................................ 7

*Grupo Mexicano de Desarrollo v. Alliance Bond Fund, Inc.*,
 527 U.S. 308 (1999) ...................................................................................................... 7

*Henkels & McCoy, Inc. v. Adochio*,
 1997 U.S. Dist. LEXIS 11695 (E.D. Pa. July 31, 1997) ............................................... 7

*Katzir's Phone & Home Design, Inc. v. M-MLS.com*,
 394 F.3d 1143 (9th Cir. 2004) ...................................................................................... 8

**Statutes**

28 U.S.C. § 1963 .................................................................................................... passim

**Other Authorities**

Fed. R. App. P. 4(a)(4)(A) ................................................................................................ 6

Fed. R. Civ. P. 50(b) ........................................................................................................ 6

Fed. R. Civ. P. 52(a) ........................................................................................................ 6

Fed. R. Civ. P. 54(b) ........................................................................................................ 9

Fed. R. Civ. P. 59 ............................................................................................................. 6

I.  **INTRODUCTION**

Since before the jury trial began in this case, both parties have known that Andrew's equitable defenses to TruePosition's infringement and damages claims would not be heard or decided until after the jury reached its verdict. Andrew did not present its equitable defenses to the jury and the jury did not decide them, because the Court held at the pretrial conference that it would decide them following the jury trial. Despite these facts, the day after the parties completed briefing on Andrew's equitable defenses, TruePosition filed a motion with this Court to register the jury's damages award in Illinois and Virginia. TruePosition expressly seeks to begin execution and collection of damages from Andrew before the Court decides Andrew's pending equitable defenses.

TruePosition's motion for registration should be denied because it misstates the law and completely ignores the pendency of Andrew's equitable defenses, each of which is an absolute defense to TruePosition's infringement and damages claims. If any one of Andrew's equitable defenses is decided in Andrew's favor, the jury's verdict is nullified. Thus, there should be no collection of damages before the Court decides Andrew's pending equitable defenses. Nor should TruePosition be allowed to do an end-run around the Court's procedure, and secure assets to which it lacks rights. Indeed, Andrew has a constitutional due process right to have its equitable defenses heard and decided before TruePosition can register a claim against Andrew's assets.

In addition, TruePosition's motion once again misconstrues the Court's docket entry D.I. 308 to argue a collectible judgment exists. Shortly after trial, TruePosition misconstrued D.I. 308 in an effort to block Andrew from presenting its equitable defenses to the Court. The Court rejected TruePosition's argument then and should reject it again now. Just as TruePosition had no basis to try to stop the Court from considering Andrew's equitable defenses, TruePosition

1

also has no basis to try to collect $45.3 million from Andrew before the Court decides Andrew's equitable defenses.

To prevent TruePosition from further misconstruing the Court's docket, Andrew concurrently moves to have D.I. 308 clarified to specify that no executable judgment exists, and the jury's verdict remains subject to Andrew's pending equitable defenses.

## II. NATURE AND STAGE OF PROCEEDINGS

TruePosition accused Andrew of infringing U.S. Patent No. 5,327,144. D.I. 1. In response to TruePosition's Complaint, Andrew pled affirmative defenses, including the equitable defenses of equitable estoppel, implied license and unclean hands. D.I. 38. Each of Andrew's equitable defenses is an absolute defense to each of TruePosition's claims.

On September 14, 2007, a jury found that Andrew literally infringed TruePosition's '144 patent and awarded TruePosition damages. Andrew has filed a renewed motion for judgment as a matter of law with respect to the jury's verdict, and that motion is pending. See D.I. 318 (motion); D.I. 327 (brief in support).

Andrew's equitable defenses were not tried to the jury, because the Court held it would decide them following the jury trial. JA237:11-238:16.[1] Following trial, the Court set a briefing schedule for Andrew's equitable defenses, and the parties completed briefing on December 17, 2007. Andrew's equitable defenses remain pending before the Court.

On December 18, 2007, the day after the parties completed their briefing, TruePosition filed the present motion for an Order to register the jury's verdict as an executable judgment in Illinois and Virginia, even though the Court has not decided Andrew's equitable defenses.

---

[1] "JA###" citations are cross-references to Andrew's Appendix for its Brief in Support of its Renewed Motion for Judgments as a Matter of Law (D.I. 331-332).

2

TruePosition's motion does not explain how it can register or execute on a damages claim before Andrew's defenses to the claim are heard.

### III. SUMMARY OF ARGUMENT

1. TruePosition has no basis to seek registration under 28 U.S.C. § 1963, which only allows registration of a judgment in two instances: (a) if "the judgment has become final"; or (b) "when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963.

2. No final judgment exists, and TruePosition makes no argument to the contrary.

3. TruePosition's "good cause" arguments fail because there is not even an executable or collectible judgment in this case. TruePosition's motion is both procedurally and equitably improper because Andrew's equitable defenses to TruePosition's infringement and damages claims have not been decided yet.

   a. TruePosition does not — because it cannot — cite any authority to support its position that it can register or collect on a claim before Andrew's affirmative defenses to the claim are heard and decided; indeed, case law is to the contrary.

   b. It is inequitable for TruePosition to be allowed to circumvent the Court's procedure to place a premature lien on Andrew's assets. Indeed, Andrew has a constitutional due process right to have its affirmative defenses to TruePosition's claims heard and decided before TruePosition can register a claim against Andrew's assets.

4. TruePosition's basis for its 28 U.S.C. § 1963 request misconstrues the Court's docket entry D.I. 308. TruePosition previously misconstrued this same docket entry in an unsuccessful effort to prevent Andrew from presenting its equitable defenses to the Court. To prevent TruePosition from further misconstructions of D.I. 308, Andrew respectfully requests that the docket entry be clarified to specify there is no executable judgment and the jury's verdict is subject to Andrew's equitable defenses.

3

IV. **COUNTERSTATEMENT OF FACTS**

Andrew has equitable defenses pending for each claim the jury decided in TruePosition's favor. If any of Andrew's equitable defenses is decided in its favor, the jury's verdict is nullified.

Andrew's equitable defenses relate to TruePosition's conduct regarding UTDOA standardization. They present the equitable issue of whether TruePosition should be allowed to enforce the '144 patent against Andrew given: (a) TruePosition's position that the '144 patent is essential to the UTDOA/SDCCH option in the GSM standard; (b) TruePosition's knowing refusal to declare the patent as essential to the standards body; and (c) TruePosition's stance that its patent prevents everyone but TruePosition from practicing the standardized UTDOA/SDCCH option. D.I. 325.

Since before the jury trial began in this case, TruePosition has known the Court would decide Andrew's equitable defenses following the jury trial. Indeed, the Court specified at the pretrial conference that Andrew's equitable defenses would be presented to the Court and decided after, and separate from, the jury trial. JA237:11-238:16.

Nonetheless, following the jury trial, TruePosition argued Andrew had no right to present its equitable defenses to the Court. TruePosition relied on a September 17, 2007 docket entry titled "Judgment in a Civil Case," which says: "For the reasons stated in the jury verdict of September 14, 2007, IT IS ORDERED AND ADJUDGED that judgment be and is hereby entered in favor of TruePosition, Inc. and against defendant Andrew Corporation." D.I. 308. TruePosition argued this docket entry constituted a "judgment in TruePosition's favor" that prevented Andrew from presenting its equitable defenses. B75. The Court rejected TruePosition's argument and held Andrew's equitable defenses should proceed forward for resolution by the Court. D.I. 324.

TruePosition is now back before the Court, relying on and misconstruing the same docket entry as before to argue it has an executable judgment against Andrew, and that it should be allowed to register and execute the judgment in Illinois and Virginia. D.I. 355 at 2. TruePosition does not explain how it can register and execute a "judgment" against Andrew before Andrew's defenses are heard. Nor does TruePosition acknowledge that the Court previously rejected TruePosition's attempt to misconstrue this docket entry in the same manner it uses in its current motion.

## V.    ARGUMENT

### A.    TRUEPOSITION'S MOTION FOR REGISTRATION UNDER 28 U.S.C. § 1963 SHOULD BE DENIED.

TruePosition has no basis to seek registration under 28 U.S.C. § 1963. First, there is no final judgment. Second, there is no "good cause" because Andrew's equitable defenses to TruePosition's claims have not been decided yet, and therefore TruePosition does not — and cannot — have an executable judgment against Andrew. Indeed, registration of the judgment would deprive Andrew of due process. In addition, TruePosition misconstrues D.I. 308 when it asserts that the entry allows TruePosition to collect damages before all of Andrew's remaining equitable defenses are decided. Andrew thus moves concurrently to clarify the docket so that TruePosition can no longer misconstrue it.

#### 1.    There Is No "Final" Judgment.

The first instance in which registration of a judgment can be effected under 28 U.S.C. § 1963 is where "the judgment has become final by appeal or expiration of the time for appeal." 28 U.S.C. § 1963. TruePosition does not — because it cannot — argue that any judgment has

become final.2 Because there is no final judgment, there can be no registration under the "final judgment" prong of 28 U.S.C. § 1963. *See also* Fed. R. Civ. P. 52(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies.").

### 2. There is No "Good Cause Shown."

The only other instance in which registration of a judgment can be effected under 28 U.S.C. § 1963 is "when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963. Here, there is no "good cause shown," either procedurally or equitably.3

<p style="padding-left: 2em;">a.  <u>There Can Be No Judgment For TruePosition To Register Until The Court Decides Andrew's Pending Equitable Defenses.</u></p>

As a threshold issue, TruePosition's motion is procedurally improper because the jury's verdict did not provide TruePosition with an executable judgment.4 Andrew still has three

---

2    TruePosition does not — and cannot — even argue that the time for appeal has begun to run. *See, e.g.,* Fed. R. App. P. 4(a)(4)(A) (the "time to file an appeal runs for all parties from the entry of the order disposing of the last [] remaining motion" under, *inter alia,* Fed. R. Civ. P. 50(b) or Fed. R. Civ. P. 59).

3    TruePosition's stated reason for seeking registration under 28 U.S.C. § 1963 is that it is "concerned about the security of its judgment" due to CommScope's acquisition of Andrew. D.I. 355 at 4. TruePosition's concern is unfounded. Andrew remains a separate legal entity after the acquisition. *See* B1-75 at *e.g.,* B9. TruePosition cannot be heard to complain about the security of a $45.3 million damages claim against Andrew, when TruePosition argued to the Court in its post-trial motions that Andrew could satisfy a triple damages award of $135.9 million. D.I. 315 at 8 (opening brief); D.I. 344 at 9-10 (reply brief).

4    Thus, contrary to the implications in TruePosition's brief, there is no need for Andrew to have moved for a stay of execution. *See* D.I. 355 at 2-3. Similarly, TruePosition's arguments regarding Andrew's refusal to proffer a witness for a Rule 30(b)(6) deposition "in aid of execution" are irrelevant and unfounded. TruePosition has no basis to seek additional financial discovery from Andrew (*see* D.I. 335 at 4 n.1), because there is no executable judgment, and also because TruePosition already has had the opportunity to seek whatever financial discovery it desired during the year-long discovery period in this case. Indeed, TruePosition already took numerous financial depositions, including Rule 30(b)(6) depositions, as well as individual depositions of Andrew's financial personnel. Moreover, at
<div style="text-align: right;">(Continued...)</div>

equitable defenses pending before the Court: equitable estoppel, implied license and unclean hands. Each of Andrew's equitable defenses is an absolute defense to each of TruePosition's claims. If Andrew prevails on any one of its equitable defenses, the jury's verdict will be nullified.

TruePosition does not cite a single case supporting its position that it should be allowed to collect $45.3 million, or register a claim to it, before the Court decides Andrew's pending equitable defenses. Rather, in every 28 U.S.C. § 1963 case TruePosition cites, *all* claims had been decided *before* the plaintiff moved to register the judgments. *See, e.g., Associated Business Telephone Systems corp. v. Greater Capital Corp.*, 128 F.R.D. 63, 64-65 (D.N.J. 1989); *Great American Insurance Co. v. Stephens*, 2006 WL 2349991, *1 (E.D. Pa. Aug. 11, 2006); *Garden State Tanning, Inc. v. Mitchell Mfg Group, Inc.*, 2000 WL 1201372, *1 (E.D. Pa. Aug. 4, 2000); *Henkels & McCoy, Inc. v. Adochio*, 1997 U.S. Dist. LEXIS 11695, *3 (E.D. Pa. July 31, 1997); *Fidelity Bank, National Ass'n v. Anania*, 1991 U.S. Dist. LEXIS 15959, *1-2 (E.D. Pa. Nov. 1, 1991). None of the cases holds registration under 28 U.S.C. § 1963 is permissible where, as here, affirmative defenses remain pending.

To the contrary, *de facto* prejudgment security liens are not permitted. *See, e.g., Grupo Mexicano de Desarrollo v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) (holding federal court has no authority to freeze a defendant's funds with a preliminary injunction to ensure satisfaction of a future judgment); *E.I. DuPont Nemours & Co. v. HEM Research, Inc.*, 576 A.2d 635, 638-40 (Del. Ch. 1989) (no jurisdiction to issue preliminary injunction preventing defendant from dissipating its assets where purpose of plaintiff's requested relief was to make assets

---

TruePosition's request, Andrew continued to update its production of financial documents up to trial. *See, e.g.,* Exhibits C and D to TruePosition's motion.

available for potential future judgment; noting that, "the anticipatory desire to aid the enforcement of a possible future decree" was not enough).

<blockquote>

b. <u>Registration Would Be Inequitable Because It Would Circumvent the Court's Post-Trial Procedure and Would Deprive Andrew of Its Due Process Right to Be Heard.</u>

</blockquote>

The Court made clear at the pretrial conference that it would decide Andrew's equitable defenses following the jury trial. JA237:11-238:16. After the trial ended, the Court even specifically entered an order setting a briefing schedule for the equitable defenses. D.I. 324. TruePosition has thus known all along it cannot execute on any verdict until after the Court rules on Andrew's equitable defenses. TruePosition should not be allowed to do an end-run around the Court's equitable defenses procedure in order to lay claim to assets to which it lacks rights.

Moreover, the fundamental equities described in the above paragraph transcend this case — there are constitutional implications to TruePosition's motion. More specifically, Andrew has a fundamental due process right to be heard on its affirmative equitable defenses, and to have those defenses decided *before* TruePosition can collect $45.3 million, or even register a claim to the money. *Complaint of Bakers Trust Company*, 752 F.2d 874, 890 (3d Cir. 1984) ("Due process mandates that a judicial proceeding give all parties an opportunity to be heard on the *critical and decisive allegations* which go to the core of the parties' claim or defense and to present evidence on the contested facts.") (emphasis in original); *Katzir's Phone & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1149-1150 (9th Cir. 2004) ("Due process guarantees that any person against whom a claim is asserted in a judicial proceeding shall have the opportunity to be heard and to present his defenses.") (citations and internal quotations omitted); *see also Fuentes v. Shevin*, 407 U.S. 67, 80 (1972) ("For more than a century the central meaning of procedural due process has been clear: Parties whose rights are to be affected are entitled to be heard...") (citations and internal quotations omitted). It would violate Andrew's due process

8

rights to allow TruePosition to register a $45.3 million claim against Andrew's assets before Andrew's defenses to that claim are decided. Such a due process violation would be inequitable, and TruePosition's motion should be denied.

    **B.    ANDREW RESPECTFULLY REQUESTS THAT THE DOCKET BE CLARIFIED TO SPECIFY NO EXECUTABLE JUDGMENT EXISTS AND THE JURY'S VERDICT REMAINS SUBJECT TO ANDREW'S PENDING EQUITABLE DEFENSES.**

TruePosition hinges its motion on D.I. 308, which is titled "Judgment in a Civil Case." D.I. 308 was entered following the jury's verdict and before the Court set a briefing schedule for Andrew's equitable defenses. As explained above, there can be no executable, collectible or enforceable judgment in this case until the Court decides Andrew's equitable defenses. D.I. 308 is not to the contrary, as it only relates to the issues the jury decided. See D.I. 308; *cf.* Fed. R. Civ. P. 54(b) ("…any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

This is the second time TruePosition has misconstrued D.I. 308. The first time, TruePosition argued D.I. 308 constituted a "judgment in TruePosition's favor" that prevented Andrew from briefing its equitable defenses. B75. The Court rejected TruePosition's argument. D.I. 324. In its current motion, TruePosition misconstrues D.I. 308 to imply it allows TruePosition to collect on a damages claim before Andrew's defenses to the claim are decided.

Andrew is concerned TruePosition will continue to misconstrue D.I. 308 to argue it represents adjudication of all claims, as TruePosition has done twice already. Andrew therefore respectfully requests that D.I. 308 be clarified to specify no executable judgment exists and the jury's verdict remains subject to Andrew's pending equitable defenses.

## VI. CONCLUSION

For all of the foregoing reasons, Andrew respectfully requests that the Court deny TruePosition's motion for registration under 28 U.S.C. § 1963, and grant Andrew's motion to clarify the docket.

Respectfully submitted,

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ Andrew A. Lundgren
_____
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
302-571-6600
*alundgren@ycst.com*

*Attorneys for Defendant Andrew Corporation*

OF COUNSEL:

John M. Desmarais, P.C.
Gregory S. Arovas, P.C.
Avinash S. Lele
Todd M. Friedman
Jason Choy
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Michael A. Parks
Rachel Pernic Waldron
Shira J. Kapplin
Regan A. Smith
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Dated: January 10, 2008

10

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on January 10, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>James D. Heisman, Esquire
>Connolly, Bove, Lodge & Hutz
>The Nemours Building
>1007 North Orange Street
>P.O. Box 2207
>Wilmington, DE 19899
>(302) 658-9141
>Email: jheisman@cblh.com

I further certify that on January 10, 2008, I caused a copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following in the manner indicated:

**BY ELECTRONIC MAIL**

>Paul B. Milcetic, Esq. [pmbilcet@woodcock.com]
>Daniel J. Goettle, Esq. [dgoettle@woodcock.com]
>Woodcock Washburn LLP
>Circa Centre, 12th Floor
>2929 Arch Street
>Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/ Andrew A. Lundgren_
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
alundgren@ycst.com
*Attorneys for Defendant Andrew Corporation*