IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TruePosition, Inc., | ) | |
| | ) | |
|     Plaintiff/ | ) | |
|     Counterclaim-Defendant, | ) | |
| | ) | Civil Action No. 05-00747(SLR) |
|     v. | ) | |
| | ) | |
| Andrew Corporation, | ) | |
| | ) | |
|     Defendant/ | ) | |
|     Counterclaim-Plaintiff. | ) | |
| | ) | |

**TRUEPOSITION'S REPLY IN SUPPORT OF ITS MOTION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1963 TO ALLOW THE
REGISTRATION OF JUDGMENT IN ILLINOIS AND VIRGINIA
AND RESPONSE TO ANDREW'S MOTION TO CLARIFY THE DOCKET**

CONNOLLY BOVE LODGE & HUTZ LLP
James D. Heisman, Esq. (#2746)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614
jheisman@cblh.com

WOODCOCK WASHBURN LLP
Paul B. Milcetic, Esq. (*pro hac vice*)
Dale M. Heist, Esq. (*pro hac vice*)
Kathleen A. Milsark, Esq. (*pro hac vice*)
Daniel J. Goettle, Esq. (*pro hac vice*)
Amanda M. Kessel, Esq. (*pro hac vice*)
Cira Center, 12th Floor
2929 Arch Street
Philadelphia, PA 19103
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 1

II. ARGUMENT .............................................................................................................. 2

    A. The Court Properly Entered a Judgment that Needs No "Clarification" ................ 2

    B. Andrew's Due Process Is Not Violated If an Order Allowing Registration of the Judgment Is Granted ............................................................................... 4

    C. TruePosition's Motion Should Be Granted Because Andrew Has Failed to Rebut TruePosition's Showing that "Good Cause" Exists and Has Refused to Provide the Normal Security Required to Postpone Execution ......................... 6

III. CONCLUSION ........................................................................................................... 8

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Associated Business Telephone Systems v. Greater Capital Corp.*,
   128 F.R.D. 63 (D.N.J. 1989) .................................................................................. 3, 5, 6

*Columbia Pictures Indus. v. Krypton Broad. of Birmingham, Inc.*,
   259 F.3d 1186 (9th Cir. 2001) ...................................................................................... 2

*Complaint of Bankers Trust Co.*,
   752 F.2d 874 (3d Cir. 1984) .......................................................................................... 5

*Fuentes v. Shevin*,
   407 U.S. 67 (1972) ......................................................................................................... 5

*Garden State Tanning, Inc. v. Mitchell Manufacturing Group, Inc.*,
   2000 U.S. Dist. LEXIS 11974 (E.D. Pa. Aug. 4, 2000) ............................................. 3

*Grupo Mexicano de Desarrollo v. Alliance Bond Fund, Inc.*,
   527 U.S. 308 (1999) ................................................................................................... 3, 4

*Katzir's Floor & Home Design, Inc. v. M-MLS.com*,
   394 F.3d 1143 (9th Cir. 2004) ..................................................................................... 5

*Lankler Siffert & Wohl LLP v. Rossi*,
   Case No. 02 Civ. 10055 (RWS), 2004 U.S. Dist. LEXIS 13581 (S.D.N.Y.
   July 23, 2004) ................................................................................................................. 6

*Spray Drift Task Force v. Burlington Bio-Medical Corp.*,
   429 F. Supp. 2d 49 (D.D.C. 2006) ........................................................................... 4, 7

*Tolnay v. Wearing*,
   Case No. 3:02 CV 1514 (EBB), 2007 U.S. Dist. LEXIS 79448 (D. Conn. Oct.
   25, 2007) .......................................................................................................................... 5

*United States v. D'Elegance Management Ltd.*,
   Case Nos. 98-2758, 98-2852 and 99-1437, 2000 U.S. App. LEXIS 16173 (4th
   Cir. July 13, 2000) ......................................................................................................... 6

## STATE CASES

*E.I. DuPont Nemours & Co. v. HEM Research, Inc.*,
   576 A.2d 635 (Del. Ch. 1989) ...................................................................................... 4

## FEDERAL STATUTES AND RULES

28 U.S.C. § 1963 ............................................................................................................... *passim*

Fed. R. Civ. P. 62(a) ................................................................................................................... 2

Fed. R. Civ. P. 62(b) ............................................................................................................... 3, 5

Fed. R. Civ. P. 69(a)(2) ............................................................................................................... 7

I.  **INTRODUCTION**

Andrew's Opposition to TruePosition's Motion for an Order Pursuant to 28 U.S.C. § 1963 to Allow the Registration of Judgment in Illinois and Virginia is significant only in what it fails to do. Andrew does not dispute two key facts; namely, that it does not have assets in Delaware sufficient to satisfy the $45,300,000 judgment, and that only in either Illinois or Virginia does it have assets sufficient to satisfy this judgment. Andrew also fails to adequately explain why it has refused to post a bond sufficient to cover TruePosition's judgment and why it has refused to provide discovery related to the location of its assets. These facts unequivocally establish that "good cause" exists pursuant to 28 U.S.C. § 1963 such that TruePosition's motion should be granted.

Faced with these unassailable facts, Andrew wrongly argues that the judgment is "not executable" because certain affirmative defenses are pending, and asks the Court to "clarify" the corresponding docket entry to reflect that "no executable judgment exists." Andrew also erroneously argues that allowing registration would somehow violate Andrew's due process rights.

Andrew's position is without merit because it ignores:

a) the plain language of the judgment;

b) the plain language of 28 U.S.C. § 1963 which makes no distinction between "types" of judgments;

c) the fact that Andrew has cited absolutely no case law to support its interpretation of 28 U.S.C. § 1963;

d) the fact that Andrew was afforded the opportunity to present its case over a two week period to the Court and the jury; and

e)     the Federal Rules of Civil Procedure and 28 U.S.C. § 1963, which together specifically provide a framework for the collection of judgments under the circumstances of this case.

TruePosition does nothing more than take the steps necessary to protect its $45,300,000 judgment against a repeat willful infringer – and these steps are specifically authorized by the Federal Rules of Civil Procedure, 28 U.S.C. § 1963 and case law.

## II.    ARGUMENT

### A.    The Court Properly Entered a Judgment that Needs No "Clarification"

The judgment entered became "enforceable ten days after [it was] entered." *Columbia Pictures Indus. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001) (citing Fed. R. Civ. P. 62(a)). After the expiration of the 10-day period, TruePosition became entitled to execute on this judgment and became a judgment creditor. *See id.* ("At that time, a prevailing plaintiff is entitled to execute upon a judgment."). Outside of this briefing and in its financial disclosures Andrew essentially has admitted this:

> As a result of the jury verdict in the case, we have recorded a $45 million pre-tax charge to our earnings in the fourth quarter of fiscal 2007, which is our reasonable estimate of the probable loss if we are not successful with our post-verdict motions and, if necessary, appeal and the jury verdict is not reduced, set aside or overturned.

Andrew's Form 10-K, dated Nov. 21, 2007 at 14, available at http://www.sec.gov/Archives/edgar/data/317093/000119312507251888/0001193125-07-251888-index.htm. Thus, although Andrew has admitted to its investors that the jury found against it and has accounted for a $45,000,000 judgment, Andrew has failed to move for a stay of execution

2

and continues to refuse to provide TruePosition with any bond to secure the judgment or even any discovery to assure TruePosition that this judgment will be satisfied.

Instead, Andrew seeks to frustrate TruePosition's rights by wrongly contending that the judgment is not "executable" because three affirmative defenses are pending. (D.I. 360 at 6-7).[1] Andrew reasons that if it prevails on any one of these three defenses, then the jury's verdict is "nullified." (*Id.* at 7). However, this situation is no different than that considered by the court in *Associated Business Telephone Sys. v. Greater Capital Corp.*, 128 F.R.D. 63 (D.N.J. 1989) (granting motion to find good cause so as to allow plaintiff to register judgment and denying motion to enter "final judgment"). There the defendant opposed plaintiff's motion to register its judgment because the judgment was subject to several undecided post-trial motions and no final judgment had been entered. *Id.* at 66-67. There, as here, the defendant refused to post a bond and maintained that registration of the judgment was inappropriate until there was a final disposition of the matter. *Id.* at 67. The court rejected this argument because, *inter alia*, a plaintiff's interest in protecting its judgment trumps inconvenience to a defendant, and because a ***defendant can postpone execution by posting a bond***. *See id.* at 67-68; *see also* Fed. R. Civ. P. 62(b); *Garden State Tanning, Inc. v. Mitchell Mfg. Group, Inc.*, 2000 U.S. Dist. LEXIS 11974 at *6 (E.D. Pa. Aug. 4, 2000).

In further support of its argument that the judgment is not executable, Andrew cites two cases for the proposition that a court may not authorize a *de facto* security lien – *Grupo Mexicano de Desarrollo v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999)

---

[1] As set forth in TruePosition's Opposition to Andrew's Post-Trial Brief in Support of Its Remaining Equitable Defenses, TruePosition does not believe that any affirmative defenses survive the jury's findings and verdict. (D.I. 340).

3

and *E.I. DuPont Nemours & Co. v. HEM Research, Inc.*, 576 A.2d 635, 638-40 (Del. Ch. 1989). Both cases are irrelevant to the issue at hand. *Grupo* addresses a situation where a plaintiff is seeking equitable injunctive relief while TruePosition seeks to protect its interest in a money judgment already rendered. *See* 527 U.S. at 318-19. As *Grupo* acknowledges, "as a general rule, a creditor's bill could be brought only by a creditor who had already obtained a judgment establishing the debt." *See id.* at 319. Here, TruePosition has already obtained a judgment establishing Andrew's liability for $45,300,000 and seeks an order allowing it to register this judgment in foreign jurisdictions.

In *E.I. DuPont*, the plaintiff moved for a preliminary injunction that would restrain the disposition of assets to satisfy an *anticipated future* money judgment. *See* 576 A.2d at 636, 639. Again, TruePosition has an *already existing* money judgment that it seeks to register in foreign jurisdictions and thus, *E.I. DuPont* is inapplicable.

Finally, the language of Section 1963 is unambiguous and does not make any distinction between different "types" of judgments. "The statute's plain meaning is that a *judgment* may be registered when it has become final or, *at any other time*, for good cause shown." *Spray Drift Task Force v. Burlington Bio-Medical Corp.*, 429 F. Supp. 2d 49, 51 (D.D.C. 2006) (emphasis added).

In sum, D.I. 308 is an executable judgment and does not need clarification.

**B.     Andrew's Due Process Is Not Violated If an Order Allowing Registration of the Judgment Is Granted**

Andrew next argues that it would be inequitable to allow TruePosition to register the judgment because it would "circumvent" the Court's post-trial briefing procedure and would "deprive Andrew of its due process right to be heard." (D.I. 360 at 8). This is

4

nonsense. TruePosition is not seeking extraordinary relief that would somehow get around established rules or procedures, and Andrew has not been deprived of its right to be heard in this case.[2]

Although Andrew misleadingly conflates the two, registration is not the same as execution. *Tolnay v. Wearing*, Case No. 3:02 CV 1514 (EBB), 2007 U.S. Dist. LEXIS 79448, *7 (D. Conn. Oct. 25, 2007) ("[W]hile registering the judgment in South Carolina may be a preliminary step that makes execution on the judgment possible, registration in another state is not the same thing as execution."). As set forth in TruePosition's opening brief, Andrew can stay the execution of judgment after registration simply by posting a bond. *See Associated Bus. Telephone Sys.*, 128 F.R.D. at 67; Fed. R. Civ. P. 62(b). Should Andrew succeed on any of its post-trial motions, the judgment can be removed from the foreign districts by motion. *See id.*

The due process cases cited by Andrew do not compel a different result. These decisions stand for the unremarkable proposition that a party has a constitutional right to present its case. For example, *Complaint of Bankers Trust Co.*, 752 F.2d 874 (3d Cir. 1984) involved a situation where certain evidentiary rulings prevented a party from fully presenting her case. *Id.* at 890-91. *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143 (9th Cir. 2004) addresses whether judgment debtors can be added when those debtors have not taken *any* part in litigation itself. *Id.* at 1148-50. Finally, *Fuentes v. Shevin*, 407 U.S. 67 (1972), addressed whether seizure statutes are constitutional. *Id.*

---

[2] Andrew asserts that "the Court previously rejected TruePosition's attempt to misconstrue [D.I. 308]." (D.I. 360. at 5). This argument is nothing more than a red herring; the Court did not hold that the judgment cannot be registered in foreign jurisdictions pursuant to section 1963.

5

at 79-80. Here, Andrew has not been denied the opportunity to present its case – in fact, Andrew presented its case to the jury (and the Court) for two weeks.[3] Thus, the cases cited by Andrew are off the mark and do not establish that allowing registration would violate Andrew's rights in any way.

    **C. TruePosition's Motion Should Be Granted Because Andrew Has Failed to Rebut TruePosition's Showing that "Good Cause" Exists and Has Refused to Provide the Normal Security Required to Postpone Execution**

Andrew does not dispute that good cause is established upon a "mere showing" that a defendant has substantial property in the foreign district and insufficient property in the rendering district to satisfy the judgment. *See e.g., Associated Bus. Telephone Sys.*, 128 F.R.D. at 66; *United States v. D'Elegance Mgmt. Ltd.*, Case Nos. 98-2758, 98-2852 and 99-1437, 2000 U.S. App. LEXIS 16173, *28 (4th Cir. July 13, 2000); *Lankler Siffert & Wohl LLP v. Rossi*, Case No. 02 Civ. 10055 (RWS), 2004 U.S. Dist. LEXIS 13581, *3, *5 (S.D.N.Y. July 23, 2004) (finding good cause when defendant failed to rebut showing of insufficient property in the rendering state). Andrew also does not dispute that it has insufficient assets in Delaware, but sufficient assets in Illinois and Virginia, to satisfy the $45,300,000 judgment. This fact alone satisfies the "good cause" requirement of section 1963. *See Associated Bus. Telephone Sys.*, 128 F.R.D. at 66. But Andrew's refusal to identify the location of its assets and refusal to voluntarily post a bond further supports TruePosition's legitimate concern in protecting its judgment.

---

[3] Andrew's opposing brief also mischaracterizes what was presented to and decided by the jury. Andrew states that "Andrew's equitable defenses were not tried to the jury." (D.I. 360. at 2). However, the jury heard and rejected Andrew's defenses of fraud and promissory estoppel, which, as Andrew's counsel admitted, are based on the same set of facts as its other standards-based defenses. (D.I. 272 at 13:6-14).

6

First, TruePosition sought to depose a 30(b)(6) witness and served document requests in aid of execution to determine the location of Andrew's bank accounts and other cash assets, but Andrew refused to provide this information. Federal Rule of Civil Procedure 69(a)(2) expressly authorizes the discovery that Andrew refuses to provide and contains no proviso (contrary to Andrew's assertion at D.I. 360 at 6 n.4) that such discovery is only available if financial depositions did not otherwise occur during the life of the litigation. Second, just because a company currently has sufficient assets to satisfy a judgment does not mean that the company will not dispose of or otherwise lose these assets in the future. As a creditor, TruePosition is entitled to record and secure its judgment to ensure payment (or to ensure its rightful place in the queue of other creditors) should anything financially detrimental occur with Andrew.[4] Finally, courts have recognized that the obvious solution for judgment debtors wishing to avoid execution while post-trial motions are pending is the posting of a bond – something Andrew has outright refused to do. *See Spray Drift Task Force*, 429 F. Supp. 2d at 51 (granting motion for order allowing registration and noting that "despite the obvious opportunity to do so created by the filing of this petition, [defendant] has offered no assurances that it will pay the Award or comply with the court-ordered bond").

Thus, Andrew has presented no argument (nor posted any security) that would prevent the Court from granting TruePosition's motion.

---

[4] Thus, Andrew's argument (D.I. 360. at 6 n.3) that TruePosition is not allowed to argue for enhancement on the one hand and take steps to secure its judgment on the other hand is wrong.

III. CONCLUSION

TruePosition filed this motion to protect its interest in the $45,300,000 judgment. For the reasons set forth above and in its opening brief, TruePosition respectfully submits that good cause exists under 28 U.S.C. § 1963 for an order allowing the registration of this judgment in Illinois and Virginia. For the foregoing reasons, TruePosition also respectfully submits that Andrew's Motion to Clarify the Docket should be denied.

Respectfully submitted,

DATED: January 22, 2008     By:     /s/ James D. Heisman
CONNOLLY BOVE LODGE & HUTZ LLP
James D. Heisman, Esq. (#2746)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614
jheisman@cblh.com

WOODCOCK WASHBURN LLP
Paul B. Milcetic, Esq. (pro hac vice)
Dale M. Heist, Esq. (pro hac vice)
Kathleen A. Milsark, Esq. (pro hac vice)
Daniel J. Goettle, Esq. (pro hac vice)
Amanda M. Kessel, Esq. (pro hac vice)
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

## CERTIFICATE OF SERVICE

I, James D. Heisman, hereby certify that on this 22nd day of January, 2008, I caused a true and correct copy of the foregoing TRUEPOSITION'S REPLY IN SUPPORT OF ITS MOTION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1963 TO ALLOW THE REGISTRATION OF JUDGMENT IN ILLINOIS AND VIRGINIA AND RESPONSE TO ANDREW'S MOTION TO CLARIFY THE DOCKET to be served upon the following individuals in the manner indicated below:

*Via hand-delivery*
Josy W. Ingersoll, Esq.
Young Conaway Stargatt & Taylor, LLP
100 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com

*Via e-mail*
Patrick D. McPherson, Esq.
Duane Morris LLP
1667 K Street, N.W.
Washington, DC 20006-1608
PDMcPherson@duanemorris.com

*Via e-mail*
Rachel Pernic Waldron, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
rpernicwaldron@kirkland.com

　　　　　　　　　　　　　　　　　　*/s/ James D. Heisman*　　　　　.
　　　　　　　　　　　　　　　　　　James D. Heisman, Esq. (#2746)

587721