IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUEPOSITION INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-747-SLR |
| | ) |
| ANDREW CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 23rd day of January, 2008, having reviewed several motions currently pending in this case;

IT IS ORDERED that plaintiff's motion for an order to allow the registration of judgment in other districts (D.I. 354) is denied; plaintiff's motion to strike certain evidence contained in defendant's post-trial briefing (D.I. 357) is granted; defendant's motion to clarify the docket (D.I. 359) is granted; and defendant's motion to reopen the record on equitable issues being tried to the court (D.I. 362) is denied; for the reasons that follow:

1. At the pre-trial conference, the court informed the parties that defendant's equitable claims[1] would be tried to the court. Defendant's counsel represented that the same evidence would be presented to the jury in connection with defendant's fraud

---

[1] Defendant pled, as affirmative defenses, equitable estoppel, implied license, and unclean hands; equitable estoppel and implied license were asserted as counterclaims. (D.I. 48)

claim as would be needed for the court to adjudicate defendant's equitable defenses.[2]

2. A jury trial was held between September 4 and 14, 2007 on plaintiff's claims of patent infringement and defendant's fraud and promissory estoppel counterclaims. On September 14, 2007, the jury returned a verdict in favor of plaintiff on each asserted claim. On September 17, 2007, the court entered "Judgment in a Civil Case" stating that, "[f]or reasons stated in the jury verdict," judgment is entered in favor of plaintiff. (D.I. 308) At that time, defendant's equitable defenses were still pending before the court, as confirmed by: (1) the court's October 17, 2007 e-mail response to defendant's request for guidance regarding a post-trial briefing schedule on defendant's equitable defenses; and (2) the court's October 19, 2007 order providing such a briefing schedule (D.I. 324).

3. On October 17, 2007, following a flurry of e-mails from the parties (in which plaintiff suggested that defendant had waived any opportunity to brief its equitable defenses following the expiration of the ten-day window for filing motions for judgment as a matter of law), the court informed the parties of its "recollection that there were two equitable issues that were going to be presented post-trial **based on the factual record created at trial**: equitable estoppel and implied license. If that is the case, the parties should follow the Judge's procedure for [post-trial briefing]. . . . Please note that the Judge will expect one brief for both issues[.]"[3] Defendant filed its brief in support of

---

[2]Counsel stated, "I think it's all going to be the same evidence. I don't think there's going to be a need for additional things that would go separately to your Honor, except to a very minor – in very minor instances, because there is a fraud claim going to the jury, and the fraud claim requires all the same proof as equitable estoppel."

[3]The court omitted defendant's unclean hands defense at that time.

its equitable defenses on November 2, 2007 (D.I. 325); plaintiff submitted an answering brief on December 3, 2007 (D.I. 340).

4. On December 18, 2007, after briefing on defendant's equitable defenses had concluded, plaintiff filed its motion for an order to allow the registration of the court's judgment in the Northern District of Illinois and the Western District of Virginia "in order to protect its interest in its judgment entered in this action." (D.I. 354, 355 at 1) Pursuant to 28 U.S.C. § 1963,

> a judgment in any action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of time for appeal or when ordered by the court that entered the judgment for good cause shown.

Section 1963 provides that judgments may be registered in another district court only where such judgment is "final." Even more fundamentally, section 1963 does not contemplate the filing of a motion in the district court issuing judgment to allow registration in other courts. Notwithstanding, registration is inappropriate insofar as defendant's equitable defenses are still pending before the court – defenses which, if proven, could nullify plaintiff's damages award. Plaintiff's motion (D.I. 354), therefore, is denied. Defendant's motion to clarify the docket to reflect that the jury's verdict remains subject to its equitable defenses (D.I. 359) is granted. The court will address the merits of these defenses in due course.

5. Plaintiff has also moved to strike the following pieces of evidence contained in defendant's post-trial briefs: (1) a letter from ETSI to plaintiff dated October 19, 2007; (2) a declaration of Oskar Magnusson, defendant's business director, in support of the ETSI letter; (3) a declaration of Dieter Kaiser, former chairman of the ETSI Board,

executed November 14, 2007; and (4) a document entitled "Draft decisions and actions from GA#50," or the ETSI 50th General Assembly meeting held in France in November 2007, dated December 5, 2007.  Defendant asserts that this evidence directly calls into question the veracity of statements introduced by plaintiff at trial; the time for gathering and presenting rebuttal evidence, however, has come and gone.  This evidence post-dates the jury verdict and, because it was not part of "the factual record created at trial," was not permissibly included in defendant's post-trial briefing.[4]  Plaintiff's motion to strike references to and arguments based upon this evidence (D.I. 357) is granted; the court will not consider it in its disposition of the post-trial motions.  Defendant's "conditional" motion to reopen the record on equitable issues (D.I. 362) is denied.

United States District Judge

---

[4]Defendant's reliance on its statement at the pre-trial conference that it could seek to proffer additional evidence in "minor instances," supra n.2, is misplaced.  At no time during or after the close of the jury trial did defendant seek time to present additional arguments or admit additional rebuttal evidence regarding its equitable defenses.  Nor did counsel seek leave to supplement the record following receipt of the court's specific directive that the post-trial briefing on these issues must be limited to record evidence.  This is not surprising, considering that the evidence defendant now seeks to admit did not exist at that time.  Nevertheless, defendant's position that counsel's pre-trial comment somehow left open an opportunity, unrecognized by the court, to introduce evidence post-dating the trial, at best, is untenable.