**TruePosition**
AnyPhone AnyWhere™
WIRELESS LOCATION TECHNOLOGY

# TruePosition's Motion for Permanent Injunctive Relief

*Grants to the person or persons having title to this patent the right to exclude others from making, using or selling the invention throughout the United States*

## TruePosition's Motion for Permanent Injunctive Relief

### Each *eBay* Factor Favors Granting an Injunction

- TruePosition has suffered an irreparable injury (and will continue to suffer irreparable injury) due to Andrew's infringing sales
- Money damages cannot compensate TruePosition
- The balance of hardships favors TruePosition
- An injunction will not disserve the public interest

*eBay Inc. v. MercExchange, LLC*, 126 S. Ct. 1837, 1839 (2006)

27

## TruePosition's Motion for Enhanced Damages and Attorneys' Fees

- Even Before *Seagate*, Willful Infringers as a Rule Were Subject to Enhanced Damages and Attorneys' Fees

- "After an express finding of willful infringement, a trial court should provide reasons for not increasing a damages award or for not finding a case exceptional for the purpose of awarding attorneys fees." *Tate Access Floors v. Maxcess Techs.*, 222 F.3d 958, 972 (Fed. Cir. 2000) (internal citations omitted).

28

# TruePosition's Motion for Enhanced Damages and Attorneys' Fees

- "The paramount determination . . . is the egregiousness of the defendant's conduct based on all the facts and circumstances." *Read Corporation v. Portec, Inc.*, 970 F.2d 816, 826 (Fed. Cir. 1992).

29

# TruePosition's Motion for Enhanced Damages and Attorneys' Fees

- Andrew is a willful infringer even under the heightened *Seagate* standard

- The egregiousness of Andrew's behavior surpassed even the *Seagate* standard in that it ***specifically intended*** to infringe

- *Read* factors require enhancement

## Read Factor #2: Andrew's Reckless Disregard of the Patent Supports Increased Damages

- "[W]hether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good faith belief that it was invalid or that it was not infringed." *Read*, 970 F.2d at 827.

- 4 notices of 144 patent (PTX 7, 8, 17 and 18)

- Lawyers carefully studied the 144 patent in prior case (Tr. at 500:22-501:8)

**TruePosition** — AnyPhone AnyWhere™ WIRELESS LOCATION TECHNOLOGY

31

*Read* Factor #2: Andrew's Reckless Disregard of the Patent Supports Increased Damages

- Settlement Agreement implied that TruePosition would pursue Andrew for infringement if Andrew began locating cell phones using the control channel (PTX 15R at ¶¶6 and 9)

- No evidence of an opinion

- No pre-suit evidence that Andrew had a good faith belief of noninfringement or invalidity

## Read Factor #3: Andrew's Litigation Behavior Supports Increased Damages

- "[T]he infringer's behavior as a party to the litigation." *Read*, 970 F.2d at 827.
- Andrew's Bad Faith Defenses
- Andrew's Disregard of the Court's Rulings
- Andrew's Pre-Trial Ambush
- Andrew's Trial By Ambush
- Andrew's Post-Trial Ambush