# Andrew's Excuses

- <u>Excuses #6 and #7</u>: Fraud and Promissory Estoppel
- <u>Raised</u>: Andrew's Amended Answer
- <u>Status</u>: Rejected by the Jury

TruePosition
AnyPhone AnyWhere™
WIRELESS LOCATION TECHNOLOGY

42

## Andrew's Excuses

- Excuses #8, #9 and #10: Equitable Estoppel, Implied License and Unclean Hands

- Raised: Andrew's Amended Answer

- Status: Operative Facts Rejected by the Jury

43

## *Read* Factor #6:
### Duration of Andrew's Willful Infringement Supports Increased Damages

- "Duration of defendant's misconduct." *Read*, 970 F.2d at 827.
- Andrew's calculated decision to infringe began in 2004, shortly after settlement of the prior case

44

*Read* Factor #6:

## Duration of Andrew's Willful Infringement Supports Increased Damages

- Andrew's willful infringement continued despite warnings and Complaint
  - First offer to sell came before the Complaint (PTX 141-176)
  - Contract finalized after warnings and Complaint (Tr. at 722)
  - First shipment after warnings and Complaint
- Andrew Continued Infringing Through Trial
- Andrew's Post-Trial Briefing Suggests That Andrew Will Continue Infringing in the Future

TruePosition — AnyPhone AnyWhere™ WIRELESS LOCATION TECHNOLOGY

## *Read* Factor #7: Damages Should Be Increased Because Andrew Took No Remedial Action

- "Remedial action taken by the defendant." *Read*, 970 F.2d at 827.
- Undisputed that Andrew took no remedial action and made no attempt to design around the 144 patent (Tr. at 1159-61)

46

*Read* Factor #8: Andrew's Motivation to Harm Supports an Increase in Damages

- "Defendant's motivation for harm." *Read*, 970 F.2d at 827.
- Andrew specifically intended to displace TruePosition in Saudi Arabia (PTX 389)
- Andrew knew that any sale it made was a sale lost by TruePosition in this highly competitive market

47

*Read* Factor #9:

Andrew's Concealment of Its Willful Infringement Supports an Increase in Damages

- "[W]hether defendant attempted to conceal its misconduct." *Read*, 970 F.2d at 827.
- When Andrew began infringing the patent by its offer for sale in 2004, it did not tell TruePosition
- Andrew **never** approached TruePosition for a license to the 144 patent, despite notification letters and express terms of the settlement agreement (Tr. at 337)

48

TruePosition™
Any Phone Any Where™
WIRELESS LOCATION TECHNOLOGY

## TruePosition's Motion for Enhanced Damages and Attorneys' Fees

- Even Before *Seagate*, Willful Infringers as a Rule Were Subject to Enhanced Damages and Attorneys' Fees

- "After an express finding of willful infringement, a trial court should provide reasons for not increasing a damages award or for not finding a case exceptional for the purpose of awarding attorneys fees." *Tate Access Floors v. Maxcess Techs.*, 222 F.3d 958, 972 (Fed. Cir. 2000) (internal citations omitted).

49