IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TruePosition, Inc., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No. 05-00747(SLR) |
| v. | ) | |
| | ) | |
| Andrew Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| ——————————————————— | ) | |

**TRUEPOSITION'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO AMEND THE COURT'S AUGUST 1 ORDER WITH RESPECT TO
PRE-JUDGMENT AND POST-JUDGMENT INTEREST**

CONNOLLY BOVE LODGE & HUTZ LLP
James D. Heisman, Esq. (#2746)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614
jheisman@cblh.com

WOODCOCK WASHBURN LLP
Paul B. Milcetic, Esq. (pro hac vice)
Dale M. Heist, Esq. (pro hac vice)
Daniel J. Goettle, Esq. (pro hac vice)
Amanda M. Kessel, Esq. (pro hac vice)
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

# TABLE OF CONTENTS

I.    SUMMARY OF ARGUMENT ........................................................................... 1

II.   STATEMENT OF FACTS AND NATURE AND STAGE OF THE
      PROCEEDINGS ............................................................................................. 1

III.  ARGUMENT .................................................................................................... 2

      A.   Precedent Supports the Award of Post-Judgment Interest on Both Pre-
           Judgment Interest and Enhanced Damages Awards ............................... 2

      B.   Assessing Interest on the Pre-Judgment Interest And the Enhanced Portion
           of the Damage Award Will Discourage Unnecessary Delay ................... 3

IV.   CONCLUSION ................................................................................................. 4

# TABLE OF AUTHORITIES

## FEDERAL CASES

*DFS Secured Healthcare Receivables Trust v. Caregivers Great Lakes, Inc.*,
    2002 U.S. Dist. LEXIS 28036 (N.D. In. Dec. 9, 2002) ..................................................3

*General Motors Corp. v. Devex Corp.*,
    461 U.S. 648 (1983)........................................................................................................3

*Oiness v. Walgreen Co.*,
    88 F.3d 1025 (Fed. Cir. 1996)........................................................................................3

*In re Stone & Webster, Inc. et al.*,
    2006 U.S. Dist. LEXIS 95566 (D. Del. Oct. 23, 2006) ..................................................3

*Sun Ship, Inc. v. Matson Navigation Co.*,
    785 F.2d 59 (3rd Cir. 1986) ............................................................................................3

## FEDERAL STATUTES

28 U.S.C. § 1961................................................................................................................2, 3

35 U.S.C. § 284....................................................................................................................1

Fed. R. Civ. P. 59(e) ...........................................................................................................1

I.    **Summary of Argument**

Pursuant to Fed. R. Civ. P. 59(e), TruePosition moves to alter and amend the Court's

August 1, 2008 order (D.I. 374) to assess post-judgment interest not only on the underlying

$18.6 million damage award, but also on the pre-judgment interest accrued to the date of

judgment and on the enhanced damage award specified in that order (the "Order").  Award of

this interest is appropriate and necessary to make TruePosition whole pursuant to 35 U.S.C.

§ 284.

The assessment of post-judgment interest on the Court's pre-judgment interest and

enhanced damages award is appropriate for both legal and equitable reasons.  It is well supported

in the law and within the discretion of the Court.  It is well settled that *pre*-judgment interest is

purely compensatory and necessary to make the patentee whole.  It follows that *post*-judgment

interest should be assessed on the Court's pre-judgment interest award so that any delay in

payment to TruePosition does not erode the real value of the Court's compensatory award.

II.    **Statement of Facts and Nature and Stage of the Proceedings**

After a two-week trial in September 2007, the jury found that Andrew willfully infringed

TruePosition's patent and returned a verdict in favor of TruePosition on all counts.  (D.I. 293).

Based on the jury verdict, the Court entered judgment for TruePosition in the amount of $45.3

million on September 18, 2007.  (D.I. 308).

TruePosition moved to enhance the jury award and requested a permanent injunction.

Andrew's post-trial submissions included eleven JMOL motions on each issue decided by the

jury as well as briefing on three additional equitable defenses (D.I. 318; D.I. 325; D.I. 327; D.I.

349; D.I. 351).

On August 1, 2008, the Court entered an order resolving the parties' post-trial

submissions.  (D.I. 374).  The Court remitted the jury's $45.3 million damages award to $18.6

1

million, awarded TruePosition pre-judgment and post-judgment interest on the $18.6 million

damages award, and also enhanced the underlying award for Andrew's willful infringement.  *Id.*

The Court also awarded TruePosition a permanent injunction proscribing any ongoing

infringement by Andrew and has asked the parties to submit a more detailed injunction order by

August 27.  *Id.*  The Court's order, however, did not specify that post-judgment interest should

be assessed on the Court's pre-judgment interest or enhanced damages awards.  *Id.*

On August 6, 2008, Andrew informed TruePosition that Andrew will post a bond to stay

payment of the Court's award pending Andrew's appeal.   To preserve the real economic value

of the Court's award, which will otherwise be eroded by delay of payment by Andrew,

TruePosition requests that post-judgment interest be assessed on both the Court's pre-judgment

interest and enhanced damages awards.

## III.    Argument

For both legal and equitable reasons, the Court should enter an order that amends and

supersedes the order entered August 1 to assess post-judgment interest on both the pre-judgment

interest and enhanced damages awards.[1]

### A.    Precedent Supports the Award of Post-Judgment Interest on Both Pre-Judgment Interest and Enhanced Damages Awards

Assessing post-judgment interest on both pre-judgment interest awards and enhanced

damages awards is supported in the law.  Under 28 U.S.C. §1961(a), post-judgment "interest

shall be allowed on *any money judgment* in a civil case recovered in a district court." (emphasis

supplied).  For purposes of this section, the phrase "money judgment" is broad enough to

encompass not only a court award of actual damages for harm done to a plaintiff, but also the

pre-judgment interest that is assessed on that reward to provide "complete compensation" to the

---

[1]  A redlined version of the Court's August 1, 2008 order, showing TruePosition's proposed amendments
to the order, is attached as Exhibit A.

patentee for the infringement. *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983). Section 1961 provides "for post-judgment interest and [] that interest should be calculated on the amount of the district court's judgment – that is [the compensatory damage award] plus pre-judgment interest." *Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 63 (3rd Cir. 1986); *In re Stone & Webster, Inc. et al.,* 2006 U.S. Dist. LEXIS 95566 at *21 (D. Del. Oct. 23, 2006) (awarding post-judgment interest on initial judgment plus pre-judgment interest). The phrase "money judgment" as used in § 1961 is also broad enough to encompass any enhanced portion of a damage award made for willful wrongdoing. *DFS Secured Healthcare Receivables Trust v. Caregivers Great Lakes, Inc.,* 2002 U.S. Dist. LEXIS 28036 at *9 (N.D. In. Dec. 9, 2002) (awarding post-judgment interest on punitive damages award; Section 1961 provides "the right to collect interest on punitive damage awards."). It is therefore within this Court's discretion to award post-judgment interest on enhanced damages awards for willful conduct.

    **B.**    **Assessing Interest on the Pre-Judgment Interest and the Enhanced Portion of the Damage Award Will Discourage Unnecessary Delay**

Assessing post-judgment interest on the Court's pre-judgment interest award and its enhanced damages award will reduce any incentive Andrew might have to delay these proceedings. If no post-judgment interest is awarded on the Court's pre-judgment interest award, TruePosition will not be completely compensated for Andrew's infringement since the real economic value of the Court's pre-judgment interest award will be eroded over time. *Oiness v. Walgreen Co.,* 88 F.3d 1025, 1033 (Fed. Cir. 1996) (noting that "pre-judgment interest" on a patent infringement award is purely compensatory because it "compensates the patent owner for the use of its money between the date of injury and the date of judgment"). Conversely, Andrew will receive the time value of the money while payment is delayed. The

3

same rationale favors assessing post-judgment interest against the enhanced portion of the damage award.

## IV.    Conclusion

The "complete compensation" policy behind § 284 can only be fully effectuated by also assessing post-judgment interest against both the value of the accrued pre-judgment interest and the amount of the enhanced damage award.  Thus, TruePosition's motion should be granted and an order in the form submitted herewith should be entered.

Respectfully submitted,

DATED: August 15, 2008        By:        /s/ James D. Heisman
                                          CONNOLLY BOVE LODGE & HUTZ LLP
                                          James D. Heisman, Esq. (#2746)
                                          1007 N. Orange Street
                                          P.O. Box 2207
                                          Wilmington, DE 19899
                                          Telephone: (302) 658-9141
                                          Facsimile: (302) 658-5614
                                          jheisman@cblh.com

                                          WOODCOCK WASHBURN LLP
                                          Paul B. Milcetic, Esq. (pro hac vice)
                                          Dale M. Heist, Esq. (pro hac vice)
                                          Daniel J. Goettle, Esq. (pro hac vice)
                                          Amanda M. Kessel, Esq. (pro hac vice)
                                          Cira Centre, 12th Floor
                                          2929 Arch Street
                                          Philadelphia, PA 19104
                                          Telephone: (215) 568-3100
                                          Facsimile: (215) 568-3439