**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

JAMES D. HEISMAN
Partner
Tel 658-9141
Fax 252-4208
Email jheisman@cblh.com
Reply to Wilmington Office

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

August 27, 2008

*Via CM/ECF*
Honorable Sue L. Robinson
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Room 6124, Lockbox 31
Wilmington, DE 19801

Re: *TruePosition, Inc. v. Andrew Corporation*
Civil Action No. 05-747-SLR

Dear Judge Robinson:

We write in connection with the above-captioned litigation on behalf of Plaintiff TruePosition, Inc. On August 1, 2008, the Court ordered the parties to submit a more detailed permanent injunction order, commensurate with the Court's August 1, 2008 Memorandum Opinion. (D.I. 374). The parties have met and conferred regarding the injunction order, but have been unable to reach agreement on the proper scope for this order.

The parties have two main areas of disagreement: 1) the definition of the product(s) that Defendant Andrew Corporation is enjoined from making, using, selling, offering for sale within the United States or exporting from the United States; and 2) the scope of what the injunction covers with respect to Defendant's contract with Saudi Telecom ("STC").

With respect to the definition of the enjoined product, TruePosition's proposal tracks the language used in the Court's August 1, 2008 Memorandum Order: "Defendant shall be hereinafter enjoined from making, using, selling or offering for sale any UTDOA/SDCCH system, including (but not limited to) further sales of the infringing Geometrix system to STC." (D.I. 373 at 58). TruePosition believes that Andrew's proposed definition of the enjoined product, "the actual Geometrix® product adjudicated at trial," is unduly narrow and vague in view of the Court's ruling. Andrew's proposal would allow Andrew, an adjudicated willful infringer subject to an injunction order, to continue selling any version of Geometrix that was modified even slightly since trial, even if that modification was immaterial to the technology at issue in this litigation. TruePosition believes that Andrew is actively seeking to fulfill Phases 3, 4 and 5 of its contract with STC despite the Court's ruling to the contrary.

The Honorable Sue L. Robinson
*TruePosition v. Andrew Corporation*
August 27, 2008
Page 2

      With respect to the scope of the injunction, TruePosition's proposal again tracks the Court's August 1, 2008 Memorandum Order and enjoins Andrew's infringing activities relating to Phases 3 through 5 of the STC contract, since TruePosition was not awarded compensation for these phases. TruePosition, however, learned two days ago from Andrew's counsel that Andrew has shipped components to Saudi Arabia under phase 3 of its contract with STC. As the damages award does not include compensation for phase 3, and because Andrew's proposed injunction order excludes phase 3 of the STC contract from the scope of enjoined activities, Andrew's proposal is untenable because it would allow continued infringement by Andrew without providing any compensation to TruePosition for such infringement.

      To date, Andrew has not provided any detail on the number of units shipped or whether such units have actually been installed. TruePosition will make itself available for a conference call concerning how to address the fact that Andrew has, since the date of trial, shipped additional infringing components to STC should the Court desire such a call.

      TruePosition's proposed injunction order is enclosed with this letter.

Respectfully,

*/s/ James D. Heisman*

James D. Heisman

Enclosure
cc:     Josy W. Ingersoll, Esquire (via CM/ECF only)
        John M. Desmarais, Esquire (via CM/ECF only)
        Michael A. Parks, Esquire (via CM/ECF only)
        Patrick D. McPherson, Esquire (via CM/ECF only)
        631706/13846*1