IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUEPOSITION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-747-SLR |
| ) | |
| ANDREW CORPORATION, ) | |
| ) | |
| Defendant. ) | |

### ANDREW'S SUBMISSION IN SUPPORT OF ITS PROPOSED PERMANENT INJUNCTION ORDER

Pursuant to the Court's Order dated July 31, 2008 (D.I. 374), Andrew Corporation submits its proposed permanent injunction order. Andrew tried to reach agreement with TruePosition on the wording of the injunction order, but the parties dispute two primary issues: (1) whether the injunction may reach beyond the devices adjudicated at trial and enjoin any system performing UTDOA on an SDCCH channel; and (2) whether the injunction may enjoin sales for which TruePosition has explicitly indicated it will seek an accounting. The Federal Circuit has confirmed the answer is "no" to both questions. Andrew's proposed injunction order follows the Federal Circuit's holdings; TruePosition's proposal (D.I. 378) ignores the law. The two disputed issues are addressed below.

### Devices Subject to the Injunction

Andrew proposes that the injunction enjoin "the actual Geometrix® product adjudicated at trial." TruePosition proposes the injunction be broadened to enjoin any UTDOA/SDCCH implementation, regardless of whether it was adjudicated at trial. *See* D.I. 378.

Rule 65(d) requires injunctions to state terms specifically and describe the acts restrained. *See* Fed. R. Civ. P. 65(d). Federal Circuit law further requires that the injunction not reach beyond the devices adjudicated at trial, in order to comply with Rule 65(d):

> [T]he only acts the injunction may prohibit are infringement of the patent by the adjudicated devices and infringement by devices not more than colorably different from the adjudicated devices. In order to comply with Rule 65(d), the injunction should explicitly proscribe only those specific acts.

*Int'l Rectifier Corp. v. IXYS Corp.*, 383 F.3d 1312, 1316 (Fed. Cir. 2004) (emphasis added). The rule exists to avoid overly broad injunctions, and to permit a party subject to an injunction to design around the patent's claims:

> [T]he rule upholding contempt judgments only for devices previously adjudged to infringe, or for colorable imitations of those infringing devices, is for the purpose of avoiding the effect of overly broad injunctions. This rule indeed permits a party subject to injunction to design around the claims of a patent with less risk of contempt proceedings.

*Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.*, 986 F.2d 476, 480 (Fed. Cir. 1993) (emphases added, quotation omitted). Devices that are not adjudicated at trial (and that are not mere imitations of the adjudicated devices) must be addressed in a separate proceeding and cannot be the subject of any contempt proceeding or other effort to enforce the injunction. *Int'l Rectifier*, 383 F.3d at 1316.[1] District courts thus routinely reject language enjoining more than the adjudicated device or colorable imitations thereof. *See Power-One, Inc. v. Artesyn Tech., Inc.*, 2008 WL 1746636, *4 (E.D. Tex. April 11, 2008). In *Power-One*, the court rejected language enjoining "not only the DPL20C, the infringing product in this case, but also 'other

---

[1] *See also Black & Decker Inc. v. Robert Bosch Tool Corp.*, 2006 WL 3446144, *2-3 (N.D. Ill. Nov. 29, 2006), *aff'd in part, vacated in part on other grounds*, 2008 WL 60501 (Fed. Cir. Jan. 7, 2008) (citing *KSM Fastening Sys., Inc. v. H.A. Jones Co.*, 776 F.2d 1522 (Fed. Cir.1985)).

POL regulator(s) adapted to communicate programming and monitoring information...'" as "contrary to the Federal Circuit's interpretation of Rule 65(d)" because the injunction language included products not adjudicated at trial. *Id.*

Here, TruePosition could not have been more specific on the product being adjudicated at trial. TruePosition's expert, Dr. Oded Gottesman, testified multiple times that his infringement analysis of Andrew's Geometrix® system was "focused on [the] particular version that is called 2005.2.1000." Trial Tr. at 767:7-24; 911:14-18; 922:18-20. No other version of Geometrix was presented at trial. Dr. Gottesman also agreed that the '144 patent does not cover all systems practicing UTDOA (Tr. at 1055:9-11) and that each asserted claim contains multiple limitations in addition to the "reverse control channel" he identified as the SDCCH. Tr. at 997:7-998:4.

Given the Federal Circuit's clear pronouncement and TruePosition's position at trial, there is no basis under the law for TruePosition to seek a broad injunction directed to any system employing UTDOA/SDCCH location or generically enjoining "infringing the '144 patent." *Int'l Rectifier*, 383 F.3d at 1316 (reversing district court because "[t]he injunctive language set forth in the trial court's judgment prohibits infringement by 'any device covered by one or more of Claims 1 through 5' of the '481 patent. On its face the injunction applies to many more devices than those actually adjudicated.").[2]

---

[2] *See also Collins v. Platts*, 112 Fed.Appx. 25 (Fed. Cir. 2004) (finding injunction "did not comply with the requirement that it describe the acts to be restrained"); *Christiana Industries v. Empire Electronics, Inc.*, 443 F. Supp. 2d 870, 884 (E.D. Mich. 2006) (same); *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. DE C.V.*, 369 F. Supp. 2d 1075, 1082-1084 (S.D. Iowa 2005) (same); *Advanced Medical Optics, Inc. v. Alcon Laboratories, Inc.*, 2005 WL 3454283, *10 (D. Del. Dec. 16, 2005) (limiting injunction).

### Phase 3 of Andrew's Contract with STC Should Not Be Enjoined

TruePosition has been awarded damages for phases 1 and 2 of Andrew's contract with Saudi Telecom Company ("STC"), and the parties agree phases 1 and 2 should be excluded from the scope of the injunction. The parties dispute whether phase 3 should be enjoined. All phase 3 units already are in Saudi Arabia. At the time phase 3 units were shipped to Saudi Arabia, TruePosition's stance was and had been to seek monetary damages for phase 3; its motion for injunctive relief expressly excluded all phases of the STC contract, including phase 3. *See* D.I. 316; D.I. 317 at 18 (expressly excluding STC sales from the scope of TruePosition's requested injunction). TruePosition continues to pursue monetary damages for phase 3 and has indicated it will seek an accounting for phase 3. *See* Exhibit A. Because it is seeking monetary relief for phase 3, TruePosition has no basis to seek an injunction for phase 3, and phase 3 should be excluded from the scope of the injunction. *E.g., King Instrument Corp. v. Otari Corp.*, 814 F.2d 1560, 1564 (Fed. Cir. 1987); *Amstar Corp. v. Envirotech Corp.*, 823 F.2d 1538, 1549 (Fed. Cir. 1987). Moreover, any accounting TruePosition seeks must be based on the actual Geometrix product adjudicated at trial. *See Aero Products Int'l, Inc. v. Intex Recreation Corp.*, 2004 WL 2091996, 1 (N.D. Ill Sept. 16., 2004); *see also Amstar*, 823 F.2d at 1545 (Fed. Cir. 1987).

For all of the above reasons, Andrew respectfully submits that its proposed form of injunction should be adopted.

YOUNG CONAWAY STARGATT
& TAYLOR LLP

_/s/ Andrew A. Lundgren_

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
alundgren@ycst.com

*Attorneys for Defendant and Counter-Claim Plaintiff Andrew Corporation*

OF COUNSEL:

John M. Desmarais, P.C.
Gregory S. Arovas, P.C.
Todd M. Friedman
Jason Choy
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Avinash S. Lele
KIRKLAND & ELLIS LLP
950 Page Mill Road
Palo Alto, CA 94304
(650) 859-7000

Michael A. Parks
Rachel Pernic Waldron
Shira J. Kapplin
Regan A. Smith
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

DATED: August 27, 2008

# EXHIBIT A



**INTELLECTUAL PROPERTY LAW**
ATLANTA • PHILADELPHIA • SEATTLE

PHILADELPHIA OFFICE
CIRA CENTRE, 12TH FLOOR
2929 ARCH STREET
PHILADELPHIA, PA 19104-2891
215.568.3100
FAX: 215.568.3439

Kathleen A. Milsark
215-568-3100
kmilsark@woodcock.com

August 7, 2008

Rachel Pernic Waldron, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Re:  *TruePosition, Inc. v. Andrew Corp.* **(D. Del. 05-747)**

Dear Rachel:

    This is in response to your letter of August 6, 2008. We agree that a call would be useful to discuss outstanding issues, including the amount and form of the bond and the calculation of interest, but we are not available today. We suggest Tuesday at 10:30 a.m. eastern time. We would like to discuss the scope of the "more detailed permanent injunction order" at that time as well, and will forward a draft for your consideration before the proposed call. Another topic to add to the agenda is discussion of a mechanism for accounting for infringing sales between the last exchange of damages information and the date of the injunction order.

    In response to your question about whether the Court's July 31 Order is a final judgment, we believe the Federal Rules control.

    Your letter suggests that Andrew does not consider the Court's July 31 Order to constitute an injunction order. But at page 58 the Court expressly enjoined Andrew "from making, using, selling, or offering for sale any UTDOA/SDCCH system, including (but not limited to) further sales of the infringing Geometrix®system to STC." The Court's request for a "more detailed permanent injunction order" does not in any way lessen the effect of that already-entered injunction. Please confirm in writing that Andrew is abiding by the terms of the Court's injunction order. TruePosition will, of course, oppose any motion to stay the injunction.

Very truly yours,

Kathleen A. Milsark

KAM/si

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on August 27, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>James D. Heisman, Esquire
>Connolly, Bove, Lodge & Hutz
>The Nemours Building
>1007 North Orange Street
>P.O. Box 2207
>Wilmington, DE 19899
>(302) 658-9141
>Email: jheisman@cblh.com

I further certify that on August 27, 2008, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following in the manner indicated:

### BY ELECTRONIC MAIL

>Paul B. Milcetic, Esq. [pmbilcet@woodcock.com]
>Daniel J. Goettle, Esq. [dgoettle@woodcock.com]
>Woodcock Washburn LLP
>Circa Centre, 12th Floor
>2929 Arch Street
>Philadelphia, PA  19103

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ Andrew A. Lundgren
>_____
>Andrew A. Lundgren (No. 4429)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware  19801
>(302) 571-6600
>alundgren@ycst.com
>
>*Attorneys for Defendant Andrew Corporation*