IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRUEPOSITION, INC., | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-747-SLR |
| | ) | |
| ANDREW CORPORATION, | ) | |
| | ) | |
| Defendant and | ) | |
| Counterclaim-Plaintiff. | ) | |

**ANDREW CORPORATION'S ANSWERING BRIEF IN OPPOSITION TO TRUEPOSITION'S MOTION TO AMEND THE COURT'S AUGUST 1 ORDER**

OF COUNSEL:

John M. Desmarais, P.C.
Gregory S. Arovas, P.C.
Todd M. Friedman
Jason Choy
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Michael A. Parks
Rachel Pernic Waldron
Shira J. Kapplin
Regan A. Smith
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
302-571-6600
*alundgren@ycst.com*

*Attorneys for Defendant Andrew Corporation*

Avinash S. Lele
KIRKLAND & ELLIS LLP
950 Page Mill Road
Palo Alto, CA 94304
(650) 859-7000

Dated: August 29, 2008

## TABLE OF CONTENTS

I.    NATURE AND STAGE OF THE PROCEEDINGS AND COUNTERSTATEMENT OF FACTS ...................................................................................... 1

II.   SUMMARY OF ARGUMENT ........................................................................................ 1

III.  ARGUMENT ..................................................................................................................... 2

IV.  CONCLUSION ................................................................................................................. 4

# TABLE OF AUTHORITIES

**Cases**

*Dunn v. Hovic*,
    13 F.3d 58 (3d. Cir. 1993) ........................................................................................... 3

*Ericsson, Inc. v. Harris Corp.*,
    146 Fed.Appx. 476, 2005 WL 1847188, *4 (Fed. Cir. Aug. 5, 2005) ............................... 4

*Kaiser Aluminum & Chemical Corp. v. Bonjorno*,
    494 U.S. 827 (1990) .............................................................................................. 3, 4

*Transmatic, Inc. v. Gulton Industries, Inc.*,
    180 F.3d 1343 (Fed. Cir. 1999) ..................................................................................... 3

*Union Carbide Chemicals & Plastics Technology Corp. v. Shell Oil Co.*,
    2006 WL 680653, *2 (D. Del. Mar 14, 2006) ................................................................. 3

**Statutes**

28 U.S.C. § 1961(a) ............................................................................................................ 2

35 U.S.C. § 284 .................................................................................................................. 1

I. **NATURE AND STAGE OF THE PROCEEDINGS AND COUNTERSTATEMENT OF FACTS**

The jury returned a verdict for TruePosition on September 14, 2007. D.I. 293. Based on this verdict, on September 17, 2007, the Court issued judgment for TruePosition in the amount of $45.3 million. D.I. 308. Neither the judgment, nor the jury's verdict, awarded or made any reference to pre-judgment interest or enhanced damages. *Id.*

On August 1, 2008, the Court issued a memorandum opinion and order deciding the parties' post-trial motions. D.I. 373 and 374. The Court remitted the jury's damages award from $45.3 million to $18.6 million and enhanced the $18.6 million award by 25%, based upon the jury's finding of willful infringement. *Id.* The Court then ordered that "Defendant shall pay pre-judgment interest, pursuant to 35 U.S.C. § 284, on the award of $18,600,000, compounded quarterly and at the prime rate." *Id.* The Court also awarded TruePosition post-judgment interest on the $18.6 million award. *Id.*

TruePosition now asks the Court to amend its August 1 Order to award TruePosition even more — namely, post-judgment interest on the enhanced damages and pre-judgment interest awards.

II. **SUMMARY OF ARGUMENT**

1.   There is no need for the Court to amend its August 1 Order to award TruePosition additional post-judgment interest. The Court already has awarded TruePosition what the Court determined to be the maximum recovery allowable based on the record, and the Court already has awarded TruePosition pre-judgment interest and post-judgment interest on that maximum recovery. TruePosition already has been made whole.

2.   Even if the Court were to entertain TruePosition's request, any additional post-judgment interest on pre-judgment interest or enhanced damages cannot accrue before August 1,

1

2008, when pre-judgment and enhanced damages were first awarded. TruePosition concedes this point for enhanced damages (Br. at Ex. A, ¶ 5), and there is no reason to treat pre-judgment interest differently.

## III. ARGUMENT

### A. THERE IS NO REASON TO MODIFY THE COURT'S ORDER TO AWARD TRUEPOSITION ADDITIONAL INTEREST.

TruePosition has been awarded $18.6 million in lost profits damages. D.I. 373 at 44. Applying the "maximum recovery rule," this Court determined that $18.6 million is the maximum amount TruePosition could have been awarded based on the record. *Id.* This Court already exercised its discretion and awarded TruePosition pre-judgment interest on the entire $18.6 million, compounded quarterly and at the prime rate. D.I. 374 at ¶ 3. The Court also awarded TruePosition post-judgment interest on the entire $18.6 million, pursuant to 28 U.S.C. § 1961(a). *Id.* at ¶ 4.

TruePosition now argues the Court revisit the matter and award more post-judgment interest — this time not just on the $18.6 million the Court determined to be the <u>maximum</u> recovery available to TruePosition, but also on the Court's pre-judgment interest and enhanced damages awards that were based on the $18.6 million figure. *Id.*

The Court should deny TruePosition's request. There is no need to disturb the Court's Order to award TruePosition additional post-judgment interest. The Order specified the amounts of pre-judgment and post-judgment interest that the Court believed appropriate. D.I. 374. Neither award was limited to merely a portion of the maximum recovery available to TruePosition. Rather, both were keyed to the "highest amount the jury could have properly awarded based on the relevant evidence." D.I. 373 at 44.

The goal of post-judgment interest is to make a successful plaintiff whole. *See Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 835-36 (1990). That goal was accomplished here when the Court awarded post-judgment interest on the maximum recovery available to TruePosition. No amendment of the Court's Order is necessary.

B. **EVEN IF THE COURT WERE TO ENTERTAIN TRUEPOSITION'S REQUEST TO AMEND, ANY ADDITIONAL POST-JUDGMENT INTEREST AWARDED SHOULD NOT BEGIN TO ACCRUE UNTIL AUGUST 1, 2008.**

The Court did not award pre-judgment interest or enhanced damages until August 1, 2008. Thus, post-judgment interest for these awards cannot begin to accrue prior to August 1, 2008. TruePosition concedes this point for enhanced damages (Br. at Ex. A, ¶ 5), but argues post-judgment interest should begin to accrue on pre-judgment interest effective September 17, 2007, when the Court entered the jury's verdict. TruePosition offers no reason, and there is none, for treating pre-judgment interest differently from enhanced damages. They were awarded at the same time in the same Order, and interest should not begin to accrue on either of them before then.

The Third Circuit[1] "employ[s] the 'meaningful ascertainment' test to determine when postjudgment interest should accrue." *Union Carbide Chemicals & Plastics Technology Corp. v. Shell Oil Co.,* 2006 WL 680653, *2 (D. Del. Mar 14, 2006) (outlining standard). Under this test, "post-judgment interest should be awarded from the date" of a money judgment only if "reasoned basis could be found for setting an appropriate figure" in that judgment. *Dunn v. Hovic,* 13 F.3d 58, 61-62 (3d. Cir. 1993).

---

[1] The Federal Circuit looks to the law of the regional circuit in reviewing awards of interest. *Transmatic, Inc. v. Gulton Industries, Inc.,* 180 F.3d 1343, 1347-1348 (Fed. Cir. 1999).

Here, the only thing that could possibly satisfy the "meaningful ascertainment" test is the August 1, 2008 Order where the Court, for the first time, awarded TruePosition pre-judgment interest and enhanced damages. D.I. 374. The September 17, 2007 judgment on which TruePosition relies says nothing about pre-judgment interest, much less award it or explain how to ascertain it. D.I. 308. Because <u>pre-judgment interest</u> is not "meaningfully ascertainable" from the September 17, 2007 judgment, that judgment cannot serve as the start date for the accrual of post-judgment interest on <u>pre-judgment interest</u>. Pre-judgment interest was not meaningfully ascertainable before August 1, 2008, and post-judgment interest should not begin accruing before then. *See Ericsson, Inc. v. Harris Corp.*, 146 Fed.Appx. 476, 480, 2005 WL 1847188, *4 (Fed. Cir. Aug. 5, 2005) (affirming finding that post-judgment interest did not begin to accrue where the judgment "did not even contain" the award upon which post-judgment interest was sought. Instead, post-judgment interest accrued from the later date of the actual award on remand.).[2]

## IV.    CONCLUSION

For the foregoing reasons, Andrew respectfully requests that the Court deny TruePosition's motion to amend.

---

[2] *See also Kaiser*, 494 U.S. at 835-836 (holding that post-judgment interest could not accrue from damages award that was later overturned, stating "where the judgment on damages was not supported by the evidence, the damages have not been 'ascertained' in any meaningful way. It would be counterintuitive, to say the least, to believe that Congress intended postjudgment interest to be calculated from such a judgment.").

4

                                                YOUNG CONAWAY STARGATT
                                                & TAYLOR, LLP

                                                */s/ Andrew A. Lundgren*
                                                Josy W. Ingersoll (No. 1088)
                                                John W. Shaw (No. 3362)
                                                Andrew A. Lundgren ( No. 4429)
                                                The Brandywine Building
                                                1000 West Street, 17th Floor
                                                Wilmington, Delaware 19801
                                                (302) 571-6600
                                                *alundgren@ycst.com*

                                                *Attorneys for Defendant Andrew*
                                                *Corporation*

| OF COUNSEL: | |
|---|---|
| | |
| John M. Desmarais, P.C. | Michael A. Parks |
| Gregory S. Arovas, P.C. | Rachel Pernic Waldron |
| Todd M. Friedman | Shira J. Kapplin |
| Jason Choy | Regan A. Smith |
| KIRKLAND & ELLIS LLP | KIRKLAND & ELLIS LLP |
| Citigroup Center | 200 East Randolph Drive |
| 153 East 53rd Street | Chicago, Illinois 60601 |
| New York, New York 10022 | (312) 861-2000 |
| (212) 446-4800 | |
| | |
| Avinash S. Lele | |
| KIRKLAND & ELLIS LLP | |
| 950 Page Mill Road | |
| Palo Alto, CA 94304 | |
| (650) 859-7000 | |

Dated: August 29, 2008

**CERTIFICATE OF SERVICE**

I, Andrew A. Lundgren, Esquire, hereby certify that on August 29, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> James D. Heisman, Esquire
> Connolly, Bove, Lodge & Hutz
> The Nemours Building
> 1007 North Orange Street
> P.O. Box 2207
> Wilmington, DE 19899
> (302) 658-9141
> Email: jheisman@cblh.com

I further certify that on August 29, 2008, I caused a copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following in the manner indicated:

**BY ELECTRONIC MAIL**

> Paul B. Milcetic, Esq. [pmbilcet@woodcock.com]
> Daniel J. Goettle, Esq. [dgoettle@woodcock.com]
> Woodcock Washburn LLP
> Circa Centre, 12th Floor
> 2929 Arch Street
> Philadelphia, PA  19103

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> /s/ Andrew A. Lundgren
> ───────────────────────────
> Andrew A. Lundgren (No. 4429)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware  19801
> (302) 571-6600
> alundgren@ycst.com
>
> *Attorneys for Defendant Andrew Corporation*