IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TruePosition, Inc., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No. 05-00747(SLR) |
| v. | ) | |
| | ) | |
| Andrew Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**TRUEPOSITION'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO AMEND THE COURT'S AUGUST 1 ORDER WITH RESPECT TO
PRE-JUDGMENT AND POST-JUDGMENT INTEREST**

CONNOLLY BOVE LODGE & HUTZ LLP
James D. Heisman, Esq. (#2746)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614
jheisman@cblh.com

WOODCOCK WASHBURN LLP
Paul B. Milcetic, Esq. (pro hac vice)
Dale M. Heist, Esq. (pro hac vice)
Daniel J. Goettle, Esq. (pro hac vice)
Amanda M. Kessel, Esq. (pro hac vice)
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT ................................................................................................................... 1

    A. Andrew Has Not Cited Any Authority That Supports the Denial of an Award of Post-Judgment Interest on Either Pre-Judgment Interest or Enhanced Damages Awards ............................................................................... 1

    B. Post-Judgment Interest on the Pre-Judgment Interest Award Begins Accruing From the September 17, 2007 Judgment ............................................. 2

III. CONCLUSION ................................................................................................................ 3

# TABLE OF AUTHORITIES

*DFS Secured Healthcare Receivables Trust v. Caregivers Great Lakes, Inc.*,
    2002 U.S. Dist. LEXIS 28036 (N.D. In. Dec. 9, 2002) ..................................................1

*General Motors Corp. v. Devex Corp.*,
    461 U.S. 648 (1983) ....................................................................................................2, 3

*IMX, Inc. v. Lendingtree LLC*,
    469 F. Supp. 2d 203 (D. Del. 2007) ..................................................................................3

*Maxwell v. Angel-etts of California*,
    2001 U.S. Dist. LEXIS 25418 (C.D. Cal. July 9, 2001) ....................................................3

*In re Stone & Webster, Inc. et al.*,
    2006 U.S. Dist. LEXIS 95566 (D. Del. Oct. 23, 2006) .....................................................1

*Sun Ship, Inc. v. Matson Navigation Co.*,
    785 F.2d 59 (3rd Cir. 1986) ..............................................................................................1

## FEDERAL STATUTES

35 U.S.C. § 284 ..................................................................................................1, 2, 3

I.  **INTRODUCTION**

Andrew's Opposition does not cite any authority that would prohibit the Court from amending the judgment to award TruePosition what it seeks – post-judgment interest on the enhanced damages and pre-judgment interest awards. The only case law cited by Andrew goes only to its secondary argument; that is, if the Court is inclined to grant TruePosition's motion to award post-judgment interest on pre-judgment interest, such post-judgment interest cannot accrue before August 1, 2008, the time when Andrew alleges pre-judgment interest was first awarded. As set forth in detail below, Andrew's authority is inapplicable and completely ignores the well-established rule that pre-judgment interest is awarded as a matter of course pursuant to 35 U.S.C. § 284.

In short, it is well within the Court's discretion to grant TruePosition's motion in order to provide the complete compensation mandated by 35 U.S.C. § 284 and Andrew has provided no authority or compelling reason for this Court not to do so.

II.  **ARGUMENT**

   A.  **Andrew Has Not Cited Any Authority That Supports the Denial of an Award of Post-Judgment Interest on Either Pre-Judgment Interest or Enhanced Damages Awards**

Andrew's Opposition is devoid of any case that denies a request to award post-judgment interest on pre-judgment interest and enhanced damages awards. In contrast, in its opening brief TruePosition has cited examples of cases allowing exactly such awards. *See Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 63 (3rd Cir. 1986) (Section 1961 provides "for post-judgment interest and [] that interest should be calculated on the amount of the district court's judgment – that is [the compensatory damage award] plus pre-judgment interest."); *In re Stone & Webster, Inc. et al.*, 2006 U.S. Dist. LEXIS 95566 at *21 (D. Del. Oct. 23, 2006) (awarding post-judgment interest on initial judgment plus prejudgment interest); *DFS Secured Healthcare*

1

*Receivables Trust v. Caregivers Great Lakes, Inc.*, 2002 U.S. Dist. LEXIS 28036 at *9 (N.D. In. Dec. 9, 2002) (awarding post-judgment interest on punitive damages award; Section 1961 provides "the right to collect interest on punitive damage awards."). Accordingly, it is well within the Court's discretion to grant TruePosition's motion.

Andrew instead argues that the Court has already awarded TruePosition the "maximum recovery available." (D.I. 380, Opp. Br. at 2-3). But, as the cases above indicate, this argument is simply unsupported. Rather, the allowance of post-judgment interest on pre-judgment interest and enhanced damages awards is the vehicle that makes a plaintiff whole, as contemplated by 35 U.S.C. § 284, by providing compensation for the true economic value of the judgment over time. Andrew also fails to address TruePosition's argument that the award of such post-judgment interest will discourage any unnecessary delay in the post-trial and appeal process. In sum, Andrew fails to provide any compelling reason for the Court not to award the interest TruePosition seeks.

### B. Post-Judgment Interest on the Pre-Judgment Interest Award Begins Accruing From the September 17, 2007 Judgment

Andrew next wrongly argues that post-judgment interest cannot begin to accrue on pre-judgment interest until August 1, 2008, because this is the date on which the Court first awarded such pre-judgment interest. (D.I. 380, Opp. Br. at 3-4). According to Andrew, pre-judgment interest could not be "meaningfully ascertainable" from the September 17, 2007 judgment. This reasoning not only would leave a gap in the application of interest to present day, but also is wrong on the law.

Pre-judgment interest, absent some overriding justification for withholding it – which, as Andrew does not dispute, is certainly absent here – is awarded as a matter of course. *See General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983) ("Pre-judgment interest should

2

be awarded under § 284 absent some justification for withholding such an award."); *IMX, Inc. v. Lendingtree LLC*, 469 F. Supp. 2d 203, 227 (D. Del. 2007) (citing same); *Maxwell v. Angel-etts of California*, 2001 U.S. Dist. LEXIS 25418, *77 (C.D. Cal. July 9, 2001) ("Prejudgment interest is granted as a matter of course for the prevailing plaintiff."). This is because "the underlying purpose of [35 U.S.C. § 284] strongly suggests that prejudgment interest should be awarded where necessary to afford the plaintiff full compensation for the infringement." *Devex*, 461 U.S. at 654. Indeed, prejudgment interest is necessary, because "damages consist not only of the value of the [money judgment] but also of the forgone use of the money between the time of infringement and the date of the judgment." *Id.* at 656.

Pre-judgment interest was more than "reasonably ascertainable" as of the September 17, 2007, judgment and Andrew could reasonably expect that pre-judgment interest would be awarded on whatever portion of the jury's damages award was upheld by the Court. Accordingly, post-judgment interest on the pre-judgment interest award should begin to accrue from the September 17, 2007 judgment.

### III. CONCLUSION

For the reasons set forth above and in its opening brief, TruePosition can only be completely compensated under § 284 for Andrew's willful infringement if the Court assesses post-judgment interest against both the value of the accrued pre-judgment interest and the amount of the enhanced damage award. Thus, TruePosition respectfully submits that its motion should be granted.

3

Respectfully submitted,

DATED: September 8, 2008     By:     /s/ James D. Heisman
                                     CONNOLLY BOVE LODGE & HUTZ LLP
                                     James D. Heisman, Esq. (#2746)
                                     1007 N. Orange Street
                                     P.O. Box 2207
                                     Wilmington, DE 19899
                                     Telephone: (302) 658-9141
                                     Facsimile: (302) 658-5614
                                     jheisman@cblh.com

                                     WOODCOCK WASHBURN LLP
                                     Paul B. Milcetic, Esq. (pro hac vice)
                                     Dale M. Heist, Esq. (pro hac vice)
                                     Daniel J. Goettle, Esq. (pro hac vice)
                                     Amanda M. Kessel, Esq. (pro hac vice)
                                     Cira Centre, 12th Floor
                                     2929 Arch Street
                                     Philadelphia, PA 19104
                                     Telephone: (215) 568-3100
                                     Facsimile: (215) 568-3439

## CERTIFICATE OF SERVICE

I, James D. Heisman, hereby certify that on this 8th day of September, 2008, I caused a true and correct copy of the foregoing **TRUEPOSITION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO AMEND THE COURT'S AUGUST 1 ORDER WITH RESPECT TO PRE-JUDGMENT AND POST-JUDGMENT INTEREST** to be served upon the following individuals in the manner indicated below:

*Via hand-delivery*
Josy W. Ingersoll, Esq.
Young Conaway Stargatt & Taylor, LLP
100 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com

*Via e-mail*
Patrick D. McPherson, Esq.
Duane Morris LLP
1667 K Street, N.W.
Washington, DC 20006-1608
PDMcPherson@duanemorris.com

*Via e-mail*
Rachel Pernic Waldron, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
rpernicwaldron@kirkland.com

　　　　　　　　　　　　　　　　　　　　*/s/ James D. Heisman*
　　　　　　　　　　　　　　　　　　　　James D. Heisman, Esq. (#2746)