# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUEPOSITION INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-747-SLR |
| | ) |
| ANDREW CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

At Wilmington this 26th day of January, 2008, having reviewed plaintiff's motion to amend the court's August 1, 2008 order with respect to prejudgment and post-judgment interest;

IT IS ORDERED that said motion (D.I. 375) is granted in part and denied in part, for the reasons that follow:

1. Following a jury verdict for plaintiff and extensive post-trial briefing, the court granted plaintiff's motion for a permanent injunction and awarded plaintiff monetary damages for defendant's infringement through the date of the injunction order. (D.I. 374) More specifically, plaintiff was awarded $18,600,000 in damages, increased by 25% to $23,250,000 for defendant's willful infringement. Prejudgment interest was awarded pursuant to 35 U.S.C. § 284 on the $18,600,000 award "compounded quarterly and at the prime rate"; post-judgment interest was awarded pursuant to 28 U.S.C. § 1961(a) on the $18,600,000 award "calculated from the date of entry of judgment, September 19, 2007, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve

System for the calendar week preceding." (*Id.*)

2. Citing the Third Circuit decision in *Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 63 (3d Cir. 1986), plaintiff submits that post-judgment interest should be assessed on the court's prejudgment interest and/or enhanced damages awards. (D.I. 376 at 3) Such an award, according to plaintiff, "will reduce any incentive [defendant] might have to delay these proceedings" and "completely compensate" plaintiff for defendant's infringement. That is, "the real economic value of the court's prejudgment interest award will be eroded over time," and defendant "will receive the time value of the money while payment is delayed." (*Id.*)

3. The court agrees. In *Sun Ship, Inc.*, the Third Circuit stated "that post-judgment interest under 28 U.S.C. § 1961 (1982) provides for post-judgment interst and that that interest should be calculated on the amount of the district court's judgment [ ] plus prejudgment interest." *See Sun Ship, Inc.*, 785 F.2d at 63. *See also Air Separation Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290-91 (9th Cir. 1994) ("Post-judgment interest under 28 U.S.C. § 1961 applies to the prejudgment interest component of a monetary award" to avoid "plaintiff bearing the cost resulting from the loss of the use of money" and to avoid "reward[ing] the defendant for having delayed satisfying the judgment.") (collecting Circuit authority).

4. Defendant points to no contrary authority in its answering papers; instead, it asserts that the court's prior determination that $18,600,000 was "the highest amount the jury could have properly awarded based on the relevant evidence" at trial (D.I. 373 at 44) and that plaintiff has already received the maximum recovery available to it. (D.I.

380 at 2)

5. The court's prior remittur does not affect the applicability of 28 U.S.C. § 1961, which provides that post-judgment interest "shall be allowed on **any** money judgment in a civil case recovered in a district court." The $18,600,000 award plus prejudgment interest is designed to render plaintiff whole, and defendant has not advanced a convincing rationale for its argument that post-judgment interest should apply to only a portion of this total.

6. The court does agree with defendant in two respects. First, although post-judgment interest should apply to the prejudgment interest component of the judgment, post-judgment interest should not begin to accrue prior to August 1, 2008 – the date of the court's order fixing the appropriate amount of damages in this case.[1] At the time of the verdict of infringement in this case, defendant still had two equitable defenses before the court. These defenses, along with defendant's JMOL motion, were not resolved until the August 1, 2008 memorandum opinion. (D.I. 373) Thus, prior to its resolution of the post-trial motions, it was not clear that the verdict would stand, let alone the jury's damages award. Nor was the court's enhancement of damages reasonably ascertainable until this point.

7. Secondly, the court in its discretion declines to award post-judgment interest on the enhanced damages award of $4,650,000. Section 1961 permits, but does not

---

[1] The court's prior order stated that post-judgment interest applies from the date of the entry of judgment following the jury's verdict – September 19, 2007. This portion of the court's prior order is vacated.

3

compel, the application of post-judgment interest on punitive damages.[2] Because the enhanced damages award of $4,650,000 was not designed to compensate plaintiff for its injuries, plaintiff bears no loss for any delay in defendant's satisfying the judgment.

8. For the aforementioned reasons, the Clerk of Court is directed to amend the court's August 1, 2008 order (D.I. 374) to reflect the following:

a. Defendant shall pay prejudgment interest, pursuant to 35 U.S.C. § 284, on the award of $18,600,000, compounded quarterly and at the prime rate, through August 1, 2008.

b. Defendant shall pay post-judgment interest, pursuant to 28 U.S.C. § 1961(a), on the sum of the award of $18,600,000 plus the prejudgment interest owed to plaintiff under the preceding paragraph, said post-judgment interest calculated from August 1, 2008, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System for the calendar week preceding.

/s/ Sue L. Robinson
United States District Judge

---

[2]The Third Circuit has upheld such an award in the past. See Loughman v. Consol-Pennsylvania Coal Co., 6 F.3d 88, 99 (3d Cir. 1993) (upholding grant of post-judgment interest on award in first judgment prior to appeal, which award reflected liability for punitive damages, where the "essential legal and evidentiary basis for damages" had been established by that judgment); see also Brown v. Petrolite Corp., 965 F.2d 38, 51 (5th Cir. 1992) ("the plain language of [§ 1961] authorizes post-judgment interest on punitive damages, which are a part of the 'money judgment.'") (citations omitted).

4