IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUEPOSITION INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 05-747-SLR |
| ) | |
| ANDREW CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this 10th day of June, 2009, having reviewed plaintiff's accounting of attorneys fees and costs for the period of September 2008 to April 2009;

IT IS ORDERED that defendant remit to plaintiff (in addition to the damages previously assessed by the court[1]) its reasonable fees and costs; as follows:

1. The history of this litigation is lengthy and the court references its prior opinions (D.I. 373, 429) for the relevant facts.

2. In its memorandum opinion dated April 30, 2009, defendant's conduct was adjudicated as a willful infringement of plaintiff's '144 patent, which rendered this case exceptional pursuant to 35 U.S.C. § 285. (D.I. 429 at 24) The court ordered plaintiff to submit for the court's review an accounting of its reasonable attorney fees and costs in connection with its motion for an accounting and for entry of a final injunction (D.I. 395) and for relief from the court's August 1, 2008 order pursuant to Rule 60(b) (D.I. 397). (D.I. 429 at 25; D.I. 430) Specifically, the court sought to compensate plaintiff for the consequences of defendant's inappropriate post-verdict shipments of infringing product:

---

[1](D.I. 430)

a post-trial discovery period; additional expert fees; additional motion practice; and a delay of plaintiff's recovery by 8 months.[2]

3. Plaintiff submitted its bill of costs. (D.I. 437) From September 2008 through April 2009, plaintiff avers that it expended over $890,000 in attorney fees[3] and over $91,000 in expert fees.[4]

4. The court finds plaintiff's expenditures excessive vis-a-vis the time period involved; notwithstanding, the court awards plaintiff (in its sound discretion[5]) a portion of those fees and costs which the court finds to be reasonable, or $500,000. The court does not assess interest on this punitive award.

IT IS FURTHER ORDERED that:

---

[2] The jury verdict of infringement was returned September 14, 2007. The court issued its post-trial opinion upholding the verdict (but remitting damages) on August 1, 2008. The court was alerted to defendant's additional shipments of infringing product at a September 2008 teleconference that had been scheduled to address the scope of the permanent injunction to be ordered in accordance with the court's August 1, 2008 opinion. The court permitted additional discovery regarding defendant's shipments and to complete a post-trial accounting of damages. The briefing on plaintiff's subsequent motions was completed March 25, 2009 and oral argument was held April 2, 2009. The court issued its opinion regarding post-trial damages, in which it also awarded enhanced damages pursuant to 35 U.S.C. § 284 and exceptional case damages under 35 U.S.C. § 285, on April 30, 2009. A permanent injunction was entered this same date. The injunction was, therefore, delayed from September 2008 to April 2009.

[3] Only a very small amount of these fees were incurred by Delaware counsel.

[4] An impressive figure considering that plaintiff's damages theories (and methods of calculation) had been established prior to trial.

[5] See *J.P. Stevens Co. v. Lex Tex Ltd.*, 822 F.2d 1047, 1050 (Fed. Cir. 1987); *Machinery Corp. of America v. Gullfiber AB*, 774 F.2d 467, 470 (Fed. Cir. 1985).

5. The Clerk of Court is directed to enter judgment in favor of plaintiff and against defendant.

_____
United States District Judge
